**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 9:22-cv-80418-MIDDLEBROOKS/MATTHEWMAN

|  |  |
|---|---|
| CITY OF ATLANTA POLICE OFFICERS' PENSION PLAN and CITY OF ATLANTA FIREFIGHTERS' PENSION PLAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CELSIUS HOLDINGS, INC., JOHN FIELDLY, and EDWIN NEGRON-CARBALLO. <br><br> Defendants. | CLASS ACTION |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS THE AMENDED COMPLAINT**

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ......................................................................................................... 1

II.  ARGUMENT AND CITATION TO AUTHORITY ........................................................ 2

    A.   The Complaint Fails to Plead Scienter Adequately. .............................................. 2

        1.   Misinterpreting GAAP Does Not Establish a Strong Inference of Scienter. ................................................................................................ 2

        2.   No Strong Inference of Scienter Arises from the Restatement. ................... 4

        3.   The Individual Defendants' Trading History Rebuts an Inference of Scienter. ................................................................................................ 5

        4.   The Incentive Bonuses Do Not Establish a Strong Inference of Scienter. ................................................................................................ 6

        5.   Senior Leadership Roles Do Not Establish a Strong Inference of Scienter. ................................................................................................ 7

        6.   The Confidential Witnesses Do Not Support a Strong Inference of Scienter. ................................................................................................ 8

    B.   Conclusions About Internal Controls Constitute Non-Actionable Opinions .......... 9

III. CONCLUSION ......................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Carvelli v. Ocwen Fin. Corp.*,
934 F.3d 1307 (11th Cir. 2019) ..................................................................................9

*Chun v. Fluor Corp.*,
No. 18-CV-01338-X, 2021 U.S. Dist. LEXIS 85814 (N.D. Tex. May 5, 2021) .......................5

*Edward J. Goodman Life Income Trust v. Jabil Circuit, Inc.*,
594 F.3d 783 (11th Cir. 2010) ..................................................................................3, 4

*Emp.' Ret. Sys. of Gov't of the Virgin Islands v. Blanford*,
794 F.3d 297 (2d Cir. 2015)....................................................................................6, 7

*Fryman v. Atlas Fin. Holdings, Inc.*,
No. 18-cv-01640, 2022 U.S. Dist. LEXIS 70597 (N.D. Ill. Apr. 18, 2022)...............................9

*Gross v. Medaphis Corp.*,
977 F. Supp. 1463 (N.D. Ga. 1997)................................................................................3

*In re AFC Enters. Sec. Litig.*,
348 F. Supp. 2d 1363 (N.D. Ga. 2004)........................................................................4, 5, 6

*In re ArthroCare Corp. Sec. Litig.*,
726 F. Supp. 2d 696 (W.D. Tex. 2010)..........................................................................3, 5

*In re Baan Co. Sec. Litig.*,
103 F. Supp. 2d 1 (D.D.C. 2000)..................................................................................3

*In re Catalina Mktg. Corp. Sec. Litig.*,
390 F. Supp. 2d 1110 (M.D. Fla. 2005)..........................................................................5

*In re Eagle Bldg. Techs.*,
319 F. Supp. 2d 1318 (S.D. Fla. 2004) .............................................................................3

*In re Fairway Grp. Holding Corp. Sec. Litig.*,
2015 U.S. Dist. LEXIS 5999 (S.D.N.Y. Jan. 20, 2015)..................................................................5

*In re Faro Techs. Sec. Litig.*,
534 F. Supp. 2d 1248 (M.D. Fla. 2007)...............................................................................10

*In re Flower Foods, Inc. Sec. Litig.*,
No. 16-CV-222 (WLS), 2018 U.S. Dist. LEXIS 48048 (M.D. Ga. Mar. 23,
2018) ..................................................................................................................8

*In re Grupo Televisa Sec. Litig.*,
  368 F. Supp. 3d 711 (S.D.N.Y. 2019)......................................................................10

*In re Health Ins. Innovations Sec. Litig.*,
  No. 17-cv-2186-T-17SPF, 2019 U.S. Dist. LEXIS 141591 (M.D. Fla. June 28,
  2019) ........................................................................................................................6

*In re Home Loan Serv. Sols., Ltd.*,
  No. 16-cv-60165-WPD, 2016 U.S. Dist. LEXIS 193689 (S.D. Fla. June 6,
  2016) ........................................................................................................................8

*In re Petrobras Sec. Litig.*,
  116 F. Supp. 3d 368 (S.D.N.Y. 2015)....................................................................10

*In re Premiere Techs. Inc. Sec. Litig.*,
  2000 U.S. Dist. LEXIS 19207 (N.D. Ga. Dec. 8, 2000)........................................10

*In re Smith-Gardner Sec. Litig.*,
  214 F. Supp. 2d 1291 (S.D. Fla. 2002) ...................................................................7

*Mizzaro v. Home Depot, Inc.*,
  544 F.3d 1230 (11th Cir. 2008) ..............................................................................9

*Nursing Home Pension Fund, Loc. 144 v. Oracle Corp.*,
  380 F.3d 1226 (9th Cir. 2004) ................................................................................5

*Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*,
  575 U.S. 175 (2015).............................................................................................9, 10

*Posner v. Essex Ins. Co.*,
  178 F.3d 1209 (11th Cir. 1999) ............................................................................10

*Rehm v. Eagle Fin. Corp.*,
  954 F. Supp. 1246 (N.D. Ill. 1997) .........................................................................3

*Schultz v. Applica, Inc.*,
  488 F. Supp. 2d 1219 (S.D. Fla. 2007) ...................................................................3

*SEPTA v. Orrstown Fin. Servs.*,
  No. 12-cv-00993, 2022 U.S. Dist. LEXIS 148624 (M.D. Pa. Aug. 18, 2022) .........9

*Sheet Metal Workers Loc. 19 Pension Fund v. ProAssurance Corp.*,
  No. 20-cv-00856-AKK, 2021 U.S. Dist. LEXIS 236850 (N.D. Ala. Dec. 10,
  2021) ........................................................................................................................8

*Solomon v. Sprint Corp.*,
  No. 19-cv-05272 (MKV), 2022 WL 889897 (S.D.N.Y. Mar. 25, 2022)................10

*Tung v. Dycom Indus., Inc.*,
   454 F. Supp. 3d 1244 (S.D. Fla. 2020) ......................................................................................9

*Villella v. Chem. & Mining Co. of Chile Inc.*,
   No. 15-cv-2106-ER, 2017 U.S. Dist. LEXIS 45501 (S.D.N.Y. Mar. 28, 2017) ......................9

*Wright v. Greensky, Inc.*,
   No. 20-cv-62441, 2021 U.S. Dist. LEXIS 206887 (S.D. Fla. Oct. 26, 2021) .....................2, 4

## I.    INTRODUCTION

Defendants' Motion to Dismiss and Incorporated Memorandum of Law (DE 47) (the "Motion" or "Def. Br.") demonstrates the Complaint (DE 44) does not plead securities fraud.[1]

**Failure to Plead Scienter Adequately:** The Motion demonstrates the misinterpretation of ASC 718 does not raise an inference of scienter because the Complaint lacks red flags suggesting the Individual Defendants intentionally or recklessly misinterpreted ASC 718. (Def. Br. at 10). The Motion lists the reasons the Complaint cannot convert a GAAP error into a red flag, including reliance on an unnamed expert's conclusory opinion and because ASC 718's application here was not straightforward, as the Company's CEO explained to investors. (*Id.* at 10-12). The Motion addresses other reasons the Complaint's scienter theories fail: (i) the restatement itself does not raise an inference of scienter, because concluding otherwise equals fraud by hindsight, and the prompt restatement suggests good faith (*id.* at 12-14); (ii) the Individual Defendants' Class Period stock trading negates scienter because only Mr. Fieldly traded and his trading stands at odds with the theory he sought to "cash out" his position (*id.* at 14-16); (iii) the Individual Defendants' bonuses were ordinary, based on the restated annual reports, and do not support scienter (*id.* at 16-17); (iv) the Individual Defendants' senior roles raise no inference of scienter, absent allegations their roles provided access to information putting them on notice that GAAP had been misinterpreted (*id.* at 17-18); and (v) the Complaint fails to link the alleged fraud with statements of confidential witnesses (*id.* at 18).

**Non-Actionable Opinion Statements:** The Motion demonstrates the disclosure of material weaknesses in internal controls does not establish the falsity of the Individual Defendants' past

---

[1] Capitalized terms not defined herein shall have the same meaning set forth in the Motion.

opinions about those controls under *Omnicare*'s standard – *i.e.*, the Individual Defendants' stated opinions did not reflect their subjective beliefs to the contrary or include embedded false factual statements. (*Id.* at 18-20).

Instead of addressing the Complaint's failures directly, Plaintiff's Opposition to Defendants' Motion to Dismiss the Amended Complaint (DE 48) (the "Opposition" or "Opp.") improperly amends the Complaint. For example, the Complaint includes Mr. Fieldly's explanation of why applying ASC 718 involved ambiguity. (Compl. ¶ 88). The Complaint does not challenge the truth of this explanation; indeed, the Complaint casts it as a corrective disclosure. (*Id.* ¶¶ 88-89). Only the Opposition challenges the truth of Mr. Fieldly's explanation. (Opp. at 13). This attempt to amend a faulty complaint with assertions made in an opposition brief is improper. *Wright v. Greensky, Inc.*, No. 20-cv-62441, 2021 U.S. Dist. LEXIS 206887, at *21 (S.D. Fla. Oct. 26, 2021). Other than such improper pleading tactics, the Opposition merely resorts to inapposite case law. Given the Complaint's shortcomings and the controlling law, the Motion should be granted and the Complaint dismissed with prejudice.

## II.    ARGUMENT AND CITATION TO AUTHORITY

### A.    The Complaint Fails to Plead Scienter Adequately.

#### 1.    *Misinterpreting GAAP Does Not Establish a Strong Inference of Scienter.*

The Motion establishes that misinterpreting ASC 718 does not raise a strong inference of scienter because the Complaint alleges no "red flags" the Individual Defendants ignored, as this Circuit requires. (Def. Br. at 10). The Opposition responds that GAAP errors "routinely form the basis of securities fraud actions." (Opp. at 7). But such actions rarely survive dismissal and do so only if red flags exist. The Opposition casts back 15 years to find two actions based on GAAP errors that survived dismissal. But in those actions, the complaints alleged obvious red flags that

2

are wholly absent here. *See Schultz v. Applica, Inc.*, 488 F. Supp. 2d 1219, 1226-27 (S.D. Fla. 2007) (whistleblower confronted CEO); *In re Eagle Bldg. Techs.*, 319 F. Supp. 2d 1318, 1329 (S.D. Fla. 2004) (auditor put on notice of fraud based on disparities between reported sales and work papers).[2]

As the Motion shows, the Complaint cannot turn a misinterpretation of GAAP into a red flag. First, the Complaint rests its theory on an unnamed expert's broad opinion that the entire "accounting community considers" ASC 718 "unequivocal" in its application. (Compl. ¶ 6). The Court need not accept such bald and conclusory allegations. (Def Br. at 10-11). The Opposition responds that it consulted its expert "merely to corroborate" Deloitte's views on ASC 718. (Opp. at 13 n.6). But Deloitte only noted efforts to simplify ASC 718; it did not deem ASC 718 unequivocal or opine about the accounting community's views on ASC 718. (Compl. ¶ 74).

Second, the Motion cites Eleventh Circuit precedent, *Edward J. Goodman Life Income Trust v. Jabil Circuit, Inc.*, 594 F.3d 783 (11th Cir. 2010), holding courts need not accept the premise that an inference of scienter arises upon the misinterpretation of an allegedly "simple" GAAP provision because that is a legal conclusion, not an allegation of fact. (Def. Br. at 11). The Opposition calls this precedent inapposite because it concerned a widely misinterpreted GAAP provision, with relevant guidance adding complexity – but it cites the trial court for this assertion.

---

[2] The cases cited from outside this district (of similar vintage) also involved clear red flags not present here. *See In re ArthroCare Corp. Sec. Litig.*, 726 F. Supp. 2d 696, 713 (W.D. Tex. 2010) (press accused defendants of fraud); *In re Baan Co. Sec. Litig.*, 103 F. Supp. 2d 1, 22 (D.D.C. 2000) (executive publicly denied improper revenue recognition); *Gross v. Medaphis Corp.*, 977 F. Supp. 1463, 1467 (N.D. Ga. 1997) (company recognized service contract earnings before work began, knowing of a likely breach); *Rehm v. Eagle Fin. Corp.*, 954 F. Supp. 1246, 1256 (N.D. Ill. 1997) (shortly before reporting deficiencies, defendants mollified investor concerns about reserves).

(Opp. at 12-13). Unlike the trial court, however, the Eleventh Circuit deemed it "not necessary" to examine the provision's complexity because the complaint alleged no red flags demonstrating a willful or reckless violation of GAAP. *Jabil Circuit, Inc.*, 594 F.3d at 792.

Finally, the Motion demonstrates that ASC 718's application was not simple because the individuals with awards continued to provide services, as Mr. Fieldly explained to investors. (Def. Br. at 11-12). The Complaint includes this explanation and never challenges the truth of Mr. Fieldly's assertions. (Compl. ¶ 74). Plaintiff improperly disputes the truth of his explanation only in the Opposition. (Opp. at 13). *See Wright*, 2021 U.S. Dist. LEXIS 206887, at *21 (plaintiff cannot amend complaint "through arguments made in opposition to a motion to dismiss.").

### 2.  *No Strong Inference of Scienter Arises from the Restatement.*

The Motion demonstrates that a restatement alone does not raise an inference of scienter because it merely reflects the Company's decision to reassess its interpretation of ASC 718 after consultation with its past and present auditors, and, if anything, raises an inference of good faith. (Def. Br. at 5, 12-14). The Opposition points to the restatement's percentage impact on net income in two quarters and suggests the magnitude raises an inference of scienter. (Opp. at 14-16). Under Eleventh Circuit precedent, total revenue provides a better reference for assessing a restatement's magnitude. *Jabil Circuit, Inc.*, 594 F.3d at 792. The restated net income represented around 5% of total revenue.[3] Properly considered, the magnitude of the restatement does not raise an inference of scienter.[4] *See AFC Enters.*, 348 F. Supp. 2d at 1372 (in context of entire business "substantial" net income restatement raised no inference of scienter).

---

[3] *See* Celsius Holdings, Inc., Annual Report (Form 10-K), at F-26 (Mar. 16, 2022) (Decl. Ex. A).

[4] The restatement here concerns a non-cash expense accrual (*i.e.*, no impact whatsoever on revenue or cashflow or other metrics tied to operations), a type of restatement that does not on its own raise

4

### 3. *The Individual Defendants' Trading History Rebuts an Inference of Scienter.*

The Individual Defendants' trading history raises no inference of scienter if one examines the trades against the factors courts in this district apply to such allegations. (Def. Br. at 14-16). First, the Motion notes Mr. Negron-Carballo had no Class Period trades, negating an inference of scienter. (*Id.* at 14). The Opposition deems this fact irrelevant to Mr. Fieldly's stock sales because it claims there is no requirement that all individual defendants trade during a class period to raise an inference of scienter. (Opp. at 19 n.9). But the Opposition avoids addressing the relevance of Mr. Negron-Carballo's lack of trades as to his own state of mind. The fact that he did not trade during the Class Period negates an inference of scienter as to him, as a case the Opposition itself cites holds. *Chun v. Fluor Corp.*, No. 18-CV-01338-X, 2021 U.S. Dist. LEXIS 85814, at *14 (N.D. Tex. May 5, 2021) (defendant's lack of class period trades negated inference of scienter). The Motion also establishes the Individual Defendants' retention of and loss of value in large holdings during the Class Period and Mr. Fieldly's small Class Period sale (7% of holdings) are inconsistent with an inference of scienter. (Def. Br. at 15). The Opposition deems this small sale sufficient but cites inapposite decisions from outside this circuit for its faulty assertion.[5] (Opp. at 18).

---

an inference of scienter, unlike restatements revealing "attempts to fabricate revenue or to conceal expenses." *In re AFC Enters. Sec. Litig.*, 348 F. Supp. 2d 1363, 1372 (N.D. Ga. 2004) (cited in the Opposition). The cases cited as support for the Opposition's assertions about the restatement's magnitude all involved fabrications of revenue and not, as here, non-cash expense accrual. *In re ArthroCare*, 726 F. Supp. 2d at 704 (company recognized revenue on products that never left its inventory); *In re Catalina Mktg. Corp. Sec. Litig.*, 390 F. Supp. 2d 1110, 1114 (M.D. Fla. 2005) (company failed to disclose the loss of its largest source of revenue and income in key market).

[5] One of the decisions cited was issued by a magistrate and never affirmed by the district court. Regardless, the decision is distinguishable because the defendants sold shares valued at $23,000,000. *In re Fairway Grp. Holding Corp. Sec. Litig.*, 2015 U.S. Dist. LEXIS 5999, at *34 (S.D.N.Y. Jan. 20, 2015). The other out-of-circuit case cited involved a similar windfall. *Nursing Home Pension Fund, Loc. 144 v. Oracle Corp.*, 380 F.3d 1226, 1228-29 (9th Cir. 2004) (CEO Larry Ellison sold 2.1% of his holding, netting $900,000,000).

Finally, the Motion cites authority for the assertion that Mr. Fieldly's large stock sale immediately prior to the Class Period is inconsistent with an inference of scienter. (Def. Br. at 15-16). The Opposition claims this authority is distinguishable because that sale occurred in the context of a public offering and cites *In re AFC Enters. Sec. Litig.*, 348 F. Supp. 2d 1363 (N.D. Ga. 2004). (Opp. at 19). But *AFC Enters.* merely held a class period sale was "quite ordinary" because it occurred in the context of an offering. 348 F. Supp. 2d at 1373. The case does not address the inference drawn from a significant sale of stock immediately prior to the start of the Class Period, which would appear at odds with the motive the Complaint ascribes to Mr. Fieldly – to cash out at artificially inflated prices.[6] (Compl. ¶ 139).

### 4. *The Incentive Bonuses Do Not Establish a Strong Inference of Scienter.*

The Motion establishes the Individual Defendants' bonuses raise no inference of scienter because the Complaint fails to allege they received a higher bonus than they otherwise would have or that the bonuses were "extraordinary." (Def. Br. at 16).

The Opposition responds in two ways. First, it contends that if "the Company had correctly reported its non-cash expenses, the Individual Defendants would have likely forfeited a significant portion of their" bonuses. (Opp. at 17). This is not accurate. The Company disclosed the Individual

---

[6] The Opposition asserts Mr. Fieldly's Class Period adoption of a 10b5-1 plan raises an inference of scienter and cites one case from this Circuit. (Opp. at 17-18). But there the court gave little weight to the plan's timing, as the complaint did not allege knowledge of "an impending price drop at the time the plan was adopted . . . ." *In re Health Ins. Innovations Sec. Litig.*, No. 17-cv-2186-T-17SPF, 2019 U.S. Dist. LEXIS 141591, at *83-84 (M.D. Fla. June 28, 2019). Here, Mr. Fieldly adopted his plan four months before the Class Period ended, and the Complaint does not allege he did so with knowledge of an impending price drop. (Compl. ¶ 139). The Opposition cites one Second Circuit case in which the complaint tied each sale under the plan to a false statement – something the Complaint here does not do. *Emp.' Ret. Sys. of Gov't of the Virgin Islands v. Blanford*, 794 F.3d 297, 309 (2d Cir. 2015).

Defendants' cash bonuses were based on the audited, fiscal-year 2021 annual statements – not the quarterly results the Company had to restate (and that are not considered for performance purposes).[7] Next, the Opposition again improperly tries to amend the Complaint, this time by adding allegations about stock awards the Individual Defendants received in 2021 and suggesting the Court should consider those awards when analyzing scienter. (Opp. at 16-17). The Complaint does not reference these awards, it addresses only cash bonuses. (Compl. ¶¶ 140-41). Regardless, the Opposition mischaracterizes the awards, which were issued before the Class Period (*i.e.*, before the misinterpretation of ASC 718).[8] It is clear why the Opposition adopts these tactics: the bonuses received in fiscal-year 2021 were not extraordinary and were in line with the prior year.[9]

### 5. *Senior Leadership Roles Do Not Establish a Strong Inference of Scienter.*

The Individual Defendants' roles and accounting backgrounds do not raise an inference of scienter because the Complaint lacks particularized allegations suggesting even a reckless misinterpretation of ASC 718 (again, Mr. Fieldly explained the subjective application of ASC 718 here).[10] (Def. Br. at 17-18). The Opposition responds with more conclusory assertions about the Individual Defendants' backgrounds and oversight of a small accounting team, asserting this is sufficient to infer scienter. (Opp. at 11). But, in the cases cited by the Opposition, the complaints alleged defendants had access to specific contradictory information by virtue of their roles, which

---

[7] Celsius Holdings, Inc., Proxy Statement (Sched. 14A), at 24 (Apr. 21, 2022) (Decl. Ex. G).

[8] *Id.*

[9] *Id.*

[10] The Opposition deems inapposite a case the Motion cites on this point, *In re Smith-Gardner Sec. Litig.*, 214 F. Supp. 2d 1291 (S.D. Fla. 2002), claiming it "did not involve executives with significant accounting backgrounds" (Opp. at 12 n.5), even though one defendant clearly held the title of "Principal Financial Accounting Officer." 214 F. Supp. 2d at 1294 n.1.

served as a red flag; no such allegations exist here.[11] In one case, *Thorpe v. Walter Inv. Mgmt., Corp.*, the court refused to infer scienter as to several executives based on their roles because the complaint failed to allege "details of what specific information was received by" the executives putting them on notice of the alleged fraud. 111 F. Supp. 3d 1336, 1373 (S.D. Fla. 2015). Finally, the Motion explains that Mr. Negron-Carballo's retirement does not raise an inference of scienter because he remains at the Company to ensure a smooth transition and the Complaint never connects his retirement to the accounting issues. (Def. Br. at 17 n.22). The Opposition offers no real response, except to mischaracterize his retirement as a resignation and to cite inapposite authority for the assertion that his retirement can raise an inference of scienter.[12] (Opp. at 14).

### 6.   *The Confidential Witnesses Do Not Support a Strong Inference of Scienter.*

The Motion establishes that observations of confidential witnesses fail to support an inference of scienter because those witnesses worked outside the accounting area and the Complaint never ties their observations – that the Company delayed payments to manage cashflow – to the alleged fraud. (Def. Br. at 18). The Opposition offers the conclusory response that the Complaint meets the standard for crediting statements of confidential witnesses. (Opp. at 19-20). But, when one examines the authority the Opposition cites, it is clear the Complaint falls short of that standard. In one of the cases cited, the court held the complaint failed to plead scienter as to

---

[11] *In re Flower Foods, Inc. Sec. Litig.*, No. 16-CV-222 (WLS), 2018 U.S. Dist. LEXIS 48048, at *44 (M.D. Ga. Mar. 23, 2018) (access to legal opinion contradicting public statements); *Thorpe*, 111 F. Supp 3d at 1373 (access to customer complaints contradicting company's disclosures); *Sheet Metal Workers Loc. 19 Pension Fund v. ProAssurance Corp.*, No. 20-cv-00856-AKK, 2021 U.S. Dist. LEXIS 236850, at *49 (N.D. Ala. Dec. 10, 2021) (inference of scienter limited to defendants with specific knowledge of insurance claims that made reserves inadequate).

[12] *In re Home Loan Serv. Sols., Ltd.*, No. 16-cv-60165-WPD, 2016 U.S. Dist. LEXIS 193689, at *5 (S.D. Fla. June 6, 2016) (defendant resigned pursuant to consent order with state agency).

the individual defendants because, among other reasons, the confidential witnesses did not claim the "individual defendants ever discussed the alleged fraud or even knew about it" – as is the case here. *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1247-48 (11th Cir. 2008). The only other case cited on this point is easily distinguished. *Tung v. Dycom Indus., Inc.*, 454 F. Supp. 3d 1244, 1258 (S.D. Fla. 2020) (crediting witness who served in senior accounting role, reported to individual defendant, and participated in calls that concerned troubling financial issues).

### B.       Conclusions About Internal Controls Constitute Non-Actionable Opinions.

The Individual Defendants' conclusions about the adequacy of internal controls are nonactionable opinion statements under the *Omnicare* standard, because the Complaint fails to plead the Individual Defendants did not actually hold these opinions or the falsity of a fact embedded in them.[13] (Def. Br. at 18-19). The Opposition responds in several ways.

First, it contends the Eleventh Circuit precedent the Motion cites is inapposite because it did not concern internal controls. (Opp. at 9). This is not accurate; the decision included quotations from the complaint concerning alleged false statements about internal controls. *Carvelli v. Ocwen Fin. Corp.*, 934 F.3d 1307, 1316 (11th Cir. 2019). Next, the Opposition cites cases where opinions about internal control can give rise to fraud claims but makes no attempt to analogize the facts of

---

[13] Courts consistently hold that statements about the adequacy of internal controls constitute opinion statements under *Omnicare*. *See SEPTA v. Orrstown Fin. Servs.*, No. 12-cv-00993, 2022 U.S. Dist. LEXIS 148624, at *158 (M.D. Pa. Aug. 18, 2022) (collecting cases). The Motion cites two cases solely for the proposition that statements about internal controls constitute opinion statements. While those courts ultimately deemed the statements false, they did so because of red flags, not present here, showing the defendants did not believe their stated opinions. *Fryman v. Atlas Fin. Holdings, Inc.*, No. 18-cv-01640, 2022 U.S. Dist. LEXIS 70597, at *50 (N.D. Ill. Apr. 18, 2022) (state agencies found issues with internal controls); *Villella v. Chem. & Mining Co. of Chile Inc.*, No. 15-cv-2106-ER, 2017 U.S. Dist. LEXIS 45501, at *29 (S.D.N.Y. Mar. 28, 2017) (investigations uncovered false invoices).

9

those cases to the allegations here. (Opp. at 8 n.2). This is no accident. The cases are distinguishable because they concerned specific allegations establishing the defendants did not believe the opinions asserted about the adequacy of internal controls.[14] The Opposition cites two precedents that pre-date the *Omnicare* decision, both distinguishable. One case included red flags that should have put the defendants on notice of the inadequacy of controls. *In re Faro Techs. Sec. Litig.*, 534 F. Supp. 2d 1248, 1263 (M.D. Fla. 2007) (allegations of bribes established defendants had notice of inadequate controls). In the other case, the court held statements about inadequate accounting procedures concerned "corporate mismanagement and [were] not actionable." *In re Premiere Techs. Inc. Sec. Litig.*, 2000 U.S. Dist. LEXIS 19207, at *51 (N.D. Ga. Dec. 8, 2000).

Finally, the Opposition argues the statements concerning internal controls are false because "they are embedded with false statements of verifiable fact including specific dates and assurances that transactions comply with GAAP." (Opp. at 9-10). This improperly attempts to use the restatement as proof of falsity, which *Omnicare* does not permit. *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 194 (2015) ("investor cannot state a claim by alleging only that an opinion was wrong").

## III.    CONCLUSION

For the foregoing reasons and the reasons set forth in the Motion, Defendants respectfully submit the Motion should be granted and the Complaint should be dismissed with prejudice.[15]

---

[14] *In re Grupo Televisa Sec. Litig.*, 368 F. Supp. 3d 711, 720-21 (S.D.N.Y. 2019) (complaint established defendants' knowledge of bribery scheme); *In re Petrobras Sec. Litig.*, 116 F. Supp. 3d 368, 380 (S.D.N.Y. 2015) (complaint demonstrated management's knowledge of corruption); *Solomon v. Sprint Corp.*, No. 19-cv-05272 (MKV), 2022 WL 889897, at *3 (S.D.N.Y. Mar. 25, 2022) (confidential witness established obvious inadequacy of internal controls).

[15] The Court should deny the Opposition's request to replead. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999).

Date: September 9, 2022                           Respectfully submitted,

*/s/ Theodore J. Sawicki*
Theodore J. Sawicki (Fla. Bar No: 656526)
tod.sawicki@alston.com
John A. Jordak, Jr., *pro hac vice*
john.jordak@alston.com
Joseph G. Tully, *pro hac vice*
joe.tully@alston.com
Jason R. Outlaw, *pro hac vice*
jason.outlaw@alston.com
Oyinkansola Y. Muraina, *pro hac vice*
oyinkan.muraina@alston.com
**ALSTON & BIRD**
1201 West Peachtree Street, Suite 4900
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

*Attorneys for Defendants Celsius Holdings, Inc.,*
*John Fieldly, and Edwin Negron-Carballo.*

11

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2022, I caused the foregoing to be filed electronically with the Court's Case Management/Electronic Filing System ("CM/ECF"). Notice of this filing was sent to all parties of record by operation of the Notice of Electronic Filing System, and the parties to this action may access the filing through CM/ECF.

*/s/ Theodore J. Sawicki*
Theodore J. Sawicki