**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 9:22-cv-80418-MIDDLEBROOKS/MATTHEWMAN

|  |  |
|---|---|
| CITY OF ATLANTA POLICE OFFICERS' PENSION PLAN and CITY OF ATLANTA FIREFIGHTERS' PENSION PLAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> CELSIUS HOLDINGS, INC., JOHN FIELDLY, and EDWIN NEGRON-CARBALLO. <br><br> Defendants. | CLASS ACTION |

**DECLARATION OF THEODORE J. SAWICKI**

Pursuant to 28 U.S.C. § 1746, the undersigned states as follows:

1.     My name is Theodore J. Sawicki, I am over 21 years old, and I have personal knowledge of the matters set forth herein.

2.     I am one of Defendants' counsel in the above-captioned matter.

3.     Pursuant to Local Rule 7.6, I submit this Declaration in support of Defendants' Motion to Continue All Trial-Related Deadlines and Memorandum of Law.  (DE 69).

4.     This matter is set for trial during the two-week trial period commencing September 25, 2023, with a calendar call set for September 20, 2023, pursuant to this Court's Order Resetting Trial Date and Referring Case for Scheduling Conference (the "Order Resetting Trial Date").  (DE 64).

5. Defendants Celsius and Negron-Carballo respectfully submit that four months would not provide sufficient time for discovery in this action, based on Lead Plaintiffs' theory of liability and the expansive discovery Lead Plaintiffs have begun to serve. Lead Plaintiffs' Amended Complaint for Violations of Federal Securities Laws (the "Amended Complaint") asserts securities fraud claims pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. (DE 44 at 47-50). According to the Amended Complaint, the alleged fraud came to light when Celsius announced it would restate its unaudited financial statements for two quarters in fiscal-year 2021, based on a misinterpretation of Generally Accepted Accounting Principles ("GAAP") in those two quarters. (*Id.* at 84, 88). As part of Lead Plaintiffs' theory of scienter, however, the Amended Complaint alleges that Celsius's application of this GAAP provision over a 10-year period has relevance on Lead Plaintiffs' claims. (*Id.* at 149). What is more, Lead Plaintiffs' recently served First Request for Production of Documents to Defendants Celsius and Negron-Carballo includes requests that seek documents about Celsius's accounting that stretch back to 2006. Thus, even though the Amended Complaint defines a Class Period of only 6 months, Lead Plaintiffs have propounded requests seeking accounting documents from a 16-year period. Not surprisingly, Defendants Celsius and Negron-Carballo intend to object to such requests within the 30-day time period required by Federal Rule of Civil Procedure 34, but the resolution of such objections will undoubtedly take additional time.

6. The tens of thousands of documents likely responsive to Lead Plaintiffs' document requests will take the form of electronically-stored information with the attendant complications. The parties will need to negotiate custodians, search terms, and the metadata associated with the eventual production. Once produced, the parties will need to digest this voluminous dataset and prepare for numerous fact depositions, the scheduling of which the parties will need to negotiate.

This all must occur before expert discovery, and it is anticipated that the parties will rely on multiple experts to opine on such disparate topics as the market impact of Celsius's restatement and the interpretation of the GAAP provision at issue — possibly, its interpretation over a 16-year period, based on Lead Plaintiffs' view of discovery's proper scope.  Of course, those various experts will issue reports and sit for depositions.

7.      The breadth of discovery Lead Plaintiffs have propounded was foreshadowed by Lead Plaintiffs' original proposal with respect to the scheduling of this litigation.  While Defendants Celsius and Negron-Carballo anticipate that Lead Plaintiffs will oppose this motion, based on representations made during an April 4, 2023 meet and confer between the parties, Lead Plaintiffs had previously proposed a schedule for this matter that would provide for an end to expert discovery in December 2023.  While Defendants Celsius and Negron-Carballo responded with a counterproposal, the schedule Lead Plaintiffs originally proposed does shed insight on Lead Plaintiffs' estimation of the discovery required in this action, at least at the time of the proposal.

8.      Beyond the Amended Complaint's expansive allegations, if one examines Scheduling Orders this Court has entered in securities class actions that proceeded to the discovery phase, it shows that the shortest discovery period lasted nine months, counted from the decision on the motion to dismiss to the end of expert discovery.  *See Medine, et al. v. Great W. Bank, et al.*, Case No. 96-03362-CV (S.D. Fla. Mar. 25, 1998) (ECF No. 72) (ten months between disposition of a motion to dismiss and end of expert discovery); *In re Physician Corp. of Am. Sec. Litig.*, Case No. 97-3678-CV (S.D. Fla. Dec. 7, 1999) (ECF No. 106) (modifying scheduling order to provide seventeen months between disposition of a motion to dismiss and end of expert discovery); *Bird, et al. v. Sunbeam Corp., et al.*, Case. No. 98-8258-CV (S.D. Fla. Jan. 10, 2000) (ECF No. 205) (over sixteen months between disposition of a motion to dismiss and end of expert

discovery); *Pearl Peckerman, et al. v. Nat'l Auto Fin. Co., et al.*, Case No. 98-08767-CV (S.D. Fla. Sept. 14, 2001) (ECF. No. 187) (nine months between disposition of a motion to dismiss and end of expert discovery).

9.    Given the above, and while mindful of this Court's strong disinclination to modify the trial date, Defendants Celsius and Negron-Carballo respectfully submit that good cause exists to modify the trial date and allow for a discovery period consistent with Lead Plaintiffs' original proposal and with the discovery period set for Standard Track cases set forth in the Local Rules – a discovery period of approximately 180 to 269 days.  *See* Local Rule 16.1(a)(2)(B).  Indeed, the Local Rules contemplate that the majority of civil cases will be assigned to a standard track.  Local Rule 16.1(a)(3).  This period would allow sufficient time for class, fact, and expert discovery, all of which have just begun, given that this action had been stayed pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(3)(B), pending a decision on the motion to dismiss.

10.    Pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 7.6, a schedule may be modified for good cause.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 6th day of August 2023.

/s/ Theodore J. Sawicki
Theodore J. Sawicki (Fla. Bar No: 656526)
Counsel for Defendants