**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| CITY OF ATLANTA POLICE OFFICERS' PENSION PLAN and CITY OF ATLANTA FIREFIGHTERS' PENSION PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>             Plaintiff,<br><br>    -v-<br><br>CELSIUS HOLDINGS, INC., et al.,<br><br>             Defendants. | Case No. 9:22-cv-80418-DMM<br><br><u>CLASS ACTION</u> |

**LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO CONTINUE TRIAL DATE AND MEMORANDUM OF LAW**

Lead Plaintiff City of Atlanta Police Officers' Pension Plan and City of Atlanta Firefighters' Pension Plan (together "Lead Plaintiff") submit this memorandum of law in opposition to the Motion to Continue Trial Date ("Motion") filed by Defendants Celsius Holdings, Inc. ("Celsius" or the "Company") and Edwin Negron-Carballo.  ECF No. 69.

## ARGUMENT

On April 3, 2023, this Court entered an order setting a trial date in this Action for September 25, 2023.  ECF No. 65.  Lead Plaintiff is confident that the parties can work cooperatively and expeditiously in this Action to be trial-ready by September 25, 2023.  Further, Defendants do not present any issues that warrant departure from the existing trial date, particularly considering this Court's directive that it is "strongly disinclined to modify" that date.  *Id.*

**I.      Discovery Can Be Completed Expeditiously**

This Action concerns the application of a particular accounting rule to nine former Celsius employees' stock-based compensation.  ECF No. 44, ¶¶ 76-79.  The Class Period alleged in the Complaint extends only six months.  *Id.* ¶ 1.  There is only one individual defendant remaining in this Action (ECF Nos. 55, 62 (dismissing John Fieldly)), and the accounting department at Celsius was alleged to be small.  ECF No. 44, ¶¶ 145-48.  Lead Plaintiff is confident that fact discovery can be completed within approximately three months, by June 30, 2023, and that the parties can otherwise meet the deadlines set forth in the table below.  Doing so will require cooperation among the parties and a willingness to put any delay tactics aside.  Lead Plaintiff is prepared to work efficiently and expeditiously, and to that end, served its First Set of Requests for Production of Documents on Defendants yesterday.  *See* Declaration of Caitlin M. Moyna ("Moyna Decl.") dated April 7, 2023, Exhibit 1.

Defendants, in contrast, have previewed that they do not intend to act cooperatively.  In particular, they assert that they "intend to object" to Lead Plaintiff's discovery requests, and "the

resolution of such objections will undoubtedly take additional time" beyond the 30-day time period that the Federal Rules of Civil Procedure allow for them to respond. Motion at 2. This evidences that Defendants plan to engage in unnecessary delay tactics which routinely cause fairly straightforward cases such as this one to extend far longer than they need, and do not serve as a basis to depart from the September 25, 2023 trial date. Moreover, Defendants' assertions are facially meritless. *First*, Defendants are not required to take 30 days to respond to Lead Plaintiff's discovery requests, and if they already know they plan to object, they can let Lead Plaintiff know that by serving their written objections in less time than the Federal Rules allow. *Second*, Defendants assume that resolving any disputes will take a lengthy time, prior even to notifying Lead Plaintiff which requests they find objectionable, let alone engaging in a meet-and-confer process, which Lead Plaintiff is prepared to approach with an efficient mindset. Likewise, Lead Plaintiff anticipates that negotiation of "custodians, search terms, and the metadata associated with the eventual production," Motion at 2, can be concluded promptly, as long as Defendants are fair and agree to search for relevant documents.

Further, Defendants complain that discovery will be vast in this Action because the time period at issue for the application of the particular accounting rule – called "ASC 718" – extends over a ten-year period. Motion at 2. While that is true, the issues in this Action involve the application of ASC 718 to employees who have departed Celsius and have had the vesting schedules for their stock-based compensation accelerated. ECF No. 44, ¶¶ 76-79. And although Defendants' historical application of ASC 718 may shed light on their scienter, only five of Lead Plaintiff's requests extend back to 2006 or 2007. *See* Moyna Decl., Ex. 1, Request Nos. 5, 6, 8, 12, 21. The majority of the requests seek documents from a time period of just fourteen (14) months. *Id.* at 4 ("Relevant Time Period").

Finally, Defendants reference the use of experts. Motion at 3. At this juncture, prior to receiving any discovery from Defendants, Lead Plaintiff anticipates it will require only two or

perhaps three experts.  These experts can begin their work now, and discovery of their opinions can occur within the timeframe set forth in Lead Plaintiff's proposed schedule set out below.

## II.	Defendants Do Not Present a "Compelling Reason" to Depart from the Trial Date

The Court's order stated that any motion to modify the trial date "must specifically state the basis for the request, including detailed factual support, and must provide a compelling reason. The parties are further advised that the Court is strongly disinclined to modify the trial date based upon the scheduling tracks contained within the Local Rules and/or based upon vague references to the complexities of the case."  ECF No. 65.  This echoes the mandate set out in the Local Rules of the United States District Court for the Southern District of Florida ("Local Rules"): "A continuation of any trial, pretrial conference, or other hearing will be granted only on exceptional circumstances."  Local Rule 7.6.

Defendants' Motion ignores these directives.  *First*, it broadly asserts that all securities actions are complex by citing to four securities fraud cases which had longer discovery periods than the September 25, 2023 trial date allows for this Action.  Motion at 3-4.  But each of those cases included more defendants and a longer class period than is at issue here:  *Medine v. Great W. Bank*, Case No. 96-03362-CV (S.D. Fla. Mar. 25, 1998) (class period of nearly four years and six defendants) (ECF No. 32); *In re Physician Corp. of Am. Sec. Litig.*, Case No. 97-3678-CV (S.D. Fla. Dec. 7, 1999) (class period of twelve (12) months and five defendants) (ECF No. 28); *Bird v. Sunbeam Corp.*, Case No. 98-cv-8258 (S.D. Fla. Jan. 10, 2000) (class period of fourteen (14) months and seven defendants) (ECF No. 28); *Pearl Peckerman v. Nat'l Auto Fin. Co.*, Case No. 98-8767 (S.D. Fla. Sept. 14, 2001) (class period of fourteen (14) months and seven defendants) (ECF No. 108).  Further, each case was initiated more than twenty years ago, and may not have benefited from modern technology that can expedite discovery, such as technology-assisted review, which might be appropriate to use in this Action.

4

*Second*, Defendants point to the Standard Track cases in Rule 16.1(a)(2)(B) of the Local Rules. Motion at 4. However, this Court expressly stated this could not form the basis of a request to continue the trial date.

### III.      Lead Plaintiff's Schedule Should Be Adopted

To assist the Court, Lead Plaintiff proposes the following schedule to meet interim deadlines leading up to the September 20, 2023 calendar call and September 25, 2023 trial date. Lead Plaintiff respectfully requests that these dates be adopted by the Court, as reflected in the accompanying proposed order.

| Event | Deadline |
| --- | --- |
| Disclosures Pursuant to Fed. R. Civ. P. 26(a) | April 19, 2023 |
| Lead Plaintiff's Motion for Class Certification | May 5, 2023 |
| Defendants' Opposition to Motion for Class Certification | May 26, 2023 |
| Joinder of Additional Parties and Amendment of Pleadings | June 1, 2023 |
| Lead Plaintiff's Motion for Class Certification Reply | June 16, 2023 |
| Lead Plaintiffs' Expert Report (s) | June 23, 2023 |
| Close of Fact Discovery | June 30, 2023 |
| Defendants' Expert Report(s) | July 14, 2023 |
| Parties' List of Witnesses Intended to Be Called at Trial | July 21, 2023 |
| Close of Expert Discovery | August 8, 2023 |
| Motions for Summary Judgment and to Exclude Evidence | August 11, 2023 |
| Oppositions to Motions for Summary Judgment and to Exclude Evidence | August 31, 2023 |
| Joint Pretrial Stipulation (with Designations of Testimony) | September 1, 2023 |
| Objections to Designations of Testimony | September 8, 2023 |
| Replies to Summary Judgment Motions and Motions to Exclude Evidence | September 15, 2023 |
| Jury Instructions or Proposed Findings of Fact | September 18, 2023 |
| Calendar Call | September 20, 2023 |
| Trial | September 25, 2023 |

## IV.     Conclusion

For the reasons set forth above, Lead Plaintiff respectfully requests that the Court deny Defendants' Motion to Continue Trial Date and adopt the schedule set forth in the accompanying proposed order.

Dated: April 7, 2023

Respectfully submitted,

GRANT & EISENHOFER P.A.

/s/ Daniel L. Berger
Daniel L. Berger (*pro hac vice*)
Caitlin M. Moyna (*pro hac vice*)
Grant & Eisenhofer P.A.
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: dberger@gelaw.com
Email: cmoyna@gelaw.com

*Counsel for City of Atlanta Police Officers'*
*Pension Plan and City of Atlanta Firefighters'*
*Pension Plan and Lead Counsel for the*
*proposed class*

/s/ Robert D. Klausner
Robert D. Klausner
KLAUSNER KAUFMAN JENSEN & LEVINSON
7080 NW 4th Street
Plantation, FL 33317
Tel.: (954) 916-1202
Fax: (954) 916-1232
Email: bob@robertdklausner.com

*Liaison Counsel for City of Atlanta Police*
*Officers' Pension Plan and City of Atlanta*
*Firefighters' Pension Plan*

Jeffrey Reeves
(pro hac vice admission pending)
THE REEVES LAW FIRM, LLC
1100 Peachtree Street
Suite 250
Atlanta, GA 30309

Tel.: (404) 795-6139
Fax: (888) 209-5048
Email: jeff@reeveslawfirmpc.com

*Additional Counsel for City of Atlanta Police Officers' Pension Plan and City of Atlanta Firefighters' Pension Plan*

7