# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| CITY OF ATLANTA POLICE OFFICERS' PENSION PLAN and CITY OF ATLANTA FIREFIGHTERS' PENSION PLAN, Individually and On Behalf of All Others Similarly Situated,<br><br>         Plaintiffs,<br><br>v.<br><br>CELSIUS HOLDINGS, INC., JOHN FIELDLY, and EDWIN NEGRON-CARBALLO,<br><br>         Defendants. | Case No. 9:22-cv-80418 (DMM) (WDM)<br><br>The Honorable Donald M. Middlebrooks<br><br>The Honorable William D. Matthewman<br><br><u>CLASS ACTION</u> |

**LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS CELSIUS HOLDINGS, INC. AND EDWIN NEGRON-CARBALLO**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs City of Atlanta Police Officers' Pension Plan and City of Atlanta Firefighters' Pension Plan, individually and on behalf of all others similarly situated ("Lead Plaintiffs"), by and through their undersigned attorneys, hereby requests that Defendants Celsius Holdings, Inc. and Edwin Negron-Carballo (collectively, "Defendants") each produce the documents described below for inspection and copying at the offices of Grant and Eisenhofer P.A., 485 Lexington Avenue, Floor 29, New York, NY 10017, or at such other place as is mutually agreed upon, no later than thirty (30) days from the service hereof. These requests are continuing in nature, and Defendants are required to supplement their productions with any new or newly discovered materials responsive to these requests in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

**DEFINITIONS AND INSTRUCTIONS**

1.      The instructions listed in Rule 26.1 of the Local Civil Rules of the United States District Court for the Southern District of Florida shall apply to these requests.

2.      All defined terms shall have the meanings ascribed herein, whether or not capitalized in these requests.

3.      "Communication" means the transmittal of information (in the form of facts, idea, inquiries, or otherwise).

4.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

5.      "Concerning" means relating to, referring to, describing, evidencing or constituting.

6.      "You" or "Your" refers to Celsius Holdings, Inc. and Edwin Negron-Carballo, all of their employees, officers, representatives, agents, and any other persons or entities acting on their behalf, collectively and individually, in the broadest sense consistent with the Federal Rules of Civil Procedure.

7.      "Employee" means any person or persons who at any time during the relevant time period acted or purported to act on behalf of an entity, You, or another person or persons, including all present and former officers, directors, executives, partners, principals, managers, staff personnel, accountants, agents, representatives, in-house attorneys, independent contractors, advisors, and consultants of such entity, person or persons.

8.      "Celsius" or the "Company" means Celsius Holdings, Inc., and any of its subsidiaries, agents, Employees, divisions, and/or predecessors.

2

9.      "Complaint" means the Amended Complaint filed on July 8, 2022.

10.     "Ernst & Young" means Ernst & Young LLP.

11.     "Assurance Dimensions" means Assurance Dimensions, the Company's auditor from 2017 to 2021.

12.     "Negron-Carballo" means Edwin Negron-Carballo.

13.     "ASC 718" means Accounting Standards Codification Topic 718 "Compensation – Stock Compensation."

14.     "Restatement" means the Company's restatement of certain financial metrics that appeared in the Company's financial statements and SEC filings for the second and third quarters of 2021, as announced on March 1, 2022.

15.     "Compensation Committee" means the Compensation Committee of the Board of Directors of Celsius.

16.     The terms "director," "officer," "employee," "agent," or "representative" mean any person serving as such and any person serving at any relevant time in such capacity, even if no longer serving in that capacity.

17.     The past tense includes the present tense, and vice-versa.  The singular includes the plural, and vice-versa.

18.     The terms "all," "any," and "each" shall each be construed as encompassing any and all.

19.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## RELEVANT TIME PERIOD

Unless otherwise indicated, these Requests concern the time period January 1, 2021 through March 1, 2022 (the "Relevant Time Period").

## DOCUMENT REQUESTS

1.      All Documents and Communications Concerning Your accounting department, including, but not limited to, Your accounting department's Employees, policies, and procedures.

2.      All Documents and Communications Concerning Negron-Carballo's certification as a public accountant.

3.      All Documents and Communications Concerning Negron-Carballo's knowledge of the Company's accounting policies and procedures.  The Relevant Time Period for this request is July 31, 2018 through March 1, 2022.

4.      All Documents and Communications Concerning Your practice of delaying payment of the Company's bills to increase cashflow.  The Relevant Time Period for this request is July 31, 2018 through March 1, 2022.

5.      All Documents and Communications Concerning Your knowledge of ASC 718, including, but not limited to, its treatment of share-based compensation.  The Relevant Time Period for this request is January 1, 2006 through the present.

6.      All Documents and Communications Concerning Your interpretation and application of ASC 718.  The Relevant Time Period for this request is January 1, 2006 through the present.

7.      All Documents and Communications Concerning Your accounting for the share-based compensation of retired or terminated Employees. The Relevant Time Period for this request is January 18, 2007 through the present.

4

8.      All Documents and Communications Concerning Your modification(s) of share-based compensation and the corresponding accounting treatment of the expense(s) resulting from such modification(s).  The Relevant Time Period for this request is January 18, 2007 through the present.

9.      All Documents and Communications Concerning Your understanding and accounting of a "type III" error in interpretation under ASC 718.

10.     All Documents and Communications Concerning Negron-Carballo's participation and/or involvement in accounting for share-based compensation under ASC 718.  The Relevant Time Period for this request is July 31, 2018 through the present.

11.     All Documents and Communications Concerning the modification of the share-based compensation of the nine retired and/or terminated Employees in the second and third quarters of fiscal year 2021.  There is no Relevant Time Period for this request.

12.     All Documents and Communications Concerning any meeting and/or discussion You had regarding ASC 718 and/or accounting for share-based compensation. The Relevant Time Period for this request is January 1, 2006 through the present.

13.     All Documents and Communications Concerning Negron-Carballo's salary or other compensation from the Company, including monetary and non-monetary compensation (regardless of whether any compensation was actually received) and any factors used to determine such compensation (including any strategic or financial goals or metrics by which his compensation would be measured).  The Relevant Time Period for this request is January 1, 2019 through the present.

14.     All Documents and Communications Concerning the Compensation Committee's discussion and/or consideration of accounting for share-based compensation under ASC718.

15. All Documents and Communications Concerning the Compensation Committee's discussion and/or consideration of whether to modify the share-based compensation of the nine retired and/or terminated Employees in the second and third quarters of fiscal year 2021. There is no Relevant Time Period for this request.

16. All Documents and Communications Concerning the Restatement.

17. All Communications with Ernst & Young in connection with its audit opinion issued on March 16, 2022.

18. All Communications with Ernst & Young Concerning ASC 718.

19. All Communications with Ernst & Young Concerning the Restatement.

20. All Communications with Assurance Dimensions in connection with share-based compensation and/or ASC 718. The Relevant Period for this request is January 1, 2017 through December 31, 2021.

21. All Communications with any of the Company's prior accountants and/or auditors in connection with share-based compensation and/or ASC 718. The Relevant Period for this request is January 18, 2007 through the present.

22. All Documents Concerning the Securities and Exchange Commission Investigation referred to in paragraphs 153 through 158 of the Complaint.

23. All Documents Concerning the Company's determination that "the calculation and expense of non-cash share-based compensation, related to grants of stock options and restricted stock units awarded to certain former employees and retired directors were materially understated for the three and six month periods ended June 30, 2021 and three and nine month periods ended September 30, 2021." *See* Complaint ¶¶ 11, 83.

24.     All Documents Concerning (1) the material weakness that existed in the Company's internal controls of Celsius' financial reporting for the Company's disclosure controls and procedures, and (2) management's conclusion that such weakness existed.

25.     All Documents and Communications Concerning Negron-Carballo's resignation from employment at Celsius.

Dated: April 6, 2023

By: /s/ *Daniel L. Berger*
Daniel L. Berger (admitted pro hac vice)
Caitlin M. Moyna (admitted pro hac vice)
GRANT & EISENHOFER P.A.
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: dberger@gelaw.com
Email: cmoyna@gelaw.com

*Lead Counsel for City of Atlanta Police
Officers' Pension Plan and City of Atlanta
Firefighters' Pension Plan*

/s/ *Robert D. Klausner*
Robert D. Klausner
KLAUSNER KAUFMAN JENSEN &
LEVINSON
7080 NW 4th Street
Plantation, FL 33317
Tel.: (954) 916-1202
Fax: (954) 916-1232
Email: bob@robertdklausner.com

*Liaison Counsel for City of Atlanta Police
Officers' Pension Plan and City of Atlanta
Firefighters' Pension Plan*
/s/ *Jeffrey Reeves*
Jeffrey Reeves (pro hac vice admission
pending)
THE REEVES LAW FIRM, LLC
1100 Peachtree Street
Suite 250

Atlanta, GA 30309
Tel.: (404) 795-6139
Fax: (888) 209-5048
Email: jeff@reeveslawfirmpc.com

*Additional Counsel for City of Atlanta
Police Officers' Pension Plan and City of
Atlanta Firefighters' Pension Plan*

8

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2023, a true and correct copy of the foregoing has been served via electronic mail to the following recipients:

**ALSTON & BIRD**
Theodore J. Sawicki (Fla. Bar No: 656526)
tod.sawicki@alston.com
Joseph G. Tully, *pro hac vice*
joe.tully@alston.com
Jason R. Outlaw, *pro hac vice*
jason.outlaw@alston.com
Oyinkansola Y. Muraina, *pro hac vice*
oyinkan.muraina@alston.com

1201 West Peachtree Street, Suite 4900
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

*Counsel for Defendants Celsius Holdings, Inc. and Edwin Negron-Carballo*

*/s/ Daniel L. Berger*
Daniel L. Berger