**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| CITY OF ATLANTA POLICE OFFICERS' PENSION PLAN and CITY OF ATLANTA FIREFIGHTERS' PENSION PLAN, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>CELSIUS HOLDINGS, INC., JOHN FIELDLY, and EDWIN NEGRON-CARBALLO,<br><br>    Defendants. | Case No. 9:22-cv-80418 (DMM) (WDM)<br><br>The Honorable Donald M. Middlebrooks<br><br>The Honorable William D. Matthewman<br><br><u>CLASS ACTION</u> |

## <u>STIPULATED PROTECTIVE ORDER</u>

WHEREAS, Plaintiffs City of Atlanta Police Officers' Pension Plan and City of Atlanta Firefighters' Pension Plan and Defendants Celsius Holdings, Inc. and Edwin Negron-Carballo, hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED as follows:

1. **PURPOSES AND LIMITATIONS**

Discovery requests and subpoenas served in the above-captioned action (the "Action") are likely to involve the production or disclosure of certain confidential, proprietary, private, or trade secrets information within the meaning of Fed. R. Civ. P. 26(c), or other private or competitively sensitive information for which protection from public disclosure and from use for any purpose

other than prosecuting or defending this Action is warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order") pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d).  This Order does not confer blanket protection on all disclosures or responses to discovery; the protection it affords from public disclosure and use extends only to the categories of information or items that are entitled to confidential treatment under the applicable legal principles.

2.      **DEFINITIONS**

2.1     Confidential Material: Any Producing Party may, subject to the provisions of this Order, designate as "Confidential" any Discovery Material that the Producing Party in good faith believes contains non-public, confidential, proprietary, business, financial, or commercially or personally sensitive information that requires the protections provided in this Order.

2.2     Counsel (without qualifier): Outside Counsel and In-House Counsel.

2.3     Designating Party: Any Party or Non-Party that designates Discovery Material as "Confidential."

2.4     Discovery Material: All items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, depositions transcripts and deposition exhibits, responses to requests to admit, recorded or graphic matter, electronically stored information, tangible things, and/or other information produced, given, exchanged by, or obtained from any Party or Non-Party during discovery in this Action.

2.5     Expert and/or Consultant: A person who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, along with his or her employees and support personnel, and who is not currently an employee of a Party and who, at the time of

2

retention, is not anticipated to become an employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this Action.

2.6     In-House Counsel: Attorneys and other personnel employed by a Party to perform or support legal functions, to whom disclosure of Discovery Material is reasonably necessary in connection with the prosecution or defense of this Action.

2.7     Non-Party: Any natural person or entity that is not a named party to the Action.

2.8     Outside Counsel: Attorneys, along with their paralegals and other support personnel assisting them with this Action (including temporary or contract staff), who are not employees of a Party but who have been retained to represent or advise a Party in connection with this Action.

2.9     Party: Any party to the Action, including all of its officers, directors, and employees.

2.10    Privileged Material: Discovery Material protected from disclosure under the attorney-client privilege, the work-product doctrine, and/or any other applicable United States or foreign law, regulation, privilege, or immunity from disclosure.

2.11    Producing Party: Any Party or Non-Party that produces Discovery Material in this Action.

2.12    Professional Vendors: Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or processing data in any form or medium; etc.) and their employees and subcontractors.

2.13    Protected Material: Any Discovery Material that is designated as "Confidential," provided however that "Protected Material" does not include information that is publicly available

(unless such information became publicly available as a result of a breach of this Order or any other confidentiality agreement or undertaking).

2.14    Receiving Party: Any Party or Non-Party that receives Discovery Material from a Producing Party.

## 3.    SCOPE

The protections conferred by this Order and the limitations on the use of information obtained during the course of discovery in this Action as set forth in this Order cover not only Discovery Material, but also any information copied or extracted therefrom, including any copies, excerpts, summaries, or compilations thereof, as well as testimony, conversations, or presentations by Parties or Counsel in settings that might reveal Protected Material.  However, except as set forth in Section 12, this Order shall not be construed to cause any Counsel to produce, return, destroy, and/or sequester their own work product created in anticipation of or in connection with this Action.  This Order does not govern the use of Protected Material at trial; in the event this Action goes to trial, the Parties shall work with the Court to develop a process to address any Protected Material a Party reasonably believes should not become part of the public record, consistent with Section 13 of this Order.

## 4.    DURATION

The obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or this Court orders otherwise.

## 5.    DESIGNATING PROTECTED MATERIAL

5.1    Designating Bulk Material for Protection: In order to expedite production of voluminous materials, a Designating Party may, at its sole option, but is not required to, produce materials without a detailed review.  In doing so, the Designating Party may designate those collections of documents that by their nature contain Protected Material with the appropriate

designation, notwithstanding that some of the documents within the collection may not qualify for such designation.  The materials that may be so designated shall be limited to such categories as the Parties agree to in writing or the Court orders.  Notwithstanding the foregoing, a Receiving Party may at any time, when it has a good faith basis for believing that one or more particular documents do not contain Protected Material, challenge the designation of one or more particular documents on the grounds that it or they does not or do not qualify for protection, or does not or do not qualify for the level of protection initially asserted.  If the Designating Party agrees, it must promptly notify all Receiving Parties that it is withdrawing or changing the designation.

5.2    Manner and Timing of Designations: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)    For information in non-native documentary form, that the Producing Party affix the legend "Confidential" on the document, and include the applicable designation in the metadata produced for such document.  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "Confidential" legend to each page that contains Protected Material.

5

(b)   For documents produced in native format, that the Producing Party include the confidentiality designation "Confidential" in the metadata produced for such documents and on the placeholder page to which a Bates stamp is affixed, and if the Producing Party so desires, including the designation "Confidential" in the file name.

(c)   For deposition transcripts, deposition exhibits, and/or testimony in this Action's other pretrial proceedings, that the Designating Party designate any portions of the testimony as "Confidential" (i) on the record of the deposition or (ii) on or before the later of (a) thirty (30) calendar days after receipt of the final transcript, or (b) the date by which any review by the witness and statement of changes to the transcript are to be completed under Fed. R. Civ. P. 30(e).  Only those portions of the testimony that are designated for protection in accordance with the preceding sentence shall be Protected Material under the provisions of this Order.  The entire testimony shall be deemed to have been designated Confidential until the time within which the transcript may be designated has elapsed.  If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Protected Material except as ordered by the Court or as provided in Section 5.3 (Inadvertent Failures to Designate).  If all or a part of a videotaped deposition is designated as "Confidential," the DVD, plus any container, shall be so labeled.  If there is a dispute arising from the confidentiality designation of testimony given in deposition or in other pretrial or trial proceedings, the Parties shall meet and confer in an attempt to resolve the dispute.

(d)   For information produced in audio or video format, and for any other non-paper or non-electronic Discovery Material, that the Producing Party affix the legend "Confidential" in a prominent place on the exterior of the container or containers in which the information or item is stored and/or on the document.  Whenever a Receiving Party to whom

electronically stored Discovery Material so designated is produced reduces such information to hard copy form, to the extent such pages have not previously been marked by the Producing Party, such Receiving Party shall mark the hard copy by affixing the designation "Confidential" to each page of such document.

(e)     For interrogatory answers and responses to requests to admit and the information contained therein, that the Producing Party affix the legend "Confidential" in a prominent place on each page of such document prior to production.

(f)     For reports created by an expert or consultant relying on or incorporating Protected Material in whole or in part, that the Party responsible for its creation include the confidentiality designation "Confidential" on the report.

5.3     <u>Inadvertent Failures to Designate</u>: If a Producing Party discovers that it produced material that was not designated as Protected Material, the Producing Party may promptly notify all Receiving Parties, in writing, of the error and identify (by production number) the affected material and its new designation.  Thereafter, the material so designated shall be treated as Protected Material in conformity with the new designation.  Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation. Each Receiving Party shall make reasonable efforts following correction of a designation to timely ensure that the material is treated in accordance with the provisions of this Order, and to delete and replace the incorrectly designated material, and all copies thereof, with the newly designated material and to destroy the incorrectly designated material.  To the extent such information may have been disclosed to anyone not authorized to receive Protected Material under the terms of this Order, the Receiving Party shall make reasonable efforts to retrieve the Protected Material promptly and to avoid any further disclosure.  If corrected,

7

an inadvertent failure to designate information or documents as Protected Material does not waive the Producing Party's right to secure protection under this Order for such material.

**6.     INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL**

6.1     The parties agree that Federal Rule of Evidence 502(d) and Fed. R. Civ. P. 26(b)(5)(B) shall apply to any attempt by the Producing Party to seek the return of Discovery Material produced in this Action which the Producing Party subsequently determines is privileged or protected from disclosure under the attorney-client privilege or the attorney work product doctrine.  Thus, if Privileged Material is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or any other applicable privilege for withholding production.  Any applicable privileges or protections shall only be waived on express written approval by the person or entity holding the privilege.  The non-waiver of such privileges or protections shall apply to this Action (including any appeal of this Action), as well as to any other federal or state proceeding. Upon becoming aware of its inadvertent production of Privileged Material, the Producing Party must promptly notify the Receiving Party of the Privileged Materials and its intention to claw back those Privileged Materials as soon as practical after the Producing Party first becomes aware of the Privileged Materials (the "Privileged Material Notice").  The Privileged Material Notice shall provide sufficient information regarding the Producing Party's claim of privilege as required by Fed. R. Civ. P. 26(b)(5)(A)(ii) so as to allow the Receiving Party to assess the privilege claim.

6.2     After receipt of the Privileged Material Notice, the Receiving party shall use commercially reasonable efforts to promptly return, sequester, or destroy the Privileged Material, any copies it has, and any work product reflecting the contents of the Privileged Material; must not use or disclose the information until the claim is resolved; and must take commercially

reasonable steps to retrieve the information if the Receiving Party disclosed it to anyone else before being notified.

6.3     The Privileged Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents.

6.4     The contents of the Privileged Materials shall not be disclosed to anyone who was not already aware of the contents of them before the Privileged Material Notice was made.

6.5     If any Receiving Party is in receipt of a document from a Producing Party which the Receiving Party has reason to believe is Privileged Material, the Receiving Party shall in good faith take reasonable steps to promptly notify the Producing Party of the production of that document so that the Producing Party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Stipulated Protective Order.

6.6     The stipulated agreement set forth in Section 6.1 does not constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, the attorney work product doctrine or any other potentially applicable privilege, doctrine or immunity. This agreement also is not intended to waive or limit in any way either Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.

6.7     In the event of a dispute as to the Producing Party's claim of privilege, the Receiving Party shall notify the Producing Party in writing.  Following the receipt of any objection, the Receiving Party and the Producing Party shall, within ten (10) business days after service of the written objection, meet and confer concerning the objection, unless otherwise agreed.  If the Parties are unable to resolve their disagreement, the Receiving Party may seek relief from the Court

in accordance with its rules and procedures. While any such motion is pending, the Privileged Material subject to that motion will be treated as privileged until the Court rules. If the Receiving Party, after making an objection to the Producing Party, does not apply to the Court for a ruling on the designation of the Privileged Material at issue as privileged within twenty (20) calendar days from the receipt of the Privileged Material Notice (regardless of whether there has been a meet and confer on the subject), or such later date as the Producing Party and the Receiving Party may agree, the Receiving Party shall immediately comply with the terms of this Order as provided in Sections 6.2, 6.3, and 6.4. Nothing in this Section will modify any obligation a Party otherwise has with respect to production of Privileged Material under the law or applicable ethical rules.

6.8    The party returning the Privileged Materials may move the Court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production in this Action.

## 7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Producing Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2    <u>Meet and Confer</u>: If a Party elects to challenge a Designating Party's confidentiality designation, it must do so in good faith and must begin the process by notifying the Designating Party in writing of its challenge and identifying the challenged material with as much specificity as reasonably practicable, including, for example, by Bates number or similar identifying number, if available, or by page and line number, if referring to a deposition transcript, and by providing a

basis for the challenge.   The objecting Party and the Designating Party shall, within ten (10) business days after service of the written objections, meet and confer concerning the objection, unless otherwise agreed.

7.3     Judicial Intervention: If the Parties are not able to resolve a dispute about a confidentiality designation during the meet-and-confer process set forth in Section 7.2, the Party challenging the designation may seek relief from the Court in accordance with its rules and procedures.   Until the Court rules on the dispute, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation. In the event the Court rules that the challenged material's designation should be changed, the Parties shall immediately treat the material in accordance with the Court's change in designation, and the Designating Party shall reproduce copies of all materials with their designations changed in accordance with the ruling within ten (10) business days of the ruling.

8.     **ACCESS TO AND USE OF DISCOVERY MATERIAL**

8.1     Subject to any other written agreement among or between Producing Parties and/or Receiving Parties, a Receiving Party may access or use Discovery Material that is disclosed or produced by a Producing Party only in connection with the prosecution of, defense of, appeal of, attempted settlement of, or the enforcement of insurance rights with respect to this Action.   Except as required by law, Discovery Material may not be used for any other purpose, including, without limitation, any business or commercial purpose, contractual demands, any purpose related to any other investigation, action or proceeding, or evaluation of other potential claims not asserted in the Action.   Following the termination of this Action, each Receiving Party must comply with the provisions of Section 11.

8.2     Disclosure of Confidential Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "CONFIDENTIAL" may be disclosed by a Receiving Party only to the following persons:

(a)     The Party or Parties to this Action;

(b)     The Receiving Party's Counsel, including all attorneys, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the prosecution or defense of this Action;

(c)     Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, and service vendors of such Experts and/or Consultants (including outside copying services and outside support services), who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A), provided that any part of a report created by such Expert and/or Consultant incorporating Confidential Material in whole or in part shall be designated appropriately by the Party responsible for its creation, and provided further that Experts and/or Consultants may not use Confidential Material for any purpose that does not relate to the prosecution or defense of this Action;

(d)     The Court and its personnel, subject to the requirements of Section 10, any appellate court in this Action, and jurors;

(e)     Special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

12

(f)     Court reporters and/or videographers, their staff, and Professional Vendors to the extent that such disclosure is reasonably necessary for the prosecution or defense of this Action;

(g)     The author, addressee(s), or actual or intended recipient(s) of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document or its accompanying metadata;

(h)     A witness or deponent, or potential witness or deponent, and their counsel, at any deposition, hearing, or other court proceeding in the Action, during the course of, and, to the extent necessary, in preparation for depositions or testimony in this Action and who has signed the "Agreement To Be Bound by Protective Order" (Exhibit A); provided, however, that, with respect to any such witnesses not otherwise authorized to view Protected Material under the terms of this Protective Order, the disclosing party has a good faith basis to discuss or reveal the Protective Order and Protected Material, but under no circumstances allow such witness to possess or keep a copy (electronic or otherwise) of the Protected Material, for the sole purpose of prosecuting, defending, and/or appealing this Action;

(i)     Any other person whom Counsel for the Parties agree should have access to such materials and who has signed the "Agreement To Be Bound by Protective Order" (Exhibit A); and

(j)     Any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law, subject to the requirements of Section 14.

Any disclosure permitted by this Section may be made only to the extent reasonably necessary to prosecute, defend, or settle this Action.

13

8.3     Retention of Exhibit A: Counsel for the Party that obtains the signed "Agreements to Be Bound By Protective Order" (Exhibit A), as required above, shall retain them for six (6) months following the final termination of this Action, including any appeals, and shall make them available to other Parties, Non-Parties, or the Court upon good cause shown.

8.4     Retention of Protected Material: Unless otherwise agreed to by the Producing Party in writing or ordered by the Court, persons signing the "Agreement to Be Bound By Protective Order" (Exhibit A) pursuant to Sections 8.2(c), (e), (h), or (i) who have been shown Protected Material shall not retain copies thereof longer than reasonably necessary in light of the purpose for which the Protected Material was disclosed.

## 9.     UNAUTHORIZED DISCLOSURE BY A RECEIVING PARTY

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must, as soon as practicable, but in any event, not longer than five (5) business days after discovery of the disclosure by Counsel notify in writing the Designating Party of the unauthorized disclosure(s) and all pertinent facts relating to such disclosure(s), and without prejudice to the rights and remedies of the Designating Party, make commercially reasonable efforts to retrieve all copies of the Protected Material and to prevent further unauthorized disclosure on its own part or on the part of the recipient of such information or material.

## 10.     FILING PROTECTED MATERIAL

10.1     In the event that Counsel for any Party determines to file or submit in writing to the Clerk of Court's office or file on ECF any Protected Material, or any papers containing or making reference to the substance of such material or information, such documents or portions thereof containing or making reference to such material or information shall be filed in redacted form or under seal in accordance with the rules of the Court.  In the event that the party intending to file

14

on ECF any Protected Material is not the Producing Party, the parties shall meet and confer with the Producing Party at least three (3) days before filing regarding whether filing in redacted form or under seal is necessary.

10.2    Filing Protected Material under seal or seeking permission to file Protected Material under seal shall be without prejudice to any Party's right to argue to the Court that such document is not Protected Material and/or need not be filed under seal.

## 11.    FINAL DISPOSITION

11.1    In the event that: (i) all Parties to the Action reach a settlement resolving all of the then pending claims among them, or (ii) any court enters an order resolving all of the then pending claims among the Parties, except as provided below, the provisions of this Order restricting the use of Protected Material shall continue to be binding unless otherwise agreed or ordered by the Court.  Upon entry of final judgment either by reason of settlement or court order, each Receiving Party shall undertake commercially reasonable efforts to prevent anyone acting on its behalf from accessing, reviewing, copying, summarizing, or making any other use of a Producing Party's Discovery Material, including but not limited to directing the Receiving Party's discovery vendor(s) to take data offline or to take other steps to prevent access to the Discovery Material.

11.2    Except as provided by law or other regulatory authority or unless otherwise ordered or agreed to in writing by the Producing Party, within sixty (60) days after the final termination of this Action by settlement or exhaustion of all appeals, all parties in receipt of Protected Material shall use reasonable efforts to either return such materials and copies thereof to the Producing Party or destroy such Protected Material and certify that fact.  The Receiving Party's reasonable efforts shall not require the return or destruction of Protected Material from (i) disaster recovery or business continuity backups, (ii) data stored in system-generated temporary folders or near-line storage, (iii) archived data with limited end-user accessibility, and/or (iv) material that is subject

15

to legal hold obligations or commingled with other such material.  Backup storage media will not be restored for purposes of returning or certifying destruction of Protected Material, but such retained information shall continue to be treated in accordance with the Order.

11.3     Counsel for the parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), legal memoranda, expert reports, and attorney work product that contain or refer to Protected Material, provided that such Counsel and employees of such Counsel shall not disclose such Protected Material to any person, except pursuant to court order.  Nothing shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

11.4     No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by Counsel for each Designating Party or by an Order of the Court for good cause shown.

## 12.     A DESIGNATING OR PRODUCING PARTY'S USE OF ITS OWN DOCUMENTS

Nothing in this Order shall be construed to limit in any way any Producing Party's, Receiving Party's, or any other person's use of its own documents, including documents obtained independently and lawfully from sources other than a Producing Party, nor shall it affect any Producing Party's, Receiving Party's, or any other person's subsequent waiver of its own prior designation with respect to its own Protected Material.

## 13.     USE OF DESIGNATED MATERIAL AT TRIAL OR PRE-TRIAL HEARINGS

The undersigned agree to meet and confer concerning the use of any Protected Material at the trial of this Action during preparation of the Joint Pretrial Stipulation to be submitted in accordance with S.D. Fla. L.R. 16.1(e) and Fed. R. Civ. P. 26(a)(3).  (*See* April 10, 2023 Scheduling Order (ECF No. 75) ¶ 3.)  If any undersigned Party contemplates the use of Protected Material at any pre-trial hearing, such Party shall notify all Parties of such intent not fewer than

five (5) business days prior to the hearing.  Where a hearing is scheduled on less than five (5) business days' notice, the Parties agree to meet and confer as soon as practicable after receiving notice, but in any event, not fewer than 24 hours in advance of the hearing and if unsuccessful, shall present the issue to the Court for resolution.  The use of Protected Material at hearings or at trial shall not cause such Protected Material to lose its status as Protected Material.

## 14.    LEGAL PROCESS

14.1    If a Receiving Party is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process or request from any court, federal, or state regulatory or administrative body or agency, legislative body, self-regulatory organization, or other person or entity purporting to have authority to require the production thereof, that seeks disclosure of any information or items designated in this Action as Protected Material the Receiving Party must notify—to the extent permitted by law and the rules, requirements, or requests of any relevant governmental or self-regulatory organization—the Designating Party, in writing (by electronic mail, if possible), and include with that notice a copy of the discovery request, subpoena, order, or other form of legal process as soon as reasonably practicable and in any event no later than five (5) business days after receipt unless production is required earlier than ten (10) business days after receipt, in which case the notice must be within twenty-four (24) hours after receipt.

14.2    The Receiving Party also must promptly inform the party that caused the discovery request, subpoena, order, or other form of legal process or request to issue that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other matter that caused the discovery request, subpoena, order, or other form of legal process or request to issue.  To the extent consistent with the rules, requirements, or requests of any relevant governmental or self-regulatory

organization, the Receiving Party shall not produce the requested Protected Material unless and until a court of competent jurisdiction so directs, except if the Designating Party (a) consents, or (b) fails to file a motion to quash or fails to notify the Receiving Party in writing of its intention to contest the production of the Protected Material prior to the date designated for production of the Protected Material, in which event the Receiving Party may produce on the production date, but no earlier.  In connection with any production of Protected Material subject to this Order, the Receiving Party shall request confidential treatment for such materials.

14.3    The purpose of imposing these duties is, to the extent consistent with the rules, requirements, or requests of any relevant governmental or self-regulatory organization, or otherwise permitted by law, to alert the interested parties to the existence of this Order and to afford the Designating Party an opportunity to try to protect its confidentiality interest in the matter or proceeding in connection with which the discovery request, subpoena, or order is issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that matter or proceeding of its Protected Material. Nothing in these provisions should be construed as authorizing, requiring, or encouraging a Receiving Party to disobey, or to risk contempt of, a lawful directive from another court.

14.4    In the event that Discovery Material is produced to a Non-Party as a result of a discovery request, subpoena, or an order issued in other litigation, or some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body, or other person or entity, such Discovery Material shall continue to be treated in this Action in accordance with any designation as Protected Material.

## 15.    NON-PARTIES

15.1    If a Non-Party provides discovery to any Party in connection with this Action, the provisions of this Order shall apply to such discovery as if such discovery were being provided by

a Party.  Under such circumstances, the Non-Party shall have the same rights and obligations under the Order as held by the Parties to this Action.

## 16.    NOTICES

All notices required by this Order must be provided in writing to Outside Counsel of record for each Party and, if applicable, in writing to a Non-Party.  Any of the notice requirements herein may be waived, in whole or in part, but only in writing by an attorney for the Designating Party.

## 17.    AMENDMENT OF ORDER

Nothing herein shall preclude any Party from seeking to amend this Order in writing for good cause shown or through agreement of the Parties to this Order.  Nor shall anything herein preclude any Party or Non-Party from seeking additional or different protections on a case-by-case basis.

## 18.    RIGHT TO ASSERT OTHER OBJECTIONS

By stipulating to the entry of this Order, no Producing Party waives any right it otherwise might have to object to disclosing or producing any information or item on any ground, including confidentiality.  Similarly, no Producing Party waives any right to object on any ground to the admissibility or use in evidence of any of the material covered by this Order.

## 19.    GOVERNING LAW

Except to the extent that federal law may be applicable, this Order is governed by, interpreted under, and construed and enforced in accordance with the laws of the State of Florida, without regard to conflict of law principles.  Any dispute between the parties regarding this Order shall be resolved by making an appropriate application to this Court in accordance with the Rules of the Court and other applicable rules.

**20.      EXECUTION**

This Stipulation and Order may be executed in counterparts.  This Stipulation and Order shall become effective as a stipulation as among the executing Parties immediately upon its execution by such executing Parties, subject to any subsequent modifications if and when so-ordered by the Court.  Execution of this Stipulated Protective Order shall not constitute a waiver of the right of any Party to claim in this Action or otherwise that any document, communication, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this Action or any other proceeding.

Dated: April 28, 2023

/s/ Daniel L. Berger
Daniel L. Berger (admitted pro hac vice)
Caitlin M. Moyna (admitted pro hac vice)
Vincent J. Pontrello (admitted pro hac vice)
Mica A. Cocco (admitted pro hac vice)
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: dberger@gelaw.com
Email: cmoyna@gelaw.com
Email: vpontrello@gelaw.com
Email: mcocco@gelaw.com

*Lead Counsel for City of Atlanta Police Officers'*
*Pension Plan and City of Atlanta Firefighters'*
*Pension Plan*

/s/    Robert D. Klausner
Robert D. Klausner
**KLAUSNER KAUFMAN JENSEN &**
**LEVINSON**
7080 NW 4th Street
Plantation, FL 33317
Tel.: (954) 916-1202
Fax: (954) 916-1232
Email: bob@robertdklausner.com

20

*Liaison Counsel for City of Atlanta Police Officers' Pension Plan and City of Atlanta Firefighters' Pension Plan*

Jeffrey Reeves
(pro hac vice admission pending)
**THE REEVES LAW FIRM, LLC**
1100 Peachtree Street
Suite 250
Atlanta, GA 30309
Tel.: (404) 795-6139
Fax: (888) 209-5048
Email: jeff@reeveslawfirmpc.com

*Additional Counsel for City of Atlanta Police Officers' Pension Plan and City of Atlanta Firefighters' Pension Plan*

/s/ Theodore J. Sawicki
Theodore J. Sawicki (Fla. Bar No: 656526)
tod.sawicki@alston.com
Joseph G. Tully, *pro hac vice*
joe.tully@alston.com
Jason R. Outlaw, *pro hac vice*
jason.outlaw@alston.com
Oyinkansola Y. Muraina, *pro hac vice*
oyinkan.muraina@alston.com
**ALSTON & BIRD**
1201 West Peachtree Street, Suite 4900
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

*Counsel for Defendants Celsius Holdings, Inc. and Edwin Negron-Carballo*

**SO ORDERED**

Dated: _____, 2023

_____
Honorable Donald M. Middlebrooks
United States District Judge

21

**<u>Exhibit A</u>**

**Agreement To Be Bound By Protective Order**

I have been informed that on _____, 2023, the U.S. District Court for the Southern District of Florida entered a protective order in the litigation captioned *City of Atlanta Police Officers' Pension Plan, et al. v. Celsius Holdings, Inc., et al.*, No. 22-cv-80418 (DMM) (WDM).  I have read the protective order, I agree to abide by the terms of the protective order as they apply to me, and I acknowledge that failure to so comply with the protective order could expose me to sanctions and punishment in the nature of contempt of court.  I further agree to voluntarily submit to the jurisdiction of the U.S. District Court for the Southern District of Florida for purposes of any proceeding related to the protective order, including my receipt or review of information that has been designated as "CONFIDENTIAL."


_____
(Signature)


_____
(Printed Name)


_____
(Title or Position)


_____
(Company)

Dated: _____

-