**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

|  |  |
|---|---|
| CITY OF ATLANTA POLICE OFFICERS' PENSION PLAN and CITY OF ATLANTA FIREFIGHTERS' PENSION PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　　-v-<br><br><br>CELSIUS HOLDINGS, INC., et al.,<br><br>　　　　　　　　Defendants. | Case No. 9:22-cv-80418-DMM<br><br><u>CLASS ACTION</u> |

**LEAD PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCOVERY**

Pursuant to Federal Rule of Civil Procedure 37, and Local Rule 26.1, City of Atlanta Police Officers' Pension Plan and City of Atlanta Firefighters' Pension Plan (together "Lead Plaintiffs") respectfully request this Court to compel Defendants to produce documents possessed by the Chairperson of Celsius's Audit and Enterprise Risk Committee ("AC").

## BACKGROUND

Given the expeditious discovery track set by the Court, which includes a trial date of November 6, 2023, the parties have managed to resolve the majority of discovery disputes to-date without court intervention. Nevertheless, they have arrived at an impasse as to whether the Company's AC Chairperson should be compelled to produce relevant documents.

On April 19, 2023, Celsius Holdings, Inc. ("Celsius") and Edwin Negron-Carballo ("Negron-Carballo" and, together with Celsius, "Defendants") served their Initial Disclosures wherein they listed Celsius's AC members—Cheryl Miller, Joyce Russell, and Caroline Levy— as individuals "knowledgeable of the Company's accounting and financial reporting processes and the audits of the Company's financial statements." **Exhibit A**.[1] On May 9, 2023, Defendants served their responses and objections to Lead Plaintiffs' first request for production of documents, which included a list of proposed document custodians. **Exhibit B.** That list did not name a single one of Celsius's AC members. On May 10, 2023, the parties held a meet and confer, during which Lead Plaintiff requested that the three AC Members be designated as custodians. Although Defendants stated that they would consider this request, they ultimately refused to designate a single AC member as a custodian. *See* **Exhibit C; Exhibit D** ("we do not agree to add Mses. Miller, Russel [sic], and Leavy [sic] as custodians"). They offered as a reason the fact that the Board members "do not have Celsius email addresses" and that Plaintiffs' claims are not based on

---

[1] Exhibit references are to Exhibits attached to the Declaration of Daniel L. Berger, dated June 20, 2023, submitted herewith.

1

Board members' conduct.  *Id.* On May 22, 2023, Lead Plaintiff again requested that Defendants designate the AC members as custodians, pointing out that Defendants had designated these individuals as having possession of relevant material in their Rule 26(a) disclosures; however, Defendants stood on their objections, this time noting that they found it "unusual" that Lead Plaintiffs were requesting that board members serve as document custodians.

In response to Lead Plaintiffs' request that Defendants confirm the parties were at an impasse regarding the AC members (**Exhibit E**), Defendants stated that the request was "unduly burdensome" and "not proportionate to the needs of the case," because, among other reasons, the document production to date includes "limited electronic correspondence with management." *See* **Exhibit F.** In an effort to reach a compromise and avoid the instant motion, on June 6, 2023, Lead Plaintiffs asked Defendants to designate only Ms. Miller, the Chairperson of the AC Committee, as a custodian. *See* **Exhibit G**. Defendants objected again, this time attacking Lead Plaintiffs' discovery request as "conjectural" and "speculative,"[2] yet offering no explanation for why it is burdensome to search Ms. Miller's emails.[3] Given that the parties have—to no avail—met and conferred twice and exchanged several letters and emails on this discrete discovery issue, Lead Plaintiff now moves this Court to compel discovery of Ms. Miller's documents.

## DISCUSSION

A "party is entitled to discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Engineered Tax Servs., Inc. v.*

---

[2] In Defendants' June 12 Letter (**Exhibit H**), they contend that because Lead Plaintiffs have failed to point to any evidence of "director-to-director communication" in the current document production, Lead Plaintiffs' suggestion that such correspondence exists is conjectural. This *ad ignorantiam* attack on Lead Plaintiffs' justified request for documents is an unproductive use of the parties' time.

[3] Defendants' June 12 Letter also states that Lead Plaintiffs' board members Richard Light and Brent Hullender used their personal email addresses to conduct board business. However, Messrs. Light and Hullender conducted a broad search of both their personal emails, which yielded no relevant, non-privileged documents.

*Scarpello Consulting, Inc.*, 2018 WL 741371, at *3 (S.D. Fla. Feb. 6, 2018) (Matthewman, J.); *see also* Fed. R. Civ. P. 26. A district court has broad discretion to compel or deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11ᵗʰ Cir. 2011).

### I.    The Requested Information Is Relevant to Lead Plaintiffs' Claims

As a threshold matter, documents relating to Celsius and possessed by Ms. Miller, the current Chairperson[4] of Celsius's AC, easily qualify as "relevant" under Rule 26(b)(1).[5] "Information is relevant if it is germane, conceivably helpful to [a party], or reasonably calculated to lead to admissible evidence." *Donahay v. Palm Beach Tours & Trans.*, 242 F.R.D. 685, 687 (S.D. Fla. 2007). Defendants admitted this when they listed Ms. Miller, and the other AC members, as having relevant information in their Rule 26(a) disclosures. This is logical, given that this action's claims relate to an accounting fraud.

During the meet and confer process, Defendants attempted to back away from their Rule 26(a) admission that Ms. Miller possesses relevant information by claiming that "Lead Plaintiffs can point to no paragraph in the Amended Complaint in which they allege any Celsius director participated in the alleged fraud" (**Exhibit H**), and "Plaintiffs' claims are not based on any act or decision made by the Company's Board or any committee thereof" (**Exhibit D**). But this formulation of relevance constricts the scope of allowable discovery beyond recognition. There exists no prerequisite that a party can only request as document custodians those who were alleged to have participated in the fraud.[6] Further, Defendants have agreed to designate a number of

---

[4] Ms. Miller was also the Audit Committee's Chairperson during the Class Period.

[5] Although Defendants have conceded—on numerous occasions—that the information sought by Lead Plaintiffs is relevant, in certain of the discovery exchanges to-date, they have also cast doubt on the relevancy of the requested information. *See, e.g.*, Exhibits D, G. Accordingly, Lead Plaintiff considered it necessary to explicate (for Defendants' sake) why the information sought is relevant under Fed. R. Civ. P. 26(b)(1).

[6] Defendants have agreed to designate as custodians: Jason Davis, Jonathan Jeerapaet, Danielle Babich, Kenneth Frost, and Stephen George, none of whom were alleged to have personally participated in the fraud.

custodians whose names and involvement were not known to Lead Plaintiffs at the pleading stage and were therefore not alleged to have participated in the fraud.

## II.      Defendants Have Not Demonstrated Any Burden Associated with Producing the Requested Documents

"The party resisting production has the heavy burden of showing why the requested discovery should not be permitted." *Zurich Am. Ins. Co. v. Hi-Mar Specialty Chemicals, LLC*, No. 08-80255-CIV, 2011 WL 13174594, at *82 (S.D. Fla. Sept. 30, 2011). The party's "objection must show specifically how a discovery request is overly broad, burdensome or oppressive, by submitting evidence or offering evidence which reveals the nature of the burden." *Id.* Generalized objections that a discovery request is burdensome are insufficient. *See, e.g.*, *Sallah v. Worldwide Clearing LLC*, 855 F. Supp. 2d 1364, 1376 (S.D. Fla. 2012) (compelling discovery response where opposing party failed to "provide[] any evidentiary support for her bald assertion of burdensomeness"). "Courts should only limit discovery 'based on *evidence* of the burden involved, not on a mere recitation that the discovery request is unduly burdensome.'" *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008). Here, Defendants merely repeat the phrases "undue burden" and "not proportionate to the needs of the case" but fail to proffer any evidentiary support whatsoever as to how it is unduly burdensome for them to search Ms. Miller's emails. Further, their suggestion that Ms. Miller's lack of a Celsius e-mail address somehow increases the burden is nonsensical and belied by Defendants' agreement to designate non-employees Mr. Davis and Mr. Jeerapaet as document custodians which requires a search of their personal emails.

## III.      Celsius Has Control Over Ms. Miller's Documents

Celsius has control over Ms. Miller's documents, and therefore cannot argue that they are exempt from producing them. Fed. R. Civ. P. 34(a), requires a party to "produce documents

4

responsive to a request for production so long as those documents are in the party's 'possession, custody, or control.'" *Pictet Overseas, Inc. v. Helvetia Tr.*, No. 13-81088-CIV, 2014 WL 5034725, at *8 (S.D. Fla. Sept. 8, 2014).  Control is "the legal right to obtain the documents requested on demand." *Coquina Invs. v. Rothstein*, No. 10-60786-CIV, 2011 WL 13096539, at *1 (S.D. Fla. July 11, 2011). Legal ownership or actual possession of the documents is not required to demonstrate control. *Costa v. Kerzner Int'l Resorts, Inc.*, 277 F.R.D. 468, 471 (S.D. Fla. 2011) (control satisfied where party has the "right, authority, or practical ability to obtain the materials sought on demand"). A defendant corporation has "control" for purposes of discovery over current board members.[7] *See, e.g.*, *Arconic Inc. v. Novelis Inc.*, 2018 WL 4958976, at *3 (W.D. Penn. Oct. 15, 2018) (compelling corporation to produce documents by corporate directors because element of "control" was satisfied); *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2016 WL 5408171, at * (S.D.N.Y. Sept. 27, 2016) (finding that a company controls directors because a "corporation can discharge the individual if he or she fails to cooperate in discovery"). Because Ms. Miller, a current Board Member, is subject to removal from the Board at any time, Celsius has control over her documents for discovery purposes. Thus, Celsius should be required to produce the information requested.

### IV. Conclusion

For the reasons set forth above, Lead Plaintiffs respectfully request that the Court grant Lead Plaintiffs' motion to compel discovery.

Dated: June 20, 2023                                Respectfully submitted,

                                                    GRANT & EISENHOFER P.A.

                                                    */s/ Daniel L. Berger*

---

[7] Because the case law within the Eleventh Circuit is devoid of cases that consider whether a corporation has "control" over a current board member for purposes of discovery, Lead Plaintiff cites to apposite cases from other districts.

Daniel L. Berger (*pro hac vice*)
Caitlin M. Moyna (*pro hac vice*)
Vincent J. Pontrello (*pro hac vice*)
Mica A. Cocco (*pro hac vice*)
Grant & Eisenhofer P.A.
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Emails: dberger@gelaw.com
        cmoyna@gelaw.com
        vpontrello@gelaw.com
        mcocco@gelaw.com


*Counsel for City of Atlanta Police Officers'
Pension Plan and City of Atlanta Firefighters'
Pension Plan and Lead Counsel for the proposed
class*




Robert D. Klausner
KLAUSNER KAUFMAN JENSEN & LEVINSON
7080 NW 4th Street
Plantation, FL 33317
Tel.: (954) 916-1202
Fax: (954) 916-1232
Email: bob@robertdklausner.com

*Liaison Counsel for City of Atlanta Police Officers'
Pension Plan and City of Atlanta Firefighters'
Pension Plan*


Jeffrey Reeves
(pro hac vice admission pending)
THE REEVES LAW FIRM, LLC
1100 Peachtree Street
Suite 250
Atlanta, GA 30309
Tel.: (404) 795-6139
Fax: (888) 209-5048
Email: jeff@reeveslawfirmpc.com

6

*Additional Counsel for City of Atlanta Police Officers' Pension Plan and City of Atlanta Firefighters' Pension Plan*

7