**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| CITY OF ATLANTA POLICE OFFICERS' PENSION PLAN and CITY OF ATLANTA FIREFIGHTERS' PENSION PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　Lead Plaintiff,<br><br>　　v.<br><br>CELSIUS HOLDINGS, INC., JOHN FIELDLY, and EDWIN NEGRON-CARBALLO,<br><br>　　　　　　Defendants. | Case No. 9:22-cv-80418 (DMM) (WDM)<br><br>The Honorable Donald M. Middlebrooks<br><br>The Honorable William D. Matthewman<br><br><br>CLASS ACTION |

**DECLARATION OF DANIEL L. BERGER IN SUPPORT OF LEAD PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

I, DANIEL L. BERGER, under penalty of perjury and on oath, declare as follows:

1. I am a principal of the law firm Grant & Eisenhofer P.A. ("Grant & Eisenhofer"), which is Court-appointed Lead Counsel in this matter. I am a member in good standing in the Bar of the State of New York and have been admitted *pro hac vice* to practice before this Court. I have personal knowledge of the matters set forth herein.

2. I respectfully submit this declaration, together with the attached Exhibits, in support of Plaintiffs City of Atlanta Police Officers' Pension Fund ("Atlanta Police") and City of Atlanta Firefighters' Pension Fund's ("Atlanta Firefighters," and together with Atlanta Police, "Lead Plaintiffs") Motion to Compel Discovery.

3. Attached as **Exhibit A** is a true and correct copy of Defendants' Initial Disclosures.

4. Attached as **Exhibit B** is a true and correct copy of Defendants' Objections and Responses to Lead Plaintiffs' First Request for Production of Documents.

5. Attached as **Exhibit C** is a true and correct copy of an email sent on May 11, 2023 from Mica Cocco to Tod Sawicki and Jason Outlaw.

6. Attached as **Exhibit D** is a true and correct copy of a letter sent on May 17, 2023 from Jason Outlaw to Mica Cocco.

7. Attached as **Exhibit E** is a true and correct copy of a letter sent on May 24, 2023 from Mica Cocco to Jason Outlaw.

8. Attached as **Exhibit F** is a true and correct copy of a letter sent on May 26, 2023 from Joseph Tully to Mica Cocco.

9. Attached as **Exhibit G** is a true and correct copy of a letter sent on June 6, 2023 from Mica Cocco to Joseph Tully.

2

10.     Attached as **Exhibit H** is a true and correct copy of a letter sent on June 12, 2023 from Joseph Tully to Mica Cocco.

11.     Attached as **Exhibit I** is a true and correct copy of an email sent on June 16, 2023 from Mica Cocco to Jason Outlaw, et al.

12.     Attached as **Exhibit J** is a true and correct copy of an email sent on June 20, 2023 from Joseph Tully to Mica Cocco.

I declare under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.


Signed and dated this 20th day of June, 2023.

By: /s/ *Daniel L. Berger*
Daniel L. Berger

**CERTIFICATE OF SERVICE**

I certify that on June__, 2023, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

By: /s/ *Daniel L. Berger*
Daniel L. Berger

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 22-80418-CV-MIDDLEBROOKS

|  |  |
|---|---|
| CITY OF ATLANTA POLICE OFFICERS' PENSION PLAN and CITY OF ATLANTA FIREFIGHTERS' PENSION PLAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> CELSIUS HOLDINGS, INC. JOHN FIELDLY, AND EDWIN NEGRON-CARBALLO, <br><br> Defendants. | <u>CLASS ACTION</u> |

**DEFENDANTS' INITIAL DISCLOSURES**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendants Celsius Holdings, Inc. ("Celsius" or the "Company") and Edwin Negron-Carballo ("Mr. Negron-Carballo," together, the "Defendants"), by and through their undersigned counsel, hereby provide to Lead Plaintiffs their Initial Disclosures as follows:

*(i)      The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.*

**Defendants' Response**: At this early stage of the case, Defendants can offer only a partial list of those individuals who may have discoverable information that Defendants may use to support their defenses.  Defendants, therefore, reserve the right to identify additional individuals who may have discoverable information at a later date.

| Name | Title[1] | Address | Subjects of Information |
|---|---|---|---|
| John Fieldly | President, Chief Executive Officer, and Chairman of the Board, Celsius | c/o Alston & Bird 90 Park Avenue, New York, New York 10016 (212) 210-9400 | Knowledgeable about the Company's financial results, awards issued pursuant to the Company's share-based compensation program and accounting for the same, and the Company's public disclosures regarding all of the above. |
| Edwin Negron-Carballo | Chief Financial Officer, Celsius | c/o Alston & Bird 90 Park Avenue, New York, New York 10016 (212) 210-9400 | Knowledgeable about the Company's financial results, awards issued pursuant to the Company's share-based compensation program and accounting for the same, and the Company's public disclosures regarding all of the above. |
| Danielle Babich | Director of Human Resources, Celsius | c/o Alston & Bird 90 Park Avenue, New York, New York 10016 (212) 210-9400 | Knowledgeable about the Company's share-based compensation program and awards issued pursuant to the same. |
| Kenneth Frost | Vice President of International Finance, Celsius | c/o Alston & Bird 90 Park Avenue, New York, New York 10016 (212) 210-9400 | Knowledgeable about the Company's accounting activities and the preparation of the Company's financial statements. |
| Stephen George | Vice President, Corporate Controller, Celsius | c/o Alston & Bird 90 Park Avenue, New York, New York 10016 (212) 210-9400 | Knowledgeable about the Company's accounting activities and the preparation of the Company's financial statements. |
| CW1 | Head of Sales, Celsius[2] | Unknown at this time. Defendants will supplement at a later date. | Knowledgeable of, *inter alia*, the allegations |

---

[1] All titles reflect the positions held by these individuals during the alleged class period.

[2] The CW titles are listed as identified in the Amended Complaint for Violations of the Federal Securities Laws (DE 44).

2

| Name | Title[1] | Address | Subjects of Information |
|---|---|---|---|
| | | | concerning and identity of CW1. |
| CW2 | Regional Sales Manager, Celsius | Unknown at this time. Defendants will supplement at a later date. | Knowledgeable of, *inter alia*, the allegations concerning and identity of CW2. |
| CW3 | Executive, Celsius | Unknown at this time. Defendants will supplement at a later date. | Knowledgeable of, *inter alia*, the allegations concerning and identity of CW3. |
| CW4 | Director of Sales, Celsius | Unknown at this time. Defendants will supplement at a later date. | Knowledgeable of, *inter alia*, the allegations concerning and identity of CW4. |
| Cheryl S. Miller | Board Director and Chairperson of Audit and Enterprise Risk Committee, Celsius | c/o Alston & Bird 90 Park Avenue, New York, New York 10016 (212) 210-9400 | Knowledgeable of the Company's accounting and financial reporting processes and the audits of the Company's financial statements. |
| Joyce Russell | Board Director and Member of Audit and Enterprise Risk Committee, Celsius | c/o Alston & Bird 90 Park Avenue, New York, New York 10016 (212) 210-9400 | Knowledgeable of the Company's accounting and financial reporting processes and the audits of the Company's financial statements. |
| Caroline Levy | Board Director and Member of Audit and Enterprise Risk Committee, Celsius | c/o Alston & Bird 90 Park Avenue, New York, New York 10016 (212) 210-9400 | Knowledgeable of the Company's accounting and financial reporting processes and the audits of the Company's financial statements. |
| Mark Garces | Partner, Ernst & Young | c/o James Commons Ernst & Young 1101 New York Ave NW # 300, Washington, DC, 20005 | Knowledgeable of the Company's preparation of its financial statements and the audits of the Company's financial statements. |
| Parker Anderson | Senior Manager, Ernst & Young | c/o James Commons Ernst & Young 1101 New York Ave NW # 300, Washington, DC, 20005 | Knowledgeable about the Company's accounting for awards issued under its share-based compensation program. |

| Name | Title[1] | Address | Subjects of Information |
|---|---|---|---|
| Matthew McNamara | Managing Partner, Assurance Dimensions | c/o Harold Holder Bush Ross, P.A. 1801 North Highland Avenue Tampa , FL 33602 | Knowledgeable of the Company's preparation of its financial statements and the audits of the Company's financial statements. |
| Batul Abdulali | Principal, Assurance Dimensions | c/o Harold Holder Bush Ross, P.A. 1801 North Highland Avenue Tampa , FL 33602 | Knowledgeable of the Company's preparation of its financial statements and the audits of the Company's financial statements. |
| Jesus Socorro | Managing Partner of Management Consulting, BDO USA LLP | c/o Steven DeGeorge BDO USA LLP 100 Park Avenue New York, NY 10017 | Knowledgeable of the Company's preparation of its financial statements and the audits of the Company's financial statements. |
| Emma Florea | Partner, BDO USA LLP | c/o Steven DeGeorge BDO USA LLP 100 Park Avenue New York, NY 10017 | Knowledgeable about the Company's accounting for awards issued under its share-based compensation program. |
| Jason Davis | Technical Accounting Consultant, Steven Douglas Consultants | 13450 W Sunrise Blvd, Suite 200 Fort Lauderdale, FL 33323 | Knowledgeable about the Company's accounting for awards issued under its share-based compensation program. |
| Jonathan Drew Jeerapaet | Technical Accounting Consultant- Beech Valley Consultants | c/o Emma Cecil Finch McCraine LLP 229 Peachtree St. NE #2500 Atlanta, GA 30303 | Knowledgeable about the Company's accounting for awards issued under its share-based compensation program. |

*(ii)    A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.*

**Defendants' Response**: Because discovery as to Lead Plaintiffs' allegations has only recently commenced, Defendants can offer at this time only a partial list of categories of potentially relevant documents and Defendants reserve the right to identify further documentation at an appropriate time.

Non-privileged documents on the following topics that relate to the proposed class period are publicly available or will be collected from Celsius's corporate headquarters and held at Alston & Bird or by an e-discovery vendor and may be used by Defendants to support their defenses in this case:

(1)    Celsius's public filings and Mr. Negron-Carballo's public statements during the alleged class period;

(2)    Presentations made to analysts and/or investors during the alleged class period and transcripts regarding the same;

(3)    Spreadsheets, accounting detail, reports, memoranda, and email messages for the alleged class period regarding:

(a)    The Company's share-based compensation program;

(b)    The Company's policies and procedures related to its share-based compensation program;

(c)    The award of stock options and restricted stock units to employees and members of the Company's Board of Directors pursuant to the Company's share-based compensation program;

(d)     The acceleration of vesting conditions of awards issued pursuant to the Company's share-based compensation program for terminated or separated employees, and departing members of the Company's Board of Directors;

(e)     The continued vesting of awards issued pursuant to the Company's share-based compensation program for terminated or separated employees, and departing members of the Company's Board of Directors;

(f)     Agreements related to the termination or separation from the Company of employees and departing members of the Company's Board of Directors that forfeited awards issued pursuant to the Company's share-based compensation program;

(g)     Agreements related to the acceleration and/or continued vesting of awards issued pursuant to the Company's share-based compensation program to terminated or separated employees, and departing members of the Company's Board of Directors;

(h)     The accounting for and presentation of share-based compensation and expenses related to the same in the Company's publicly filed financial results; and

(i)     The journal entries relating to the topics referenced immediately above in 3(h);

(4)     Minutes of Meetings of Celsius's Board of Directors at which the above-referenced topics were discussed;

(5)     Records of stock holdings and stock transactions for Mr. Negron-Carballo and any 10b5-1 trading plans in place during the alleged class period; and

6

(6)     The historical trading prices and volumes for Celsius's stock.

*(iii)     A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.*

**Defendants' Response**: Defendants anticipate making a demand for attorneys' fees and other expenses against Lead Plaintiffs when they file and serve their answer to Lead Plaintiffs' Amended Complaint for Violations of the Federal Securities Laws.  Defendants reserve the right to supplement their responses to these Initial Disclosures related to this demand or any other claim for damages at an appropriate time.

*(iv)     For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.*

**Defendants' Response**: There are no applicable insurance policies under which an insurance business may be liable to satisfy all or part of a possible judgment in this litigation or to indemnify or reimburse for payments made to satisfy a judgment.

DATED: April 19, 2023.

                                                   **ALSTON & BIRD**

                                                   */s/ Theodore J. Sawicki*
                                                   Theodore J. Sawicki (Fla. Bar No: 656526)
                                                   tod.sawicki@alston.com
                                                   Joseph G. Tully, *pro hac vice*
                                                   joe.tully@alston.com
                                                   Jason R. Outlaw, *pro hac vice*
                                                   jason.outlaw@alston.com
                                                   Oyinkansola Y. Muraina, *pro hac vice*
                                                   oyinkan.muraina@alston.com
                                                   **ALSTON & BIRD LLP**
                                                   1201 West Peachtree Street
                                                   Atlanta, GA  30309-3424
                                                   Telephone:  404-881-7000

                                                   *Attorneys for Defendants Celsius Holdings,*
                                                   *Inc. and Edwin Negron-Carballo*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 19, 2023, I caused a true and correct copy of the foregoing

**DEFENDANTS' INITIAL DISCLOSURES** to be served via email upon Counsel of Record.


*/s/ Theodore J. Sawicki*
Theodore J. Sawicki

# EXHIBIT B

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 9:2280418-CV-MIDDLEBROOKS/MATTHEWMAN

| | |
|---|---|
| CITY OF ATLANTA POLICE OFFICERS' PENSION PLAN and CITY OF ATLANTA FIREFIGHTERS' PENSION PLAN, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>CELSIUS HOLDINGS, INC., JOHN FIELDLY, and EDWIN NEGRON-CARBALLO.<br><br>    Defendants. | CLASS ACTION |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO LEAD
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Celsius Holdings, Inc. ("Celsius") and Edwin Negron-Carballo (collectively, "Defendants"), by and through their undersigned counsel, hereby submit responses and objections to the First Request for Production of Documents (the "Requests") of Plaintiffs City of Atlanta Police Officers' Pension Plan and City of Atlanta Firefighters' Pension Plan (the "Lead Plaintiffs").[1]

**RESERVATION OF RIGHTS**

1.     In providing these responses to the Requests, Defendants reserve their rights (i) to supplement, clarify, revise, or correct any or all of the responses and objections herein at any time; (ii) to assert any and all objections to the competency, authenticity, relevance, materiality or

---

[1] Unless otherwise defined herein, capitalized terms have, subject to Defendants' objections, the same meaning as set forth in the Requests.

admissibility into evidence of any information provided in response to the Requests; and (iii) to object to the use of these responses in any proceeding other than the above-captioned action.

2. The responses to the Requests are accurate to the best of Defendants' knowledge, information, and belief as of this date and may be subject to change or modification based on further facts or circumstances that may come to their attention.

3. Defendants specifically reserve the right to revisit any and all of the Requests and tender additional objections as they deem necessary or appropriate in light of further review and investigation.

**GENERAL OBJECTIONS**

All of the General Objections set forth herein are incorporated in each of the specific responses and objections to the Requests set forth below and have the same force and effect as if fully set forth therein. Without waiving any of these General Objections, Defendants may specifically refer to certain General Objections in responding to certain Requests.

1. Defendants object to the Requests insofar as they seek documents or information subject to the attorney-client privilege, the work-product doctrine, or other immunities from discovery. Such documents or information will not be provided in response to the Requests, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege or other immunity from discovery with respect to such documents or information.

2. Defendants object to the Requests insofar as they seek documents that are not within Defendants' "possession, custody, or control," as that phrase is used in Federal Rule of Civil Procedure 34.

3. Defendants object to the Requests insofar as they purport to require any search for information beyond what would be reasonable under the particular facts and circumstances of this case and, thus, proportional to the needs of the case. If Defendants were to produce all of the documents literally requested (e.g., "[a]ll Documents and Communications Concerning," or "[a]ll Documents Concerning" a broad range of subject matters), the production would be prohibitively

2

expensive and would significantly delay the litigation while Defendants review and process these documents.

In responding to the Requests, Defendants will conduct a reasonable search of readily accessible files in their possession, custody, or control in which documents responsive to the Requests are likely to be located.  To that end, Celsius will produce the entire set of emails and other documents that it previously produced to the Securities and Exchange Commission ("SEC"), in response to an April 19, 2022 (the "Responsive SEC Production").  As part of this production, Celsius will produce a copy of the April 19, 2022 subpoena.  Celsius has also attached to these responses, as Exhibit A, a list of the custodians, search terms, and time periods Celsius used to identify documents contained within the Responsive SEC Production.  Defendants believe that these search terms are overboard and, thus, that the Responsive SEC Production contains documents non-responsive to the Requests.  Nevertheless, in light of the Court's admonition to the parties to run an efficient, fair and cost-effective discovery process and of the relatively short discovery period, Defendants are producing the Responsive SEC Production, in full.

In addition, and subject to further discussion between the Parties, Defendants agree to negotiate with Lead Plaintiffs on a mutually agreed upon set of search terms and to produce the non-privileged, responsive documents returned by those terms, following a responsiveness and privilege review.  Defendants have attached to these requests, as Exhibit B, a proposal with respect to those terms and the custodians and date ranges as to which those terms would be applied (the "Proposed Search Parameters").  Until the Parties reach agreement on the parameters of this additional search, Defendants reserve the right to modify the Proposed Search Parameters, or any iteration of those parameters the Parties negotiate, if the parameters prove ineffective in targeting potentially responsive information and/or yield an unacceptably high number of "false" hits.  Of course, at this point, Defendants cannot estimate the volume of documents that will result from the search parameters the Parties agree upon and, therefore, cannot estimate a time when Defendants will complete the production of those documents.  As soon as such an estimate becomes possible,

Defendants will confer with Lead Plaintiffs on a reasonable time for the completion of Defendants' production.

4.      Defendants object to Lead Plaintiffs' definition of "Relevant Time Period" but agree to produce non-privileged, responsive documents from the period defined in this paragraph. Defendants agree to end the relevant period on March 1, 2022, but Defendants believe the relevant period starts on July 26, 2018.  This is the date that Celsius announced the appointment of Mr. Negron-Carballo as Chief Financial Officer, and the claims in this action are predicated on Mr. Negron-Carballo's alleged awareness of ASC 718 being applied differently to similarly situated employees and directors during his tenure as CFO.  Except as otherwise noted by Defendants in response to particular Requests, and except as may be modified by agreement of the Parties through ongoing negotiations, Defendants will produce documents from the period July 26, 2018 through March 1, 2022 (the "Operative Relevant Time Period").

5.      Defendants object to the Requests to the extent they seek disclosure of trade secrets, proprietary, confidential, private, personal, commercially sensitive information, or other protectable information of Defendants or third parties.

## OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS

1.      Defendants object to the Requests' definitions of "You," "Your," "Employee," "Celsius," and "Company" as being overbroad to the extent they are used to seek documents outside of Defendants' possession, custody, or control, including documents in the custody of third parties and Defendants' former employees, agents, advisors, representative, consultants, officers, or directors.

2.      Defendants object to the Definitions and Instructions and to each Request to the extent they seek to impose duties and obligations on Defendants in excess of those imposed by the Federal Rules of Civil Procedure, any applicable local rules, and to the extent that they imply the existence of facts, circumstances, and/or legal obligations that do not exist.  Defendants will respond to the Requests in the manner required by the Federal Rules of Civil Procedure and any applicable local rules.

4

<u>**SPECIFIC OBJECTIONS TO REQUESTS**</u>

<u>**Request for Production No. 1:**</u>

*All Documents and Communications Concerning Your accounting department, including, but not limited to, Your accounting department's Employees, policies, and procedures.*

<u>**Response to Request No. 1:**</u>

Subject to and without waiver of the General Objections and the other objections set forth below, Defendants will produce the Responsive SEC Production, which includes documents (i) identifying the organizational structure of Celsius's accounting department, and (ii) discussing or describing internal policies and procedures related to Celsius's accounting for share-based compensation expenses related to the accelerated and/or continued vesting of unvested portions of awards of stock options and restricted stock units ("RSUs") previously issued to departing employees and Board members.  In addition, Defendants will apply the Proposed Search Parameters (or some other search parameters the Parties negotiate and mutually agree upon) to identify documents that fall within the categories described in the prior sentence and will produce the non-privileged, responsive documents identified, following a responsiveness and privilege review.

Defendants otherwise object to Request No. 1 on the grounds that the items requested, either standing alone or in conjunction with Lead Plaintiffs' Definitions and Instructions, are overly broad, would impose undue burdens and expense on Defendants, have not been described with reasonable particularity, and are not proportional to the needs of the case.  Defendants further object to Request No. 1 because it seeks information that is neither relevant to the claims and defenses in this case nor reasonably calculated to lead to the discovery of admissible evidence.  For example, the Request seeks "[a]ll Documents and Communications Concerning Your accounting department," without regard to whether the information sought has any connection to

Lead Plaintiffs' claims in this case.  Lead Plaintiffs' claims do not concern all aspects of Celsius's accounting department, across all business lines and operations.  Rather, Lead Plaintiffs' claims concern the non-cash expense associated with share-based compensation issued to nine former employees and retired directors and the restatement of that non-cash expense, for two quarters of fiscal-year 2021, based on the application of U.S. generally accepted accounting principles ("GAAP") and that this non-cash expense was intentionally understated.  The broad discovery into all aspects of Celsius's accounting department, therefore, lacks the requisite connection to the claims asserted and is beyond what is proportionate to the specific needs of the case.  Defendants also object to Request No. 1 on the grounds that it is vague, ambiguous, and exceeds the proper scope of discovery under the Federal Rules of Civil Procedure.

**Request for Production No. 2:**

*All Documents and Communications Concerning Negron-Carballo's certification as a public accountant.*

**Response to Request No. 2:**

Subject to and without waiver of the General Objections and the other objections set forth below, Defendants will search for and produce documents sufficient to show that Mr. Negron-Carballo maintained an active certified public accountancy license for the Operative Relevant Time Period.

Defendants otherwise object to Request No. 2 on the grounds that the items requested, either standing alone or in conjunction with Lead Plaintiffs' Definitions and Instructions, are overly broad, would impose undue burdens and expense on Defendants, have not been described with reasonable particularity, and are not proportional to the needs of the case.  For example, the Request seeks all "Documents and Communications Concerning" a broad and generically described topic area that, as currently crafted, would require Defendants to engage in the

burdensome and costly exercise of canvasing professional associations and organizations and other third parties to respond to the Request.

Defendants further object to Request No. 2 because it seeks information that is neither relevant to the claims and defenses in this case nor reasonably calculated to lead to the discovery of admissible evidence. For example, the Request seeks "[a]ll Documents and Communications Concerning Negron-Carballo's certification as a public accountant," without regard to whether the information sought has any connection to Lead Plaintiffs' claims in this case. Lead Plaintiffs' claims do not concern all aspects of Mr. Negron-Carballo's status as a certified public accountant. Rather, Lead Plaintiffs' claims relate to Mr. Negron-Carballo's tenure as CFO of Celsius, during which period Lead Plaintiffs do not dispute that Mr. Negron-Carballo was a certified public accountant. The broad discovery into all aspects of Mr. Negron-Carballo's certification as a public accountant, therefore, lacks the requisite connection to the claims asserted and is beyond what is proportionate to the specific needs of the case. Defendants also object to Request No. 2 on the grounds that it is vague, ambiguous, and exceeds the proper scope of discovery under the Federal Rules of Civil Procedure.

**Request for Production No. 3:**

*All Documents and Communications Concerning Negron-Carballo's knowledge of the Company's accounting policies and procedures. The Relevant Time Period for this request is July 31, 2018 through March 1, 2022.*

**Response to Request No. 3:**

Subject to and without waiver of the General Objections and the other objections set forth below, Defendants will produce the Responsive SEC Production, which includes documents discussing or describing Mr. Negron-Carballo's knowledge of any internal accounting policies and procedures related to Celsius's accounting for share-based compensation expenses related to the accelerated and/or continued vesting of unvested portions of awards of stock options and RSUs

7

previously issued to departing employees and Board members. In addition, Defendants will apply the Proposed Search Parameters (or some other search parameters the Parties negotiate and mutually agree upon) to identify documents that fall within that category and will produce the non-privileged, responsive documents identified, following a responsiveness and privilege review.

Defendants otherwise object to Request No. 3 on the grounds that the items requested, either standing alone or in conjunction with Lead Plaintiffs' Definitions and Instructions, are overly broad, would impose undue burdens and expense on Defendants, have not been described with reasonable particularity, and are not proportional to the needs of the case. Defendants further object to Request No. 3 because it seeks information that is neither relevant to the claims and defenses in this case nor reasonably calculated to lead to the discovery of admissible evidence. For example, the Request seeks "[a]ll Documents and Communications Concerning Negron-Carballo's knowledge of the Company's accounting policies and procedures," without regard to whether the information sought has any connection to Lead Plaintiffs' claims in this case. Lead Plaintiffs claims do not concern all aspects of Mr. Negron-Carballo's knowledge of Celsius's accounting policies and procedures, across all business lines and operations. Rather, Lead Plaintiffs' claims concern the non-cash expense associated with share-based compensation issued to nine former employees and retired directors and the restatement of that non-cash expense, for two quarters of fiscal-year 2021, based on the application of GAAP and that this non-cash expense was intentionally understated. The broad discovery into all aspects of Mr. Negron-Carballo's knowledge of the Company's accounting policies and procedures, therefore, lacks the requisite connection to the claims asserted and is beyond what is proportionate to the specific needs of the case. Defendants also object to Request No. 3 on the grounds that it is vague, ambiguous, and exceeds the proper scope of discovery under the Federal Rules of Civil Procedure.

**Request for Production No. 4:**

*All Documents and Communications Concerning Your practice of delaying payment of the Company's bills to increase cashflow. The Relevant Time Period for this request is July 31, 2018 through March 1, 2022.*

**Response to Request No. 4:**

Defendants deny that such a practice ever existed.  Defendants further object to Request No. 4 on the grounds that the items requested, either standing alone or in conjunction with Lead Plaintiffs' Definitions and Instructions, are overly broad, would impose undue burdens and expense on Defendants, have not been described with reasonable particularity, and are not proportional to the needs of the case.  Defendants further object to Request No. 4 because it seeks information that is neither relevant to the claims and defenses in this case nor reasonably calculated to lead to the discovery of admissible evidence.  For example, Request No. 4 seeks "[a]ll Documents and Communications Concerning" an alleged "practice of delaying payment of the Company's bills to increase cashflow," without regard to whether the alleged, unquantified expenses at issue were material in any respect.  Similarly, as noted in the Report and Recommendation on Defendants' Motion to Dismiss Amended Complaint, the Complaint does not allege that "unpaid bills were not accurately reflected as payables (i.e., liabilities) in the Company's internal records and on its financial statements that were available to investors." (ECF No. 47 at 25-26; ECF No. 62.)  Defendants also object to Request No. 4 on the grounds that it is vague, ambiguous, and exceeds the proper scope of discovery under the Federal Rules of Civil Procedure.

Without waiving the foregoing objections and the General Objections, Defendants are willing to engage in good faith discussions with Lead Plaintiffs to determine if the parties can agree on reasonable modifications and/or limitations to this Request to address its objectionable aspects.

9

**Request for Production No. 5:**

*All Documents and Communications Concerning Your knowledge of ASC 718, including, but not limited to, its treatment of share-based compensation. The Relevant Time Period for this request is January 1, 2006 through the present.*

**Response to Request No. 5:**

Subject to and without waiver of the General Objections and the other objections set forth below, Defendants will produce the Responsive SEC Production, which includes documents discussing or describing Defendants' knowledge of ASC 718 and its accounting for share-based compensation expenses related to the accelerated and/or continued vesting of unvested portions of awards of stock options and RSUs previously issued to departing employees and Board members. In addition, Defendants will apply the Proposed Search Parameters (or some other search parameters the Parties negotiate and mutually agree upon) to identify documents that fall within the category of documents described in the prior sentence and will produce the non-privileged, responsive documents identified, following a responsiveness and privilege review.

Defendants otherwise object to Request No. 5 on the grounds that the items requested, either standing alone or in conjunction with Lead Plaintiffs' Definitions and Instructions, are overly broad, would impose undue burdens and expense on Defendants, have not been described with reasonable particularity, and are not proportional to the needs of the case. Defendants further object to Request No. 5 because it seeks information that is neither relevant to the claims and defenses in this case nor reasonably calculated to lead to the discovery of admissible evidence. For example, the Request seeks "[a]ll Documents and Communications Concerning Your knowledge of ASC 718," which, if interpreted literally, would burden Defendants with producing documents concerning the knowledge of ASC 718 held by current and former Celsius personnel over a period longer than seventeen years. Thus, this Request lacks any regard for whether the information sought has any connection to Lead Plaintiffs' claims in this case, which concern the

10

non-cash expense associated with share-based compensation issued to nine former employees and retired directors and the restatement of that non-cash expense, for two quarters of fiscal-year 2021, based on the application of GAAP and that this non-cash expense was intentionally understated. Defendants also object to Request No. 5 on the grounds that it is vague, ambiguous, and exceeds the proper scope of discovery under the Federal Rules of Civil Procedure.

**Request for Production No. 6:**

*All Documents and Communications Concerning Your interpretation and application of ASC 718. The Relevant Time Period for this request is January 1, 2006 through the present.*

**Response to Request No. 6:**

Subject to and without waiver of the General Objections and the other objections set forth below, Defendants will produce the Responsive SEC Production, which includes documents discussing or describing Defendants' interpretation and application of ASC 718 in accounting for share-based compensation expenses related to the accelerated and/or continued vesting of unvested portions of awards of stock options and RSUs previously issued to departing employees and Board members.  In addition, Defendants will apply the Proposed Search Parameters (or some other search parameters the Parties negotiate and mutually agree upon) to identify documents that fall within the category of documents described in the prior sentence and will produce the non-privileged, responsive documents identified, following a responsiveness and privilege review.

Defendants object to Request No. 6 as unnecessarily duplicative and repetitive of other Requests.  Defendants otherwise object to Request No. 6 on the grounds that the items requested, either standing alone or in conjunction with Lead Plaintiffs' Definitions and Instructions, are overly broad, would impose undue burdens and expense on Defendants, have not been described with reasonable particularity, and are not proportional to the needs of the case.  Defendants further object to Request No. 6 because it seeks information that is neither relevant to the claims and

11

defenses in this case nor reasonably calculated to lead to the discovery of admissible evidence. For example, the Request seeks "[a]ll Documents and Communications Concerning Your interpretation and application of ASC 718," which, if interpreted literally, would burden Defendants with producing documents concerning the interpretation and application of ASC 718 over a period longer than seventeen years.  Thus, this Request lacks any regard for whether the information sought is proportionate to the specific needs of this case or has any connection to Lead Plaintiffs' claims, which concern the non-cash expense associated with share-based compensation issued to nine former employees and retired directors and the restatement of that non-cash expense, for two quarters of fiscal-year 2021, based on the application of GAAP and that this non-cash expense was intentionally understated.  Defendants also object to Request No. 6 on the grounds that it is vague, ambiguous, and exceeds the proper scope of discovery under the Federal Rules of Civil Procedure.

**<u>Request for Production No. 7:</u>**

*All Documents and Communications Concerning Your accounting for the share-based compensation of retired or terminated Employees. The Relevant Time Period for this request is January 18, 2007 through the present.*

**<u>Response to Request No. 7:</u>**

Subject to and without waiver of the General Objections and the other objections set forth below, Defendants will produce the Responsive SEC Production, which includes documents discussing or describing Defendants' accounting for share-based compensation expenses related to the accelerated and/or continued vesting of unvested portions of awards of stock options and RSUs previously issued to departing employees and Board members.  In addition, Defendants will apply the Proposed Search Parameters (or some other search parameters the Parties negotiate and mutually agree upon) to identify documents that fall within the category of documents described

in the prior sentence and will produce the non-privileged, responsive documents identified, following a responsiveness and privilege review.

Defendants object to Request No. 7 as unnecessarily duplicative and repetitive of other Requests.  Defendants otherwise object to Request No. 7 on the grounds that the items requested, either standing alone or in conjunction with Lead Plaintiffs' Definitions and Instructions, are overly broad, would impose undue burdens and expense on Defendants, have not been described with reasonable particularity, and are not proportional to the needs of the case.  Defendants further object to Request No. 7 because it seeks information that is neither relevant to the claims and defenses in this case nor reasonably calculated to lead to the discovery of admissible evidence.  For example, the Request seeks "[a]ll Documents and Communications Concerning Your accounting for the share-based compensation of retired or terminated Employees," which, if interpreted literally, would burden Defendants with producing documents concerning the accounting for the share-based compensation of former employees over a period longer than sixteen years.  Thus, this Request lacks any regard for whether the information sought is proportionate to the specific needs of this case or has any connection to Lead Plaintiffs' claims, which concern the non-cash expense associated with share-based compensation issued to nine former employees and retired directors and the restatement of that non-cash expense, for two quarters of fiscal-year 2021, based on the application of GAAP and that this non-cash expense was intentionally understated.  Defendants also object to Request No. 7 on the grounds that it is vague, ambiguous, and exceeds the proper scope of discovery under the Federal Rules of Civil Procedure.

**Request for Production No. 8:**

*All Documents and Communications Concerning Your modification(s) of share-based compensation and the corresponding accounting treatment of the expense(s) resulting from such modification(s). The Relevant Time Period for this request is January 18, 2007 through the present.*

13

**Response to Request No. 8:**

Subject to and without waiver of the General Objections and the other objections set forth below, Defendants will produce the Responsive SEC Production, which includes documents discussing or describing Defendants' interpretation and application of ASC 718 in accounting for share-based compensation expenses related to the accelerated and/or continued vesting of unvested portions of awards of stock options and RSUs previously issued to departing employees and Board members.  In addition, Defendants will apply the Proposed Search Parameters (or some other search parameters the Parties negotiate and mutually agree upon) to identify documents that fall within the category of documents described in the prior sentence and will produce the non-privileged, responsive documents identified, following a responsiveness and privilege review.

Defendants object to Request No. 8 as unnecessarily duplicative and repetitive of other Requests.  Defendants otherwise object to Request No. 8 on the grounds that the items requested, either standing alone or in conjunction with Lead Plaintiffs' Definitions and Instructions, are overly broad, would impose undue burdens and expense on Defendants, have not been described with reasonable particularity, and are not proportional to the needs of the case.  Defendants further object to Request No. 8 because it seeks information that is neither relevant to the claims and defenses in this case nor reasonably calculated to lead to the discovery of admissible evidence.  For example, the Request seeks "[a]ll Documents and Communications Concerning Your modification(s) of share-based compensation and the corresponding accounting treatment of the expense(s) resulting from such modification(s)," which, if interpreted literally, would burden Defendants with producing documents concerning the modification of share-based compensation and the accounting treatment of any related non-cash expense over a period longer than sixteen years.  Thus, this Request lacks any regard for whether the information sought is proportionate to the specific needs of this case or has any connection to Lead Plaintiffs' claims, which concern the

14

non-cash expense associated with share-based compensation issued to nine former employees and retired directors and the restatement of that non-cash expense, for two quarters of fiscal-year 2021, based on the application of GAAP and that this non-cash expense was intentionally understated. Defendants also object to Request No. 8 on the grounds that it is vague, ambiguous, and exceeds the proper scope of discovery under the Federal Rules of Civil Procedure.

**Request for Production No. 9:**

*All Documents and Communications Concerning Your understanding and accounting of a "type III" error in interpretation under ASC 718.*

**Response to Request No. 9:**

Subject to and without waiver of the General Objections and the specific objections set forth below, Defendants will produce the Responsive SEC Production, which includes documents discussing or describing Defendants' interpretation and application of ASC 718 in accounting share-based compensation expenses related to the accelerated and/or continued vesting of unvested portions of awards of stock options and RSUs previously issued to departing employees and Board members.  In addition, Defendants will apply the Proposed Search Parameters (or some other search parameters the Parties negotiate and mutually agree upon) to identify documents that fall within the category of documents described in the prior sentence and will produce the non-privileged, responsive documents identified, following a responsiveness and privilege review.

Defendants object to Request No. 9 as unnecessarily duplicative and repetitive of other Requests.  Defendants otherwise object to Request No. 9 on the grounds that the items requested, either standing alone or in conjunction with Lead Plaintiffs' Definitions and Instructions, are overly broad, would impose undue burdens and expense on Defendants, have not been described with reasonable particularity, and are not proportional to the needs of the case.  Defendants further object to Request No. 9 because it seeks information that is neither relevant to the claims and

15

defenses in this case nor reasonably calculated to lead to the discovery of admissible evidence. For example, the Request seeks "[a]ll Documents and Communications Concerning Your understanding and accounting of a 'type III' error in interpretation under ASC 718," which, if interpreted literally, would burden Defendants with producing documents concerning the general understanding of a Type III modifications held by employees without any connection to the transactions at issue and otherwise without regard to whether the information sought has any connection to Lead Plaintiffs' claims in this case.  Such broad discovery into the general understanding of a Type III modification held by Celsius's employees, therefore, lacks the requisite connection to the claims asserted and is beyond what is proportionate to the specific needs of the case.  Defendants also object to Request No. 9 on the grounds that it is vague, ambiguous, and exceeds the proper scope of discovery under the Federal Rules of Civil Procedure.  Defendants further object to this Request because the undefined term "type III error" is vague and ambiguous.

**Request for Production No. 10:**

*All Documents and Communications Concerning Negron-Carballo's participation and/or involvement in accounting for share-based compensation under ASC 718. The Relevant Time Period for this request is July 31, 2018 through the present.*

**Response to Request No. 10:**

Subject to and without waiver of the General Objections and the specific objections set forth below, Defendants will produce the Responsive SEC Production, which includes documents discussing or describing Mr. Negron-Carballo's participation and/or involvement in accounting under ASC 718 for share-based compensation expenses related to the accelerated and/or continued vesting of unvested portions of awards of stock options and RSUs previously issued to departing employees and Board members.  In addition, Defendants will apply the Proposed Search Parameters (or some other search parameters the Parties negotiate and mutually agree upon) to identify documents that fall within the category of documents described in the prior sentence and

16

will produce the non-privileged, responsive documents identified, following a responsiveness and privilege review.  Defendants otherwise object to Request No. 10 as unnecessarily duplicative and repetitive of other Requests.

**Request for Production No. 11:**

*All Documents and Communications Concerning the modification of the share-based compensation of the nine retired and/or terminated Employees in the second and third quarters of fiscal year 2021. There is no Relevant Time Period for this request.*

**Response to Request No. 11:**

Subject to and without waiver of the General Objections and the specific objections set forth below, Defendants will produce the Responsive SEC Production, which includes documents discussing or describing the accounting for the share-based compensation issued to nine former employees and retired directors, in the second and third quarters of fiscal-year 2021.  In addition, Defendants will apply the Proposed Search Parameters (or some other search parameters the Parties negotiate and mutually agree upon) to identify documents that fall within the category of documents described in the prior sentence and will produce the non-privileged, responsive documents identified, following a responsiveness and privilege review.  Defendants otherwise object to Request No. 11 as unnecessarily duplicative and repetitive of other Requests.

**Request for Production No. 12:**

*All Documents and Communications Concerning any meeting and/or discussion You had regarding ASC 718 and/or accounting for share-based compensation. The Relevant Time Period for this request is January 1, 2006 through the present.*

**Response to Request No. 12:**

Subject to and without waiver of the General Objections and the specific objections set forth below, Defendants will produce the Responsive SEC Production, which include documents discussing or describing Defendants' interpretation and application of ASC 718 in accounting for share-based compensation expenses related to the accelerated and/or continued vesting of unvested

17

portions of awards of stock options and RSUs previously issued to departing employees and Board members.  In addition, Defendants will apply the Proposed Search Parameters (or some other search parameters the Parties negotiate and mutually agree upon) to identify documents that fall within the category of documents described in the prior sentence and will produce the non-privileged, responsive documents identified, following a responsiveness and privilege review.

Defendants object to Request No. 12 as unnecessarily duplicative and repetitive of other Requests.  Defendants otherwise object to Request No. 12 on the grounds that the items requested, either standing alone or in conjunction with Lead Plaintiffs' Definitions and Instructions, are overly broad, would impose undue burdens and expense on Defendants, have not been described with reasonable particularity, and are not proportional to the needs of the case.  Defendants further object to Request No. 12 because it seeks information that is neither relevant to the claims and defenses in this case nor reasonably calculated to lead to the discovery of admissible evidence.  For example, the Request seeks "[a]ll Documents and Communications Concerning any meeting and/or discussion You had regarding ASC 718 and/or accounting for share-based compensation," which, if interpreted literally, would burden Defendants with producing documents concerning meetings and discussions regarding ASC 718 or accounting for share-based compensation over a period longer than seventeen years.  This Request lacks any regard for whether the information sought is proportionate to the specific needs of this case or has any connection to Lead Plaintiffs' claims, which concern the non-cash expense associated with share-based compensation issued to nine former employees and retired directors and the restatement of that non-cash expense, for two quarters of fiscal-year 2021, based on the application of GAAP and that this non-cash expense was intentionally understated.  Defendants also object to Request No. 12 on the grounds that it is vague, ambiguous, and exceeds the proper scope of discovery under the Federal Rules of Civil Procedure.

**Request for Production No. 13:**

*All Documents and Communications Concerning Negron-Carballo's salary or other compensation from the Company, including monetary and non-monetary compensation (regardless of whether any compensation was actually received) and any factors used to determine such compensation (including any strategic or financial goals or metrics by which his compensation would be measured). The Relevant Time Period for this request is January 1, 2019 through the present.*

**Response to Request No. 13:**

Subject to and without waiver of the General Objections and the other objections set forth below, Defendants will produce the Responsive SEC Production, which includes documents responsive to this request.  In addition, and to the extent the Responsive SEC Production does not include such documents, Defendants agree to produce any non-privileged, responsive portions of Board and Compensation Committee minutes, agendas for Board and Compensation Committee meetings, and information distributed to Board and Compensation Committee members in advance of and at meetings, from the period July 26, 2018 through April 21, 2022, that concern any of the following topics: (i) the components of Mr. Negron-Carballo's compensation plan; (ii) the factors used to determine Mr. Negron-Carballo's compensation pursuant to such plan; and (iii)  Mr. Negron-Carballo's annual salary, annual cash bonus incentives, long-term incentive awards, and other forms of reportable compensation earned under such plan.

Request No. 13 is objectionable to the extent it purports to require Defendants to produce information that is readily available to Lead Plaintiffs through public sources, including Celsius's filings with the SEC.  Defendants also object to Request No. 13 on the grounds that the items requested, either standing alone or in conjunction with Lead Plaintiffs' Definitions and Instructions, are overly broad, would impose undue burdens and expense on Defendants, have not been described with reasonable particularity, and are not proportional to the needs of the case. Defendants further object to Request No. 13 because it seeks information that is neither relevant

19

to the claims and defenses in this case nor reasonably calculated to lead to the discovery of admissible evidence.  Defendants also object to Request No. 13 on the grounds that it is vague, ambiguous, and exceeds the proper scope of discovery under the Federal Rules of Civil Procedure.

**Request for Production No. 14:**

*All Documents and Communications Concerning the Compensation Committee's discussion and/or consideration of accounting for share-based compensation under ASC 718.*

**Response to Request No. 14:**

Subject to and without waiver of the General Objections and the other objections set forth below, Defendants will produce the Responsive SEC Production, which includes documents and communications concerning committees of Celsius's Board and, specifically, their discussion and/or consideration of Celsius's accounting for share-based compensation expenses related to the accelerated and/or continued vesting of unvested portions of awards of stock options and RSUs previously issued to departing employees and Board members.  In addition, and to the extent the Responsive SEC Production does not include such documents, Defendants agree to produce any non-privileged, responsive portions of Audit and Enterprise Risk Committee minutes, agendas for Audit and Enterprise Risk Committee meetings, and information distributed to Audit and Enterprise Risk Committee members in advance of and at meetings, from the Operative Relevant Time Period, to the extent those materials discuss or refer to Celsius's accounting for share-based compensation expenses related to the accelerated and/or continued vesting of unvested portions of awards of stock options and RSUs previously issued to departing employees and Board members by committees of the Celsius Board.

Defendants object to Request No. 14 as unnecessarily duplicative and repetitive of other Requests.  Defendants otherwise object to Request No. 14 on the grounds that the items requested, either standing alone or in conjunction with Lead Plaintiffs' Definitions and Instructions, are

overly broad, would impose undue burdens and expense on Defendants, have not been described with reasonable particularity, and are not proportional to the needs of the case.  Defendants further object to Request No. 14 because it seeks information that is neither relevant to the claims and defenses in this case nor reasonably calculated to lead to the discovery of admissible evidence. For example, the Request seeks "[a]ll Documents and Communications Concerning the Compensation Committee's discussion and/or consideration of accounting for share-based compensation under ASC 718," without regard to whether the information sought has any connection to Lead Plaintiffs' claims in this case.  Lead Plaintiffs' claims do not concern the discussion of and/or consideration given to the accounting for share-based compensation under ASC 718 by the Compensation Committee.  Rather, Lead Plaintiffs' claims concern the non-cash expense associated with share-based compensation issued to nine former employees and retired directors and the restatement of that non-cash expense, for two quarters of fiscal-year 2021, based on the application of GAAP and that this non-cash expense was intentionally understated. Defendants also object to Request No. 14 on the grounds that it is vague, ambiguous, and exceeds the proper scope of discovery under the Federal Rules of Civil Procedure.

**Request for Production No. 15:**

*All Documents and Communications Concerning the Compensation Committee's discussion and/or consideration of whether to modify the share-based compensation of the nine retired and/or terminated Employees in the second and third quarters of fiscal year 2021. There is no Relevant Time Period for this request.*

**Response to Request No. 15:**

Subject to and without waiver of the General Objections and the specific objections set forth below, Defendants agree to produce in response to Request No. 15 the same documents that it has agreed to produce in response to Request No. 14.  Defendants otherwise object to Request

21

No. 15 to the extent it is unnecessarily duplicative and repetitive of Request No. 14 and other Requests.

**Request for Production No. 16:**

*All Documents and Communications Concerning the Restatement.*

**Response to Request No. 16:**

Subject to and without waiver of the General Objections and the other objections set forth below, Defendants will produce the Responsive SEC Production, which includes documents discussing or describing (i) Celsius's determination that the non-cash expense associated with share-based compensation issued to nine former employees and retired directors was materially understated in the second and third quarters of fiscal-year 2021; (ii) the Audit Committee's conclusion that the unaudited financial statements issued for the second and third quarters of fiscal-year 2021 should be restated to address the understatement of non-cash share-based compensation expense in those two quarters; and (iii) the effect of the restated financials on the Company's net income and balance sheet statements for the second and third quarters of fiscal-year 2021. In addition, Defendants will apply the Proposed Search Parameters (or some other search parameters the Parties negotiate and mutually agree upon) to identify documents that fall within the categories of documents described in the prior sentence and will produce the non-privileged, responsive documents identified, following a responsiveness and privilege review.

Defendants object to Request No. 16 as unnecessarily duplicative and repetitive of other Requests and/or included as part of the Company's public filings. Defendants otherwise object to Request No. 16 on the grounds that the items requested, either standing alone or in conjunction with Lead Plaintiffs' Definitions and Instructions, are overly broad, would impose undue burdens and expense on Defendants, have not been described with reasonable particularity, and are not proportional to the needs of the case. Defendants further object to Request No. 16 because it seeks

information that is neither relevant to the claims and defenses in this case nor reasonably calculated to lead to the discovery of admissible evidence.  The broad discovery into all aspects of the Restatement, therefore, lacks the requisite connection to the claims asserted and is beyond what is proportionate to the specific needs of the case.  Defendants also object to Request No. 16 on the grounds that it is vague, ambiguous, and exceeds the proper scope of discovery under the Federal Rules of Civil Procedure.

**Request for Production No. 17:**

*All Communications with Ernst & Young in connection with its audit opinion issued on March 16, 2022.*

**Response to Request No. 17:**

Subject to and without waiver of the General Objections and the specific objections set forth below, Defendants agree to produce in response to Request No. 17 the same documents that it has agreed to produce in response to Request No. 16.

Defendants object to Request No. 17 as unnecessarily duplicative and repetitive of Request No. 16 and other Requests.  Defendants otherwise object to Request No. 17 on the grounds that the items requested, either standing alone or in conjunction with Lead Plaintiffs' Definitions and Instructions, are overly broad, would impose undue burdens and expense on Defendants, have not been described with reasonable particularity, and are not proportional to the needs of the case.  For example, Request seeks all "Communications with Ernst & Young in connection with" a broad and generically described topic area that, as currently crafted, would require Defendants to engage in the burdensome and costly exercise of canvasing numerous employees and their files to respond to the Request.

Defendants further object to Request No. 17 because it seeks information that is neither relevant to the claims and defenses in this case nor reasonably calculated to lead to the discovery

23

of admissible evidence.  For example, the Request seeks "[a]ll Communications with Ernst & Young in connection with its audit opinion issued on March 16, 2022," without regard to whether the information sought has any connection to Lead Plaintiffs' claims in this case.  Lead Plaintiffs do not have claims related to all aspects Ernst & Young's audit opinion.  Thus, this Request lacks any regard for whether the information sought is proportionate to the specific needs of this case or has any connection to Lead Plaintiffs' claims, which concern the non-cash expense associated with share-based compensation issued to nine former employees and retired directors and the restatement of that non-cash expense, for two quarters of fiscal-year 2021, based on the application of GAAP and that this non-cash expense was intentionally understated.  Defendants also object to Request No. 17 on the grounds that it is vague, ambiguous, and exceeds the proper scope of discovery under the Federal Rules of Civil Procedure.

**Request for Production No. 18:**

*All Communications with Ernst & Young Concerning ASC 718.*

**Response to Request No. 18:**

Subject to and without waiver of the General Objections and the specific objections set forth below, Defendants will produce the Responsive SEC Production, which includes communications with Ernest & Young concerning ASC 718 and the accounting for share-based compensation expenses related to the accelerated and/or continued vesting of unvested portions of awards of stock options and RSUs previously issued to departing employees and Board members. In addition, Defendants will apply the Proposed Search Parameters (or some other search parameters the Parties negotiate and mutually agree upon) to identify documents that fall within the category of documents described in the prior sentence and will produce the non-privileged, responsive documents identified, following a responsiveness and privilege review.

Defendants object to Request No. 18 as unnecessarily duplicative and repetitive of other Requests.  Defendants otherwise object to Request No. 18 on the grounds that the items requested, either standing alone or in conjunction with Lead Plaintiffs' Definitions and Instructions, are overly broad, would impose undue burdens and expense on Defendants, have not been described with reasonable particularity, and are not proportional to the needs of the case.  Defendants further object to Request No. 18 because it seeks information that is neither relevant to the claims and defenses in this case nor reasonably calculated to lead to the discovery of admissible evidence.  For example, the Request seeks "[a]ll Communications with Ernest & Young Concerning ASC 718," without qualification or limitation and without regard to whether the information sought has any connection to Lead Plaintiffs' claims in this case.  Thus, this Request lacks any regard for whether the information sought is proportionate to the specific needs of this case or has any connection to Lead Plaintiffs' claims, which concern the non-cash expense associated with share-based compensation issued to nine former employees and retired directors and the restatement of that non-cash expense, for two quarters of fiscal-year 2021, based on the application of GAAP and that this non-cash expense was intentionally understated.  Defendants also object to Request No. 18 on the grounds that it is vague, ambiguous, and exceeds the proper scope of discovery under the Federal Rules of Civil Procedure.

**Request for Production No. 19:**

*All Communications with Ernst & Young Concerning the Restatement.*

**Response to Request No. 19:**

Subject to and without waiver of the General Objections and the specific objections set forth below, Defendants will produce the Responsive SEC Production, which includes communications with Ernest & Young concerning the restatement.  In addition, Defendants will apply the Proposed Search Parameters (or some other search parameters the Parties negotiate and

25

mutually agree upon) to identify documents that fall within the category of documents described in the prior sentence and will produce the non-privileged, responsive documents identified, following a responsiveness and privilege review.

Defendants object to Request No. 19 as unnecessarily duplicative and repetitive of other Requests.  Defendants otherwise object to Request No. 19 on the grounds that the items requested, either standing alone or in conjunction with Lead Plaintiffs' Definitions and Instructions, are overly broad, would impose undue burdens and expense on Defendants, have not been described with reasonable particularity, and are not proportional to the needs of the case.  Defendants further object to Request No. 19 because it seeks information that is neither relevant to the claims and defenses in this case nor reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to Request No. 19 on the grounds that it is vague, ambiguous, and exceeds the proper scope of discovery under the Federal Rules of Civil Procedure.

**Request for Production No. 20:**

*All Communications with Assurance Dimensions in connection with share-based compensation and/or ASC 718. The Relevant Period for this request is January 1, 2017 through December 31, 2021.*

**Response to Request No. 20:**

Subject to and without waiver of the General Objections and the specific objections set forth below, Defendants will produce the Responsive SEC Production, which includes communications with Assurance Dimensions concerning ASC 718 and the accounting for share-based compensation expenses related to the accelerated and/or continued vesting of unvested portions of awards of stock options and RSUs previously issued to departing employees and Board members.  In addition, Defendants will apply the Proposed Search Parameters (or some other search parameters the Parties negotiate and mutually agree upon) to identify documents that fall

within the category of documents described in the prior sentence and will produce the non-privileged, responsive documents identified, following a responsiveness and privilege review.

Defendants object to Request No. 20 as unnecessarily duplicative and repetitive of other Requests.  Defendants otherwise object to Request No. 20 on the grounds that the items requested, either standing alone or in conjunction with Lead Plaintiffs' Definitions and Instructions, are overly broad, would impose undue burdens and expense on Defendants, have not been described with reasonable particularity, and are not proportional to the needs of the case.  Defendants further object to Request No. 20 because it seeks information that is neither relevant to the claims and defenses in this case nor reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to Request No. 20 on the grounds that it is vague, ambiguous, and exceeds the proper scope of discovery under the Federal Rules of Civil Procedure.

**Request for Production No. 21:**

*All Communications with any of the Company's prior accountants and/or auditors in connection with share-based compensation and/or ASC 718. The Relevant Period for this request is January 18, 2007 through the present.*

**Response to Request No. 21:**

Subject to and without waiver of the General Objections and the specific objections set forth below, Defendants will produce the Responsive SEC Production, which contains communications with Celsius's prior accountants, consultants, and/or auditors concerning ASC 718 and the accounting for share-based compensation expenses related to the accelerated and/or continued vesting of unvested portions of awards of stock options and RSUs previously issued to departing employees and Board members.  In addition, Defendants will apply the Proposed Search Parameters (or some other search parameters the Parties negotiate and mutually agree upon) to identify documents that fall within the category of documents described in the prior

sentence and will produce the non-privileged, responsive documents identified, following a responsiveness and privilege review.

Defendants object to Request No. 21 as unnecessarily duplicative and repetitive of other Requests.  Defendants otherwise object to Request No. 21 on the grounds that the items requested, either standing alone or in conjunction with Lead Plaintiffs' Definitions and Instructions, are overly broad, would impose undue burdens and expense on Defendants, have not been described with reasonable particularity, and are not proportional to the needs of the case.  Defendants further object to Request No. 21 because it seeks information that is neither relevant to the claims and defenses in this case nor reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to Request No. 21 on the grounds that it is vague, ambiguous, and exceeds the proper scope of discovery under the Federal Rules of Civil Procedure.

**Request for Production No. 22:**

*All Documents Concerning the Securities and Exchange Commission Investigation referred to in paragraphs 153 through 158 of the Complaint.*

**Response to Request No. 22:**

Subject to and without waiver of the General Objections and the other objections set forth below, Defendants will produce the Responsive SEC Production – i.e., the documents Celsius produced to the SEC in response to an April 19, 2022 subpoena and the requests contained therein. In addition, Defendants will produce the April 19, 2022 subpoena.

Defendants otherwise object to Request No. 22 on the grounds that the items requested, either standing alone or in conjunction with Lead Plaintiffs' Definitions and Instructions, are overly broad, would impose undue burdens and expense on Defendants, have not been described with reasonable particularity, and are not proportional to the needs of the case.  Defendants further

28

object to Request No. 22 because it seeks information that is neither relevant to the claims and defenses in this case nor reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 23:**

*All Documents Concerning the Company's determination that "the calculation and expense of non-cash share-based compensation, related to grants of stock options and restricted stock units awarded to certain former employees and retired directors were materially understated for the three and six month periods ended June 30, 2021 and three and nine month periods ended September 30, 2021." See Complaint ¶¶ 11, 83.*

**Response to Request No. 23:**

Subject to and without waiver of the General Objections and the specific objections set forth below, Defendants agree to produce in response to Request No. 23 the same documents that it has agreed to produce in response to Request No. 16.  Defendants otherwise object to Request No. 23 to the extent it is unnecessarily duplicative and repetitive of Request No. 16 and other Requests.

**Request for Production No. 24:**

*All Documents Concerning (1) the material weakness that existed in the Company's internal controls of Celsius' financial reporting for the Company's disclosure controls and procedures, and (2) management's conclusion that such weakness existed.*

**Response to Request No. 24:**

Defendants object to Request No. 24 on the grounds that the items requested, either standing alone or in conjunction with Lead Plaintiffs' Definitions and Instructions, are overly broad, would impose undue burdens and expense on Defendants, have not been described with reasonable particularity, and are not proportional to the needs of the case.  Defendants further object to Request No. 24 because it seeks information that is neither relevant to the claims and defenses in this case nor reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to Request No. 24 on the grounds that it is vague, ambiguous, and exceeds the proper scope of discovery under the Federal Rules of Civil Procedure.

The Request is improper because it seeks "[a]ll Documents Concerning" Celsius's conclusion that material weakness existed in its internal controls over financial reporting, even though the Court determined that Lead Plaintiffs' "factual allegations in the Amended Complaint do not demonstrate that the Defendants knew the statements were false when made," and, thus, Lead Plaintiffs do not and cannot have any claims regarding those statements. (ECF No. 55 at 34; ECF No. 62).

**Request for Production No. 25:**

*All Documents and Communications Concerning Negron-Carballo's resignation from employment at Celsius.*

**Response to Request No. 25:**

Defendants object to the Request to the extent it contends that Mr. Negron-Carballo resigned, when, as the Company disclosed, Mr. Negron-Carballo remained with the Company until his retirement in January 2023.  Defendants object to Request No. 25 on the grounds that the items requested, either standing alone or in conjunction with Lead Plaintiffs' Definitions and Instructions, are overly broad, would impose undue burdens and expense on Defendants, have not been described with reasonable particularity, and are not proportional to the needs of the case.  Defendants further object to Request No. 25 because it seeks information that is neither relevant to the claims and defenses in this case nor reasonably calculated to lead to the discovery of admissible evidence.  Defendants also object to Request No. 25 on the grounds that it is vague, ambiguous, and exceeds the proper scope of discovery under the Federal Rules of Civil Procedure.

30

DATED: May 8, 2023.

**ALSTON & BIRD**

_/s/ Theodore J. Sawicki_

Theodore J. Sawicki (Fla. Bar No: 656526)
tod.sawicki@alston.com
Joseph G. Tully, _pro hac vice_
joe.tully@alston.com
Jason R. Outlaw, _pro hac vice_
jason.outlaw@alston.com
Oyinkansola Y. Muraina, _pro hac vice_
oyinkan.muraina@alston.com
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA  30309-3424
Telephone:  404-881-7000

_Attorneys for Defendants Celsius Holdings, Inc. and Edwin Negron-Carballo_

31

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 8, 2023, I caused a true and correct copy of the foregoing

**DEFENDANTS' OBJECTIONS AND RESPONSES TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** to be served via email upon Counsel of Record.

*/s/ Theodore J. Sawicki*
Theodore J. Sawicki

# Exhibit A

**Custodians for the April 19, 2022 SEC Subpoena[1]**

| Name | Title |
|---|---|
| John Fieldly | President, Chief Executive Officer, and Chairman |
| Edwin Negron-Carballo | Chief Financial Officer |
| Kenneth Frost | Vice President of International Finance |
| Stephen George | Vice President, Corporate Controller |

---

[1] The custodian and search parameters data contained herein is based on information provided by Celsius's counsel in the SEC investigation.

**Search Parameters for the April 19, 2022 SEC Subpoena**

1. **Search No. 1**

| Custodians | Search Terms | Date Range |
|---|---|---|
| John Fieldly<br>Edwin Negron<br>Kenneth Frost<br>Stephen George | <ul><li>"Mutual Release" OR "separation" OR "terminat*" OR "Compensat*" OR Consult* or "retir*"</li><li>"Mutual Release" OR "separation" OR "terminat*" OR "Compensat*" OR Consult*</li><li>(stock OR option OR grant) W/25 vest*</li><li>(stock OR option OR grant OR RSU) AND ("Randy Smith" OR "R. Smith" OR "Robbie" OR Kotkosky OR "Marjorie" OR "Selvaggio" OR "Brandy Robinson" OR "Sher* Lopes" OR "Sandy" OR "Telsaint")</li><li>RSU</li><li>"restricted stock"</li><li>"Stock Base* Compensation"</li><li>"Share Base* Compensation"</li><li>("Mutual Release" OR "separation" OR "terminat*" OR "Compensat*" OR Consult* or "retir*") W/50 ("Randy Smith" OR "R. Smith" OR "Robbie" OR Kotkosky OR "Marjorie" OR "Selvaggio" OR "Brandy Robinson" OR "Sher* Lopes" OR "Sandy" OR "Telsaint")</li><li>SBC</li><li>*@bdo.com</li><li>Emma</li><li>"ASC" w/3 "718"</li><li>eflorea@bdo.com</li><li>"Type III Modification"</li><li>"718-20"</li></ul> | 4/1/2021-3/1/2022 |

2

| Custodians | Search Terms | Date Range |
|---|---|---|
| | • "Change in Status Agreements"<br><br>• "Section 3.9.2" W/5 "EY FRD"<br><br>• "ASC Subtopic 718-20"<br><br>• masmith92@live.com<br><br>• rmsmith86@live.com<br><br>• rkotkosky@gmail.com<br><br>• sel1009@comcast.net<br><br>• mselvag196@gmail.com<br><br>• newemailwithteisha@gmail.com<br><br>• stelsaint@gmail.com | |

2.    **Search No. 2**

| Custodians | Search Terms | Date Range |
|---|---|---|
| Celsius's entire Exchange system | • masmith92@live.com<br><br>• rmsmith86@live.com<br><br>• rkotkosky@gmail.com<br><br>• sel1009@comcast.net<br><br>• mselvag196@gmail.com<br><br>• newemailwithteisha@gmail.com<br><br>• stelsaint@gmail.com | 4/1/2021-3/1/2022 |

3. **Search No. 3**

| Custodians | Search Terms | Date Range |
|---|---|---|
| John Fieldly<br>Edwin Negron<br>Kenneth Frost<br>Stephen George | <ul><li>"ASU 2018-07"</li><li>("Non cash" or "non-cash" or "noncash") w/3 comp*</li><li>("refresh policy" OR retire* OR terminat*) AND (award* OR grant* OR share* OR stock* OR RSU* OR vest* OR comp* OR securit* OR GAAP OR expense* OR account*)</li><li>(Separation w/2 agreement) AND (stock* OR award* OR grant* OR share* OR vest* OR RSU* OR comp* OR securit* OR GAAP OR expense* OR account*)</li><li>(Share* OR RSU*) w/25 vest*</li><li>(stock* OR option* OR grant* OR vest* OR RSU* OR Share*) AND ("Randy Smith" OR "R. Smith" OR "Robbie" OR "Kotkosky" OR "Marjorie" OR "Selvaggio" OR "Brandy Robinson" OR "Sher! Lopes" OR "Sandy" OR "Telsaint")</li><li>(stock* OR option* OR grant* OR vest* OR RSU* OR Share*) AND (Lynch OR Harrington OR Milmoe)</li><li>Accelerat* w/25 (award* OR stock* OR share* OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)</li><li>Accounting w/25 (award* OR grant* stock* OR share* OR vest* OR RSU* OR securit*)</li><li>Change w/5 status</li><li>Expense* w/10 (award* OR stock* OR share* OR RSU* OR option* OR comp* OR securit* OR vest* OR account* OR GAAP)</li><li>Modif* w/25 (award* OR stock* OR share* OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)</li><li>Modif* w/5 date</li></ul> | 4/1/2021-3/1/2022 |

| Custodians | Search Terms | Date Range |
|---|---|---|
| | • Share w/3 comp* <br><br> • Stock w/3 comp* | |

# Exhibit B

**Defendants' Proposed Custodians**

| Name | Title[1] |
| --- | --- |
| John Fieldly | President, Chief Executive Officer, and Chairman |
| Edwin Negron-Carballo | Chief Financial Officer |
| Danielle Babich | Director of Human Resources |
| Kenneth Frost | Vice President of International Finance |
| Stephen George | Vice President, Corporate Controller |
| Jonathan Drew Jeerapaet | Consultant |

---

[1] All titles reflect the positions held by these individuals at Celsius Holding, Inc. during the Operative Relevant Time Period.

**Defendants' Proposed Search Terms & Date Ranges[2]**

    1.      **RFP No. 1**

| Search Terms | Date Range |
|---|---|
| <ul><li>((org* w/5 chart) w/10 account*)</li><li>("ASC 718" w/20 (polic* OR procedure*))</li><li>(((accelerat* OR cont*) w/25 (award* OR stock* OR share* OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) w/20 (polic* OR procedure*))</li><li>(((("refresh policy" OR retire* OR terminat*) AND (award* OR grant* OR share* OR stock* OR RSU* OR vest* OR comp* OR securit* OR GAAP OR expense* OR account*)) w/20 (polic* OR procedure*))</li><li>((modif* w/25 (award* OR stock* OR share* OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) w/20 (polic* OR procedure*))</li></ul> | 07/26/18 - 03/01/22 |

    2.      **RFP No. 3**

| Search Terms | Date Range |
|---|---|
| <ul><li>("ASC 718" w/20 (polic* OR procedure*))</li><li>(((accelerat* OR cont*) w/25 (award* OR stock* OR share* OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) w/20 (polic* OR procedure*))</li><li>(((("refresh policy" OR retire* OR terminat*) AND (award* OR grant* OR share* OR stock* OR RSU* OR vest* OR comp* OR securit* OR GAAP OR expense* OR account*)) w/20 (polic* OR procedure*))</li><li>(((Modif* w/25 (award* OR stock* OR share* OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) w/20 (polic* OR procedure*))</li></ul> | 07/26/18 - 03/01/22 |

---

[2] These search terms are subject to additional revision by Defendants who specifically reserve the right to modify or delete any proposed query that proves through further analysis and testing to be ineffective in targeting potentially responsive information and/or that yields an unacceptably high number of "false" hits. In addition, Defendants will deduplicate any further productions against the Responsive SEC Production.

3.      **RFP Nos. 5 – 10, and 12**

| Search Terms | Date Range |
|---|---|
| • (("Type III" OR "modif*") w/5 "ASC 718")<br><br>• "Type III Modification"<br><br>• ((accelerat* OR cont*) w/25 (award* OR stock* OR share* OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP))<br><br>• (("refresh policy" OR retire* OR terminat*) AND (award* OR grant* OR share* OR stock* OR RSU* OR vest* OR comp* OR securit* OR GAAP OR expense* OR account*))<br><br>• (modif* w/25 (award* OR stock* OR share* OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) | 07/26/18 - 03/01/22 |

4.      **RFP No. 11**

| Search Terms | Date Range |
|---|---|
| • ("mutual release" OR "separation" OR "terminat*" OR "compensat*" OR consult* or "retir*") w/50 ("Randy Smith" OR "R. Smith" OR "Robbie" OR "Kotkosky" OR "Marjorie" OR "Selvaggio" OR "Brandy Robinson" OR "Sher* Lopes" OR "Sandy" OR "Telsaint")<br><br>• (stock* OR option* OR grant* OR vest* OR RSU* OR share*) AND ("Randy Smith" OR "R. Smith" OR "Robbie" OR "Kotkosky" OR "Marjorie" OR "Selvaggio" OR "Brandy Robinson" OR "Sher* Lopes" OR "Sandy" OR "Telsaint")<br><br>• ("refresh policy" OR retire* OR terminat*) AND (award* OR grant* OR share* OR stock* OR RSU* OR vest* OR comp* OR securit* OR GAAP OR expense* OR account*)<br><br>• (separation w/2 agreement) AND (stock* OR award* OR grant* OR share* OR vest* OR RSU* OR comp* OR securit* OR GAAP OR expense* OR account*)<br><br>• (stock* OR option* OR grant* OR vest* OR RSU* OR share*) AND (Lynch OR Harrington OR Milmoe) | 07/26/18 - 03/01/22 |

3

     5.     **RFP Nos. 16 and 23**

| Search Terms | Date Range |
|---|---|
| <ul><li>("restatement" w/25 (award* OR grant* OR share* OR stock* OR RSU* OR vest* OR comp* OR securit* OR GAAP OR expense* OR account*))</li><li>(("Type III" OR "modif*") w/5 "ASC 718")</li><li>"Type III Modification"</li><li>((accelerat* OR cont*) w/25 (award* OR stock* OR share* OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP))</li><li>(("refresh policy" OR retire* OR terminat*) AND (award* OR grant* OR share* OR stock* OR RSU* OR vest* OR comp* OR securit* OR GAAP OR expense* OR account*))</li><li>(modif* w/25 (award* OR stock* OR share* OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP))</li></ul> | 07/26/18 - 03/01/22 |

6.      **RFP Nos. 17 - 19**

| Search Terms | Date Range |
|---|---|
| • *@ey.com<br><br>AND<br><br>• ("restatement" w/25 (award* OR grant* OR share* OR stock* OR RSU* OR vest* OR comp* OR securit* OR GAAP OR expense* OR account*))<br><br>• (("Type III" OR "modif*") w/5 "ASC 718")<br><br>• "Type III Modification"<br><br>• ((accelerat* OR cont*) w/25 (award* OR stock* OR share* OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP))<br><br>• (("refresh policy" OR retire* OR terminat*) AND (award* OR grant* OR share* OR stock* OR RSU* OR vest* OR comp* OR securit* OR GAAP OR expense* OR account*))<br><br>• (modif* w/25 (award* OR stock* OR share* OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) | 07/26/18 - 03/01/22 |

5

7.      **RFP No. 20**

| Search Terms | Date Range |
|---|---|
| • *@aduscpa.com<br><br>AND<br><br>• (("Type III" OR "modif*) w/5 "ASC 718")<br><br>• "Type III Modification"<br><br>• ((Accelerat* OR cont*) w/25 (award* OR stock* OR share* OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP))<br><br>• (("refresh policy" OR retire* OR terminat*) AND (award* OR grant* OR share* OR stock* OR RSU* OR vest* OR comp* OR securit* OR GAAP OR expense* OR account*))<br><br>• (Modif* w/25 (award* OR stock* OR share* OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) | 07/26/18 - 03/01/22 |

6

8.   **RFP No. 21**

| Search Terms | Date Range |
|---|---|
| - (*@bdo.com   OR   @maximgrp.com   OR   scuderiadavis@gmail.com   OR jdrewj@gmail.com)<br><br>AND<br><br>- (("Type III" OR "modif*") w/5 "ASC 718")<br><br>- "Type III Modification"<br><br>- ((Accelerat* OR cont*) w/25 (award* OR stock* OR share* OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP))<br><br>- (("refresh policy" OR retire* OR terminat*) AND (award* OR grant* OR share* OR stock* OR RSU* OR vest* OR comp* OR securit* OR GAAP OR expense* OR account*))<br><br>- (Modif* w/25 (award* OR stock* OR share* OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) | 07/26/18 - 03/01/22 |

# EXHIBIT C

## Mica Cocco

| | |
|---|---|
| **From:** | Mica Cocco |
| **Sent:** | Thursday, May 11, 2023 1:01 PM |
| **To:** | 'Tod.Sawicki@alston.com'; 'Jason.Outlaw@alston.com'; 'Joe.Tully@alston.com'; 'Oyinkan.Muraina@alston.com' |
| **Cc:** | Daniel Berger; Caitlin Moyna; Vincent Pontrello |
| **Subject:** | Celsius - Yesterday's Meet & Confer |
| **Attachments:** | Judge Matthewman Article re E-Discovery.pdf; Celsius Exhibit B to Defs ROs to First RFPs 05.11.2023 1230 pm.docx |

Hi Tod and Jason,

Thank you for meeting with us yesterday. Below is a summary of our discussion – please let us know by close of business tomorrow if this accurately states your positions.  Also, attached please find a redlined Exhibit B: Proposed Search Parameters.

## General/Boilerplate Objections

1. Defendants do not intend to withdraw any of their boilerplate or general objections to Plaintiffs' First Request for Production of Documents  ("Plaintiffs' Requests") as they believe such objections are sufficiently specific.
   a. Please advise whether Defendants intend to stand by this objection or are amenable to withdrawing any or all of their boilerplate objections to Plaintiffs' Requests. As an example, the following language accompanies nearly every response: "Defendants also object to Request No. _ on the grounds that it is vague, ambiguous, and exceeds the proper scope of discovery under the Federal Rules of Civil Procedure" and "subject to and without waiving the general objections . . ."  Judge Matthewman expressly disapproves of such objections. *See* pp. 1270-71 of Judge Matthewman's article re e-discovery, attached ("Under Rule 34(b)(2), a party responding to discovery must state objections with specificity. For example, the timeworn phrases of 'vague,' 'overly broad,' and 'unduly burdensome' are, without specifics, utterly meaningless and will be rejected out of hand"). If Defendants intend to stand on their general and boilerplate objections, Plaintiffs will raise this issue with the Court.

## Relevant Time Period

2. Plaintiffs agree that the Relevant Time Period for most of Plaintiffs' Requests is modified such that it begins on July 26, 2018 (the date on which Celsius announced Negron-Carballo's appointment as CFO). Defendants agree that the Relevant Time Period should end on March 1, 2022.

## SEC Production

3. Defendants' document production to Plaintiffs on May 8, 2023 contains all documents produced to the SEC in response to the April 19, 2022 subpoena, but does not include any documents produced to the SEC in the third quarter of 2021 because, according to Defendants, such production is not relevant to this action.
   a. Plaintiffs request that Defendants provide documentation (e.g., email correspondence with the SEC or the Q3 2021 subpoena from the SEC) supporting their position that the production made to the SEC in Q3 of 2021 is not relevant to the present action.

4. Defendants' document production to Plaintiffs on May 8, 2023 does not include all correspondence with the SEC in connection with the SEC investigation. During the Meet and Confer, Defendants asked if Plaintiffs sought specific documents.
   a. Plaintiffs stand on their request for Defendants to produce all communications with the SEC that relate to Defendants' production in response to the April 19, 2022 SEC subpoena.

**Proposed Search Parameters**

5. Defendants agreed to consider designating Miller, Russell, and Levy (members of Celsius's Board of Directors) as custodians. Please advise whether Defendants will add these custodians by close of business tomorrow, May 12, so that we have time to seek the Court's intervention if necessary.

6. Defendants expressed reservations about designating Marcus Sandifer, Celsius's general counsel during the time of the Restatement, as a custodian.
   a. Plaintiffs stand on their request for Defendants to designate Marcus Sandifer as a custodian irrespective of the fact that communications to which he is a party may be privileged. Defendants can simply redact any such privileged communications or add the documents to a privilege log.
   b. Plaintiffs request that Defendants add all accounting department personnel as custodians.

7. Defendants advised that Jason Davis was a third-party consultant and not a proper custodian. Davis was not assigned a Celsius email address.

8. Plaintiffs propose revised search terms (attached hereto in redline).

**ASC 718, generally and Req No. 14**

9. Defendants believe that the scope of Plaintiffs' Requests concerning ASC 718 should be narrowed to pertain specifically to Type III Modifications and that the other types of modifications are overly broad.
   c. Plaintiffs request that Defendants provide Plaintiffs with a hit report for the search term "ASC 718" so that the parties can to determine precisely how broad and/or burdensome the search is. Please provide this report by close of business tomorrow, May 12, 2023.

**Request No. 4**

10. Plaintiffs modify Request No. 4 to read as follows:

"All Documents and Communications Concerning Your practice of delaying payment of the Company's bills.  The Relevant Time Period for this request is July 26, 2018 through March 1, 2022."

**Request No. 7**

11. Defendants will consider Plaintiffs' Request for documents concerning Celsius's accounting for share-based compensation of retired or terminated employees that predate Edwin Negron-Carballo's employment as Celsius's CFO.  Please notify Plaintiffs of your decision by close of business tomorrow, May 12.

**Request No. 12**

12. Defendants agreed to reconsider their objection to Plaintiffs' Request No. 12 because, as the parties discussed, this request captures third-parties not covered by Request Nos. 18 and 20, and is thus not duplicative. Please notify Plaintiffs of your decision by close of business tomorrow, May 12.

**Request No. 13**

13. Plaintiffs request all documents from Negron-Carballo regarding his compensation (not just committee documents/minutes).

    d. Defendants assert that all discussions of executive compensation happen at the committee level and thus that there would not be other relevant documents responsive to this Request.

## Request No. 16

14. Defendants only intend to produce documents responsive to this request that concern stock-based compensation. Defendants further indicated that there may be information concerning aspects of Celsius's business that Defendants considered restating, but ultimately did not restate.

    e. Plaintiffs maintain that all documents concerning the Restatement are relevant and must be produced. To that end, should any documents concern both the Restatement and other aspects of Celsius's business that Defendants considered restating, but did not ultimately restate, such must be produced.

    f. Plaintiffs reserve their rights to demand documents concerning the Restatement after reviewing Defendants' production.

## Request Nos. 18, 19, 20

15. Similar to the section above ("ASC 718, generally"), Plaintiffs assert that Req Nos. 18-20 are specific and relevant.

    g. Defendants want to limit searches to: (i) Type III modifications of ASC 718; and (ii) Restatement documents regarding stock-based compensation.

16. Plaintiffs proposed search terms for Request Nos. 18-20 are in the attached word document.

## Request No. 24

17. Defendants stand by their objections to Request No. 24. They assert that, based on the Magistrate's R&R, Plaintiffs have no claims on statements regarding internal controls.

    h. Plaintiffs maintain that Request No. 24 seeks relevant information and that Defendants must produce all responsive documents.  Defendants must produce any documents concerning Celsius's material weakness in internal controls as it pertains to ASC 718.

## Request No. 25

18. Plaintiffs modify Request No. 25 to read as follows:

"All Documents and Communications Concerning Negron-Carballo's departure from his employment with Celsius."

## Requests Not Discussed

19. The parties reserve all rights on requests not specifically discussed.

Thank you,
Mica

# EXHIBIT D

# ALSTON & BIRD

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
404-881-7000 | Fax: 404-881-7777

**Jason R. Outlaw**                    Direct Dial: **+1 404 881 7941**                    Email: **jason.outlaw@alston.com**

May 17, 2023

**VIA EMAIL**

Mica Cocco
Grant & Eisenhofer P.A.
485 Lexington Avenue
New York, New York 10017
mcocco@gelaw.com

> Re:    *City of Atlanta Police Officers' Pension Plan et al. v. Celsius Holdings, Inc. et al.*,
> No. 9:22-cv-80418 (S.D. Fla.)

Dear Mica:

I write on behalf of Defendants Celsius Holdings, Inc. ("Celsius" or the "Company") and Edwin Negron-Carballo (collectively, "Defendants") in response to your May 11, 2023 email summarizing our discussion during the May 10, 2023 meet and confer. For reference, I have attached your email hereto as Exhibit A.

## I.    The Relevant Period for Discovery.

Based on our discussions during the May 11 meet and confer, the parties agreed that the relevant period for discovery should begin on July 26, 2018, the date Celsius announced Mr. Negron-Carballo's appointment as CFO, although Plaintiffs continue to contend that the relevant period for Request No. 7 should begin on January 1, 2017. Defendants agreed to consider this contention.

After due consideration, Defendants cannot agree to start the relevant period for Request No. 7 on January 1, 2017, for several reasons. First, Plaintiffs have not provided any explanation as to why this arbitrary date should apply to Request No. 7, an impermissibly broad request that seeks, "[a]ll Documents and Communications Concerning Your accounting for the share-based compensation of retired or terminated Employees." Second, as with the other requests, the commencement of Mr. Negron-Carballo's tenure as Celsius's CFO should set the start date of the relevant period for Request No. 7. Mr. Negron-Carballo is the only individual defendant remaining in this action, and the Court allowed the claims asserted against the Company to proceed solely on the basis that Mr. Negron-Carballo's alleged scienter was imputable to the Company. (ECF No. 47 at 31-32; ECF No. 62.) Thus, as we stated during the meet & confer, Plaintiffs' claims are predicated on Mr. Negron-Carballo's alleged scienter and his alleged past involvement in the proper application of ASC 718 to the awards of departing Celsius employees and directors, such

Alston & Bird LLP                                                                                                                        www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Mica Cocco
May 17, 2023
Page 2

that Celsius's failure to apply ASC 718 properly in the second and third quarters of fiscal-year 2021 raises an inference of scienter.  We have agreed to supplement the Responsive SEC Production  (on terms the parties continue to negotiate) so as to produce responsive, non-privilege documents from Mr. Negron-Carballo's entire time as CFO that concern his experience applying ASC 718 to the awards of departing Celsius employees and directors.  Of course, to the extent Mr. Negron-Carballo (or the other custodians) considered how Celsius had applied ASC 718 to the awards of departing Celsius employees and directors in the periods prior to Mr. Negron-Carballo's employment as CFO, the Responsive SEC Production and the production that results from the parties' ongoing negotiations should reflect that, too.[1]

For all of the above reasons, pulling back the relevant period for Request No. 7 to January 2017 – more than a year and a half before the only individual defendant joined the Company and more than four years before the second quarter of fiscal-year 2021 – is not proportional to the needs to this case.

## II.     The SEC Production.

Your May 11, 2023 email references the Responsive SEC Production and states that this production, "does not include any documents produced to the SEC in the third quarter of 2021 because, according to Defendants, such production is not relevant to this action."  Defendants stand on our response that the April 19, 2022 subpoena is the only one relevant to the claims and defenses in this action.

Separately, your May 11, 2023 email requests all "communications with the SEC that relate to Defendants' production in response to the April 19, 2022 SEC subpoena."  Defendants agree to produce the cover letters that accompanied the productions responsive to the April 19 subpoena.

## III.    Proposed Search Parameters.

### *Additional Custodians Proposed by Lead Plaintiffs*.

Defendants previously identified the names of seven Celsius custodians involved in accounting for shared-based compensation of the nine departing Celsius employees and directors in the second and third quarters of fiscal-year 2021, and agreed to the electronically stored information of those custodians for responsive, non-privileged documents.  We have considered Plaintiffs' proposal that we supplement that list with additional categories of custodians, which one can fairly organize into three categories, but we do not agree to this proposal for the reasons stated below.

As to the first category, "all accounting department personnel," this was not discussed during the May 10 meet and confer and was raised for the first time in your May 11 email.  If it had been raised during the meet and confer, the parties could have discussed, among other things,

---

[1] Capitalized terms not defined herein shall have the same meaning set forth in Defendants' Objections and Responses to Lead Plaintiffs' First Request for Production of Documents.

Mica Cocco
May 17, 2023
Page 3

why Plaintiffs deemed it necessary to include an entire department as custodians, whether this proposal applied to only certain requests or to all, and whether the relevant period agreed on between the parties applied.  In any event, we do not believe adding all the individuals who worked in the accounting department during the relevant period is proper.  Defendants proposed custodians likely to have discoverable information, based on Defendants' investigation to date.  If, based on the documents produced in the Responsive SEC Production, or the production that results from the parties' ongoing negotiation of search parameters, Plaintiffs believe that individuals within the accounting department should have been added as custodians for purposes of review, we would consider adding those individuals.

Next, Plaintiffs proposed adding Celsius's General Counsel, Marcus Sandifer, as a custodian.  For the reasons we discussed during the meet & confer, we do not believe Mr. Sandifer is a proper a custodian for document production in this matter.  Mr. Sandifer's role as Celsius's General Counsel means that his documents have a much higher probability of being privileged than those collected from non-lawyers, and his inclusion on the custodian list would unduly add to the Company's burden by necessitating the review and logging of a large number of privileged documents.  Plaintiffs have failed to articulate why the benefits of adding Mr. Sandifer outweigh this undue burden, even as Plaintiffs acknowledged during the meet and confer that the Responsive SEC Production already includes responsive communications between Mr. Sandifer and the key custodians (and the production based on the negotiated search terms will undoubtedly include more).  And, of course, the privilege log will also include references to Mr. Sandifer's privileged communications with those custodians.

Finally, we do not agree to add Mses. Miller, Russel, and Leavy as custodians.  As an initial matter, members of Celsius's Board of Directors do not have Celsius email addresses.  Further, Plaintiffs' claims are not based on any act or decision made by the Company's Board or any committee thereof.  To the extent Mses. Miller, Russel, and Leavy participated in non-privileged discussions with management concerning matters relevant to the claims and defenses in this action, those discussions should appear in the Audit and Enterprise Risk Committee materials Defendants have agreed to produce and in the Responsive SEC Production (and the supplemental production, the terms of which the parties continue to negotiate).

### *Revised Search Terms.*

Defendants have run the search terms Plaintiffs proposed in your May 11 email.  Based on our review of false hits observed, we have revised the terms proposed, as reflected in track changes in the document attached as Exhibit B.  As that exhibit reflects, Defendants do not object to "ASC 718" as a search term.  It is Defendants' position, however, that not every document that hits on "ASC 718" is relevant to the claims and defenses in this case.  As noted above, and during the meet and confer, Plaintiffs' claims are predicated on Mr. Negron-Carballo's alleged scienter and his alleged involvement in the proper application of ASC 718 to the awards of departing Celsius employees and directors, so that Celsius's failure to apply ASC 718 properly in the second and third quarters of fiscal-year 2021 raises an inference of scienter.  Outside of the accounting for such modified awards, Plaintiffs do not allege any inconsistent application of ASC 718.

Mica Cocco
May 17, 2023
Page 4

**IV.      Specific Requests Referenced in Your May 11 Email.**

### *Request No. 4.*

Your May 11 email proposed modifying this request to read as follows: "All Documents and Communications Concerning Your practice of delaying payment of the Company's bills." This modification does not address Defendants' specific objection to this request because it continues to assume a practice that Defendants deny ever existed.  As far as Defendants know, the allegations about this alleged practice originate with a single individual, the former Celsius employee identified as "CW3" in the Amended Complaint.  If, after consulting with this individual, Plaintiffs have a proposal on ways to modify this request or search terms to suggest, Defendants will consider the proposal.

### *Request No. 12.*

During the May 10 meet and confer, we agreed to reconsider our objection to this request, based on your contention that the request is not duplicative because it captures communications with third parties not covered by Request Nos. 18 and 20.  While Defendants objected to this request as, among other things, unnecessarily duplicative and repetitive of other Requests (including, as further examples, Request Nos. 5 through 11), the Responsive SEC Production includes documents response to the Request (and the responsive documents that result from the search parameters currently subject to negotiation will include additional responsive documents). Thus, Defendants' Objections and Responses defined the broad scope of what Defendants intend to produce in response to Request No. 12.  If Plaintiffs believe the scope defined excludes some category of responsive documents, Defendants are willing to discuss Plaintiffs' position.

### *Request No. 13.*

In your May 11 email, you defined the parties' respective positions with regard to this request as follows: "Plaintiffs request all documents from Negron-Carballo regarding his compensation (not just committee documents/minutes).  Defendants assert that all discussions of executive compensation happen at the committee level and thus that there would not be other relevant documents responsive to this Request."  We did not state that all discussions of executive compensation at Celsius occur at the committee level.  Instead, we stated that the relevant decisions regarding Mr. Negron-Carballo's compensation occurred at the Board and committee level, and, given that fact, we agreed to search for and produce Board and Compensation Committee materials for the period July 26, 2018 through April 21, 2022 that concerned (i) the components of Mr. Negron-Carballo's compensation plan; (ii) the factors used to determine Mr. Negron-Carballo's compensation pursuant to such plan; and (iii) Mr. Negron-Carballo's annual salary, annual cash bonus incentives, long-term incentive awards, and other forms of reportable compensation earned under such plan.  In addition, the Responsive SEC Production includes materials responsive to this request.

While we think the materials referenced above provide a response proportionate to Plaintiffs' needs, particularly given Plaintiffs' failure to articulate a basis for why additional

Mica Cocco
May 17, 2023
Page 5

documents are necessary, Defendants agree to apply a mutually agreed upon set of search terms to identify documents responsive to this request, from the period January 1, 2021 to March 16, 2022, and to produce the responsive, non-privileged documents identified, following a responsiveness and privilege review.

### *Request No. 16.*

Given the broad scope of documents included within the Responsive SEC Production, we think it makes sense for the parties to table further discussion of this request until after Plaintiffs have reviewed that production.  In the interim, Defendants stand on our agreement to produce the categories of documents described in our response to Request No. 16.

### *Request Nos. 18, 19, and 20.*

In your May 11 email, you defined the parties' respective positions with regard to this request as follows: "Plaintiffs assert that Req Nos. 18-20 are specific and relevant.  Defendants want to limit searches to: (i) Type III modifications of ASC 718; and (ii) Restatement documents regarding stock-based compensation."

As reflected in Exhibit B, Defendants do not object to searching on "Type III" and "Restatement" with Plaintiffs' proposed modifiers for potentially responsive documents. Defendants maintain, however, that not every document that hits on either of these terms in a document that also references Ernst & Young or Assurance Dimensions will be relevant to the claims and defenses in this case.  Nonetheless, Defendants remain amenable to producing communications Defendants had with these entities regarding ASC 718 and accounting for expenses related to the accelerated and/or continued vesting of unvested portions of awards of stock options and RSUs previously issued to departing employees and Board members.

### *Request No. 24.*

Given the broad scope of documents included within the Responsive SEC Production, we think it makes sense for the parties to table further discussion of this request until after Plaintiffs have reviewed that production.  Among other things, the Responsive SEC Production includes documents responsive to the SEC's request for "[a]ll documents Concerning the material weakness in internal controls referenced in letters (a) and (c) on page 24 of Celsius's Form 10-K filed on March 16, 2022."  In the interim, Defendants stand on our objection to Request No. 24.

### *Request No. 25.*

Defendants agree to apply a mutually agreed upon set of search terms to identify documents, from the mutually agreed upon relevant period, that discus or refer to Mr. Negron-Carballo's decision to retire from his position as Celsius's CFO, and to produce the responsive, non-privileged documents identified, following a responsiveness and privilege review.

Mica Cocco
May 17, 2023
Page 6


**V.      Lead Plaintiffs' Assertions About Defendants' Objections.**

We think it most constructive to continue discussion over the large number of documents Defendants have produced to date, the search parameters that will govern further production, and where any gaps exist between those productions and Plaintiffs' requests.  We do not think it is a constructive use of time to discuss whether or not a given objection to a request was proper, when Defendants have produced a substantial number of documents in response to that request and have opened negotiations on the further production of documents.


Regards,

Jason R. Outlaw


cc:      Daniel Berger (dberger@gelaw.com)
         Caitlyn Moyna (cmoyna@gelaw.com)
         Vincent Pontrello (vpontrello@gelaw.com)
         Robert Klausner (bob@robertdklausner.com)

# Exhibit A

## Outlaw, Jason

| | |
|---|---|
| **From:** | Mica Cocco <mcocco@gelaw.com> |
| **Sent:** | Thursday, May 11, 2023 1:01 PM |
| **To:** | Sawicki, Tod; Outlaw, Jason; Tully, Joe; Muraina, Oyinkan |
| **Cc:** | Daniel Berger; Caitlin Moyna; Vincent Pontrello |
| **Subject:** | Celsius - Yesterday's Meet & Confer |
| **Attachments:** | Judge Matthewman Article re E-Discovery.pdf; Celsius Exhibit B to Defs ROs to First RFPs 05.11.2023 1230 pm.docx |

**EXTERNAL SENDER – Proceed with caution**

Hi Tod and Jason,

Thank you for meeting with us yesterday. Below is a summary of our discussion – please let us know by close of business tomorrow if this accurately states your positions.  Also, attached please find a redlined Exhibit B: Proposed Search Parameters.

### General/Boilerplate Objections

1. Defendants do not intend to withdraw any of their boilerplate or general objections to Plaintiffs' First Request for Production of Documents  ("Plaintiffs' Requests") as they believe such objections are sufficiently specific.
    a. Please advise whether Defendants intend to stand by this objection or are amenable to withdrawing any or all of their boilerplate objections to Plaintiffs' Requests. As an example, the following language accompanies nearly every response: "Defendants also object to Request No. _ on the grounds that it is vague, ambiguous, and exceeds the proper scope of discovery under the Federal Rules of Civil Procedure" and "subject to and without waiving the general objections . . ."  Judge Matthewman expressly disapproves of such objections. *See* pp. 1270-71 of Judge Matthewman's article re e-discovery, attached ("Under Rule 34(b)(2), a party responding to discovery must state objections with specificity. For example, the timeworn phrases of 'vague,' 'overly broad,' and 'unduly burdensome' are, without specifics, utterly meaningless and will be rejected out of hand"). If Defendants intend to stand on their general and boilerplate objections, Plaintiffs will raise this issue with the Court.

### Relevant Time Period

2. Plaintiffs agree that the Relevant Time Period for most of Plaintiffs' Requests is modified such that it begins on July 26, 2018 (the date on which Celsius announced Negron-Carballo's appointment as CFO). Defendants agree that the Relevant Time Period should end on March 1, 2022.

### SEC Production

3. Defendants' document production to Plaintiffs on May 8, 2023 contains all documents produced to the SEC in response to the April 19, 2022 subpoena, but does not include any documents produced to the SEC in the third quarter of 2021 because, according to Defendants, such production is not relevant to this action.
    a. Plaintiffs request that Defendants provide documentation (e.g., email correspondence with the SEC or the Q3 2021 subpoena from the SEC) supporting their position that the production made to the SEC in Q3 of 2021 is not relevant to the present action.

4. Defendants' document production to Plaintiffs on May 8, 2023 does not include all correspondence with the SEC in connection with the SEC investigation. During the Meet and Confer, Defendants asked if Plaintiffs sought specific documents.
   a. Plaintiffs stand on their request for Defendants to produce all communications with the SEC that relate to Defendants' production in response to the April 19, 2022 SEC subpoena.

**Proposed Search Parameters**

5. Defendants agreed to consider designating Miller, Russell, and Levy (members of Celsius's Board of Directors) as custodians. Please advise whether Defendants will add these custodians by close of business tomorrow, May 12, so that we have time to seek the Court's intervention if necessary.

6. Defendants expressed reservations about designating Marcus Sandifer, Celsius's general counsel during the time of the Restatement, as a custodian.
   a. Plaintiffs stand on their request for Defendants to designate Marcus Sandifer as a custodian irrespective of the fact that communications to which he is a party may be privileged. Defendants can simply redact any such privileged communications or add the documents to a privilege log.
   b. Plaintiffs request that Defendants add all accounting department personnel as custodians.

7. Defendants advised that Jason Davis was a third-party consultant and not a proper custodian. Davis was not assigned a Celsius email address.

8. Plaintiffs propose revised search terms (attached hereto in redline).

**ASC 718, generally and Req No. 14**

9. Defendants believe that the scope of Plaintiffs' Requests concerning ASC 718 should be narrowed to pertain specifically to Type III Modifications and that the other types of modifications are overly broad.
   c. Plaintiffs request that Defendants provide Plaintiffs with a hit report for the search term "ASC 718" so that the parties can to determine precisely how broad and/or burdensome the search is. Please provide this report by close of business tomorrow, May 12, 2023.

**Request No. 4**

10. Plaintiffs modify Request No. 4 to read as follows:

"All Documents and Communications Concerning Your practice of delaying payment of the Company's bills. The Relevant Time Period for this request is July 26, 2018 through March 1, 2022."

**Request No. 7**

11. Defendants will consider Plaintiffs' Request for documents concerning Celsius's accounting for share-based compensation of retired or terminated employees that predate Edwin Negron-Carballo's employment as Celsius's CFO. Please notify Plaintiffs of your decision by close of business tomorrow, May 12.

**Request No. 12**

12. Defendants agreed to reconsider their objection to Plaintiffs' Request No. 12 because, as the parties discussed, this request captures third-parties not covered by Request Nos. 18 and 20, and is thus not duplicative. Please notify Plaintiffs of your decision by close of business tomorrow, May 12.

**Request No. 13**

13. Plaintiffs request all documents from Negron-Carballo regarding his compensation (not just committee documents/minutes).

d.  Defendants assert that all discussions of executive compensation happen at the committee level and thus that there would not be other relevant documents responsive to this Request.

**Request No. 16**

14. Defendants only intend to produce documents responsive to this request that concern stock-based compensation. Defendants further indicated that there may be information concerning aspects of Celsius's business that Defendants considered restating, but ultimately did not restate.

    e.  Plaintiffs maintain that all documents concerning the Restatement are relevant and must be produced. To that end, should any documents concern both the Restatement and other aspects of Celsius's business that Defendants considered restating, but did not ultimately restate, such must be produced.

    f.  Plaintiffs reserve their rights to demand documents concerning the Restatement after reviewing Defendants' production.

**Request Nos. 18, 19, 20**

15. Similar to the section above ("ASC 718, generally"), Plaintiffs assert that Req Nos. 18-20 are specific and relevant.

    g.  Defendants want to limit searches to: (i) Type III modifications of ASC 718; and (ii) Restatement documents regarding stock-based compensation.

16. Plaintiffs proposed search terms for Request Nos. 18-20 are in the attached word document.

**Request No. 24**

17. Defendants stand by their objections to Request No. 24. They assert that, based on the Magistrate's R&R, Plaintiffs have no claims on statements regarding internal controls.

    h.  Plaintiffs maintain that Request No. 24 seeks relevant information and that Defendants must produce all responsive documents.  Defendants must produce any documents concerning Celsius's material weakness in internal controls as it pertains to ASC 718.

**Request No. 25**

18. Plaintiffs modify Request No. 25 to read as follows:

    "All Documents and Communications Concerning Negron-Carballo's departure from his employment with Celsius."

**Requests Not Discussed**

19. The parties reserve all rights on requests not specifically discussed.

Thank you,
Mica

3

# Exhibit B

**Alston & Bird Revisions 5.17.2023**

**Defendants' Proposed Custodians**

| Name | Title[1] |
|---|---|
| John Fieldly | President, Chief Executive Officer, and Chairman |
| Edwin Negron-Carballo | Chief Financial Officer |
| Danielle Babich | Director of Human Resources |
| Kenneth Frost | Vice President of International Finance |
| Stephen George | Vice President, Corporate Controller |
| Jonathan Drew Jeerapaet | Consultant |

---

[1] All titles reflect the positions held by these individuals at Celsius Holding, Inc. during the Operative Relevant Time Period.

**Alston & Bird Revisions 5.17.2023**

**Defendants' Proposed Search Terms & Date Ranges[2]**

1.      **RFP No. 1**

| Search Terms | Date Range |
|---|---|
| • ((org* w/5 chart) w/10 account*)<br><br>• ("ASC 718" w/50 (polic* OR procedure*))<br><br>• (((accelerat* OR continu*) w/10 (award* OR stock* OR shares OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) w/20 (polic* OR procedure*))<br><br>• ((("refresh policy" OR retire* OR terminat*) w/10 (award* OR grant* OR shares OR stock* OR RSU* OR vest* OR comp* OR securit* OR GAAP OR expense* OR account*)) w/20 (polic* OR procedure*))<br><br>• ((modif* w/10 (award* OR stock* OR shares OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) w/20 (polic* OR procedure*)) | 07/26/18 - 03/01/22 |

2.      **RFP No. 3**

| Search Terms | Date Range |
|---|---|
| • ("ASC 718" w/50 (polic* OR procedure*))<br><br>• (((accelerat* OR continu*) w/10 (award* OR stock* OR shares OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) w/20 (polic* OR procedure*))<br><br>• ((("refresh policy" OR retire* OR terminat*) w/10 (award* OR grant* OR shares OR stock* OR RSU* OR vest* OR comp* OR securit* OR GAAP OR expense* OR account*)) w/20 (polic* OR procedure*))<br><br>• (((Modif* w/10 (award* OR stock* OR shares OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) w/20 (polic* OR procedure*)) | 07/26/18 - 03/01/22 |

Deleted: 25
Deleted: *
Deleted: AND
Deleted: *
Deleted: 25
Deleted: *

---

[2] These search terms are subject to additional revision by Defendants who specifically reserve the right to modify or delete any proposed query that proves through further analysis and testing to be ineffective in targeting potentially responsive information and/or that yields an unacceptably high number of "false" hits.  In addition, Defendants will deduplicate any further productions against the Responsive SEC Production.

2

**Alston & Bird Revisions 5.17.2023**

3.   **RFP Nos. 5 – 10, and 12**

| Search Terms | Date Range |
|---|---|
| • "ASC 718"<br><br>• "Type III"<br><br>• ((accelerat* OR continu*) w/10 (award* OR stock* OR shares OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP))<br><br>• (("refresh policy" OR retire* OR terminat*) w/10 (award* OR grant* OR shares OR stock* OR RSU* OR vest* OR comp* OR securit* OR GAAP OR expense* OR account*))<br><br>• (modif* w/10 (award* OR stock* OR shares OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) | 07/26/18 - 03/01/22 |

Deleted: 25
Deleted: *
Deleted: AND
Deleted: *
Deleted: 25
Deleted: *

4.   **RFP No. 11**

| Search Terms | Date Range |
|---|---|
| • ("mutual release" OR "separation" OR "terminat*" OR "compensat*" OR consult* or "retir*") w/10 ("Randy Smith" OR "R. Smith" OR "Robbie" OR "Kotkosky" OR "Marjorie" OR "Selvaggio" OR "Brandy Robinson" OR "Sher* Lopes" OR "Sandy" OR "Telsaint")<br><br>• (stock* OR option* OR grant* OR vest* OR RSU* OR shares) w/10 ("Randy Smith" OR "R. Smith" OR "Robbie" OR "Kotkosky" OR "Marjorie" OR "Selvaggio" OR "Brandy Robinson" OR "Sher* Lopes" OR "Sandy" OR "Telsaint")<br><br>• ("refresh policy" OR retire* OR terminat*) w/10 (award* OR grant* OR shares OR stock* OR RSU* OR vest* OR comp* OR securit* OR GAAP OR expense* OR account*)<br><br>• (separation w/2 agreement) AND (stock* OR award* OR grant* OR shares OR vest* OR RSU* OR comp* OR securit* OR GAAP OR expense* OR account*)<br><br>• (stock* OR option* OR grant* OR vest* OR RSU* OR shares) w/10 (Lynch OR Harrington OR Milmoe) | 07/26/18 - 03/01/22 |

Deleted: 5
Deleted: *
Deleted: AND
Deleted: AND
Deleted: *
Deleted: *
Deleted: *
Deleted: AND

**Alston & Bird Revisions 5.17.2023**

5.     **RFP Nos. 16 and 23**

| Search Terms | Date Range |
|---|---|
| • ("restatement")<br><br>• "ASC 718"<br><br>• "Type III"<br><br>• ((accelerat* OR continu*) w/10 (award* OR stock* OR shares OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP))<br><br>• (("refresh policy" OR retire* OR terminat*) w/10 (award* OR grant* OR shares OR stock* OR RSU* OR vest* OR comp* OR securit* OR GAAP OR expense* OR account*))<br><br>• (modif* w/10 (award* OR stock* OR shares OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) | 07/26/18 - 03/01/22 |

**Deleted:** 25

**Deleted:** *

**Deleted:** AND

**Deleted:** *

**Deleted:** 25

**Deleted:** *

4

**Alston & Bird Revisions 5.17.2023**

6.     **RFP Nos. 17 - 19**

| Search Terms | Date Range |
|---|---|
| • *@ey.com<br><br>• "Ernst & Young"<br><br>• "EY"<br><br>• "E&Y"<br><br>AND<br><br>• ("restatement" )<br><br>• "ASC 718"<br><br>• "Type III"<br><br>• ((accelerat* OR continu*) w/10 (award* OR stock* OR shares OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP))<br><br>• (("refresh policy" OR retire* OR terminat*) w/10 (award* OR grant* OR shares OR stock* OR RSU* OR vest* OR comp* OR securit* OR GAAP OR expense* OR account*))<br><br>• (modif* w/10 (award* OR stock* OR shares OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) | 07/26/18 - 03/01/22 |

**Deleted:** 25

**Deleted:** *

**Deleted:** AND

**Deleted:** *

**Deleted:** 25

**Deleted:** *

5

**Alston & Bird Revisions 5.17.2023**

7.     **RFP No. 20**

| Search Terms | Date Range |
|---|---|
| • *@aduscpa.com <br><br> • "Assurance Dimensions" <br><br> • "AD" <br><br> AND <br><br> • "ASC 718" <br><br> • "Type III" <br><br> • ((Accelerat* OR continu*) w/10 (award* OR stock* OR shares OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) <br><br> • (("refresh policy" OR retire* OR terminat*) w/10 (award* OR grant* OR shares OR stock* OR RSU* OR vest* OR comp* OR securit* OR GAAP OR expense* OR account*)) <br><br> • (Modif* w/10 (award* OR stock* OR shares OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) | 07/26/18 - 03/01/22 |

Deleted: 25

Deleted: *

Deleted: AND

Deleted: *

Deleted: 25

Deleted: *

6

**Alston & Bird Revisions 5.17.2023**

8.    **RFP No. 21**

| Search Terms | Date Range |
|---|---|
| • (*@bdo.com OR @maximgrp.com OR scuderiadavis@gmail.com OR jdrewj@gmail.com)<br><br>AND<br><br>• "ASC 718"<br><br>• "Type III"<br><br>• ((Accelerat* OR continu*) w/10 (award* OR stock* OR shares OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP))<br><br>• (("refresh policy" OR retire* OR terminat*) w/10 (award* OR grant* OR shares OR stock* OR RSU* OR vest* OR comp* OR securit* OR GAAP OR expense* OR account*))<br><br>• (Modif* w/10 (award* OR stock* OR shares OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) | 07/26/18 - 03/01/22 |

Deleted: 25

Deleted: *

Deleted: AND

Deleted: *

Deleted: 25

Deleted: *

7

# EXHIBIT E

# G&E | Grant & Eisenhofer P.A.

485 Lexington Avenue, 29th Floor, New York, NY 10017          tel: 646.722.8500   fax: 646.722.8501

123 Justison Street
7th Floor
Wilmington, DE 19801
tel: 302.622.7000
fax: 302.622.7100

30 N. LaSalle Street
Suite 2350
Chicago, IL 60602
tel: 312.610.5350
fax: 312.214.0001

201 Mission Street
Suite 1200
San Francisco, CA 94105
tel: 415.229.9720
fax: 415.789.4367

www.gelaw.com

May 24, 2023

**VIA EMAIL**

Jason R. Outlaw
Alston & Bird
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309
jason.outlaw@alston.com

> Re:  *City of Atlanta Police Officers' Pension Plan et al. v. Celsius Holdings, Inc. et al.*, No. 9:22-cv-80418 (S.D. Fla.)

Dear Jason:

We write to follow up on certain items discussed during the meet and confer ("M&C") held on May 22, 2023.

*First*, Plaintiffs' Request for Production No. 7 ("Request No. 7") asks for "All Documents and Communications Concerning Your accounting for the share-based compensation of retired or terminated Employees" and provides a relevant time period of January 18, 2007 through the present. During the May 10, 2023 M&C, Plaintiffs expressed their willingness to shorten the relevant time period for this specific request by *ten years* such that it would begin on January 1, 2017 (just 18 months prior to Negron-Carballo's start date as Celsius's CFO), rather than January 18, 2007. Nevertheless, in their May 17 letter to Plaintiffs, Defendants stated that they intend to stand on their objection despite Plaintiffs' good faith compromise to shorten the time period for this request by a decade. *See* May 17, 2023 Letter from J. Outlaw to M. Cocco ("May 17 Letter"). During the May 22 M&C, Plaintiffs explained that documents pertaining to Celsius's accounting for share-based compensation even prior to Negron-Carballo's CFO position was relevant because he likely learned from, or at least considered, the accounting practices that Celsius had in place prior to his arrival. Thus, documents that existed prior to Negron-Carballo's arrival are relevant to his state of mind.

Further, the Court placed importance on Celsius's historical accounting practices. *See* ECF No. 55 at 18-20. Specifically, the Court noted that the Amended Complaint alleges that Celsius properly applied ASC 718 since *2006*, and that Defendants do not disagree with this fact. *Id.* at 18. The Court further reasoned that "[w]hen employees had left before 2021 and had their stock options modified, Celsius properly recognized the compensation as a current expense," and that "there are troubling inconsistencies in the way Defendants treated the accelerated stock options of former employees in 2021 versus previous years." *Id.* at 20.

1

Jason Outlaw
May 24, 2023
Page **2** of **4**

Given the importance that the Court has placed on Celsius's historical accounting for share-based compensation, and the fact that Plaintiffs have already agreed to shorten this request by ***ten years***, we request that you revisit your objection and search for documents responsive to Request No. 7 dating from January 1, 2017. Please let us know by COB Thursday, May 25, 2023, whether you agree to this proposal so that we can file a motion to compel as soon as possible, if need be.

*Second*, during the May 22, 2023 M&C, you stated that Defendants will not produce any information concerning the SEC subpoena served on Celsius on August 20, 2021 (the "Q3 2021 SEC Subpoena"). You explained that the information sought therein is not relevant to Plaintiffs' claims in this action. Yet you refused to provide any additional details so that Plaintiffs may verify for themselves the accuracy of your statement. Plaintiffs therefore maintain that they are entitled to review the Q3 2021 SEC Subpoena to determine if documents sought therein are relevant to their claims here. The parties have entered into a Protective Order, which should obviate any concerns regarding confidentiality.

Please let us know by COB Thursday, May 25, 2023, whether you agree to produce the Q3 2021 SEC Subpoena so that we can file a motion to compel its production as soon as possible, if need be.

*Third*, during the May 22, 2023 M&C, Plaintiffs requested that Defendants designate as a custodian Jason Davis, an SEC consultant retained by Celsius. During the May 11 M&C, Defendants represented to Plaintiffs that Mr. Davis did not have a Celsius email address and therefore would not be a proper custodian. However, during the May 22 M&C Plaintiffs clarified that Mr. Davis was, in fact, assigned a Celsius email address, *see* **Exhibit A** (attached). Additionally, irrespective of which email domain he used to send and receive emails, Mr. Davis is a proper custodian and therefore must be designated as such.

Please let us know by COB Thursday, May 25, 2023, whether you agree to designate Mr. Davis as a custodian.

*Fourth*, Plaintiffs have requested that Josh Aronin, Celsius's former Director of Revenue Accounting, be designated as a custodian. Mr. Aronin appears on dozens of email communications wherein the stock-based compensation issue is discussed. Plaintiffs maintain that he is a proper custodian, and his documents must be searched.

Please let us know by COB Thursday, May 25, 2023, whether you agree to designate Mr. Aronin as a custodian.

*Fifth*, we request that Defendants also designate Jonathan Drew Jeerapaet as a custodian. During the May 11 M&C, you represented to us that Mr. Jeerapaet did not have a Celsius email address; however, upon further review of the documents produced to-date, Plaintiffs have determined the opposite to be true. *See* **Exhibit C** which includes emails sent from and received by Mr. Jeerapaet under his Celsius email address, jjeerapaet@celsius.com.

Jason Outlaw
May 24, 2023
Page **3** of **4**

*Sixth*, in your initial disclosures you indicated that Mr. Davis is a consultant with "Steven Douglas Consultants" and that Mr. Jeerapaet is a consultant with "Beech Valley Consultants." It appears from our investigation that these consultant firms are employee placement firms. Please explain the nature of the Company's engagement of these consultant firms and state whether these consulting firms merely placed Messrs. Davis and Jeerapaet at Celsius.

*Seventh*, following the May 22 M&C, we have concluded that the parties are at an impasse regarding designation of Cheryl S. Miller ("Miller"), Joyce Russell ("Russell"), and Caroline Levy ("Levy") as custodians. Although Defendants identified Miller, Russell, and Levy as individuals "knowledgeable of the Company's accounting and financial reporting processes and the audits of the Company's financial statements" in their Rule 26(a) Initial Disclosures, Defendants have since changed course and now refuse to designate these individuals as custodians. Miller, Russell, and Levy were members of Celsius's Board of Directors during the Class Period, and, in particular, the Board's Audit and Enterprise Risk Committee. Miller, Russell, and Levy attended meetings during which the board discussed, and later approved, accelerating the vesting conditions of the stock grants to the nine employees and directors at issue here.

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), Plaintiffs are entitled to all relevant documents in the possession, custody, or control of these three board members. Defendants' refusal to designate these individuals as custodians because: (a) they "do not have Celsius email addresses" or (b) "Plaintiffs' claims are not based on any act or decision made by the Company's Board or any committee thereof" (*see* May 17 Letter) is without merit. That these individuals do not possess Celsius email addresses does not *ipso facto* render a search of their documents and emails burdensome. What is more, Plaintiffs' claims *are* "based on any act or decision made by the Company's Board." In fact, a document recently produced to Plaintiffs discusses these individuals' involvement in the decision to accelerate the vesting conditions of the stock awards at issue. *See, e.g.*, **Exhibit B** (email from John Fieldly to Celsius's board members concerning the Company's decision to restate its financials due to the Class III modification to stock-based awards issued to employees and directors which states: the "Audit Committee has been involved in this process and is aware of all matters associated with the audit, extension and prior period adjustments and approach the company is taking").

Defendants' objection to designating these three board members as custodians is that searching their documents would be unduly burdensome because their personal devices and email domains would have to be searched. Plaintiffs' position is that any minor burden that arises from searching the personal email addresses of three individuals is outweighed by the relevance of their documents responsive to the Requests, which you did not dispute.

Please let us know by COB Thursday, May 25, 2023, whether Defendants will designate Cheryl S. Miller, Joyce Russell, and Caroline Levy as custodians so that Plaintiffs can file a motion to compel, if need be.

*Eighth*, Plaintiffs have also concluded that the parties are at an impasse regarding the scope of documents to be produced resulting from performing the search "ASC 718." The May 17 Letter stated that while Defendants do not object to "ASC 718" as a search term, "not every document that hits on 'ASC 718' is relevant to the claims and defenses in this case." Plaintiffs' understand

Jason Outlaw
May 24, 2023
Page **4** of **4**

this to mean that Defendants intend to filter through the results yielded from the search for "ASC 718" and then hand pick those that Defendants unilaterally deem relevant.

ASC 718 is a very narrow and technical accounting rule that pertains only to stock-based compensation, therefore, any documents responsive to this request are relevant and must be produced. Pursuant to Rule 26(b)(1), relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Rosenbaum v. Becker & Poliakoff, P.A.*, No. 08-CV-81004, 2010 WL 623699, at *1306 (S.D. Fla. Feb. 23, 2010). "The general rule is that a court should permit discovery even when the relevance of the requested material is in doubt." *Sec. Pest Control, Inc. v. Wells Fargo Bank, Nat'l Ass'n*, 339 F.R.D. 303, 307 (M.D. Ala. 2020). Accordingly, Plaintiffs again request that Defendants produce *any and all* relevant documents that arise from searching the term "ASC 718."

Please let us know by COB Thursday, May 25, 2023, whether Defendants maintain this position, or, are willing to produce all documents that hit on "ASC 718" so that we can file a motion with the court, if need be.

*Ninth*, during the May 22 M&C, we discussed the relevance of documents pertaining to the Company's internal controls. We explained that although the Court dismissed the actionability of this category of statements, Plaintiffs are still entitled to any such documents as they are relevant. You replied that Plaintiffs would receive information regarding Celsius's internal controls as it relates specifically to ASC 718. We agree to review the internal controls documents produced by Defendants and reserve the right to pursue a broader production of documents pertaining to the Company's internal controls.

*Finally*, the parties have not discussed exchange of a privilege log. We request that Defendants agree to June 19, 2023 as the date on which the parties will exchange privilege logs, with the understanding these will be updated as additional privileged documents are designated.

Sincerely,

*/s/ Mica A. Cocco*
Mica A. Cocco

cc:     Tod Sawicki (tod.sawicki@alston.com)
        Joe Tully (joe.tully@alston.com)
        Oyinkan Muraina (oyinkan.muraina@alston.com)
        Matt LaGrone (matt.lagrone@alston.com)

# EXHIBIT A

Message

___

| | |
|---|---|
| **From**: | Jason Davis [jdavis@celsius.com] |
| **Sent**: | 2/27/2022 5:18:29 PM |
| **To**: | Edwin Negron [enegron@celsius.com]; Ken Frost [kfrost@celsius.com] |
| **Subject**: | Review documentation |
| **Attachments**: | Copy of Q4_2021_ 10K_CELH_Certent_Workbook_v6 022622.xlsx; Stock Comp Footnote Review Checklist.pdf |

Edwin,

Please note that I have reviewed the Certent Stock Compensation Workbook for accuracy and completeness.  I have also, in conjunction with Jonathan J., signed off on the attached Stock Compensation Certent Checklist.  Please also note, that I have verified each linking from the Certent Stock Compensation Workbook to the Active Disclosure Master Workbook, which then links into the 10-K document.

Jason Davis
SEC Consultant

Confidential

EY-CELS-00007656

# EXHIBIT B

Message

| | |
|---|---|
| **From**: | Damon Desantis [dadson1234@aol.com] |
| **Sent**: | 2/28/2022 8:51:16 PM |
| **To**: | John Fieldly [jfieldly@celsius.com] |
| **CC**: | Alexandre Ruberti [alexandre.ruberti@gmail.com]; Caroline Levy [ziggachino@gmail.com]; Cheryl Miller [scullycheryl@gmail.com]; Edwin Negron [enegron@celsius.com]; Hal Kravitz [halkrav@gmail.com]; Joyce Russell [Joyce.Russell@adeccogroup.com]; Marcus Sandifer [MSandifer@celsius.com]; Nick Castaldo [nickcastaldo@yahoo.com]; Dale Bergman (Dale.Bergman@gbbpl.com) [dale.bergman@gbbpl.com] |
| **Subject**: | Re: CELH Board of Directors Update CONFIDENTIAL |
| **Flag**: | Follow up |

John,

Thank you for the call.  Due to the time sensitivity of the call and difficulty speaking under such I wanted to share the following.

I think Cheryl's points of the company "Owning the decision made" is the proper tact speaking of legacy employees and BOD members.

The statement below, already contained within the reports being filed, needs to be repeated again and again to both sophisticated analysts, institutional owners/buyers and to the retail community at large.

" However, this does not impact the
Company's cash, revenue, other aspects
of its operations or business
fundamentals and is deemed to be a one-
time situation."

Good luck with the earnings release tomorrow and even more importantly the follow up calls with all interested parties.

Best,

Damon DeSantis

On Feb 25, 2022, at 1:26 PM, John Fieldly <jfieldly@celsius.com> wrote:

# Microsoft Teams meeting

**Join on your computer or mobile app**
Click here to join the meeting
**Or call in (audio only)**
+1 872-242-7910,,575012847#   United States, Chicago
Phone Conference ID: 575 012 847#
Find a local number | Reset PIN

Confidential                                      CELH00008793

Learn More | Meeting options

_____

**From:** John Fieldly
**Sent:** Friday, February 25, 2022 1:25 PM
**To:** Alexandre Ruberti <alexandre.ruberti@gmail.com>; Caroline Levy <ziggachino@gmail.com>; Cheryl Miller <scullycheryl@gmail.com>; Damon DeSantis (dadson1234@aol.com) <dadson1234@aol.com>; Edwin Negron <enegron@celsius.com>; Hal Kravitz <halkrav@gmail.com>; Joyce Russell <Joyce.Russell@adeccogroup.com>; Marcus Sandifer <MSandifer@celsius.com>; Nick Castaldo <nickcastaldo@yahoo.com>; ziggachino@gmail.com
**Cc:** 'Dale Bergman (Dale.Bergman@gbbpl.com)' <dale.bergman@gbbpl.com>
**Subject:** CELH Board of Directors Update CONFIDENTIAL

Dear Board of Directors,

I hope this email finds you well.

**_This email is highly confidential do not forward or share_**

As you are aware the teams have been working hard through the audit nights, weekends and holidays but unfortunately we are going to have to file and automatic extension. In addition, during the audit a prior period adjustment has been identified with how the Company recorded non-cash stock based compensation for retired board members and employees who have retired and or where terminated. In regards to the prior period adjustments, the Company allowed continual vesting of stock awards past the individuals service date which is considered a class 3 modification to a stock award and requires a revaluation at the time of modification to a mark to mark value. As a result, the company has a material adjustment to stock comp which needs to be recorded in Q2 and Q3 of 2021, the company is still evaluating the financial analysis on these adjustments which will be finalized shortly. In addition, due to this error, the company will have an material weakness over financial reporting and internal controls which will be disclosed in our filings. The Company is working to resolve on a go forward basis and working closely with BDO our contracted internal auditors who have been brought on last year to assist us with our SOX internal controls as well as helping with the audit.

Below is our current timeline for the market communication

- Tuesday March 1st
o @ 4:05 PM EST
- File Late Extension Notice (12b-25) – Preliminary Draft Attached
- 8k Prior Period Error Correction Notice  - Preliminary Draft Attached
- 8k Preliminary unaudited financial press release – Draft Attached (8k Earnings Press Release & Earnings Release Supplement)
- Please note all documents attached are drafts and will be finalized prior to filing. The financials will be updated based on any final adjustments which will be made today, these adjustments will be minimum to the current presentation.
o @ 4:30 PM EST
- Company will host our standard earnings call as planned


Other Topics
- Please note the Audit Committee has been involved in this process and is aware of all matters associated with the audit, extension and prior period adjustments and approach the company is taking
- Q1 Board of Directors Meeting – Originally scheduled for  Thursday April 28th @ 8:00am -> _Propose Changing to the following Thursday May 5th @ 8:00am_
o _Reason -> CELSIUS WON "Company of the Year Award for under a Billion Dollars" from the Beverage Forum & Beverage Industry Magazine – Awards (April 28th-29th in Chicago)_

Confidential                                                                                        CELH00008794

-       *Monday, February 28th @ 3:00 pm Celsius will host a Telephonic Board meeting where Mgmt will be available to answer any questions. Please see meeting invite below*
-       If you would like to speak with prior or have any questions please feel free to reach out anytime.

_____

# Microsoft Teams meeting

**Join on your computer or mobile app**

[Click here to join the meeting](#)

**Or call in (audio only)**

[+1 872-242-7910,,575012847#](#)   United States, Chicago

Phone Conference ID: 575 012 847#

[Find a local number](#) | [Reset PIN](#)

[Learn More](#) | [Meeting options](#)


Kindest Regards,
John




### John Fieldly
President & CEO | Celsius Inc.
P 561.276.2239
2424 N. Federal Hwy. Suite 208 Boca Raton, FL 33431
Celsius.com | CELH (NASDAQ)


Confidentiality Notice: IMPORTANT: This email and any files transmitted with it are confidential and intended solely for the use of the entity or individual to whom they are addressed. If you have received this email in error, please notify the sender immediately and delete this email and destroy all attachments from your system. If you are not the intended recipient, you are notified that disclosing, copying, distributing, or taking any action in reliance on the contents of this information is strictly prohibited. Any views, statements, or opinions presented in this email are solely those of the author and do not necessarily represent those of Celsius, Inc. Information received or sent from this system is subject to review by supervisory personnel, may be retained, and may be produced to regulatory or legal authorities or others with a legal right to the information.

CELH00008795

# EXHIBIT C

Message

---

**From:** Edwin Negron [enegron@celsius.com]
**Sent:** 2/21/2022 9:52:06 PM
**To:** Ken Frost [kfrost@celsius.com]
**Subject:** FW: Share-based Compensation

FYI.

---

**From:** Edwin Negron
**Sent:** Monday, February 21, 2022 12:58 PM
**To:** Ken Frost <kfrost@celsius.com>
**Subject:** FW: Share-based Compensation

FYI.

---

**From:** Jonathan Jeerapaet <JJeerapaet@celsius.com>
**Sent:** Friday, December 17, 2021 3:37 PM
**To:** Ken Frost <kfrost@celsius.com>; Edwin Negron <enegron@celsius.com>
**Subject:** Re: Share-based Compensation

Edwin/Ken,

Attached is updated memo as we discussed to:

• better clarify that equity classification is appropriate for all awards, including the geyser warrants

• quantify the difference in how we currently expense the geyser warrants versus the 'accelerated attribution' method.:

o the YTD Q3 difference in expense is less than $1K.

o the life-to-date difference in expense, from May 2019 through September 2021, is $162K, but keep in mind this is life-to-date and still not material.

Thanks,
Jonathan

---

**From:** Ken Frost <kfrost@celsius.com>
**Sent:** Friday, December 17, 2021 1:55 PM
**To:** Jonathan Jeerapaet <JJeerapaet@celsius.com>; Edwin Negron <enegron@celsius.com>
**Subject:** RE: Share-based Compensation

Hello Jonathan,

I have reviewed and very thorough as always.  I trusted it will be cleaned up when done for good presentation.

I did note the discussion on the Big Geyer performance based warrants.  While I would lean toward agreeing with the treatment as these expenses applied as a customer discount/rebate to derive net income, I do not agree with the expensing of the entire amount at once.  We have to remember our basic theory in this respect and the matching principle would trump this in my mind so that the expense would only be realized in relation to the achieve revenue during that performance based period.

Confidential

CELH00017488

Thanks.

Ken

---

**From:** Jonathan Jeerapaet <JJeerapaet@celsius.com>
**Sent:** Friday, December 17, 2021 9:53 AM
**To:** Edwin Negron <enegron@celsius.com>
**Cc:** Ken Frost <kfrost@celsius.com>
**Subject:** Re: Share-based Compensation

Edwin, see memo attached. I did not have time to fill out the checklists EY provided, but I followed their accounting manual, which presumably contains the same information.

Three things to note:

- The rules around the expense recognition for the big geyser warrants is unclear. They seem to imply we would book the entire fair value of the warrants immediately as a reduction to revenue, rather than expense it over time as the warrants vest. But I am not sure and would like to get EY's viewpoint. Either way, not material.

- 

- For computing dilutive shares for EPS, equity awards with performance vesting conditions (like the Big Geyser warrants) are treated differently than how we treat regular stock options and RSUs/RSAs, which all have service vesting conditions. Something to keep on your radar as these types of performance awards become more common.

- 

- There is one sentence I'd like to add to the Stock Compensation footnote, as it is a required disclosure: "The maximum contractual term of the Company's stock options is 10 years." If you are OK with this I will ask Jason to update.  Also, let me know if 10 years is not correct. I am basing this off of an agreement you shared with me:

or any of its subsidiaries or affiliates, as defined and provided for in the Plan.  The Options, to the extent Vested and not exercised, shall expire ten (10) years from the Grant Date, or as earlier provided for in the Plan (the "**Termination Date**").

Thanks,
Jonathan

---

**From:** Edwin Negron <enegron@celsius.com>
**Sent:** Thursday, December 16, 2021 5:37 PM
**To:** Jonathan Jeerapaet <JJeerapaet@celsius.com>
**Cc:** Ken Frost <kfrost@celsius.com>
**Subject:** RE: Share-based Compensation

Thanks Jonathan!=>U Da Man!

---

**From:** Jonathan Jeerapaet <JJeerapaet@celsius.com>
**Sent:** Thursday, December 16, 2021 4:14 PM
**To:** Edwin Negron <enegron@celsius.com>
**Cc:** Ken Frost <kfrost@celsius.com>
**Subject:** Re: Share-based Compensation

Confidential                                                                    CELH00017489

Hi yes, I am in-process with this and hopefully will have a draft to you tomorrow morning.

Thanks,
Jonathan

**From:** Edwin Negron <enegron@celsius.com>
**Sent:** Thursday, December 16, 2021 4:12 PM
**To:** Jonathan Jeerapaet <JJeerapaet@celsius.com>
**Cc:** Ken Frost <kfrost@celsius.com>
**Subject:** FW: Share-based Compensation

Hello Jonathan:

Just an FYI=>As you will see, E/Y is following-up on this request.  I believe that when we discussed this yesterday, that your were going to take this over as Amit was not able to handle.  Please let me know if you will have a Draft ready by tomorrow since you will be taking some days-off next week.

Tks.

**From:** Parker R Anderson <Parker.Anderson@ey.com>
**Sent:** Thursday, December 16, 2021 4:03 PM
**To:** Edwin Negron <enegron@celsius.com>
**Cc:** Brittany N Snyder <brittany.snyder@ey.com>
**Subject:** RE: Share-based Compensation

Hey Edwin – From our conversation earlier this week, this memo will be ready for our review by Monday 12/20/21. Just wanted to make sure Jonathan was aware of this deadline due to the importance of Share-based compensation.

Thanks,
Parker

**Parker Anderson** | Assurance Services

Ernst & Young LLP
Cell: +1 402 619 6907 | Parker.Anderson@ey.com

**From:** Parker R Anderson
**Sent:** Tuesday, December 14, 2021 1:02 PM
**To:** Edwin Negron <enegron@celsius.com>
**Cc:** Brittany N Snyder <brittany.snyder@ey.com>
**Subject:** Share-based Compensation

Hey Edwin – I tried stopping by but looked like you were on another call. Please provide a position paper relating to each type of share-based compensation that company utilizes. Below are items that come to mind (may not be comprehensive). I would recommend using Jonathan and let me know when you are available to discuss.

Position Paper
a.          To include the day 1 and subsequent accounting
b.          A list of all shares issued and type of grants (at minimum: RSUs, RSAs, PSUs, Stock Options, and warrants)
            i.   Ensure all types are covered within the memo
c.          Classification
d.          Required disclosures for the 10K

Confidential                                                                                                          CELH00017490

e.  Further items to consider
    i. Do any require accelerated attribution method
    ii. Consideration of employee and non-employee
    iii. Impact on EPS calculation (ie. 2 class method)
    iv. Liability vs. equity


Thanks,
Parker



**Parker Anderson** | Assurance Services

Ernst & Young LLP
201 N Franklin St, Tampa, FL 33602, United States of America
Cell: +1 402 619 6907 | Parker.Anderson@ey.com
Website: http://www.ey.com


Any tax advice in this e-mail should be considered in the context of the tax services we are providing to you. Preliminary tax advice should not be relied upon and may be insufficient for penalty protection.

The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer.

Notice required by law: This e-mail may constitute an advertisement or solicitation under U.S. law, if its primary purpose is to advertise or promote a commercial product or service. You may choose not to receive advertising and promotional messages from Ernst & Young LLP (except for My EY, which tracks e-mail preferences through a separate process) at this e-mail address by opting out of emails through EY's Email Preference Center. Our principal postal address is One Manhattan West, New York, NY 10001. Thank you. Ernst & Young LLP

CELH00017491

# EXHIBIT F

# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

**Joseph G. Tully**                    Direct Dial: **+1 212 210 9493**                    Email: **joe.tully@alston.com**

May 26, 2023

**VIA EMAIL**

Mica Cocco
Grant & Eisenhofer P.A.
485 Lexington Avenue
New York, New York 10017
mcocco@gelaw.com

> Re:    *City of Atlanta Police Officers' Pension Plan et al. v. Celsius Holdings, Inc. et al.*,
> No. 9:22-cv-80418 (S.D. Fla.)

Dear Mica:

I write on behalf of Defendants Celsius Holdings, Inc. ("Celsius" or the "Company") and Edwin Negron-Carballo (together with Celsius, "Defendants") in response to Lead Plaintiffs City of Atlanta Police Officers' Pension Plan and City of Atlanta Firefighters' Pension Plan ("Plaintiffs", together with Defendants, the "Parties")  May 24, 2023 letter (the "May 24 Letter"). The May 24 Letter concerns Plaintiffs' April 6, 2023 First Request for Production of Documents (collectively, "Requests" and each a "Request") and Defendants' Responses and Objections to the Requests (collectively, "Responses and Objections" and each a "Response"), as discussed during the Parties May 22, 2023 meet and confer (the "Meet-and-Confer").

## I.    Request No. 7

As an initial matter, Plaintiffs' cited  "good faith compromise" with respect to Request No. 7  is entirely illusory.  The class period is six months long.  Plaintiffs initially proposed a relevant time period of *fifteen* years for Request No. 7.  That Plaintiffs now propose a relevant time period of approximately five years, as opposed to fifteen, does not demonstrate good faith so much as it demonstrates the awesome scope of Plaintiffs' initial request.  Further, Plaintiffs' proposed five-year window for Request No. 7 would push the start of the relevant time period back over a year and a half before the sole remaining individual defendant in this case even joined Celsius.  The sole individual defendant whose alleged scienter the Court imputed to the Company, and not vice versa.  *See* ECF No. 55 at 32.

Defendants acknowledge that the Court found relevant Mr. Negron-Carballo's alleged knowledge of the Company's past application of ASC 718 to departing employees and directors. *See* ECF No. 55 at 20.  Indeed, it is for that reason that Defendants have agreed to supplement the

Mica Cocco
May 26, 2023
Page 2

Responsive SEC Production[1] (subject to terms the Parties continue to negotiate) so as to produce responsive, non-privileged documents from a relevant time period that begins when Mr. Negron-Carballo joined Celsius, July 26, 2018, more than three years before the start of the six-month class period Plaintiffs defined.

Additionally, in Defendants' May 17, 2023 letter and again during the Meet-and-Confer, Defendants explained that, to the extent Mr. Negron-Carballo or others considered the Company's historical accounting for the share-based compensation of departing employees and directors when considering the proper accounting treatment for the awards at issue in 2021, Defendants' previous and forthcoming productions will reflect that consideration.

In the May 24 Letter, Plaintiffs respond that "documents that existed prior to Negron-Carballo's arrival are relevant to his state of mind." While that may be so, that is only to the extent Mr. Negron-Carballo actually considered those documents, between the start of his tenure at the Company on July 26, 2018, and the date the Company announced the Restatement on March 1, 2022.

## II.     The August 2021 SEC Subpoena

In the May 24 Letter, Plaintiffs claim that Defendants "will not produce any information concerning the SEC subpoena served on Celsius on August 20, 2021" (the August 2021 Subpoena) and have "refused to provide any additional details so that Plaintiffs may verify for themselves" that the August 20, 2021 subpoena "is not relevant to Plaintiffs' claims in this action." This does not accurately characterize Defendants position.

During the Meet-and-Confer, Defendants suggested that Plaintiffs propound an interrogatory related to this non-responsive subpoena and advised that they would provide a general description of the subpoena, which would obviate the need to produce a non-responsive SEC subpoena, issued with respect to an ongoing non-public investigation. Defendants have made this concession notwithstanding that Plaintiffs' position disregards the limitations placed on the scope of discovery pursuant to Federal Rule of Civil Procedure 26(b).

Plaintiffs have no reason to dispute Defendants' representation regarding this non-responsive subpoena because, as discussed during the Meet-and-Confer, the facts currently available to Plaintiffs substantiate that representation. The August 2021 Subpoena predates by half-a-year Celsius's March 2022 announcement of the Restatement. Furthermore, the SEC issued the August 2021 Subpoena before Celsius issued the Forms 10-Q for the second and third quarters of fiscal-year 2021 that were the subject of the Restatement.

## III.     Additional Custodians Proposed by Lead Plaintiffs

The May 24 Letter proposes nearly doubling the number of email custodians, requesting Defendants add five additional custodians for a total of eleven custodians. This is plainly

---

[1] Capitalized terms have the same meaning ascribed in the Responses and Objections.

Mica Cocco
May 26, 2023
Page 3

disproportionate in this case, which is limited to allegations concerning the non-cash expense associated with modifications to the stock-based compensation issued to nine former employees and retired directors and the restatement of that non-cash expense, over the course of a six-month class period. We address the proposed additional custodians in turn.

*First*, we address your request that we add Jonathan Drew Jeerapaet and Jason Davis as custodians. The May 24 Letter states that, during the "May 11 M&C" Defendants represented that Mr. Jeerapaet did not have a Celsius email address. Defendants presume you meant to refer to the meet-and-confer between the parties on May 10, 2023, but, regardless, this representation is not true. Defendants proposed Mr. Jeerapaet as a custodian in their May 17, 2023 letter to you, as part of the broad search parameters proposed in Exhibit B to that letter. As to Jason Davis, in the interest of compromise and in order to move discovery forward, Defendants are willing to add Jason Davis to the list of custodians proposed in Exhibit B of this letter. Defendants will revert to Plaintiffs on the nature of the relationship between Celsius and Messrs. Jeerapaet and Davis.

*Second*, Plaintiffs request that Defendants' add Cheryl S. Miller, Joyce Russell, and Caroline Levy as custodians. Defendants continue to object to this request as unduly burdensome and not proportionate to the needs of this case. As Plaintiffs must know, the three thousand plus documents Defendants have produced to date reflect that Mses. Miller, Russell, and Levy had limited electronic correspondence with management concerning the relevant topics, as revealed by the metadata associated with that production. That production contains a single email sent by Ms. Miller and no emails sent by Mses. Russell and Levy. This analysis bolsters Defendants' position that the collection of electronic correspondence from the third-party email accounts of these independent directors would impose an undue burden. For the avoidance of doubt, Defendants have already produced board minutes, board packages, and other documents received by these directors.

*Third*, during the Meet-and-Confer, Plaintiffs represented that Josh Aronin sent emails related to the Restatement and was not merely copied on correspondence and cited this as a basis to add Mr. Aronin as a custodian. When Defendants noted that their voluminous production to date included only three emails that were sent by Mr. Aronin (only one of which is relevant to the topics at issue), Plaintiffs responded that the production from third-party Ernst & Young demonstrated that he played an active role in the Restatement. Following the Meet-and-Confer, Defendants examined the Ernst & Young production, and found only six emails sent by Mr. Aronin. Of that six, five of the emails post-date the Parties' agreed upon relevant time period and *none* of them concern the restatement of the non-cash expense related to the modification of the stock-based compensation at issue.

## IV.    ASC 718

As for the "ASC 718" search term and the documents that hit on the term, the May 24 Letter does not accurately state Defendants' position as to what constitutes a relevant document. As stated in Defendants' Responses and Objections and May 17, 2023 letter, Plaintiffs' claims are predicated on Mr. Negron-Carballo's alleged involvement – before the class period –

Mica Cocco
May 26, 2023
Page 4

in the proper application of ASC 718 to the awards of departing Celsius employees and directors and on the alleged inference of scienter that arose when Celsius failed to apply ASC 718 properly to the modified awards of nine departing Celsius employees and directors in the second and third quarters of fiscal-year 2021.  Outside of the accounting for such modified awards, Plaintiffs do not allege any inconsistent application of ASC 718.  Therefore, Defendants view as relevant any document that discusses the modification of the stock-based compensation of employees and directors who departed the Company during the relevant time period.  In contrast, Defendants do not view as relevant documents that discuss the application of ASC 718 to the awards of current employees.

**V.      Internal Controls**

Defendants appreciate Plaintiffs' willingness to review the internal controls documents produced by Defendants to date before pursuing additional discovery.  Nevertheless, in the May 24 Letter, Plaintiffs state "although the Court dismissed the actionability of this category of statements, Plaintiffs are still entitled to [documents pertaining to the Company's internal controls] as they are relevant."  Yet, during the Meet-and-Confer, in response to Defendants' Request for Production No. 36, seeking materials produced or relied upon by the purported accounting expert referenced in the Amended Complaint, Plaintiffs cited the Court's finding that the proffered expert evidence was unreliable as justification for their refusal to produce documents responsive to the request.  Please clarify Plaintiffs' position as to the relevance of claims the Court has deemed not actionable and/or unreliable.

**VI.     Privilege Logs**

Finally, in the interest of compromise and subject to the Parties' agreement on reasonable search parameters, Defendants agree to exchange privilege logs, with the understanding the logs will be updated as additional privileged documents are designated.  However, Defendants find Plaintiffs' request for a date certain on which the Parties will exchange privilege logs premature, as fact discovery has only just commenced and the Parties continue to negotiate search terms, custodians, and other matters.  For the avoidance of doubt, Defendants intend to exchange a privilege log within a reasonable period of time following the completion of their first-level review of documents, subject to the Parties' agreement on reasonable search parameters.

Regards,

/s/ Joseph G. Tully
Joseph G. Tully

cc:    Daniel Berger (dberger@gelaw.com)
       Caitlyn Moyna (cmoyna@gelaw.com)
       Vincent Pontrello (vpontrello@gelaw.com)
       Robert Klausner (bob@robertdklausner.com)

# Exhibit B

**Alston & Bird Revisions 5.26.2023**

**Defendants' Proposed Custodians**

| Name | Title[1] |
| --- | --- |
| John Fieldly | President, Chief Executive Officer, and Chairman |
| Edwin Negron-Carballo | Chief Financial Officer |
| Danielle Babich | Director of Human Resources |
| Kenneth Frost | Vice President of International Finance |
| Stephen George | Vice President, Corporate Controller |
| Jonathan Drew Jeerapaet | Consultant |
| Jason Davis | Consultant |

---

[1] All titles reflect the positions held by these individuals at Celsius Holding, Inc. during the Operative Relevant Time Period

# EXHIBIT G

# G|E   Grant & Eisenhofer P.A.

123 Justison Street
7th Floor
Wilmington, DE 19801
tel:  302.622.7000
fax: 302.622.7100

30 N. LaSalle Street
Suite 2350
Chicago, IL 60602
tel:  312.610.5350
fax: 312.214.0001

201 Mission Street
Suite 1200
San Francisco, CA 94105
tel:  415.229.9720
fax: 415.789.4367

www.gelaw.com

485 Lexington Avenue, 29th Floor, New York, NY 10017          tel: 646.722.8500   fax: 646.722.8501

June 6, 2023

**VIA EMAIL**

Joseph G. Tully
Alston & Bird
90 Park Avenue
New York, NY 10016
Joe.tully@alston.com

Re:     *City of Atlanta Police Officers' Pension Plan et al. v. Celsius Holdings, Inc. et al.*,
No. 9:22-cv-80418 (S.D. Fla.)

Dear Joe:

We write specifically in response to your objection to designate Mses. Levy, Russell, and Miller as custodians, as set forth in your May 26, 2023 letter ("May 26 Letter").

In your May 26 Letter you stated that Defendants' document production to-date "reflect[s] that Mses. Miller, Russell, and Levy had limited electronic correspondence with management concerning the relevant topics . . ." But Mses. Miller, Russell, and Levy comprised the *entirety* of Celsius's Audit and Enterprise Risk Committee ("Audit Committee"), and they more likely than not discussed the SBC issue and Restatement among themselves, without management's participation. Therefore, the produced electronic correspondence, to which Defendants refer, do not capture all relevant communications among the Audit Committee members.

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), Plaintiffs are entitled to all relevant documents in the possession, custody, or control of these three board members.  Defendants' arguments that they need not designate these individuals as custodians because: (a) they "do not have Celsius email addresses" or (b) "Plaintiffs' claims are not based on any act or decision made by the Company's Board or any committee thereof" (*see* May 17 Letter) are without merit.  That these individuals do not possess Celsius email addresses does not *ipso facto* render a search of their documents and emails burdensome.  Defendants have not advanced any reason why searching non-Celsius email addresses is more burdensome than searching Celsius email addresses, and performing a narrow and targeted search of their emails exchanged during the relevant time period will avoid the imposition of any supposed burden. Additionally, the Board's involvement is relevant here; in fact, a document recently produced to Plaintiffs reveals the involvement these individuals had in accelerating the vesting conditions of the stock awards at issue. *See, e.g.*, CELH00007142 (email from John Fieldly to Celsius's board members concerning the Company's decision to restate its financials due to the Class III modification to stock-based awards issued to employees and directors which states: the "Audit Committee has been involved in this process and

1

is aware of all matters associated with the audit, extension and prior period adjustments and approach the company is taking").

Nevertheless, in the interest of reaching a compromise on this discrete issue, we ask that Defendants designate Ms. Miller, the Chairperson of Celsius' Audit Committee during the relevant period, as a custodian. To the extent that Ms. Miller possesses documents or communications concerning the Audit Committee's involvement in Celsius's accounting for SBC, Plaintiffs trust that any such documents would be reflected in a document production made by Ms. Miller.

Accordingly, please advise whether Defendants will designate Ms. Miller as a custodian by COB on Thursday, June 8, 2023.

Sincerely,

*/s/ Mica A. Cocco*
Mica A. Cocco

cc:     Tod Sawicki (tod.sawicki@alston.com)
        Jason Outlaw (jason.outlaw@alston.com)
        Oyinkan Muraina (oyinkan.muraina@alston.com)
        Matt LaGrone (matt.lagrone@alston.com)

# EXHIBIT H

# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

**Joseph G. Tully**                  Direct Dial: **+1 212 210 9493**                  Email: **joe.tully@alston.com**

June 12, 2023

**VIA EMAIL**

Mica Cocco
Grant & Eisenhofer P.A.
485 Lexington Avenue
New York, New York 10017
mcocco@gelaw.com

> Re:   *City of Atlanta Police Officers' Pension Plan et al. v. Celsius Holdings, Inc. et al.*,
> No. 9:22-cv-80418 (S.D. Fla.)

Dear Mica:

We write in response to your request that we designate Celsius board member Cheryl S. Miller as a custodian and to provide an update on the status of our review of potentially responsive documents from custodians Jason Davis and Jonathan Jeerapaet, topics addressed in your June 6 letter and June 9 email.

## I.        Lead Plaintiffs' Request to Designate Non-Employee Director a Custodian

Your request that Defendants designate Ms. Miller as a custodian is based entirely on conjecture and finds no support in the over three thousand documents Defendants have produced to Lead Plaintiffs to date.  Those documents include board minutes, board packages, and other documents received by Ms. Miller and other members of Celsius's Audit and Enterprise Risk Committee.  Defendants' May 26, 2023 letter explained those documents "reflect that Mses. Miller, Russell, and Levy had limited electronic correspondence with management concerning the relevant topics."  It is also true that those thousands of documents – mostly email communications – reflect no director-to-director communication.  Nevertheless, you speculate that Ms. Miller and her fellow Audit Committee members "more likely than not discussed the SBC issue and Restatement among themselves, without management's participation," and, therefore, Defendants' substantial production of emails communications "do not capture all relevant communications among the Audit Committee members."  But, if the documents produced to date reflect no director-to-director communications, apart from documents like board minutes, your conclusion that such communications did occur outside managements' presence lacks any foundation.  For example, you have failed to point us to any document among the thousands now in your possession that reference such discussions, either directly or indirectly.

Alston & Bird LLP                                                                                                         www.alston.com

Atlanta  |  Beijing  |  Brussels  |  Charlotte  |  Dallas  |  Fort Worth  |  London  |  Los Angeles  |  New York  |  Raleigh  |  San Francisco  |  Silicon Valley  |  Washington, D.C.

Mica Cocco                    PRIVILEGED & CONFIDENTIAL/ ATTORNEY WORK PRODUCT
May 26, 2023
Page 2

Besides the lack of any foundation for your request, Defendants continue to object to designating Cheryl S. Miller as a custodian because Federal Rule of Civil Produce 26 does not require Defendants to undertake the undue burden associated with doing so.  First, Lead Plaintiffs can point to no paragraph in the Amended Complaint in which they allege any Celsius director participated in the alleged fraud.  The absence of any allegations based on any act or decision made by the board, or any committee thereof, combined with the limited electronic correspondence between the directors and management, establishes that the burden associated with a collection of Ms. Miller's non-Celsius emails far outweighs any likely benefit Lead Plaintiffs proffer and is not proportionate to the needs of the case.

Federal Rule of Civil Procedure 26 does not require Defendants to designate Ms. Miller as a custodian for a second reason: Defendants do not have "possession, custody, or control" of the third-party email accounts used during the revenant period by Ms. Miller, a non-employee director.[1]  In your June 6 letter, you cite Federal Rule of Civil Procedure 26(a)(1)(A)(ii) for the proposition that "Plaintiffs are entitled to all relevant documents in the possession, custody, or control" of Ms. Miller.  This admits that Ms. Miller, a non-party, has control, possession, or custody of the communications at issue not Celsius.  This places those communications outside the scope of Rule 26, which requires the disclosure of all documents "the *disclosing party* has in its possession, custody, or control."  To the extent Lead Plaintiffs dispute this, Lead Plaintiffs have the burden of showing control as the party seeking production of the documents here.  *Fair Fight Action, Inc. v. Brad Raffensperger*, No. 1:18-CV-5391-SCJ, 2020 U.S. Dist. LEXIS 266961, at \*14 (N.D. Ga. Apr. 1, 2020) (citing *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989) ("The party seeking production of the documents . . . . bears the burden of proving that the opposing party has such control.")).

Finally, Defendants note that, if Lead Plaintiffs' speculations about director-to-director communications over third-party email accounts provided a basis for disclosure under Rule 26, those speculations would apply equally to Lead Plaintiffs' board members.  Your productions to date reflect that Richard Light and Brent Hullender used personal email addresses to conduct board business (bhullender@gmail.com and ricklight5000@yahoo.com).  Nevertheless, it appears that Lead Plaintiffs did not designate Messrs. Light and Hullender as custodians.

## II.     Additional Document Productions

In your June 9, 2023 email, you asked us to advise when Lead Plaintiffs can expect to receive "documents from custodians Jason Davis and Jonathan Jeerapaet."  Defendants intend to make a substantial production of relevant non-privileged documents within the next week or so.  That production and the supplemental productions that follow will contain documents from the custodial files of Jason Davis and Jonathan Jeerapaet.  It is difficult to estimate when Defendants will complete the production of relevant non-privileged documents from those custodians, given that the Parties have not yet reached an agreement on search terms.

---

[1] *See Bloodworth v. United States*, 623 F. App'x 976, 979 (11th Cir. 2015) ("A party does not have authority to compel the production of documents outside the possession, control, or custody of a party to the case through a motion to compel").

Mica Cocco                                PRIVILEGED & CONFIDENTIAL/ ATTORNEY WORK PRODUCT
May 26, 2023
Page 3


   Specifically, during the Parties' May 22, 2023 meet-and-confer (the "Meet-and-Confer"), Lead Plaintiffs questioned why Defendants' May 17, 2023 revisions (the "May 17 Revisions") to their May 8, 2023 proposed search terms (the "May 8 Terms") used within ten proximity connectors.  In response, Defendants explained that certain of the May 8 Terms produced several false hits.  Lead Plaintiffs requested a hit report for those terms, comparing Defendants' initial May 8 Terms with the May 17 Revisions.  Defendants suggested that before providing a hit report for the May 17 Revisions, Lead Plaintiffs consider whether they would be amenable to within twenty-five proximity connectors.

   Based on that discussion, Defendants have further revised their proposed search terms, as reflected in the two tables in the document attached as Exhibit A.  The first table reflects the May 8 Terms Defendants identified as problematic due to overexpansive wildcards and proximity connectors.  The second table reflects those same terms as modified by Defendants to address the overexpansive wildcards and proximity connectors.  Defendants note that the modified terms, as reflected in the second table, were run as written to create Defendants' current review set.  For the avoidance of doubt, to the extent a term is not reflected in the tables, Defendants have run the term as reflected in Lead Plaintiffs' May 11, 2023 revisions to Defendants' proposed search terms.   Please advise as to whether Lead Plaintiffs find these modified terms acceptable by Friday, June  16, 2023 so that Defendants might proceed with rolling productions.


               Regards,

               /s/ Joseph G. Tully
               Joseph G. Tully


cc:  Daniel Berger (dberger@gelaw.com)
   Caitlyn Moyna (cmoyna@gelaw.com)
   Vincent Pontrello (vpontrello@gelaw.com)
   Robert Klausner (bob@robertdklausner.com)

# Exhibit A

*Chart 1: Defendants' Initial Proposed Search Terms*

| Defendants' Initial Proposed Terms Showing Problematic Aspects in Red | Hits | Hits with Family |
|---|---|---|
| ((accelerat* OR cont*) w/25 (award* OR stock* OR share* OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) | 96,831 | 154,927 |
| ("refresh policy" OR retire* OR terminat*) AND (award* OR grant* OR share* OR stock* OR RSU* OR vest* OR comp* OR securit* OR GAAP OR expense* OR account*) | 19,061 | 41,233 |
| (stock* OR option* OR grant* OR vest* OR RSU* OR share*) AND ("Randy Smith" OR "R. Smith" OR "Robbie" OR "Kotkosky" OR "Marjorie" OR "Selvaggio" OR "Brandy Robinson" OR "Sher* Lopes" OR "Sandy" OR "Telsaint") | 15,674 | 34,575 |
| (modif* w/25 (award* OR stock* OR share* OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) | 8,228 | 18,679 |
| (stock* OR option* OR grant* OR vest* OR RSU* OR share*) AND (Lynch OR Harrington OR Milmoe) | 7,881 | 16,995 |
| (((accelerat* OR cont*) w/25 (award* OR stock* OR share* OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) w/20 (polic* OR procedure*)) | 7,435 | 17,299 |
| (*@bdo.com OR *@maximgrp.com OR scuderiadavis@gmail.com OR jdrewj@gmail.com) AND ((Accelerat* OR cont*) w/25 (award* OR stock* OR share* OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) | 4,677 | 6,291 |
| (*@aduscpa.com OR "Assurance Dimesnions" OR "AD") AND ((Accelerat* OR cont*) w/25 (award* OR stock* OR share* OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) | 8,586 | 21,662 |
| ("mutual release" OR "separation" OR "terminat*" OR "compensat*" OR consult* or "retir*") w/50 ("Randy Smith" OR "R. Smith" OR "Robbie" OR "Kotkosky" OR "Marjorie" OR "Selvaggio" OR "Brandy Robinson" OR "Sher* Lopes" OR "Sandy" OR "Telsaint") | 2,695 | 7,774 |
| (*@ey.com OR "Ernst & Young" OR "EY" OR "E&Y") AND ((accelerat* OR cont*) w/25 (award* OR stock* OR share* OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) | 4,377 | 10,524 |
| ((("refresh policy" OR retire* OR terminat*) AND (award* OR grant* OR share* OR stock* OR RSU* OR vest* OR comp* OR securit* OR GAAP OR expense* OR account*)) w/20 (polic* OR procedure*)) | 1,232 | 4,681 |
| (separation w/2 agreement) AND (stock* OR award* OR grant* OR share* OR vest* OR RSU* OR comp* OR securit* OR GAAP OR expense* OR account*) | 548 | 1,105 |
| (*@bdo.com OR *@maximgrp.com OR scuderiadavis@gmail.com OR jdrewj@gmail.com) AND (("refresh policy" OR retire* OR terminat*) AND (award* OR grant* OR share* OR stock* OR RSU* OR vest* OR comp* OR securit* OR GAAP OR expense* OR account*)) | 510 | 805 |
| (*@bdo.com OR *@maximgrp.com OR scuderiadavis@gmail.com OR jdrewj@gmail.com) AND (Modif* w/25 (award* OR stock* OR share* OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) | 385 | 598 |
| ((modif* w/25 (award* OR stock* OR share* OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) w/20 (polic* OR procedure*)) | 349 | 1,087 |
| (*@ey.com OR "Ernst & Young" OR "EY" OR "E&Y") AND (("refresh policy" OR retire* OR terminat*) AND | 856 | 2,459 |

| Defendants' Initial Proposed Terms Showing Problematic Aspects in Red | Hits | Hits with Family |
|---|---|---|
| (award* OR grant* OR share* OR stock* OR RSU* OR vest* OR comp* OR securit* OR GAAP OR expense* OR account*)) | | |
| (*@ey.com  OR "Ernst & Young" OR "EY" OR "E&Y")AND (modif* w/25 (award* OR stock* OR share* OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) | 697 | 2,169 |
| (*@aduscpa.com OR "Assurance Dimensions" OR "AD") AND (Modif* w/25 (award* OR stock* OR share* OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) | 1,239 | 4,120 |
| (*@aduscpa.com OR "Assurance Dimensions" OR "AD") AND (("refresh policy" OR retire* OR terminat*) AND (award* OR grant* OR share* OR stock* OR RSU* OR vest* OR comp* OR securit* OR GAAP OR expense* OR account*)) | 2,550 | 7,936 |

*Chart 2: Defendants' Modifications*

| Defendants' Modifications to Problematic Aspects of Initial Proposed Terms | Hits | Hits with Family |
|---|---|---|
| (accelerat* OR continu*) w/25 (award* OR stock* OR shares OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP) | 22,938 | 45,410 |
| ("refresh policy" OR retire* OR terminat*) w/25 (award* OR grant* OR shares OR stock* OR RSU* OR vest* OR comp* OR securit* OR GAAP OR expense* OR account*) | 13,491 | 30,844 |
| (stock* OR option* OR grant* OR vest* OR RSU* OR shares) w/25 ("Randy Smith" OR "R. Smith" OR "Robbie" OR "Kotkosky" OR "Marjorie" OR "Selvaggio" OR "Brandy Robinson" OR "Sher* Lopes" OR "Sandy" OR "Telsaint") | 3,468 | 7,954 |
| modif* w/25 (award* OR stock* OR shares OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP) | 8,019 | 18,304 |
| (stock* OR option* OR grant* OR vest* OR RSU* OR shares) W/25 (Lynch OR Harrington OR Milmoe) | 3,803 | 8,806 |
| ((accelerat* OR continu*) w/25 (award* OR stock* OR shares OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) w/20 (polic* OR procedure*) | 1,378 | 3,851 |
| (*@bdo.com OR *@maximgrp.com OR scuderiadavis@gmail.com OR jdrewj@gmail.com) AND ((Accelerat* OR continu*) w/25 (award* OR stock* OR shares OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) | 614 | 927 |
| (*@aduscpa.com OR "Assurance Dimesnions" OR "AD") AND ((Accelerat* OR continu*) w/25 (award* OR stock* OR shares OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) | 1,926 | 6,897 |
| ("mutual release" OR "separation" OR "terminat*" OR "compensat*" OR consult* or "retir*") w/25 ("Randy Smith" OR "R. Smith" OR "Robbie" OR "Kotkosky" OR "Marjorie" OR "Selvaggio" | 1,720 | 4,673 |

| Defendants' Modifications to Problematic Aspects of Initial Proposed Terms | Hits | Hits with Family |
|---|---|---|
| OR "Brandy Robinson" OR "Sher* Lopes" OR "Sandy" OR "Telsaint") | | |
| (*@ey.com OR "Ernst & Young" OR "EY" OR "E&Y") AND ((accelerat* OR continu*) w/25 (award* OR stock* OR shares OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) | 1,736 | 5,531 |
| (("refresh policy" OR retire* OR terminat*) w/25 (award* OR grant* OR shares OR stock* OR RSU* OR vest* OR comp* OR securit* OR GAAP OR expense* OR account*)) w/20 (polic* OR procedure*) | 1,210 | 4,631 |
| (separation w/2 agreement) AND (stock* OR award* OR grant* OR shares OR vest* OR RSU* OR comp* OR securit* OR GAAP OR expense* OR account*) | 547 | 1,105 |
| (*@bdo.com OR *@maximgrp.com OR scuderiadavis@gmail.com OR jdrewj@gmail.com) AND (("refresh policy" OR retire* OR terminat*) w/25 (award* OR grant* OR shares OR stock* OR RSU* OR vest* OR comp* OR securit* OR GAAP OR expense* OR account*)) | 402 | 645 |
| (*@bdo.com OR *@maximgrp.com OR scuderiadavis@gmail.com OR jdrewj@gmail.com) AND (Modif* w/25 (award* OR stock* OR shares OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) | 359 | 555 |
| (modif* w/25 (award* OR stock* OR shares OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) w/20 (polic* OR procedure*) | 348 | 1,085 |
| (*@ey.com OR "Ernst & Young" OR "EY" OR "E&Y") AND (("refresh policy" OR retire* OR terminat*) w/25 (award* OR grant* OR shares OR stock* OR RSU* OR vest* OR comp* OR securit* OR GAAP OR expense* OR account*)) | 591 | 1,606 |
| (*@ey.com  OR "Ernst & Young" OR "EY" OR "E&Y")AND (modif* w/25 (award* OR stock* OR shares OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) | 678 | 2,142 |
| (*@aduscpa.com OR "Assurance Dimensions" OR "AD") AND (Modif* w/25 (award* OR stock* OR shares OR RSU* OR option* OR comp* OR securit* OR vest* OR expense* OR account* OR GAAP)) | 1,228 | 4,107 |
| (*@aduscpa.com OR "Assurance Dimensions" OR "AD") AND (("refresh policy" OR retire* OR terminat*) w/25 (award* OR grant* OR shares OR stock* OR RSU* OR vest* OR comp* OR securit* OR GAAP OR expense* OR account*)) | 2,021 | 6,708 |

# EXHIBIT I

## Mica Cocco

| | |
|---|---|
| **From:** | Mica Cocco |
| **Sent:** | Friday, June 16, 2023 3:08 PM |
| **To:** | Outlaw, Jason; Sawicki, Tod; Tully, Joe; Matt.LaGrone@alston.com; 'Oyinkan.Muraina@alston.com' |
| **Cc:** | Daniel Berger; Caitlin Moyna; Vincent Pontrello; Jeffrey Reeves |
| **Subject:** | Celsius - Motion to Compel Discovery |

Counsel:

We write to inform you that we plan to file a motion to compel Defendants to search and produce Cheryl Miller's documents on Tuesday, June 20.  The grounds for the motion track the positions we have explained in our meet and confer discussions and related correspondence.  Accordingly, please let us know by 5 pm on Tuesday whether you agree to designate Ms. Miller as a document custodian, or intend to stand on your objection. Thank you.

Best,
Mica

1

# EXHIBIT J

**Mica Cocco**

---

| | |
|---|---|
| **From:** | Tully, Joe <Joe.Tully@alston.com> |
| **Sent:** | Tuesday, June 20, 2023 3:28 PM |
| **To:** | Mica Cocco |
| **Cc:** | Daniel Berger; Caitlin Moyna; Vincent Pontrello; Jeffrey Reeves; Outlaw, Jason; Sawicki, Tod; LaGrone, Matt; Muraina, Oyinkan |
| **Subject:** | RE: Celsius - Motion to Compel Discovery |

Mica,

We intend to stand on our objection.

Best regards,

Joe

Joe Tully
Partner
**ALSTON & BIRD**
90 Park Avenue
New York, NY 10016
+1 212 210 9493 (O)
+1 917 579 4974 (M)
Joe.Tully@alston.com

Bio | LinkedIn | vCard

---

**From:** Mica Cocco <mcocco@gelaw.com>
**Sent:** Friday, June 16, 2023 3:08 PM
**To:** Outlaw, Jason <Jason.Outlaw@alston.com>; Sawicki, Tod <Tod.Sawicki@alston.com>; Tully, Joe <Joe.Tully@alston.com>; LaGrone, Matt <Matt.LaGrone@alston.com>; Muraina, Oyinkan <Oyinkan.Muraina@alston.com>
**Cc:** Daniel Berger <dberger@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; Vincent Pontrello <vpontrello@gelaw.com>; Jeffrey Reeves <jeff@reeveslawfirmpc.com>
**Subject:** Celsius - Motion to Compel Discovery

**EXTERNAL SENDER – Proceed with caution**

---

Counsel:

We write to inform you that we plan to file a motion to compel Defendants to search and produce Cheryl Miller's documents on Tuesday, June 20.  The grounds for the motion track the positions we have explained in our meet and confer discussions and related correspondence.  Accordingly, please let us know by 5 pm on Tuesday whether you agree to designate Ms. Miller as a document custodian, or intend to stand on your objection. Thank you.

Best,
Mica

2

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.