**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO: 22-80418-CV-MIDDLEBROOKS

CITY OF ATLANTA POLICE
OFFICERS' PENSION PLAN and
CITY OF ATLANTA FIREFIGHTERS'
PENSION PLAN, Individually and on
behalf of all others similarly situated,

      Plaintiffs,

v.

CELSIUS HOLDINGS, INC.
JOHN FIELDLY, and
EDWIN NEGRON-CARBALLO.,

      Defendants.

_____/

## ORDER GRANTING IN PART MOTION TO STAY

THIS CAUSE comes before the Court on (1) the Joint Motion to Stay All Pretrial Deadlines and Hold Class Certification in Abeyance (DE 110), and (2) the Joint Notice of Settlement in Principle (DE 109), both filed July 17, 2023. For the reasons set forth below, I will grant the motion in part.

Plaintiffs filed this securities fraud action in March 2022. (DE 1). Count I of the Amended Complaint is brought under Section 10(b) of the Securities and Exchange Act of 1934, and alleges that the Defendants fraudulently accounted for stock options granted to former employees, which caused Defendant Celsius Holdings, Inc. to misstate its expenses and net income in SEC filings, resulting in an artificially inflated stock price, which then financially damaged the Plaintiff Pension Plans. (DE 44). Following a ruling on Defendants' Motion to Dismiss, which dismissed one defendant (DE 62), Plaintiffs filed a Motion for Class Certification (DE 95). Defendant filed a

Response in opposition (DE 100), and Plaintiffs' Reply in support of the Motion is due today (DE 104). Trial is set for November 6, 2023. (DE 75).

On July 17, the Parties filed a Joint Notice of Settlement, indicating that they have settled "in principle" to resolve this case on behalf of a proposed class of persons who acquired Celsius common stock. The Motion states that the Parties intend "to prepare and submit to the Court a stipulation of settlement, proposed Notice to the Class and other documents required to present the settlement to the proposed class and the Court in compliance with Rule 23 of the Federal Rules of Civil Procedure." (DE 109). The Parties also filed a Motion to Stay, requesting that I "hold in abeyance" an order on the Plaintiffs' Motion for Class Certification, given the pending settlement. (DE 110 at 2). The Parties also seek a stay of all pretrial deadlines in this matter "pending Court consideration and possible approval of the parties' proposed settlement." (DE 110 at 3). The length of the requested stay is through August 15, 2023. *Id.*

The Parties are to be congratulated on tentatively reaching an amicable resolution of this case. In light of the Parties' representations, and upon review of the procedural posture of this matter, I am inclined to grant a brief stay and delay my ruling on the Motion for Class certification. However my concern is that the Parties' settlement is not final, and therefore should it fall through after I hit the pause button for one month, it will be difficult to avoid derailing my trial schedule. I note that expert discovery is currently ongoing, with Defendant's disclosure deadline set for August 7, and witness lists are due to be exchanged on August 24. (DE 88). Moreover, the dispositive motions deadline is September 7. (DE 75). If the filing of dispositive motions is delayed, I will have insufficient time to rule on such motions in advance of the November trial date.

Therefore I will grant the motion in part. All litigation deadlines shall be stayed for two weeks, and I will hold in abeyance my ruling on the Plaintiffs' Motion for Class Certification during that time period. The Parties are advised that *upon the filing* of their motion to preliminarily approve the proposed class action settlement, I will stay all pretrial deadlines in this matter and remove this case from the trial calendar should the Parties so request. But while the settlement is still tentative, I am disinclined to grant the broad relief requested in the Parties' Joint Motion to Stay.

The Parties are reminded that, should they require greater flexibility in the litigation schedule as they continue to negotiate and finalize their settlement, they always have the option of consenting to the jurisdiction of United States Magistrate Judge William Matthewman, who generally allows such flexibility. The consent form can be found at Appendix A of the Pretrial Scheduling Order (DE 75 at 8-9).

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1. The Joint Motion to Stay (DE 110) is **GRANTED IN PART**.

2. All litigation deadlines in this matter are hereby **STAYED** for **14 days** from the date of this Order, while the Parties finalize their agreement and prepare to file their motion to approve class action settlement.

3. This Court's ruling on the pending Motion for Class Certification (DE 95) shall be held in abeyance during the period of the stay.

**SIGNED** in Chambers at West Palm Beach, Florida, this 20 day of July 2023.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

3