# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO: 22-80418-CV-MIDDLEBROOKS

| | |
|---|---|
| CITY OF ATLANTA POLICE OFFICERS' PENSION PLAN and CITY OF ATLANTA FIREFIGHTERS' PENSION PLAN, Individually and on Behalf of All Others Similarly Situated, | <u>CLASS ACTION</u> |
| Plaintiffs, | |
| -V- | |
| CELSIUS HOLDINGS, INC., JOHN FIELDLY, and EDWIN NEGRON-CARBALLO, | |
| Defendants. | |

<u>**STIPULATION OF SETTLEMENT**</u>

This Stipulation of Settlement dated August 2, 2023 (the "Stipulation") embodies a settlement (the "Settlement") made and entered into by and among the following parties: (i) Lead Plaintiffs City of Atlanta Police Officers' Pension Plan ("Atlanta Police Officers' Pension Plan") and City of Atlanta Firefighters' Pension Plan ("Atlanta Firefighters' Pension Plan") (collectively, "Lead Plaintiffs"), on behalf of themselves and each of the Settlement Class Members, and (ii) Defendants Celsius Holdings, Inc. ("Celsius"), John Fieldly, and Edwin Negron-Carballo (collectively, the "Defendants," and together, with Lead Plaintiffs, the "Settling Parties"), by and through their counsel of record in the above-captioned litigation pending in the United States District Court for the Southern District of Florida (the "Action"). Subject to the approval of the Court and the terms and conditions set forth in this Stipulation, this Stipulation is intended by the

Settling Parties to fully, finally, and forever resolve, discharge, settle, and dismiss with prejudice the Action, the Settlement Class's Released Claims, and the Defendants' Released Claims.[1]

## I.   RECITALS

A.   This Action is currently pending before the Honorable Donald M. Middlebrooks in the United States District Court for the Southern District of Florida and was brought on behalf of all Persons who purchased or otherwise acquired Celsius common stock at any time between August 12, 2021 and March 1, 2022, inclusive (the "Class Period").

B.   The initial complaint in this Action was filed on March 16, 2022, against Defendants Celsius, John Fieldly, and Edwin Negron-Carballo in the Southern District of Florida. ECF No. 1.

C.   On May 16, 2022, Lead Plaintiffs filed a Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel.  ECF No. 33.

D.   On June 6, 2022, the Court granted Lead Plaintiffs' Motion and appointed Atlanta Police Officers' Pension Plan and Atlanta Firefighters' Pension Plan as Lead Plaintiffs, Grant & Eisenhofer P.A. as Lead Counsel, and Klausner Kaufman Jensen & Levinson as Liaison Counsel. ECF No. 41.

E.   On July 8, 2022, Lead Plaintiffs filed an Amended Complaint for Violations of the Federal Securities Laws (the "Amended Complaint") in the Action.  ECF No. 44.  The Amended Complaint alleges that Defendants made materially false and misleading statements regarding Celsius's financial reporting during the Class Period and asserts claims under Section 10(b), Rule 10b-5, and Section 20(a) of the 1934 Act.  *Id.*

---

[1] All capitalized terms not otherwise defined shall have the meanings ascribed to them in Section II.1 below.

F.      On August 5, 2022, Defendants filed a Motion to Dismiss the Amended Complaint, (ECF No. 47), Lead Plaintiffs filed their opposition on August 26, 2022 (ECF No. 48), and Defendants filed their reply on September 9, 2022 (ECF No. 49).

G.      On November 21, 2022, the Court entered an order pursuant 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida referring the Motion to Dismiss to United States Judge Bruce E. Reinhart for Report and Recommendation.  ECF No. 51.

H.      On December 13, 2022, counsel for the Settling Parties participated in a Zoom hearing on Defendants' Motion to Dismiss before Magistrate Judge Reinhart.  ECF No. 54.

I.      On February 13, 2023, Magistrate Judge Reinhart issued the Report and Recommendation on Defendants' Motion to Dismiss Amended Complaint (the "Report and Recommendation").  ECF No. 55.  On March 22, 2023, the Court entered an Order adopting the Report and Recommendation, granting in part and denying in part Defendants' Motion to Dismiss. ECF No. 62.

J.      On April 3, 2023, the Court entered an Order pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida resetting the trial date and referring the case to United States Magistrate Judge William Matthewman for a scheduling conference.  ECF No. 64.

K.      On April 10, 2023, pursuant to Rule 16.1(b) of the Local Rules of the Southern District of Florida, Magistrate Judge Matthewman entered the Pretrial Scheduling Order and Order Referring Case to Mediation (the "Scheduling Order"), which set, among other things, the trial date and deadlines for discovery.  ECF No. 75.

L.     On May 18, 2023, Lead Plaintiffs filed a Motion for Class Certification (ECF No. 95) and Defendants filed their opposition on June 15, 2023 (ECF No. 100).  Lead Plaintiffs' reply in further support of class certification was due July 20, 2023.  *See* ECF No. 92.

M.     On July 12, 2023, the Settling Parties and their counsel participated in a private mediation before Michael A. Hanzman of Bilzin Sumberg Baena Price & Axelrod LLP.  During the mediation, Mr. Hanzman made a mediator's proposal to resolve the Action, which the Settling Parties each accepted on a double-blind basis on July 12, 2023.  The Settling Parties thereafter executed a term sheet memorializing their agreement, which included, among other things, the Settling Parties' agreement to fully and finally resolve the Action in return for a settlement payment of $7,900,000 for the benefit of the Settlement Class, subject to the negotiation of the terms of this Stipulation and approval by the Court (the "Term Sheet").  This Stipulation (together with the Exhibits hereto) reflects the final and binding agreement between the Settling Parties.

N.     Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit.  However, they recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial.  Lead Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and the risk of trial, especially in complex matters such as this Action, as well as the risks posed by the difficulties and delays relating to fact and expert discovery, summary judgment and trial, post-trial motions, and potential appeals of the Court's determination of said motions, or the verdict of a jury.  Lead Plaintiffs and Lead Counsel also are aware of the defenses to the securities law claims asserted in the Action.  Lead Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class in light of the circumstances present here.  Based on their evaluation, Lead Plaintiffs and Lead Counsel have determined that

4

the Settlement set forth in this Stipulation is fair, reasonable, and adequate and in the best interests of the Settlement Class.

O.      Defendants have expressly denied and continue to deny that they have committed or intended to commit any wrongdoing or violations of law as alleged in any complaint in the Action, and maintain that their conduct was at all times proper and in compliance with applicable provisions of law.  Defendants have expressly denied and continue to deny specifically each and all of the claims and contentions alleged in the Action, including the alleged damages, along with all charges of wrongdoing or liability against them arising out of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.  Defendants also have denied and continue to deny, *inter alia*, the allegations that Defendants made any material misstatements or omissions in any public statements through negligence, recklessness, scienter, or with other culpable intent; that any member of any class has suffered any damages; that the price of Celsius's stock was artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; or that the members of any class were harmed by the conduct alleged in the Action or that could have been alleged as part of the Action.  Defendants believe that the allegations asserted by Lead Plaintiffs do not plead a cognizable claim of securities fraud.  In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

P.      Nonetheless, taking into account the uncertainty, risks, costs, and distraction inherent in any litigation, especially in complex cases such as this Action, Defendants have determined that it is desirable and beneficial that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.  Defendants have agreed to enter into this Stipulation solely to eliminate the uncertainty, burden, and expense of further litigation, and to put the Released Claims to rest, finally, and forever.  As set forth in Paragraphs 8.1 and 9.3 below, this

Stipulation shall in no event be construed as or deemed to be evidence of an admission or concession by Defendants or any of the Released Parties with respect to any claim, nor of any fault or liability or wrongdoing or damage whatsoever.

## II.  TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiffs (for themselves and the Settlement Class Members), and Defendants, by and through their respective counsel of record, that, subject to the approval of the Court, and in consideration of the benefits flowing to the Settling Parties from the Settlement set forth herein, the Action, the Released Claims, and all matters encompassed within the scope of the Releases set forth in this Stipulation shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice as to all Settling Parties upon and subject to the terms and conditions of this Stipulation, as follows.

### 1.  Definitions

As used in this Stipulation, and any exhibits attached hereto and made a part hereof, the following terms have the meanings specified below.  For avoidance of doubt, certain terms defined outside of this Section II.1 are defined here as well.  In the event of any inconsistency between the definitions set forth below and the definitions set forth in any documents related to the Settlement, the definitions below control:

1.1  "Action" means *City of Atlanta Police Officers' Pension Plan, et al., v. Celsius Holdings, Inc., et al.*, No. 22-80418-CV-MIDDLEBROOKS (S.D. Fla.).

1.2  "Authorized Claimant" means any Settlement Class Member who submits a valid Proof of Claim and Release Form and whose Claim has been allowed pursuant to the terms of this Stipulation and Plan of Allocation.

1.3  "CAFA" means Class Action Fairness Act of 2005, 28 U.S.C. § 1715 *et seq.*

6

1.4     "Claim," "Claim Form," or "Proof of Claim and Release Form" shall mean the form that a Person must complete and submit should that Person seek to share in the distribution of the Net Settlement Fund, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-3.

1.5     "Claimant" means a Person that submits a Proof of Claim and Release Form to the Claims Administrator seeking to be eligible to share in the Net Settlement Fund.

1.6     "Claims Administrator" means KCC LLC, the firm the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members in the Action and to administer the Settlement.

1.7     "Class Period" means the period between August 12, 2021 and March 1, 2022, inclusive.

1.8     "Court" means the United States District Court for the Southern District of Florida.

1.9     "Defendants" means Celsius and the Individual Defendants.

1.10    "Defendants' Counsel" means Alston & Bird LLP, 90 Park Avenue, New York, NY 10016.

1.11    "Defendants' Released Claims" means all claims and causes of action, of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate to the institution, prosecution, or settlement of the claims against Defendants in the Action. Notwithstanding the foregoing, "Defendants' Released Claims" does not include claims relating

7

to the enforcement of the Settlement or claims between Defendants and their insurance carriers, including claims for indemnification.

1.12    "Effective Date" means the first date by which all of the events specified in Paragraph 7.1 of this Stipulation have occurred and the Stipulation is conditioned on the occurrence of all of those events.

1.13    "Escrow Account" means the segregated and separate interest-bearing escrow account designated and controlled by the Escrow Agent into which the Settlement Amount will be deposited for the benefit of Settlement Class Members.

1.14    "Escrow Agent" means Huntington Bank or its successor(s).

1.15    "Exhibits" means the exhibits attached to this Stipulation.

1.16    "Final" means, with respect to the Judgment or any other judgment or order of the Court, that the Judgment or other judgment or order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise.  Without limitation, the Judgment or other judgment or order becomes "Final" when the last of the following has occurred: (i) the expiration of the time to file a motion to reconsider, alter, or amend the Judgment or order without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment or order has passed without any appeal having been taken; or (iii) if a motion to reconsider, alter, or amend is filed, or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance or dismissal by a court of last resort, lapse of time, voluntary dismissal of the appeal, or otherwise, in such a manner as to permit the consummation of the Settlement, in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or

other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal which concerns only the award of attorneys' fees and expenses, or any award to Lead Plaintiffs or the Plan of Allocation of the Settlement Fund.

1.17    "Individual Defendants" means John Fieldly and Edwin Negron-Carballo.

1.18    "Judgment" means the judgment and order of dismissal with prejudice to be entered by the Court upon approval of the Settlement, substantially in the form attached hereto as Exhibit B.

1.19    "Lead Counsel" means Grant & Eisenhofer, P.A., 485 Lexington Avenue, New York, NY 10017.

1.20    "Lead Plaintiffs" means City of Atlanta Police Officers' Pension Plan and City of Atlanta Firefighters' Pension Plan.

1.21    "Net Settlement Fund" means the portion of the Settlement Fund that shall be distributed to Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court, after distribution of the amounts set forth in Paragraph 5.2(a)-(c) of this Stipulation.

1.22    "Notice" means the Notice of Pendency and Proposed Settlement of Class Action, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-1.

1.23    "Notice and Administration Costs" means the reasonable costs and expenses incurred in connection with providing notice to Settlement Class Members, providing the notice pursuant to CAFA, and administering the Settlement.  Such amounts shall include, without limitation, the actual costs of printing, mailing, and publishing both the Notice and the Summary Notice; locating the Settlement Class Members; assisting with the submission of Claims;

administering and distributing the Net Settlement Fund to Authorized Claimants; processing Claim Forms; and paying escrow fees and costs, if any.

1.24    "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability company, limited liability partnership, association, joint stock company, joint venture, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business, legal, or other entity, and including any of their heirs, successors, representatives, or assigns.

1.25    "Plaintiffs' Counsel" means Lead Counsel and other counsel of record for Lead Plaintiffs or the Settlement Class in the Action.

1.26    "Plan of Allocation" means a plan or formula to be proposed by Lead Plaintiffs for allocating the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of this Stipulation, and the Released Defendant Parties shall have no responsibility or liability with respect to the Plan of Allocation.

1.27    "Related Parties" means, as applicable, each and all of a Person's respective former, present, and future parents, subsidiaries, divisions, joint ventures and joint venturers, affiliates, and each and all of their respective present and former employees, members, partnerships and partners, principals, agents, officers, directors, controlling shareholders, attorneys, advisors, accountants, auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, insurers, co-insurers, reinsurers, related or affiliated entities, predecessors, successors, spouses, children, immediate family members, estates, heirs, executors, trusts, trustees, administrators, agents, representatives, and assigns, in their capacity as such, and any entity in which a Person has a controlling interest.

1.28    "Released Defendant Parties" means each and all of the Defendants and each and all of their Related Parties.

1.29    "Released Plaintiff Parties" means Plaintiffs' Counsel, and Lead Plaintiffs and all other Settlement Class Members.

1.30    "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

1.31    "Releases" means the releases set forth in Paragraph 4 of this Stipulation.

1.32    "Releasing Plaintiff Party" means Lead Plaintiffs, each Settlement Class Member, and to the fullest extent permissible under law, the Related Parties of each.

1.33    "Released Claims" shall refer to the Settlement Class's Released Claims and the Defendants' Released Claims.

1.34    "Settlement" means the settlement between Lead Plaintiffs, on behalf of themselves and the Settlement Class, and Defendants on the terms and conditions set forth by this Stipulation.

1.35    "Stipulation" means this Stipulation of Settlement entered into between Lead Plaintiffs and Defendants on the date identified on the first page hereof.

1.36    "Settlement Amount" means the principal amount of Seven Million, Nine-Hundred Thousand United States Dollars (US $7,900,000.00), to be deposited into the Escrow Account pursuant to Paragraph 2.1 of this Stipulation.

1.37    "Settlement Class" means all Persons who, directly or through an intermediary, purchased or otherwise acquired Celsius common stock at any time during the Class Period. Excluded from the Settlement Class are: (i) Defendants and any individual who was an officer or director of Celsius during the Class Period; (ii) their immediate family members (as defined in 17 C.F.R. §229.404 (Instruction (1)(a)(iii))), legal representatives, heirs, agents, affiliates, successors,

11

or assigns; (iii) any entity in which Defendants or any individual who was an officer or director of Celsius during the Class Period has, or had during the Class Period, a controlling interest; and (v) any affiliate of Celsius.  Also excluded from the Settlement Class are any Persons who exclude themselves by submitting a request for exclusion that is accepted by the Court.

1.38    "Settlement Class Member" means a Person who falls within the definition of the Settlement Class as set forth above and who does not submit a request for exclusion from the Settlement Class that is accepted by the Court.

1.39    "Settlement Class's Released Claims" means any and all claims, demands, rights, causes of action, and liabilities of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, asserted or unasserted, suspected or unsuspected, fixed or contingent, foreseen or unforeseen, liquidated or unliquidated, accrued or unaccrued, matured or unmatured, whether or not concealed or hidden, whether class, derivative or individual in nature, which now exist, heretofore or previously existed, or may hereafter exist, and including but not limited to any claims based on allegations of fraud, nondisclosure, or misrepresentation, whether individual, derivative, representative, legal, equitable, or any other type, in any other capacity, that Lead Plaintiffs or any other Settlement Class Member (i) asserted in the Action, (ii) could have been asserted in the Action, or in any other proceeding or forum, that concern, arise out of, refer to, are based upon, or are related in any manner to (a) the allegations, transactions, facts, matters, occurrences, representations, statements, misrepresentations, events, acts, or omissions alleged in the Action, or (b) the purchase, sale, holding, or acquisition of Celsius's stock during the Class Period (August 12, 2021 through March 1, 2022, inclusive), or (iii) relate to the Action or the Settlement except to the extent explicitly preserved in the remainder

of this paragraph.  Notwithstanding the foregoing, "Settlement Class's Released Claims" does not include (i) any claims relating to the enforcement of the Settlement, or (ii) derivative claims currently pled on behalf of Celsius as of the date of this agreement in the actions captioned (a) *Lampert v. Fieldly, et al.*, No. 3:23-cv-00017 (D. Nev.); (b) *Hammond v. Fieldly, et al.*, No. 3:23-cv-80797 (S.D. Fla.); (c) *Ingrao v. Fieldly, et al.*, No. A-23-873736-C (Nev. Dist. Ct.); and (d) *Hepworth v. Fieldly, et al.*, No. 3:23-cv-81020 (S.D. Fla.).

1.40    "Settlement Fund" means the Settlement Amount, together with all interest and income earned thereon after being deposited into the Escrow Account, and which may be reduced by payments or distributions as provided for herein or by Court order.

1.41    "Settlement Fairness Hearing" shall mean the hearing to be held by the Court to determine whether the Settlement is fair, reasonable, and adequate and should be approved.

1.42    "Settling Parties" means Defendants and Lead Plaintiffs, on behalf of themselves and the other Settlement Class Members.

1.43    "Summary Notice" means the Summary Notice, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2, including as translated into foreign languages.

1.44    "Supplemental Agreement" means the agreement described in Paragraph 7.3.

1.45    "Tax" or "Taxes" means any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund as described in Paragraph 2.9 and all taxes imposed on payments by the Settlement Fund, including withholding taxes.

1.46    "Tax Expenses" means the expenses and costs incurred by Lead Counsel in connection with the calculation and payment of Taxes or the preparation of tax returns and related

documents, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs relating to filing (or failing to file) the returns described in Paragraph 2.9.

1.47    "Unknown Claims" means (i) any Settlement Class's Released Claim that Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release, which, if known by him, her, or it, might have affected his, her, or its decision with respect to this Settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision not to object to this Settlement or seek exclusion from this Settlement, and (ii) any Defendants' Released Claim that any Defendant does not know or suspect to exist in his or its favor at the time of the release, which, if known by him, or it, might have affected his, or its decision with respect to this Settlement with and release of the Released Plaintiff Parties and the Settlement Class Members, or might have affected his, or its decision not to object to this Settlement or seek exclusion from this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides, in relevant part:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiffs and the other Settlement Class Members may hereafter discover facts in addition to or different from those which they know or believe to be true with respect to the subject matter of the Settlement Class's Released Claims, but, upon the Effective Date, Lead Plaintiffs shall

expressly, and each other Settlement Class Member, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all of the Settlement Class's Released Claims, whether known claims or Unknown Claims, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, without regard to the subsequent discovery or existence of such different or additional facts. Defendants may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Defendants' Released Claims, but, upon the Effective Date, Defendants shall expressly, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Defendants' Released Claims, whether known claims or Unknown Claims, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs and Defendants acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and an essential term of the Settlement of which this release is a part.

**2.      The Settlement**

**a.       The Settlement Fund**

2.1      In consideration for the full settlement of the claims asserted in the Action against Defendants and for the Releases specified in Paragraph 4 below, Celsius shall deposit or cause to be deposited within fourteen (14) business days following the later of (i) the entry of the Preliminary Approval Order by the Court, or (ii) the receipt by Defendants of all information

necessary to effectuate a transfer of funds, including the bank name, ABA routing number and account number, and a completed IRS Form W-9 for the Escrow Account, including an address and tax ID number, the Settlement Amount into the Escrow Account on behalf of Defendants, all of which the Settling Parties agree are good and valuable consideration.  No Defendant other than Celsius shall have any responsibility for, or any liability whatsoever with respect to, depositing or causing to be deposited the Settlement Amount.  The Settlement Amount may be deposited by wire transfer, or in any other manner agreed upon by the Escrow Agent and Celsius.  Within five (5) business days of execution of this Stipulation, the Escrow Agent will furnish to Celsius adequate payment instructions consisting of wire transfer instructions, instructions for payment by check, and a completed IRS Form W-9 for the Settlement Fund, including an address and tax IS number.

     2.2    Other than the obligation of Celsius to deposit or cause the deposit of the Settlement Amount pursuant to Paragraph 2.1, the Released Defendant Parties shall have no obligation to make any other deposits or payments pursuant to this Stipulation, and shall have no responsibility, obligation, or liability with respect to the Escrow Account or the monies maintained in the Escrow Account or the administration of the Settlement, including, without limitation, any responsibility or liability related to any fees, Taxes, Tax Expenses, investment decisions, maintenance, supervision, or distribution of any portion of the Settlement Amount.

     2.3    The Escrow Agent shall invest the Settlement Fund deposited pursuant to Paragraph 2.1 hereof in short-term United States Agency or Treasury Securities or other instruments backed by the full faith and credit of the United States Government, or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  The Released

Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.4     The Escrow Agent shall not disburse the Settlement Fund except: (i) as provided in this Stipulation; (ii) as directed by an order of the Court; or (iii) with the written agreement of both Lead Counsel and Defendants' Counsel.

2.5     Subject to further order(s) or directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation.  The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.6     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation or further order(s) of the Court or, in the event that this Settlement is not approved or is terminated, canceled, or fails to become effective, pursuant to Paragraph 7.4 below.

2.7     Notwithstanding the fact that the Effective Date has not occurred, the Escrow Agent, without further approval of Defendants or the Court, may withdraw up to $500,000 from the Settlement Fund to pay any reasonable Notice and Administration Costs actually incurred.

2.8     The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, or any other Person or entity who or which paid any portion of the Settlement Amount on behalf of Defendants, shall have any  revisionary interest in or right to the return of the Settlement Fund or any portion thereof for any reason whatsoever (including, without

limitation, the number of Proof of Claim and Release Forms submitted, the collective amount of recognized claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund), except as set forth in Paragraph 7.4 below.

### b.   Taxes; Qualified Settlement Fund

2.9     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1.  The Settling Parties and the Escrow Agent further agree that the Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treasury Regulation §1.468B-1(c)(1).

(a)     In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this Paragraph 2.9, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treasury Regulation §1.468B-2(k)(3)) shall be the Escrow Agent.  Lead Counsel shall be solely responsible for filing or causing to be filed all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns

18

described in Treasury Regulation §1.468B-2(k)), on a timely and proper basis. Such returns (as well as the elections described in Paragraph 2.9(a) hereof) shall be consistent with this Paragraph 2.9 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in Paragraph 2.9(c) hereof.

(c)     All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) Tax Expenses, including expenses and costs incurred in connection with the operation and implementation of this Paragraph 2.9 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Paragraph 2.9(c)), shall be paid out of the Settlement Fund; in all events the Released Defendant Parties shall have no liability or responsibility whatsoever for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything

19

herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)) and the Released Defendant Parties are not responsible, nor shall they have any liability, therefor.  The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Paragraph 2.9.

**3.      Class Certification, Notice of Order and Settlement Hearing**

3.1      Solely for purposes of the Settlement and subject to approval by the Court, the Settling Parties stipulate to: (a) certification of the Action as a class action, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, brought on behalf of the Settlement Class; (b) appointment of Lead Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  The certification of the Settlement Class shall be binding only for purposes of the Settlement, and only if the Judgment becomes Final and the Effective Date occurs.  Should the Settlement Class not be certified or should any court amend the definition of the Settlement Class, each of the Settling Parties reserves the right to terminate the Settlement in accordance with Paragraph 7.4 hereof.

3.2      Within five (5) business days after execution of this Stipulation, Lead Counsel shall submit this Stipulation and the Exhibits attached thereto to the Court and shall move for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, among other things, the preliminary approval of the Settlement set forth in this

Stipulation and approval for mailing of the Notice, substantially in the form attached hereto as Exhibit A-1; approval of the publication of the Summary Notice, substantially in the form of attached hereto as Exhibit A-2; and approval of the form and content of the Proof of Claim and Release Form, substantially in the form contained in Exhibit A-3 attached hereto.  The Notice shall include the general terms of the Settlement set forth in this Stipulation, the Proposed Plan of Allocation, the general terms of the Fee and Expense Application, as defined in Paragraph 6.1 hereof, and the date of the Settlement Fairness Hearing, as defined below.

3.3     It shall be solely Lead Counsel's responsibility to disseminate the Notice and Summary Notice to the Settlement Class in accordance with this Stipulation and as ordered by the Court.  Settlement Class Members shall have no recourse as to the Released Defendant Parties with respect to any claims they may have that arise from any actual or alleged failure of the notice process.

3.4     Lead Counsel shall request that, after the Notice is first disseminated to the Settlement Class, and not earlier than ninety (90) calendar days after the dates on which the appropriate Federal official and State official are served with the notion required pursuant to the CAFA, the Court hold the Settlement Fairness Hearing and approve the Settlement of the Action as set forth herein.  At or after the Settlement Fairness Hearing, Lead Counsel also shall request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

3.5     Any Settlement Class Member who wishes to opt out of the Settlement Class must submit a timely written request for exclusion on or before the opt out date, in the manner specified in the Court's Preliminary Approval Order.  Group opt outs, including "mass" or "class" opt outs, are prohibited.  Any Settlement Class Member who does not submit a timely written request for

exclusion that is accepted by the Court will be bound by all proceedings, orders and judgments in the Action, whether or not he, she, or it timely submits a Proof of Claim and Release Form.

3.6     Any Settlement Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement or the Fee and Expense Application, must do so timely and in the manner specified in the Court's Preliminary Approval Order.

3.7     If the Court enters the Preliminary Approval Order, to the extent that the Action is not stayed pursuant to the Preliminary Approval Order, the Settling Parties will jointly move the Court to stay all proceedings and deadlines other than necessary to effectuate the Settlement.

3.8     Defendants shall work with the Claims Administrator to provide the notice required under the CAFA.  Any and all costs incurred by the Claims Administrator in providing CAFA notice shall be reimbursed from the Settlement Amount.

**4.     Releases**

4.1     As of the Effective Date, each and every Releasing Plaintiff Party, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim and Release Form or shares in the Settlement Fund, (i) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Settlement Class's Released Claims (including, without limitation, any Unknown Claims) against each and every one of the Released Defendant Parties; and (ii) shall forever be barred and enjoined from commencing, instituting, prosecuting, maintaining, or enforcing any and all of the Settlement Class's Released Claims (including, without limitation, any Unknown Claims) against any and all of the Released Defendant Parties in any court of law or equity, arbitration, tribunal, or administrative forum.

4.2     The Proof of Claim and Release Form to be executed by Lead Plaintiffs and the Settlement Class Members shall release the Settlement Class's Released Claims against the

Released Defendant Parties and shall be substantially in the form contained in Exhibit A-3 attached hereto.

4.3     As of the Effective Date, the Released Defendant Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, discharged, and dismissed each and every one of Defendants' Released Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Defendants' Released Claims against any and all of the Released Plaintiff Parties.

**5.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1     The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require, shall administer and calculate the Claims submitted by the Claimants, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants pursuant to the Plan of Allocation.

5.2     The Settlement Fund shall be applied as follows:

(a)     to pay all Notice and Administration Costs;

(b)     to pay all Taxes and Tax Expenses described in Paragraph 2.9 hereof;

(c)     to pay attorneys' fees and expenses of Lead Plaintiffs' Counsel and reimbursement of Lead Plaintiffs' reasonable costs and expenses pursuant to PSLRA, 15 U.S.C. §77z-1(a)(4) and/or 15 U.S.C. §78u-4(a)(4), if and to the extent allowed, as ordered by the Court (the "Fee and Expense Award"); and

(d)     to distribute the Net Settlement Fund to Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

23

5.3     Upon the Effective Date and thereafter, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with Paragraphs 5.7-5.14 below.

5.4     Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release Form (substantially in the form of Exhibit A-3 attached hereto), signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release Form and as are reasonably available to such Person, and postmarked (if mailed) or received (if submitted electronically) no later than one hundred twenty (120) calendar days after the Notice Date (as defined in Exhibit A attached hereto), or such other time as may be set by the Court (the "Bar Date").

5.5     Except as otherwise ordered by the Court, all Settlement Class Members who fail to submit a Proof of Claim and Release Form on or before the Bar Date, or such other period as may be ordered by the Court, or who submit a Proof of Claim and Release Form that is rejected, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Stipulation, the Releases contained herein, and the Judgment, and will be barred from bringing any action against the Released Parties concerning the Released Claims.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against Lead Counsel, the Claims Administrator, any Settlement Class Member, or any of the Released Defendant Parties by reason of the exercise or non-exercise of such discretion.

5.6     Each Proof of Claim and Release Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine, in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each Proof of Claim and Release Form shall be allowed, subject to review by the Court pursuant to Paragraph 5.8 below.

5.7     Proof of Claim and Release Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Proof of Claim and Release Form in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Proof of Claim and Release Form submitted.  The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all the Claimants whose Claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the submitter so desires and complies with the requirements of Paragraph 5.8 below.

5.8     If any Claimant whose timely Claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in Paragraph 5.7 above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a timely Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the Claimant's request for review to the Court.

5.9     Each Claimant who does not submit a timely written request for exclusion from the Settlement Class that is accepted by the Court shall be deemed to have submitted to the jurisdiction

of the Court with respect to the Claimant's Claim, including, but not limited to, the Releases provided for herein and in the Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  In connection with processing the Proofs of Claim and Release, no discovery shall be allowed on the merits of the Action or the Settlement.  All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not, in any event, delay or affect the finality of the Judgment.  All Settlement Class Members, other Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

5.10     The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Allocation approved by the Court.  Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its *pro rata* share of the Net Settlement Fund.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

5.11     If there is any balance remaining in the Net Settlement Fund after a reasonable period of time following the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, economical, and equitable, redistribute such balance among Authorized Claimants who negotiated the checks sent to them in the initial distribution and who would receive at least $10.00.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be donated to a 501(c)(3)

non-profit organization selected by Lead Counsel, and unaffiliated with Plaintiffs' Counsel, Lead Plaintiffs, Defendants, and Defendants' Counsel, subject to approval by the Court.

5.12    The Released Defendant Parties shall have no liability, obligation, or responsibility whatsoever with respect to: (i) any act, omission, or determination by the Escrow Agent, Lead Counsel, Lead Plaintiffs, or the Claims Administrator, or any of their Related Parties, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, supervision, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, or administration of the Claims submitted by Claimants, including any calculations; (v) any loss suffered by, or fluctuation in the value of, the Settlement Fund; or (vi) the payment or withholding of Taxes or Tax Expenses, or any expenses or losses incurred in connection therewith. No Person shall have any claim of any kind against the Released Defendant Parties or Defendants' Counsel with respect to the matters set forth above; and the Settlement Class Members, Lead Plaintiffs, and Plaintiffs' Counsel release the Released Defendant Parties from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties harmless for any Taxes owed with respect to interest earned on the Settlement Fund after deposit into the Escrow Account and related expenses of any kind whatsoever (including, without limitation, Taxes payable by reason of any such indemnification), as well as for any claims related to the Plan of Allocation, the administration of the Settlement, the investment of the Settlement Fund, the processing of claims, or the disbursement of the Settlement Fund or the Net Settlement Fund.  Defendants shall notify the Escrow Agent promptly if Defendants receive notice of any claim for which they intend to seek indemnification.

5.13    Defendants shall have no role in adjudicating, or right to review, any claims submitted by Settlement Class Members for participation in distribution of the Settlement Fund.

5.14    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's Claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation, or any objection to, motion regarding, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any other orders entered pursuant to this Stipulation.  Settlement Class Members and Defendants shall be bound by the terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Allocation.

5.15    No Person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, the Defendants, Defendants' Counsel, any of the other Released Parties, or the Claims Administrator based on distributions made substantially in accordance with the Settlement, this Stipulation, and the Plan of Allocation, or otherwise as further ordered by the Court.

## 6.    Plaintiffs' Counsel's Attorneys' Fees and Expenses

6.1    Lead Counsel may submit an application or applications, on behalf of all Plaintiffs' Counsel, for an award from the Settlement Fund (the "Fee and Expense Application") for: (a) attorneys' fees; (b) reimbursement of expenses or costs Plaintiffs' Counsel incurred in connection with prosecuting the Action; and (c) any interest on such attorneys' fees and expenses awarded by the Court, at the same rate and for the same periods as earned by the Settlement Fund (until paid).  The Fee and Expense Application shall be in a total amount not to exceed 25% of the

28

Settlement Fund.  In addition, the Fee and Expense Application may include a request for reimbursement of Lead Plaintiffs' reasonable costs and expenses pursuant to the PSLRA, 15 U.S.C. §77z-1(a)(4) and/or 15 U.S.C. §78u-4(a)(4), in connection with its representation of the Settlement Class.  The Fee and Expense Award (whether payable to Lead Counsel or Lead Plaintiffs) shall be payable solely out of the Settlement Fund.  Defendants shall take no position with respect to the Fee and Expense Application.

6.2     The Fee and Expense Award shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately upon the Court's entry of an order granting the Fee and Expense Award.  This provision shall apply notwithstanding timely objections to, potential for appeal from, or collateral attack on, either the Settlement, the Plan of Allocation, or the Fee and Expense Award. Lead Counsel shall thereafter allocate the attorneys' fees granted in the Fee and Expense Award among the other Plaintiffs' Counsel in a manner that Lead Counsel in good faith believes reflects the contributions of such counsel to the prosecution and resolution of the Action.

6.3     In the event that the Judgment or the order granting the Fee and Expense Award is reversed or modified, or if this Stipulation is canceled or terminated for any reason, then Lead Counsel shall, in an amount consistent with such reversal or modification, refund such attorneys' fees and expenses to the Settlement Fund, plus the interest earned thereon, within seven (7) calendar days after (i) Lead Counsel receives a notice from Defendants' Counsel or otherwise of the cancelation or termination of the Settlement; or (ii) any order from a court of competent jurisdiction reducing or reversing the Fee and Expense Award.  Each Plaintiffs' Counsel shall be jointly and severable liable for any refunds or repayments to the Settlement Fund required pursuant to this paragraph.  Each Plaintiffs' Counsel, as a condition of receiving such fees or expenses on behalf of itself and each partner and/or shareholder of it, agrees that its law firm and its partners

and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.4     The procedure for and the allowance or disallowance by the Court of the Fee and Expense Application is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any objection to, motion regarding, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or the Releases contained herein, or any other orders entered pursuant to this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action.

6.5     Any Fee and Expense Award shall be paid solely from the Settlement Fund.  The Released Defendant Parties shall have no responsibility for any payment of attorneys' fees and/or expenses (including Taxes) to Lead Counsel, or any other counsel to Lead Plaintiffs, or service award to any plaintiff.  Likewise, the Released Defendant Parties shall have no responsibility or liability whatsoever with respect to the allocation of any Fee and Expense Award by Lead Counsel and/or any Person who may assert some claim thereto, or any Fee and Expense Award that the Court may grant in the Action, and the Released Defendant Parties take no position with regard to such matters.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1     The Effective Date of this Stipulation shall be the date on which all of the following events shall have occurred and is conditioned on the occurrence of all of the following events:

(a)     execution of this Stipulation;

(b)    the Court has entered the Preliminary Approval Order, substantially in the form of Exhibit A hereto;

(c)    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of Paragraph 2.1 above;

(d)    Defendants have not exercised their option to terminate this Stipulation pursuant to Paragraph 7.3 hereof;

(e)    the Court has entered the Judgment, substantially in the form of Exhibit B attached hereto, including, *inter alia*, the dismissal of the Action with prejudice, following notice to the Settlement Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(f)    the Judgment has become Final, as defined in Paragraph 1.14 hereof.

7.2    Upon the Effective Date, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If all of the conditions specified in Paragraph 7.1 hereof are not met, then this Stipulation shall be canceled and terminated subject to Paragraph 7.4 hereof unless Lead Counsel and Defendants' Counsel on behalf of their respective clients mutually agree in writing to proceed with the Settlement.

7.3    If Persons who otherwise would be Settlement Class Members have timely and validly requested exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto, and if the total number of Persons who would otherwise be Settlement Class Members who purchased or otherwise acquired more than a certain percentage of Celsius common stock subject to this Stipulation exclude themselves from the Settlement Class, as set forth in a separate Supplemental Agreement

Regarding Requests for Exclusion (the "Supplemental Agreement") executed between Lead Counsel and Defendants' Counsel, then Defendants shall have the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement.  Unless the Court directs otherwise, the Supplemental Agreement will not be filed with the Court unless and until a dispute between Lead Plaintiffs and Defendants concerning its interpretation or application arises.  If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Settling Parties will seek to have the Supplemental Agreement submitted to the Court *in camera* or filed under seal.

7.4     Unless otherwise ordered by the Court, if the event the Effective Date does not occur or this Stipulation shall terminate, be canceled, or otherwise not remain or become effective for any reason, including, without limitation, in the event the Judgment is reversed or vacated or materially altered following any appear taken therefrom, or it is successfully collaterally attacked, then within ten (10) business days after written notification of such event is sent by Defendants' Counsel or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest) and all payments disbursed, less Taxes, Tax Expenses, and Notice and Administration Costs which have been properly disbursed pursuant to Paragraph 2.7 (up to the dollar limit provided in Paragraph 2.7) and Paragraph 2.9 hereof, shall be refunded by the Escrow Agent to Celsius pursuant to written instructions from Defendants' Counsel.  The Escrow Agent or their designees shall apply for any tax refund owed on the Settlement Fund and pay the proceeds to Celsius pursuant to written instructions from Defendants' Counsel, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund.

7.5     If the event Effective Date does not occur or this Stipulation shall terminate, be canceled, or otherwise not either remain or become effective for any reason, including, without

limitation, in the event the Judgment is reversed or vacated or materially altered following any appeal taken therefrom, or it is successfully collaterally attacked, then the Settling Parties shall be restored to their respective positions in the Action as of July 11, 2023.  In such event, the terms and provisions of this Stipulation, with the exception of Paragraphs 1.1-1.47, 2.2, 2.4-2.9, 6.3-6.5, 7.4-7.5, 8.1, 9.3-9.27 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*, and Defendants retain all of their defenses and the Settling Parties shall be deemed to return to their status as of July 12, 2023.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the Fee and Expense Award, shall constitute grounds for cancellation or termination of this Stipulation.

7.6     The Judgment shall contain a bar order consistent with the PSLRA, 15 U.S.C. § 78u–4(f)(7).

**8.     No Admission of Wrongdoing**

8.1     Neither the Settlement, the Term Sheet, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet, this Stipulation, and the Settlement, nor any proceedings, communications, drafts, documents, or agreements taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or

33

admission by any Defendant of the truth of any allegations by Lead Plaintiffs or any Settlement Class Member, including any alleged damages, or the validity of any claim that has been or could have been asserted in the Action, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, harm, scienter, or wrongdoing of any kind of any of the Defendants or in any way referred to for any other reason as against any of the Defendants, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b) shall be offered or received against or to the prejudice of any Defendant as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant, or against Lead Plaintiffs or any Settlement Class Member as evidence of any infirmity in the claims of Lead Plaintiffs and the Settlement Class;

(c) shall be offered or received against any Defendant as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if this

34

Stipulation is approved by the Court, Defendants and their Related Parties may refer to it to effectuate the release granted them hereunder; or

(d)      shall be construed against Defendants, Lead Plaintiffs, or the Settlement Class as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement.

**9.      Miscellaneous Provisions**

9.1      The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation expeditiously.

9.2      The Settling Parties intend this Settlement to be a final and complete resolution and compromise of all disputes between them with respect to the Action and the Released Claims, whether known claims or Unknown Claims, and this Stipulation shall be constructed and interpreted so as to effective that intent.

9.3      The Settlement shall not be deemed an admission by any Settling Party or any of the Released Parties as to the merits of any claim or defense.  The Settling Parties and their counsel agree that they shall not assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action, and the Judgment shall contain a finding that all Settling Parties and their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and resolution of the Action.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith and at arm's-length by the Settling Parties and reflect a settlement that

was reached voluntarily after consultation with competent legal counsel and not in reliance on any statements by Defendants.  The Settling Parties further agree that the Settlement Amount was negotiated and agreed without any discussion of Lead Counsel's attorneys' fees and expenses.

9.4     All agreements made and orders entered during the course of the Action relating to the confidentiality of documents and information shall survive this Stipulation.

9.5     The Released Parties may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.6     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.7     This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.8     No waiver of any term or provision of this Stipulation, including a waiver of any breach or default, shall be valid or effective unless in writing and signed by or on behalf of all Settling Parties or their respective successors-in-interest.  No waiver of any term or provisions of this Stipulation, including a waiver of any breach or default, shall be construed as a waiver of the same or any other term or provision or of any previous or subsequent breach of this Stipulation.

9.9     This Stipulation and the Exhibits attached hereto (together with the Supplemental Agreement referred to in Paragraph 7.3) constitute the entire agreement among the Settling Parties and supersede any prior or contemporaneous written or oral agreements or understandings between the Settling Parties, including the Term Sheet.  No representations, warranties, or inducements have been made to any Settling Party concerning this Stipulation or its Exhibits other than the

representations, warranties, and covenants contained and memorialized in such documents. The Settling Parties agree that no prior drafts or unexecuted versions of the Term Sheet, this Stipulation, its Exhibits, and the Supplemental Agreement or communications between the Settling Parties shall be construed as evidence of the Settling Parties' intent or understanding of this Stipulation, its Exhibits, and the Supplemental Agreement.

9.10    It is understood by the Settling Parties that, except for the matters expressly represented herein, the facts or law with respect to which this Stipulation is entered into may turn out to be other than or different from the facts now known to each Settling Party or believed by such Settling Party to be true; each Settling Party therefore expressly assumes the risk of the facts or law turning out to be so different, and agrees that this Stipulation shall be in all respects effective and not subject to termination by reason of any such different facts or law.

9.11    Except as otherwise provided herein (or, as between Defendants, in any separate agreements between them), each Settling Party shall bear its own costs.

9.12    The Settlement is not conditioned upon the settlement or approval of settlement of any derivative suits or other suits.

9.13    If any provision of this Stipulation shall be determined to be invalid, void, or illegal, such provision shall be construed and amended in a manner that would permit its enforcement, but in no event shall such provision affect, impair, or invalidate any other provision hereof.

9.14    Neither the Settlement Class Members nor Defendants shall be bound by this Stipulation if the Court modifies material terms thereof, provided, however, that it shall not be a basis for Settlement Class Members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Authorized Claimants, or if the Plan of Allocation is modified on appeal.  Nor shall it be a basis to terminate

the Settlement if the Court disapproves of or modifies the terms of this Stipulation with respect to the Fee and Expense Application, the Fee and Expense Award, or the distribution of the Net Settlement Fund.  Notwithstanding any such modification of the terms or Plan of Allocation or this Stipulation with respect to the Fee and Expense Application or Fee and Expense Award, Released Defendant Parties shall be entitled to all benefits of the Settlement and shall not, under any circumstances, be called upon to contribute additional funds to the Settlement Fund.

9.15    Lead Counsel, on behalf of the Settlement Class, is expressly authorized by Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Settlement Class that it deems appropriate.

9.16    Lead Plaintiffs and Lead Counsel, on behalf of Plaintiffs' Counsel, represent and warrant that none of Lead Plaintiffs' claims or causes of action referred to in this Action or this Stipulation has been assigned, encumbered, or in any manner transferred in whole or in part.

9.17    Each counsel or other Person executing this Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

9.18    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given via email as set forth below:

*If to Lead Plaintiffs or to Lead Counsel:*

Daniel L. Berger
GRANT & EISENHOFER P.A.
485 Lexington Avenue, 29th Floor
New York, NY 10017
dberger@gelaw.com

*If to the Defendants or to Defendants' Counsel:*

Joseph G. Tully
ALSTON & BIRD LLP
90 Park Avenue
New York, New York 10016
joe.tully@alston.com

9.19    This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court.

9.20    This Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties.

9.21    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

9.22    Pending approval of the Court of this Stipulation and its Exhibits, all proceedings in this Action shall be stayed, and all Settlement Class Members shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendant Parties.

9.23    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Florida, and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Florida, without giving effect to that State's choice-of-law principles, except to the extent that federal law requires that federal law govern.

9.24    Nothing in this Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

9.25    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

9.26    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

9.27    Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed,

by their duly authorized attorneys, dated August 2, 2023.

/s/
**GRANT & EISENHOFER P.A.**
Daniel L. Berger (*pro hac vice*)
Caitlin M. Moyna (*pro hac vice*)
Vincent J. Pontrello (*pro hac vice*)
Mica A. Cocco (*pro hac vice*)
485 Lexington Avenue
New York, NY 10017
dberger@gelaw.com
cmoyna@gelaw.com
vpontrello@gelaw.com
mcocco@gelaw.com
Tel: (646) 722-8500

*Counsel for Lead Plaintiffs and Lead Counsel for the Proposed Class*

/s/
**ALSTON & BIRD LLP**
Joseph G. Tully (*pro hac vice*)
Theodore J. Sawicki
Jason R. Outlaw (*pro hac vice*)
Matthew LaGrone (*pro hac vice*)
Oyinkansola Y. Muraina (*pro hac vice*)
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, Georgia 30309
tod.sawicki@alston.com
joe.tully@alston.com
jason.outlaw@alston.com
oyinkan.muraina@alston.com
Tel: 404-881-7000

*Counsel for Defendants*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO: 22-80418-CV-MIDDLEBROOKS

| | |
|---|---|
| CITY OF ATLANTA POLICE OFFICERS' PENSION PLAN and CITY OF ATLANTA FIREFIGHTERS' PENSION PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>         Plaintiffs,<br><br>                -V-<br><br>CELSIUS HOLDINGS, INC., JOHN FIELDLY, and EDWIN NEGRON-CARBALLO,<br><br>         Defendants. | <u>CLASS ACTION</u> |

<u>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, PROVIDING FOR NOTICE AND CERTIFYING CLASS**</u>

**EXHIBIT A**

WHEREAS, an action is pending before this Court styled *City of Atlanta Police Officers' Pension Plan, et al., v. Celsius Holdings, Inc., et al.*, Case No. 22-80418-CV-MIDDLEBROOKS (the "Action");

WHEREAS, the Settling Parties have applied, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Action and allowing notice to the Settlement Class, in accordance with a Stipulation of Settlement dated August 2, 2023 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action between the Settling Parties and for dismissal of the Action against the Defendants and any of the Released Parties with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all defined terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over the Settling Parties and each of the Settlement Class Members, and the Court retains jurisdiction to consider all further applications arising out of the Settlement embodied in the Stipulation.

2.      Pursuant to the Stipulation, the Settling Parties have proposed certification of the following Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure:  all Persons who, directly or through an intermediary, purchased or otherwise acquired common stock of Celsius Holdings, Inc. ("Celsius") at any time during the period of August 12, 2021 through March 1, 2022, inclusive.  Excluded from the Settlement Class are: (i) Defendants

and any individual who was an officer or director of Celsius during the Class Period; (ii) their immediate family members (as defined in C.F.R. §229.404 (Instructions (1)(a)(iii))), legal representatives, heirs, agents, affiliates, successors, or assigns; (iii) any entity in which Defendants or any individual who was an officer or director of Celsius during the Class Period has, or had during the Class Period, a controlling interest; and (iv) any affiliate of Celsius. Also excluded from the Settlement Class are any Persons who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

3.      The Court preliminarily certifies the Settlement Class for the purposes of the proposed Settlement and finds that it will likely be able to certify the Settlement Class, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure.  Specifically, the Court finds that each element required for certification of the Settlement Class for purposes of the proposed Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4.      The Court also finds that for purposes of the proposed Settlement it will likely be able to certify Lead Plaintiffs as class representatives for the Settlement Class, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, and appoint Lead Counsel as class counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

5.      The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Fairness Hearing to be conducted as described below.

6.      A hearing (the "Settlement Fairness Hearing") shall be held before this Court on _____, 2023 at _____ _.m., at the United States District Court for the Southern District of Florida, 701 Clematis Street, Room 257, West Palm Beach, Florida 33401, for the following purposes: (i) to determine whether the proposed Settlement embodied in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be finally approved by the Court; (ii) to determine, for purposes of the proposed Settlement only, whether the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiffs should be certified as class representative for the Settlement Class, and Lead Counsel should be appointed as class counsel for the Settlement Class; (iii) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (iv) to determine whether the proposed Plan of Allocation is fair and reasonable and should be approved; (v) to determine whether the Fee and Expense Application should be approved; and (vi) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  The Court may adjourn the Settlement Fairness Hearing or decide to hold the Settlement Fairness Hearing telephonically without further notice to the Settlement Class and may approve the Settlement proposed in the Stipulation as is or, with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Settlement Class.

3

7.    The Court hereby authorized Lead Plaintiffs to retain the firm KCC Class Action Services ("Claims Administrator") to supervise and administer the notice procedure and the processing of Claims, as more fully set forth below.

     a.    Not later than _____, 2023 (the "Notice Date") (a date fourteen (14) calendar days after the Court enters this Order), the Claims Administrator shall commence mailing copies of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and the Proof of Claim and Release Form, substantially in the forms attached hereto as Exhibits 1 and 3, respectively (the "Notice Packet"), by electronic mail or First-Class Mail, to all Persons falling within the definition of the Settlement Class who can be identified with reasonable effort;

     b.    contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall also cause copies of the Notice and Proof of Claim and Release Form to be posted on the following website developed for the Settlement: www.CelsiusHoldingsSecuritiesSettlement.com;

     c.    not later than _____, 2023 (a date ten (10) calendar days after the Notice Date), the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 2, to be published once in *Investor's Business Weekly* and *PR Newswire*; and

     d.    not later than _____, 2023 (a date seven (7) calendar days prior to the Settlement Fairness Hearing), Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing, posting, and publication.

4

8.     The Court (i) approves, as to form and content, the Notice, the Summary Notice, and the Proof of Claim and Release Form, attached hereto as Exhibits 1, 2, and 3, respectively, and (ii) finds that the mailing and distribution of the Notice and Proof of Claim and Release Form and the publication of the Summary Notice in the manner and form set forth in Paragraph 7 of this Order (a) is the best notice practicable under the circumstances; (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise Persons falling within the definition of the Settlement Class of (1) the pendency of the Action; (2) the effect of the proposed Settlement (including the Releases to be provided thereunder); (3) the Fee and Expense Application; (4) their right to object to the Settlement, the Plan of Allocation and/or the Fee and Expense Application; (5) their right to exclude themselves from the Settlement Class; and (6) their right to appear at the Settlement Fairness Hearing; (c) constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (d) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable laws and rules. The date and time of the Settlement Fairness Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9.     Brokers and other nominees who purchased or otherwise acquired Celsius common stock during the Class Period for the benefit of another Person shall: (i) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of the Notice, send a list of the names, mailing addresses, and, if available, email

5

addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10.     Any Person falling within the definition of the Settlement Class who or which wishes to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit the Proof of Claim and Release Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proof of Claim and Release Forms must be postmarked or submitted electronically no later than _____, 2023 (a date 120 calendar days after the Notice Date).  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted Claims for processing by the Claims Administrator, so long as distribution of the Net Settlement Fund is not materially delayed thereby, but Lead Plaintiff will incur no liability for exercising or refusing to exercise such discretion.  By submitting a Claim, a Person shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, their, or its Claim and the subject matter of the Settlement.

11.     Each Proof of Claim and Release Form submitted must: (i) be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (ii) be accompanied by adequate supporting documentation for the transactions and

holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (iii) if the Person executing the Proof of Claim and Release Form is acting in a representative capacity, include a certification of current authority to the satisfaction of Lead Counsel or the Claims Administrator; (iv) be complete and contain no material deletions or modifications of any of the printed matter contained therein; and (v) be signed under penalty of perjury.

12.     Any Person falling within the definition of the Settlement Class that does not timely and validly submit a Proof of Claim and Release Form or whose Claim is not otherwise approved by the Court: (i) shall be deemed to have waived his, her, their, or its right to share in the Net Settlement Fund; (ii) shall be forever barred from participating in any distributions therefrom; (iii) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Class; and (iv) will be barred from commencing, maintaining, or prosecuting any of the Settlement Class's Released Claims against each and all of the Released Defendant Parties, as more fully described in the Stipulation and the Notice. Notwithstanding the foregoing, late Proof of Claim and Release Forms may be accepted for processing as set forth in Paragraph 10 above.

13.     Any Person falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class, within the time and in the manner set forth in this Order and the Notice.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than _____, 2023 (a

date twenty-one (21) calendar days before the Settlement Fairness Hearing).  A Request for Exclusion must (i) state the name, address, and telephone number of the Person requesting exclusion, and, in the case of entities, the name and telephone number of the appropriate contact person; (ii) state the Person's purchases, acquisitions, and sales of Celsius common stock between the dates of August 12, 2021 and March 1, 2022, inclusive, including the dates and the amount of Celsius shares purchased, acquired, and/or sold, and price paid or received for each such purchase, acquisition, or sale; (iii) state that the Person wishes to be excluded from the Settlement Class in *City of Atlanta Police Officers' Pension Plan, et al., v. Celsius Holdings, Inc. et al.*, Case No. 22-80418-CV-MIDDLEBROOKS; and (iv) be signed by the Person seeking exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above or is otherwise accepted by the Court.  Lead Counsel is authorized to request from any Person requesting exclusion additional transaction information or documentation sufficient to prove his, her, their, or its holdings and trading in Celsius common stock.

14.     Lead Counsel shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, and any written revocation of a Request for Exclusion, within the later of two (2) business days of Lead Counsel's receipt or fourteen (14) calendar days prior to the Settlement Fairness Hearing.

15.     Any Person submitting a valid and timely Requests for Exclusion in the manner set forth in Paragraph 13 and who is excluded from the Settlement Class shall not be a Settlement Class Member, shall have no rights under the Stipulation, shall not receive or share in any distribution from the Net Settlement Fund, and shall not be bound by the Stipulation or any Final Judgment.

16.     Any Person falling within the definition of the Settlement Class who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (i) shall be deemed to have waived his, her, their, or its right to be excluded from the Settlement Class; (ii) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (iii) shall be bound by the provisions of the Stipulation, and the Settlement it embodies, and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (iv) will be barred from commencing, instituting, prosecuting, or continuing to prosecute any of the Settlement Class's Released Claims (including Unknown Claims) against any of the Released Defendant Parties, their Related Parties, and their respective counsel, as more fully described in the Stipulation and Notice.

17.     Any Settlement Class Member that does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, their, or its own expense, individually or through counsel of his, her, their, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in Paragraph 18 below, such that it is received no later than twenty-one (21) days before the Settlement Fairness Hearing.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

18.     Any Settlement Class Member that does not request an exclusion from the Settlement Class may file a written objection if he, she, they, or it believes there is any reason why the Settlement of the Action embodied in the Stipulation should not be approved as fair, reasonable, and adequate; why a judgment should not be entered thereon; why the Plan of Allocation should not be approved; and/or why the Court should not grant the Fee and Expense

9

Application.  No Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, and/or the order approving the Plan of Allocation, or the Fee and Expense Application, unless written objections and copies of supporting papers (i) are received by Daniel L. Berger, Grant & Eisenhofer P.A., 485 Lexington Avenue, 29th Floor, New York, NY 10017 and Joseph G. Tully, Alston & Bird LLP, 90 Park Avenue, New York, NY 10016, on or before _____, 2023 (a date twenty-one (21) calendar days before the Settlement Fairness Hearing) (the "Objection Deadline"); and (ii) filed with the Clerk of the United States District Court for the Southern District of Florida, on or before the Objection Deadline.   In addition, written objections and copies of any supporting papers must also be emailed to Lead Counsel and Defendants' Counsel at dberger@gelaw.com and joe.tully@alston.com by no later than the Objection Deadline.

19.    Any objections, filings, or other submissions by an objecting Settlement Class Member must: (i) state the name, address, and telephone number of the Person objecting and must be signed by the objector or an authorized representative; (ii) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (iii) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (iv) include documents sufficient to prove membership in the Settlement Class, consisting of documents showing the number of shares of Celsius common stock that the objector purchased, acquired, and/or sold during the Class Period (*i.e.*, between August 12, 2021 and March 1, 2022,

inclusive), as well as the date, number of shares, and price of each such purchase, acquisition, and/or sale; and (v) identify cases in which the objector or its counsel has filed an objection to a settlement in the past five years.  Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements. Objectors who enter an appearance and desire to present evidence at the Settlement Fairness Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.  Lead Counsel is authorized to request from any objector additional transaction information or documentation sufficient to prove his, her, their, or its holdings and trading in Celsius common stock.  Objectors shall be allowed to present argument and evidence solely at the discretion of the Court.

20.     Any Settlement Class Member who or which does not make his, her, their, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection or otherwise being heard in this or any other proceeding concerning the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, the Plan of Allocation, and the Fee and Expense Application, unless otherwise ordered by the Court.

21.     All proceedings and pretrial deadlines in the Action are stayed until further order of this Court, with the exception of proceedings and deadlines necessary to carry out or enforce the terms and conditions of the Stipulation and this Order, and this Action is removed from the Trial Calendar.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs and all other Persons falling within the definition of the

Settlement Class from commencing or prosecuting any and all of the Settlement Class's Released Claims against any of the Defendant Released Parties.

22.     All Notice and Administration Costs shall be paid as set forth in the Stipulation, and in no event shall any of the Released Parties bear any responsibility for such fees, costs, or expenses.  The Released Defendant Parties shall have no responsibility or liability with respect to the Plan of Allocation or the Fee and Expense Allocation, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement embodied in the Stipulation.

23.     The Settlement Fund shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as the Settlement Fund shall be distributed by the Escrow Agent pursuant to the Stipulation and/or further order(s) of the Court or, in the event that the Settlement is not approved or is terminated, canceled, or fails to become or remain effective, pursuant to Paragraph 7.4 of the Stipulation.

24.     The Escrow Agent is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25.     In the event the Court does not approve the Settlement embodied in the Stipulation or the Stipulation is terminated or otherwise fails to become or remain effective, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the Settling Parties shall

revert to their respective positions in the Action immediately prior to reaching their agreement in principle to settle on July 12, 2023, as provided in the Stipulation.

26.     Neither this Order, the Term Sheet, nor the Stipulation (whether or not consummated), including the Exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  shall be (i) offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Parties, or in any way referred to for any other reason as against any of the Released Defendant Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (ii) offered against any of the Released Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiff Parties that any of their claims are without merit, that any of the Defendant Released Parties had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal, arbitration, or administrative

13

action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (iii) construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Released Parties and their respective counsel may refer to the Stipulation to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

27.     Lead Counsel shall file and serve its opening papers in support of the Settlement as embodied in the Stipulation, the Plan of Allocation, and the Fee and Expense Application no later than thirty (30) calendar days prior to the Settlement Fairness Hearing, and reply papers, if any, shall be filed and served no later than five (5) calendar days before the Settlement Fairness Hearing.

IT IS SO ORDERED.

DATED: _____     _____
                                    THE HONORABLE DONALD M. MIDDLEBROOKS
                                    UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO: 22-80418-CV-MIDDLEBROOKS

| | |
|---|---|
| CITY OF ATLANTA POLICE OFFICERS' PENSION PLAN and CITY OF ATLANTA FIREFIGHTERS' PENSION PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>-V-<br><br>CELSIUS HOLDINGS, INC., JOHN FIELDLY, and EDWIN NEGRON-CARBALLO,<br><br>      Defendants. | CLASS ACTION |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

<u>**TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF CELSIUS HOLDINGS, INC. ("CELSIUS") BETWEEN AUGUST 12, 2021 AND MARCH 1, 2022, INCLUSIVE (THE "CLASS PERIOD")**</u>

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION. IF YOU ARE A MEMBER OF THE CLASS, YOUR LEGAL RIGHTS WILL BE AFFECTED WHETHER OR NOT YOU ACT. PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED (IF MAILED) OR RECEIVED (IF SUBMITTED ONLINE) ON OR BEFORE _____, 2023**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of Florida (the "Court").[1] The purpose of this Notice is to inform you of: (i) the pendency of this class action (the "Action") between Lead Plaintiffs City of Atlanta Police Officers' Pension Plan and City of Atlanta Firefighters' Pension Plan and Defendants Celsius Holdings, Inc. ("Celsius"), John Fieldly and Edwin Negron-Carballo ("Defendants"); (ii) the proposed $7,900,000.00 settlement reached therein (the "Settlement"): and (iii) the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's application for fees and expenses (which may include an award to Lead Plaintiff in connection with its representation of the Settlement Class). This Notice describes what steps you may take in relation to the Settlement and this class action.

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Action as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants. This Notice is solely to advise you of the proposed Settlement of the Action and of your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement. **Proof of Claim and Release Forms must be postmarked (if mailed) or received (if submitted online) on or before _____, 2023.** |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | Get no payment. This is the only option that *potentially* allows you to ever be part of any other lawsuit against any Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement. Should |

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated August 2, 2023 (the "Stipulation"), which is available on the website www.CelsiusHoldingsSecuritiesSettlement.com.

**QUESTIONS?**
**PLEASE CALL (866) 690-1317**
**OR VISIT www.CelsiusHoldingsSecuritiesSettlement.com**

|  | you elect to exclude yourself from the Settlement Class you should understand that Defendants and other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.  **Exclusions must be postmarked on or before _____, 2023.** |
|---|---|
| **OBJECT TO THE SETTLEMENT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses.  You will still be a Settlement Class Member.  **Objections must be *received* by the Court and counsel for the Settling Parties on or before _____, 2023.  If you submit a written objection, you may (but do not have to) attend the hearing.** |
| **GO TO THE HEARING ON _____, 2023** | Ask to speak in Court about the fairness of the Settlement.  **Requests to speak must be *received* by the Court and counsel for the Settling Parties on or before _____, 2023.** |
| **DO NOTHING** | Receive no payment.  You will, however, still be a Settlement Class Member, which means that you give up your right to ever be part of any other lawsuit against Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## SUMMARY OF THIS NOTICE

**Description of the Litigation and the Class**

This Notice relates to a proposed Settlement of claims in a pending securities class action brought by Celsius investors alleging, among other things, that Defendants violated the federal securities laws by making false and misleading statements regarding Celsius during the Class Period.  A more detailed description of the Action is set forth on pages 4-6 below.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined on page 9 below.

**Statement of Class Recovery**

Pursuant to the Settlement described herein, a Settlement Fund has been established in the amount of $7.9 million (the "Settlement Amount").  Based on Lead Plaintiffs' estimate of the number of Celsius shareholders eligible to recover under the Settlement, the average distribution per share under the Plan of Allocation is approximately $0.56 per share before deduction of any taxes on the

**QUESTIONS?**
**PLEASE CALL (866) 690-1317**
**OR VISIT www.CelsiusHoldingsSecuritiesSettlement.com**

income earned on the Settlement Amount, Notice and Administration Expenses, and the attorneys' fees and expenses as determined by the Court. **Settlement Class Members should note, however, that these are only estimates.** A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Settlement Class Members who submit acceptable Proofs of Claim. An individual Settlement Class Member may receive more or less than this estimated average amount. *See* Plan of Allocation set forth and discussed at pages 15-20 below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages per share, if any, that would be recoverable even if the Settlement Class prevailed on each claim alleged. Defendants have denied and continue to deny that they violated the federal securities laws, or any laws, and maintain that their conduct was at all times proper and in compliance with all applicable laws. Defendants deny that they are liable to the Settlement Class and deny that the Settlement Class has suffered any injury or damages. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Settlement Class under the federal securities laws, or any other laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of Celsius publicly traded common stock was allegedly artificially inflated (if at all) during the Class Period; (4) the amount, if any, by which the price of Celsius common stock was allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the price of Celsius common stock during the Class Period; (6) the extent to which external factors influenced the price of Celsius common stock during the Class Period; (7) whether the various matters that Lead Plaintiffs alleged were materially false or misleading were, in fact, false or misleading; (8) the extent to which the various matters that Lead Plaintiffs alleged were materially false or misleading influenced (if at all) the price of Celsius common stock during the Class Period; and (9) the extent to which the various allegedly adverse material facts that Lead Plaintiffs alleged were omitted influenced (if at all) the price of Celsius common shares during the Class Period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the Action's inception, Lead Counsel has expended considerable time and effort in the prosecution of this Action on a wholly contingent basis and has advanced the expenses of the Action in the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery. Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed 25% of the Settlement Amount and for reimbursement of costs and expenses incurred in prosecuting the Action not to exceed $350,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. In addition, Lead Plaintiffs may seek payment for their time and expenses incurred in representing the Settlement Class in an amount not to exceed $50,000. If the amounts requested are approved by the Court, the average

cost per Celsius share will be approximately $0.14 and $0.03, for attorneys' fees and costs and expenses, respectively.

**Further Information**

For further information regarding the Action, this Notice, or to review the Stipulation of Settlement, please contact KCC Class Action Services, the Claims Administrator, toll-free at (866) 690-1317 or visit the website, www.CelsiusHoldingsSecuritiesSettlement.com.

You may also contact a representative of counsel for the Settlement Class: Grant & Eisenhofer P.A., 485 Lexington Avenue, New York, NY 10017, 1-646-722-8500, www.gelaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Lead Plaintiffs' principal reason for entering into the Settlement is that it provides substantial benefits to the Settlement Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For the Defendants, who have denied and continue to deny all allegations, liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and distraction inherent in any litigation, especially in complex cases such as this Action. Defendants have concluded that further proceedings in this Action could be protracted, costly, and distracting.

BASIC INFORMATION

1.      **Why did I get this Notice package?**

This Notice was sent to you pursuant to an Order of a U.S. District Court because you or someone in your family or an account for which you serve as custodian may have purchased or otherwise acquired Celsius common stock during the Class Period.

This Notice explains the class action lawsuit, the Settlement, Settlement Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Action is the United States District Court for the Southern District of Florida, and the case is known as *City of Atlanta Police Officers' Pension Plan, et al., v. Celsius Holdings, Inc. et al.*, Case No. 22-80418-CV-MIDDLEBROOKS. The case has been assigned to the Honorable Donald M. Middlebrooks. The entities representing the Settlement Class are the City of Atlanta Police Officers' Pension Plan and the City of Atlanta Firefighters' Pension Plan, together the "Lead Plaintiffs," and the companies and individuals it sued are called the Defendants.

QUESTIONS?<br>PLEASE CALL (866) 690-1317<br>OR VISIT www.CelsiusHoldingsSecuritiesSettlement.com

**2.     What is this lawsuit about?**

This Action was brought on behalf of all persons and entities who purchased or otherwise acquired Celsius common stock between August 12, 2021 and March 1, 2022, inclusive.

The initial complaint in this Action was filed on March 16, 2022 in the United States District Court for the Southern District of Florida.  *City of Atlanta Police Officers' Pension Plan v. Celsius Holdings, Inc. et al*, Case No. 22-80418-CV-MIDDLEBROOKS.  On June 6, 2022, the Court appointed City of Atlanta Police Officers' Pension Plan and City of Atlanta Firefighters' Pension Plan as Lead Plaintiffs and Grant & Eisenhofer P.A. as Lead Counsel.  ECF No. 41.  On July 8, 2022, Lead Plaintiffs filed the Amended Complaint for Violations of the Federal Securities Laws (the "Amended Complaint"), which alleges that Defendants disseminated materially false and misleading statements regarding Celsius's financial reporting during the Class Period and did so with an intent to defraud.  ECF No. 44.

From the outset of the Action, Defendants have denied any wrongdoing or liability and consistently maintained that they never intentionally made any statement that was false or misleading.  Defendants believed during the Class Period that the public statements Celsius made were truthful, accurate, and not misleading, and contained no material misstatements or omissions of fact.

On August 5, 2022, Defendants filed a Motion to Dismiss the Amended Complaint (ECF No. 47), Lead Plaintiffs filed their opposition on August 26, 2022 (ECF No. 48), and Defendants filed their reply on September 9, 2022.  ECF No. 49.

On February 13, 2023, United States Judge Bruce E. Reinhart issued a Report and Recommendation on Defendants' Motion to Dismiss the Amended Complaint.  ECF No. 55.  On March 22, 2023, the Court entered an Order adopting Magistrate Judge Reinhart's Report and Recommendation, granting in part and denying in part Defendants' Motion.  ECF No. 62.

On April 21, 2023, Defendants filed an Answer and Affirmative Defenses to Amended Complaint.  ECF No. 78.

On May 18, 2023, Lead Plaintiffs filed a Motion for Class Certification (ECF No. 95), and Defendants filed their opposition on June 15, 2023.  ECF No. 100.

Discovery in this Action commenced in April 2023. Lead Plaintiffs served two sets of document requests on Defendants and prepared and served document subpoenas on four non-parties. Lead Plaintiffs also served two sets of interrogatories on Defendants.  Lead Plaintiffs exchanged numerous letters and held numerous conferences with Defendants concerning discovery issues.  Defendants and third parties produced a total of over 53,000 pages of documents to Lead Plaintiffs.

On July 14, 2023, Lead Counsel for Lead Plaintiffs and Defendants' Counsel informed the Court via telephone that a settlement in principle had been reached.  On July 17, 2023, Lead Plaintiffs and Defendants filed a Notice of Settlement.  ECF No. 109.

**3.     Why is there a settlement?**

The Court has not decided in favor of Defendants or of Lead Plaintiffs.  Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Lead Plaintiffs agreed to the Settlement in order to ensure that Settlement Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

**4.     How do I know if I am a Settlement Class Member?**

The Settlement Class is comprised of all Persons who, directly or through an intermediary, purchased or otherwise acquired Celsius common stock at any time during the period of August 12, 2021 through March 1, 2022, inclusive.

Excluded from the Settlement Class are: (i) Defendants and any individual who was an officer or director of Celsius during the Class Period; (ii) their immediate family members (as defined in 17 C.F.R. §229.404 (Instructions (1)(a)(iii))), legal representatives, heirs, agents, affiliates, successors, or assigns; (iii) any entity in which any Defendants or any individual who was an officer or director of Celsius during the Class Period has, or had during the Class Period, a controlling interest; and (iv) any affiliate of Celsius.  Also excluded from the Settlement Class are any Persons who exclude themselves by submitting a request for exclusion that is accepted by the Court.

**Please Note**:  Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement.  If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim and Release Form that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 2023.

**5.     What if I am still not sure if I am included?**

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator toll-free at (866) 690-1317, contact Lead Counsel, or you can fill out and return the Proof of Claim and Release Form enclosed with this Notice package, to see if you qualify.

**QUESTIONS?**
**PLEASE CALL (866) 690-1317**
**OR VISIT www.CelsiusHoldingsSecuritiesSettlement.com**

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**6.      What does the Settlement provide?**

The Settlement provides that, in exchange for the release of the Settlement Class's Released Claims (defined below) and dismissal of the Action, Defendants have agreed to pay (or cause to be paid) $7.9 million in cash to be distributed after Taxes, Tax Expenses, Notice and Administration Costs, and additional Court-approved fees and expenses, *pro rata*, to Settlement Class Members who send in a valid Proof of Claim and Release Form pursuant to the Court-approved Plan of Allocation.  The Plan of Allocation is described in more detail at the end of this Notice.

**7.      How much will my payment be?**

Your share of the Net Settlement Fund will depend on several things, including the total amount of claims represented by the valid Proof of Claim and Release Forms that Settlement Class Members send in, compared to the amount of your claim, all as calculated under the Plan of Allocation discussed below.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

**8.      How can I get a payment?**

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim and Release Form.  A Proof of Claim and Release Form is enclosed with this Notice or it may be downloaded at www.CelsiusHoldingsSecuritiesSettlement.com.  Read the instructions carefully, fill out the Proof of Claim and Release Form, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked or received no later than _____, 2023.**  The Proof of Claim and Release Form may be submitted online at the website developed for the Settlement: www.CelsiusHoldingsSecuritiesSettlement.com.

**9.      When would I get my payment?**

**The Court will hold a Settlement Fairness Hearing on _____, 2023 at ____ _.m.**, to decide whether to approve the Settlement.  If the Court approves the Settlement, there might be appeals.  It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them.  It also takes time for all the Claim Forms to be processed.  Please be patient.  As of the date of this Notice, the Court has preliminarily approved the Settlement Agreement and the Settlement set forth therein, and found that the Settlement has resulted from arm's-length bargaining between the parties and as such may be submitted to the Settlement Class for consideration pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure.  Those matters will be addressed by the Court at the Settlement Fairness Hearing.

**10.     What am I giving up to get a payment or to stay in the Settlement Class?**

Unless you timely and validly exclude yourself, you are staying in the Settlement Class, and that means you and your "Related Parties" (as defined below) cannot sue, continue to sue, or be part of any other lawsuit against the "Released Defendant Parties" (as defined below) about the "Settlement Class's Released Claims" (as defined below) in this case.  It also means that all of the Court's orders will apply to you and legally bind you.  If you remain a Settlement Class Member, and if the Settlement is approved, you will give up all "Settlement Class's Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Defendant Parties" (as defined below):

- "Class Period" means the period of August 12, 2021 through March 1, 2022, inclusive.

- "Defendants" means Celsius and the Individual Defendants.

- "Defendants' Released Claims" means all claims and causes of action, of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate to the institution, prosecution, or settlement of the claims against Defendants in the Action.  Notwithstanding the foregoing, "Defendants' Released Claims" does not include claims relating to the enforcement of the Settlement or claims between or among Defendants or their insurance carriers, including claims for indemnification.

- "Individual Defendants" means John Fieldly and Edwin Negron-Carballo.

- "Lead Plaintiffs" means City of Atlanta Police Officers' Pension Plan and City of Atlanta Firefighters' Pension Plan.

- "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability company, limited liability partnership, association, joint stock company, joint venture, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business, legal, or other entity, and including any of their heirs, successors, representatives, or assigns.

- "Released Claims" shall refer to the Settlement Class's Released Claims and the Defendants' Released Claims.

- "Related Parties" means, as applicable, each and all of a Person's respective former, present, and future parents, subsidiaries, divisions, joint ventures and joint venturers, affiliates, and each and all of their respective present and former employees, members, partnerships and partners, principals, agents, officers,

directors, controlling shareholders, attorneys, advisors, accountants, auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, insurers, co-insurers, reinsurers, related or affiliated entities, predecessors, successors, spouses, children, immediate family members, estates, heirs, executors, trusts, trustees, administrators, agents, representatives, and assigns, in their capacity as such, and any entity in which a Person has a controlling interest.

- "Released Parties" means the Released Defendant Parties and Released Plaintiff Parties.

- "Released Plaintiff Parties" means Plaintiffs' Counsel, and Lead Plaintiffs and all other Settlement Class Members.

- "Releasing Plaintiff Party" means Lead Plaintiffs, each Settlement Class Member, and to the fullest extent permissible under law, each of their Related Parties.

- "Settlement Class" means all Persons who, directly or through an intermediary, purchased or otherwise acquired Celsius common stock at any time during the Class Period. Excluded from the Settlement Class are: (i) Defendants and any individual who was an officer or director of Celsius during the Class Period; (ii) their immediate family members (as defined in 17 C.F.R. §229.404 (Instructions (1)(a)(iii))), legal representatives, heirs, agents, affiliates, successors, or assigns; (iii) any entity in which Defendants or any individual who was an officer or director of Celsius during the Class Period has, or had during the Class Period, a controlling interest; and (iv) any affiliate of Celsius. Also excluded from the Settlement Class are any persons and entities who exclude themselves by submitting a request for exclusion that is accepted by the Court.

- "Settlement Class Member" means a Person who falls within the definition of the Settlement Class as set forth above and who does not submit a request for exclusion from the Settlement Class that is accepted by the Court.

- "Settlement Class's Released Claims" means any and all claims, demands, rights, causes of action, and liabilities of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, asserted or unasserted, suspected or unsuspected, fixed or contingent, foreseen or unforeseen, liquidated or unliquidated, accrued or unaccrued, matured or unmatured, whether or not concealed or hidden, whether class, derivative or individual in nature, which now exist, heretofore or previously existed, or may hereafter exist, and including but not limited to any claims based on allegations of fraud, nondisclosure, or misrepresentation, whether individual, derivative, representative, legal, equitable, or any other type, in any other capacity, that Lead Plaintiffs or any other Settlement Class Member (i) asserted in the Action, (ii) could have been asserted in the Action, or in any other proceeding or forum, that concern, arise out of, refer to, are based upon, or are related in any manner to (a) the

allegations, transactions, facts, matters, occurrences, representations, statements, misrepresentations, events, acts or omissions alleged in the Action, or (b) the purchase, sale, holding, or acquisition of Celsius's stock during the Class Period (August 12, 2021 through March 1, 2022, inclusive), or (iii) relate to the Action or the Settlement except to the extent explicitly preserved in the remainder of this paragraph.  Notwithstanding the foregoing, "Settlement Class's Released Claims" does not include (i) any claims relating to the enforcement of the Settlement, or (ii) the derivative claims currently pled on behalf of Celsius as of the date of the Settlement Agreement in the actions captioned (a) *Lampert v. Fieldly, et al.*, No. 3:23-cv-00017 (D. Nev.); (b) *Hammond v. Fieldly, et al.*, No. 3:23-cv-80797 (S.D. Fla.); (c) *Ingrao v. Fieldly, et al.*, No. A-23-873736-C (Nev. Dist. Ct.); and (d) *Hepworth v. Fieldly, et al.*, No. 3:23-cv-81020 (S.D. Fla.).

- "Settling Parties" means Defendants and Lead Plaintiffs, on behalf of themselves and the other Settlement Class Members.

- "Unknown Claims" means (i) any Settlement Class's Released Claim that Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, their, or its favor at the time of the release, which, if known by him, her them, or it, might have affected his, her, their, or its decision with respect to this Settlement with and release of the Released Defendant Parties, or might have affected his, her, their, or its decision not to object to this Settlement or seek exclusion from this Settlement, and (ii) any Defendants' Released Claim that any Defendant does not know or suspect to exist in his or its favor at the time of the release, which, if known by him, or it, might have affected his, or its decision with respect to this Settlement with and release of the Released Plaintiff Parties and Settlement Class Members, or might have affected his, or its decision not to object to this Settlement of seek exclusion from this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides, in relevant part:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and the other Settlement Class Members may hereafter discover facts in addition to or different from those which they know or believe to be true with respect to the subject matter of the Settlement Class's Released Claims, but, upon the Effective Date, Lead Plaintiffs shall expressly, and each other Settlement

Class Member, shall be deemed to have, and by operation of the Judgment shall have fully, finally, and forever settled and released any and all of the Settlement Class's Released Claims, whether known claims or Unknown Claims, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, without regard to the subsequent discovery or existence of such different or additional facts.  Defendants may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Defendants' Released Claims, but, upon the Effective Date, Defendants shall expressly, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Defendants' Released Claims, whether known claims or Unknown Claims, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiffs and Defendants acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and an essential term of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Released Defendant Parties, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement Class.  This is called excluding yourself – or is sometimes referred to as "opting out."  If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Action, you may want to consult an attorney and discuss whether any claim that you may wish to pursue would be barred, including by the applicable statutes of limitation or repose or on other grounds.

### 11.    How do I opt out of the Settlement Class and the proposed Settlement?

To exclude yourself from the Settlement Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Settlement Class in the '*Celsius Holdings Securities Settlement*.'"  You **cannot** exclude yourself by telephone or email.  Your letter must identify your purchases, acquisitions, and/or sales of Celsius common stock during the Class Period, including the dates, the number of Celsius shares purchased, acquired, and/or sold and price paid for each such purchase, acquisition, and/or sale.  In addition, you must include your name, address, telephone number, and your signature.

You must submit your exclusion request so that it is **postmarked no later than** _____, **2023** to:

**EXCLUSIONS**
*Celsius Holdings Securities Settlement*
c/o KCC Class Action Services
P.O. Box 301135
Los Angeles, CA 90030-1135
(866) 690-1317

Your exclusion request must comply with these requirements in order to be valid and effective. Lead Counsel or the Claims Administrator may, at their discretion, request from any Person requesting exclusion documentation sufficient to prove his, her, their, or its purchases, acquisitions, and/or sales of Celsius common stock during the Class Period.

If you ask to be excluded, you will not get any payment from the Settlement Fund, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue Defendants and the other Released Defendants Parties about the Settlement Class's Released Claims in the future.

**12.    If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same conduct later?**

No. Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Defendant Parties for any and all Settlement Class's Released Claims. If you have a pending lawsuit against Defendants and the other Released Defendants Parties, speak to your lawyer in that case immediately. You must exclude yourself from the Settlement Class in this Action to continue your own lawsuit. Remember, the exclusion deadline is _____, 2023.

**13.    If I exclude myself, can I get money from the proposed Settlement?**

No. If you exclude yourself, you should not send in a Proof of Claim and Release Form to ask for any money. But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Defendant Parties.

**THE LAWYERS REPRESENTING THE SETTLEMENT CLASS**

**14.    Do I have a lawyer in this case?**

The Court has appointed Grant & Eisenhofer P.A. to represent the Settlement Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

**QUESTIONS?**
**PLEASE CALL (866) 690-1317**
**OR VISIT www.CelsiusHoldingsSecuritiesSettlement.com**
12

**15.     How will the lawyers be paid?**

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed 25% of the Settlement Amount and for expenses, costs and charges the lawyers incurred in an amount not to exceed $350,000.00 in connection with the Action, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. Such sums will be paid from the Settlement Fund if they are approved by the Court.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

**16.     How do I tell the Court that I object to the proposed Settlement?**

If you are a Settlement Class Member, and do not otherwise exclude yourself from the Settlement Class, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation, Lead Counsel's fee and expense application, and/or Lead Plaintiffs' award request. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *Celsius Holdings Securities Settlement*. Include your name, mailing address, daytime telephone number, and your signature, identify the date(s), price(s), and number of Celsius shares you purchased, acquired, and/or sold during the Class Period, identify cases in which the objector or its counsel has filed an objection to a settlement in the last five years, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation and/or fee and expense application, including any legal support for such objection. Any objection must state whether it applies only to the objector or to the Settlement Class as a whole. You must also include copies of brokerage confirmation slips or monthly brokerage account statements demonstrating your purchase(s), acquisition(s), and/or sale(s). Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is ***received* no later than _____, 2023:**

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| CLERK OF THE COURT UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA 701 Clematis Street, Room 257 West Palm Beach, FL 33401 | GRANT & EISENHOFER P.A. DANIEL L. BERGER 485 Lexington Avenue 29th Floor New York, NY 10017 | ALSTON & BIRD LLP JOSEPH G. TULLY 90 Park Avenue New York, NY 10016 |

Any Person failing to comply with the requirements for objecting to the Settlement will be deemed to have waived all such objections and will be foreclosed from raising any objection to the proposed Settlement or to any part thereof.

**QUESTIONS?**
**PLEASE CALL (866) 690-1317**
**OR VISIT www.CelsiusHoldingsSecuritiesSettlement.com**

**17.     What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Settlement Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against the Released Defendant Parties and their Related Parties.  If you exclude yourself, you cannot object to the Settlement because it does not affect you.

**THE COURT'S SETTLEMENT HEARING**

The Court will hold a hearing to decide whether to approve the proposed Settlement.  You may attend and you may ask to speak, but you do not have to.

**18.     When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold a hearing at **___ _.m., on _____, 2023**, in the Courtroom of the Honorable Donald M. Middlebrooks, at the United States District Court for the Southern District of Florida, Paul G. Rogers U.S. Courthouse, 701 Clematis Street, Room 257, West Palm Beach, Florida 33401 (the "Settlement Fairness Hearing").  At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate.  If there are objections, the Court will consider them, even if you do not ask to speak at the hearing.  The Court will listen to people who have asked to speak at the hearing.  The Court will also consider Lead Counsel's application for an award of attorneys' fees and expenses (which request may include an award to Lead Plaintiffs in connection with their representation of the Settlement Class).  After the Settlement Fairness Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation.  We do not know how long these decisions will take.  You should be aware that the Court may change the date and time of the Settlement Fairness Hearing without another notice being sent to Settlement Class Members.  Any updates regarding the date or time of the Settlement Fairness Hearing or concerning whether the Settlement Fairness Hearing will be held by phone or video, will be posted to the Settlement website, www.CelsiusHoldingsSecuritiesSettlement.com. Please review that website or contact Lead Counsel if you plan to attend the Settlement Fairness Hearing.

**19.     Do I have to come to the hearing?**

No.  Lead Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed or submitted your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.  Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

**QUESTIONS?**
**PLEASE CALL (866) 690-1317**
**OR VISIT www.CelsiusHoldingsSecuritiesSettlement.com**
14

**20.      May I speak at the hearing?**

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Fairness Hearing.  To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the '*Celsius Holdings Securities Settlement*.'"  Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Counsel or Lead Plaintiffs and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing.  Your notice of intention to appear must be ***received*** **no later than _____, 2023**, and addressed to the Clerk of Court, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Settlement Class.

**IF YOU DO NOTHING**

**21.      What happens if I do nothing?**

If you do nothing, you will not receive any money from this Settlement.  In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Released Defendant Parties and their Related Parties about the Settlement Class's Released Claims in this case.

**GETTING MORE INFORMATION**

**22.      How do I get more information?**

For even more detailed information concerning the matters involved in this Action, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at (866) 690-1317.  Copies of the Stipulation, the pleadings in support of the Settlement embodied in the Stipulation, the Orders entered by the Court, and the other Settlement related papers filed in the Action have been or will be posted on the Settlement website at www.CelsiusHoldingsSecuritiesSettlement.com.  Documents related to the Action may also be inspected at the Office of the Clerk of the United States District Court for the Southern District of Florida, during regular business hours.  For a fee, all papers filed in this Action are available at www.pacer.gov.

**PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND AMONG SETTLEMENT CLASS MEMBERS**

The Settlement Amount of $7.9 million and any interest earned thereon is the "Settlement Fund."  The Settlement Fund, less all taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses (the "Net Settlement Fund") shall be distributed to Settlement Class Members who submit timely and valid Proof of Claim and Release Forms to the

Claims Administrator ("Authorized Claimants"). The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have an overall net loss on all of your transactions in Celsius common stock during the Class Period (August 12, 2021 through March 1, 2022, inclusive).

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among the Settlement Class Members.

The Claims Administrator shall determine each Settlement Class Member's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below. A Recognized Loss will be calculated for each share of Celsius common stock purchased or otherwise acquired during the Class Period. The calculation of a Recognized Loss will depend upon several factors, including when the shares were purchased or otherwise acquired and in what amounts, whether they were ever sold, and, if so, when they were sold and for what amounts. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to the Settlement Class Member pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to Settlement Class Members.

Your share of the Net Settlement Fund will depend on the number of valid Proof of Claim and Release Forms that Settlement Class Members submit to the Claims Administrator and how many shares you purchased or otherwise acquired during the Class Period, and whether you sold any of those shares and when you sold them.

The calculation of claims below is not an estimate of the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

In the event a Settlement Class Member has more than one purchase, acquisition, and/or sale of Celsius common stock during the Class Period, all purchases, acquisition, and/or sales shall be matched on a First-In, First-Out ("FIFO") basis. Sales will be matched, first against any holdings of Celsius common stock at the beginning of the Class Period, and then against purchases or acquisitions in chronological order, beginning with the earliest acquisition or purchase made.

For each purchase or acquisition of Celsius common stock made in the Class Period that is properly documented, a "Recognized Loss Amount" will be calculated according to the formulas described below. Such "Recognized Loss Amounts" will be aggregated across all purchases or acquisitions of a Settlement Class Member to determine the "Recognized Claim" for each Settlement Class Member.

The Recognized Claim is calculated based on all matched purchases and sales for a given claimant. If the matched purchases and sales for a given claimant reflect an overall gain, the Recognized Claim involved in the claimant's transactions will be $0.00. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement

**QUESTIONS?**
**PLEASE CALL (866) 690-1317**
**OR VISIT www.CelsiusHoldingsSecuritiesSettlement.com**
16

Fund based on his, her, their, or its Recognized Claim as compared to the Recognized Claims of all Authorized Claimants. No distribution shall be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of the claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

### RECOGNIZED LOSS AMOUNTS

The Plan of Allocation was developed based on the alleged inflation per share shown below, as well as the statutory 90-day look-back limitation.[2] A Recognized Claim is calculated for each Settlement Class Member who purchased Celsius common stock during the Class Period based on when that claimant purchased and sold shares, or retained shares beyond the end of the Class Period.

Based on the formulas presented below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Celsius common stock during the Class Period that is listed on the Proof of Claim and Release Form and for which adequate documentation is provided.

| Alleged Inflation Period | Alleged Inflation Per Share |
|---|---|
| August 12, 2021 – March 1, 2022 | $6.19 |
| March 2, 2022 – Present | $0 |

For shares of Celsius common stock purchased or acquired on or between August 12, 2021, through and including the close of trading on March 1, 2022, the Recognized Loss (per share) shall be as follows:

   a) If sold prior to the close of trading on March 1, 2022, the Recognized Loss is zero.

---

[2] Under §21(D)(e)(1) of the 1934 Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." As set forth herein, Recognized Loss Amounts for Celsius common stock are reduced to an appropriate extent by taking into account the closing prices of Celsius common stock during the 90-day look-back period. The mean (average) closing price for Celsius common stock during this 90-day look-back period was $54.70 per share as shown in Table 1. The 90-day look-back period ends on Friday, May, 27, 2022.

    b) Retained through the close of trading on March 1, 2022, and sold on or before May 27, 2022, the Recognized Loss amount is equal to the *lesser* of:

        i. the inflation at the time of purchase;

        ii. the purchase price minus the Average Closing Price up to the date of sale, as set forth in Table 1 below, but the computed Recognized Loss cannot be less than zero.

    c) If held at the close of trading on May 27, 2022, the Recognized Loss amount is equal to the *lesser* of:

        i. the inflation at the time of purchase;

        ii. the purchase price minus $54.70, but the computed Recognized Loss cannot be less than zero.

A purchase, acquisition, or sale of Celsius common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.[3] All purchase, acquisition and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise, or operation of law of Celsius common stock shall not be deemed a purchase, acquisition or sale of Celsius common stock for the calculation of a claimant's recognized claim nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such shares unless specifically provided in the instrument of gift or assignment.

"Short" sales shall not be recognized for any amount of loss on the cover or purchase transaction, and no Recognized Loss will be computed for any such covering purchase transaction.

The Claims Administrator will determine if the claimant had a "Market Gain" or a "Market Loss" with respect to her/his/their/its overall transactions in Celsius common stock during the Class Period. For purposes of making this calculation, the Claims Administrator will determine the difference between: (i) the claimant's Total Purchase Amount[4] and (ii) the sum of the claimant's Total Sales Proceeds[5] and the claimant's Holding Value.[6] If the claimant's Total

---

[3] Option contracts are not securities eligible to participate in the Settlement. With respect to shares of Celsius common stock purchased or sold through the exercise of an option, the purchase/sale date of the Celsius common stock is the exercise date of the option and the purchase/sale price of the Celsius common stock is the exercise price of the option.

[4] The "Total Purchase Amount" is a total amount the Authorized Claimant paid (excluding any fees, commissions, and taxes) for all shares of Celsius common stock purchased/acquired during the Class Period.

[5] The "Total Sales Proceeds" will be the total amount received (not deducting any fees, commissions, and taxes) for sales of Celsius common stock that were purchased and sold by the Authorized Claimant during the Class Period. The FIFO method as described above will be applied for matching sales of Celsius common stock to prior purchases/acquisitions of Celsius common stock.

[6] The Claims Administrator will ascribe a "Holding Value" of $57.05 to each share of Celsius common stock purchased/acquired during the Class Period that was still held as of the close of trading on March 1, 2022.

**QUESTIONS?**
**PLEASE CALL (866) 690-1317**
**OR VISIT www.CelsiusHoldingsSecuritiesSettlement.com**
18

Purchase Amount minus the sum of the claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the claimant's Market Loss; the number is negative or zero, that number will be the claimant's Market Gain.

If the claimant had a Market Gain with respect to her/his/their/its overall transactions in Celsius common stock during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the claimant will in any event be bound by the Settlement. If a claimant suffered an overall Market Loss with respect to her/his/their/its transactions in Celsius common stock during the Class Period, but that Market Loss was less than the Claimant's Recognized Claim, then the claimant's Recognized Claim will be limited to the amount of the Market Loss.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Settlement Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to any appropriate non-profit charitable organization(s) serving the public interest unaffiliated with any party or their counsel.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim and Release. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has retained jurisdiction to allow, disallow, or adjust the claim of any Settlement Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against Lead Plaintiffs, Lead Counsel, any Claims Administrator, any other Person designated by Lead Plaintiffs' Counsel, or any of the Released Parties based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Settlement Class Members who fail to complete and submit a valid and timely Proof of Claim and Release Form shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Settlement, including the terms of any judgment entered and the releases given.

**Table 1**

## CELSIUS common stock average closing prices
## March 2, 2022 – May 27, 2022

**PLSRA 90-Day Lookback Price for Celsius Common Stock**

| Date | Close Price | Average Close Price from 3/2/2022 | Date | Close Price | Average Close Price from 3/2/2022 |
|------|-------------|-----------------------------------|------|-------------|-----------------------------------|
| 3/2/2022 | $64.82 | $64.82 | 4/14/2022 | $53.78 | $54.03 |
| 3/3/2022 | $57.60 | $61.21 | 4/18/2022 | $53.05 | $54.00 |
| 3/4/2022 | $54.87 | $59.10 | 4/19/2022 | $57.24 | $54.10 |
| 3/7/2022 | $48.87 | $56.54 | 4/20/2022 | $58.06 | $54.21 |
| 3/8/2022 | $46.61 | $54.55 | 4/21/2022 | $55.16 | $54.24 |
| 3/9/2022 | $50.44 | $53.87 | 4/22/2022 | $52.46 | $54.19 |
| 3/10/2022 | $49.56 | $53.25 | 4/25/2022 | $57.50 | $54.28 |
| 3/11/2022 | $45.14 | $52.24 | 4/26/2022 | $53.33 | $54.25 |
| 3/14/2022 | $42.39 | $51.14 | 4/27/2022 | $53.96 | $54.24 |
| 3/15/2022 | $45.04 | $50.53 | 4/28/2022 | $55.74 | $54.28 |
| 3/16/2022 | $49.82 | $50.47 | 4/29/2022 | $52.00 | $54.23 |
| 3/17/2022 | $56.89 | $51.00 | 5/2/2022 | $54.58 | $54.23 |
| 3/18/2022 | $61.18 | $51.79 | 5/3/2022 | $54.08 | $54.23 |
| 3/21/2022 | $59.76 | $52.36 | 5/4/2022 | $57.77 | $54.31 |
| 3/22/2022 | $58.30 | $52.75 | 5/5/2022 | $50.79 | $54.23 |
| 3/23/2022 | $57.90 | $53.07 | 5/6/2022 | $50.73 | $54.16 |
| 3/24/2022 | $56.71 | $53.29 | 5/9/2022 | $41.89 | $53.90 |
| 3/25/2022 | $55.63 | $53.42 | 5/10/2022 | $41.31 | $53.65 |
| 3/28/2022 | $57.63 | $53.64 | 5/11/2022 | $47.42 | $53.52 |
| 3/29/2022 | $59.52 | $53.93 | 5/12/2022 | $50.04 | $53.45 |
| 3/29/2022 | $59.52 | $53.93 | 5/13/2022 | $56.38 | $53.51 |
| 3/30/2022 | $57.16 | $54.09 | 5/16/2022 | $54.80 | $53.53 |
| 3/31/2022 | $55.18 | $54.14 | 5/17/2022 | $58.58 | $53.63 |
| 4/1/2022 | $58.66 | $54.33 | 5/18/2022 | $56.45 | $53.68 |
| 4/4/2022 | $60.13 | $54.58 | 5/19/2022 | $60.01 | $53.79 |
| 4/5/2022 | $56.76 | $54.66 | 5/20/2022 | $58.77 | $53.88 |
| 4/6/2022 | $52.00 | $54.56 | 5/23/2022 | $62.62 | $54.03 |
| 4/7/2022 | $52.88 | $54.50 | 5/24/2022 | $58.74 | $54.11 |
| 4/8/2022 | $50.03 | $54.34 | 5/25/2022 | $62.44 | $54.25 |
| 4/11/2022 | $50.14 | $54.19 | 5/26/2022 | $65.84 | $54.44 |
| 4/12/2022 | $50.93 | $54.09 | 5/27/2022 | $70.86 | $54.70 |
| 4/13/2022 | $52.66 | $54.04 | | | |

**QUESTIONS?**
**PLEASE CALL (866) 690-1317**
**OR VISIT www.CelsiusHoldingsSecuritiesSettlement.com**

**SPECIAL NOTICE TO SECURITIES BROKERS, EXCHANGES OR OTHER
SHAREHOLDERS AND OTHER NOMINEES**

If you purchased or acquired Celsius common stock during the Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or acquired such shares during such time period, or (b) request additional copies of the Notice and Proof of Claim Form and Release Form, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim Form and Release Form directly to the beneficial owners of the shares referred to herein.  If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Settlement Class Members.  You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator; up to a maximum of $0.03 per Notice and Proof of Claim and Release Form mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per Notice and Proof of Claim and Release sent by mail.  Those expenses will be paid upon request and submission of appropriate supporting documentation.   All communications concerning the foregoing should be addressed to the Claims Administrator:

*Celsius Holdings Securities Settlement*
c/o KCC Class Action Services
P.O. Box 301135
Los Angeles, CA 90030-1135
(866) 690-1317
info@CelsiusHoldingsSecuritiesSettlement.com

--or--

www.CelsiusHoldingsSecuritiesSettlement.com

DATED: _____          _____
                                                            BY ORDER OF THE COURT
                                                            UNITED STATES DISTRICT COURT
                                                            SOUTHERN DISTRICT OF FLORIDA

**QUESTIONS?**
**PLEASE CALL (866) 690-1317**
**OR VISIT www.CelsiusHoldingsSecuritiesSettlement.com**
21

# EXHIBIT A-2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO: 22-80418-CV-MIDDLEBROOKS

| | |
|---|---|
| CITY OF ATLANTA POLICE OFFICERS' PENSION PLAN and CITY OF ATLANTA FIREFIGHTERS' PENSION PLAN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> -V- <br><br> CELSIUS HOLDINGS, INC., JOHN FIELDLY, and EDWIN NEGRON-CARBALLO, <br><br> Defendants. | <u>CLASS ACTION</u> |

## <u>SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND EXPENSES</u>

**TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF CELSIUS HOLDINGS, INC. ("CELSIUS") BETWEEN AUGUST 12, 2021 AND MARCH 1, 2022, INCLUSIVE (THE "CLASS PERIOD"):**

YOU ARE HEREBY NOTIFIED that, pursuant to an Order of the United States District Court for the Southern District of Florida, a hearing (the "Settlement Fairness Hearing") will be held on _____, 2023, at __:__ __.m., before the Honorable Donald M. Middlebrooks, United States District Judge, at the United States Courthouse, 701 Clematis Street, Room 257, West Palm Beach, Florida 33401, to determine: (1) whether a proposed Settlement of *City of Atlanta Police Officers' Pension Plan, et al. v. Celsius Holdings, Inc., et al.*, Case No. 22-80418-CV-MIDDLEBROOKS (S.D. Fla.) (the "Action") including the sum of Seven Million Nine Hundred Thousand Dollars ($7,900,000) in cash should be approved by the Court as fair, reasonable, and adequate, which would result in this Action being dismissed with prejudice and will prevent Settlement Class Members from ever being part of any other lawsuit against the Released Defendant Parties (and parties related to them) about the legal claims being resolved by this Settlement, as set forth in the Stipulation of Settlement dated August 2, 2023; (2) whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiffs should be certified as class representatives for the Settlement Class, and Lead Counsel should be appointed as class counsel for the Settlement Class; (3) whether the Plan of Allocation of settlement proceeds is fair, reasonable, and adequate and therefore should be approved; and (4) whether Plaintiffs' Counsel should be awarded attorneys' fees and expenses incurred in connection with this Action, together with interest thereon, and whether the Lead Plaintiffs should receive an award of their costs and expenses in representing the Settlement Class.

1

If you purchased or otherwise acquired Celsius common stock during the Class Period (August 12, 2021 to March 1, 2022, inclusive), your rights may be affected by this Action and the Settlement thereof.  If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release Form, you may obtain copies either by downloading this information at www.CelsiusHoldingsSecuritiesSettlement.com or by writing to *Celsius Holdings Securities Settlement c/o* KCC Class Action Services, P.O. Box 301135, Los Angeles, California 90030-1135.  If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release Form by mail (postmarked no later than _____, 2023), or online at www.CelsiusHoldingsSecuritiesSettlement.com (submitted no later than _____, 2023), establishing that you are entitled to a recovery. You will be bound by any judgment rendered in the Action unless you request to be excluded, in the manner and form explained in the detailed Notice referred to above.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is postmarked no later than _____, 2023, in accordance with the instructions set forth in the Notice.  If you ask to be excluded, you will not get any payment from the Net Settlement Fund, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in the Action, and you may be able to sue the Released Defendant Parties and their Related Parties about the Settlement Class's Released Claims in the future.  If you want to bring your own lawsuit based on the matters alleged in this Action, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred.  Any objection to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's fee and expense application must be

filed with the Clerk of the Court and delivered to Lead Counsel and Defendants' Counsel, such that they are filed and received no later than _____, 2023, in accordance with the instructions set forth in the Notice.

Requests for the Notice and Proof of Claim and Release Form should be made to the Claims Administrator:

*Celsius Holdings Securities Settlement*
c/o KCC Class Action Services
P.O. Box 301135
Los Angeles, CA 90030-1135
(866) 690-1317
info@CelsiusHoldingsSecuritiesSettlement.com

Inquiries, other than requests for the Notice and Proof of Claim form, may be made to Lead Counsel:

**GRANT & EISENHOFER P.A.**

Daniel L. Berger
485 Lexington Avenue
New York, New York 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: dberger@gelaw.com

**PLEASE DO NOT CONTACT THE DEFENDANTS, THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

DATED: _____          BY ORDER OF THE COURT
                                     UNITED STATES DISTRICT COURT
                                     SOUTHERN DISTRICT OF FLORIDA

# EXHIBIT A-3

*Celsius Holdings Securities Settlement*
**c/o KCC Class Action Services**
**U.S & Canada Toll-Free Number: (866) 690-1317**
**Email: info@CelsiusHoldingsSecuritiesSettlement.com**
**Website: www.CelsiusHoldingsSecuritiesSettlement.com**

## PROOF OF CLAIM AND RELEASE

TO BE ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN CONNECTION WITH THE PROPOSED SETTLEMENT OF THIS ACTION, YOU MUST EITHER (A) MAIL A COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") TO THE ABOVE ADDRESS VIA PREPAID FIRST-CLASS MAIL, POSTMARKED ON OR BEFORE _____, 2023, OR (B) COMPLETE AND SUBMIT THE PROOF OF CLAIM THROUGH THE SETTLEMENT WEBSITE, WWW.CELSIUSHOLDINGSSECURITIESSETTLEMENT.COM, ON OR BEFORE _____, 2023.

FAILURE TO MAIL OR SUBMIT YOUR CLAIM FORM BY THE DATE SPECIFIED WILL SUBJECT YOUR CLAIM TO REJECTION AND MAY PRECLUDE YOU FROM BEING ELIGIBLE TO RECEIVE ANY MONEY IN CONNECTION WITH THE PROPOSED SETTLEMENT.

**DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT, THE PARTIES TO THE ACTION, OR THEIR COUNSEL. SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET FORTH ABOVE OR THROUGH THE WEBSITE AT WWW.CELSIUSHOLDINGSSECURITIESSETTLEMENT.COM.**

## PART I – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency and Proposed Settlement of Class Action; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. **These documents may also be found at the settlement website indicated above.** The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Court approves the Settlement and Plan of Allocation. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (see the definition of the Settlement Class on page 10 of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE

1

SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM. **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.** THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.    **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.    Use Part III of this form to set forth your transactions related to your purchases of Celsius Holdings, Inc. ("Celsius") common stock between August 12, 2021 and March 1, 2022, inclusive.  Provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Celsius common stock, regardless of whether you know that such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.    You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Celsius common stock set forth in the Schedule of Transactions in Part III of this Claim Form. The Parties and the Claims Administrator do not independently have information about your investments in Celsius common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT DOCUMENTS FROM ANOTHER SOURCE, INCLUDING AS APPROPRIATE FROM ANY EXCHANGE ON WHICH YOU CONDUCTED TRANSACTIONS. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents.**

6.    Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts or transactions that entity has.

7.    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

    (a)    expressly state the capacity in which they are acting;

    (b)    identify the name, account number, Social Security number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) Celsius common stock; and

    (c)    furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.

8.      By submitting a signed Claim Form, you will be swearing that you:

    (a)      own(ed) Celsius common stock you have listed in the Claim Form; or

    (b)      are expressly authorized to act on behalf of the owner thereof.

9.      By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

10.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

11.     **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, their, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

12.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, KCC Class Action Services, at the above address, by email at info@CelsiusHoldingsSecuritiesSettlement.com, by toll-free phone from the U.S. and Canada at (866) 690-1317 or you can visit the Settlement website, www.CelsiusHoldingsSecuritiesSettlement.com, where copies of the Claim Form and Notice are available for downloading.

### IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT EMAIL. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY EMAIL, WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT EMAIL WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL-FREE AT (866) 690-1317.**

The Claims Administrator will use this information for all communications regarding this Claim Form. If the information changes, you MUST notify the Claims Administrator at the address above.

## PART II – CLAMANT IDENTIFICATION

**PLEASE COMPLETE THIS PART II IN ITS ENTIRETY. THE CLAIMS ADMINISTRATOR WILL USE THIS INFORMATION FOR ALL COMMUNICATIONS REGARDING THIS CLAIM FORM. IF THIS INFORMATION CHANGES, YOU MUST NOTIFY THE CLAIMS ADMINISTRATOR IN WRITING AT THE ADDRESS ABOVE.**

Beneficial Owner's First Name

MI

Beneficial Owner's Last Name

Co-Beneficial Owner's First Name

MI

Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City

State

Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Primary Phone Number

Alternate Phone Number

Email Address

Claimant Account Type

☐ Individual (includes joint owner accounts)

☐ Corporation

☐ Other (please specify)_____

4

## Celsius Settlement Payment Election Form

**A.  Payment by Check**

Complete this section if you want to receive any potential payment via Check.

| **Name and Address to Appear on Checks:** | Name | | | |
|---|---|---|---|---|
| | Street | | | |
| | City | State | Zip | Country |

**B. Payment by Wire Transfer**

Complete this section if you want to receive any potential payment via Wire transfer.

Domestic ☐       International ☐

| | |
|---|---|
| **Beneficiary Bank Name:** | |
| **Beneficiary Bank ABA Routing Number:** | |
| **Beneficiary Account Name:** | |
| **Beneficiary Account Number:** | |
| **Beneficiary IBAN:** | |
| **Beneficiary Bank SWIFT Code:** | |
| **For Further Credit Account Name (if any):** | |
| **For Further Credit Account Number (if any):** | |
| **Other Special Instructions (if any):** | |
| **Intermediary Bank Name (if any):** | |
| **Intermediary Bank ABA Routing Number or SWIFT Code (if any):** | |

**C. Payment by PayPal**

Complete this section if you want to receive any potential payment via PayPal transfer.

| **PayPal Customer Information:** | Recipient ID (Email Address) |
|---|---|

5

**PART III – SCHEDULE OF TRANSACTIONS IN CELSIUS COMMON STOCK**

Use this section to provide information on your holdings and trading of Celsius common stock (NASDAQ Ticker Symbol: **CELH**, CUSIP: 15118V207) during the requested time periods.  Please include proper documentation with your Claim Form as described in detail in Part I – General Instructions, ¶ 5 above.

**1. PURCHASES/ACQUISITIONS FROM AUGUST 12, 2021 THROUGH MARCH 1, 2022 –** Separately list each and every purchase or acquisition (including free receipts) of Celsius common stock from August 12, 2021 through and including the close of trading on March 1, 2022.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase Price Per Share | Total Purchase Price (excluding any fees, commissions, and taxes) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |

**2. PURCHASES/ACQUISITIONS FROM MARCH 2, 2022 THROUGH MAY 27, 2022** – State the total number of shares of Celsius common stock purchased or acquired (including free receipts) after the close of trading on March 2, 2022 through the close of trading on May 27, 2022.  If none, write "zero" or "0."[1] _____

**3.  SALES FROM AUGUST 12, 2021 THROUGH MAY 27, 2022** – Separately list each and every sale or disposition (including free deliveries) of Celsius common stock from after the opening of trading on August 12, 2021 through and including the close of trading on May 27, 2022.  (Must be documented.)

**IF NONE, CHECK HERE** ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any fees, commissions, and taxes) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |

**4.  HOLDINGS AS OF MAY 27, 2022** – State the total number of shares of Celsius common stock held as of the close of trading on May 27, 2022.  (Must be documented.)  If none, write "zero" or "0."

_____

Confirm Proof of Position Enclosed ☐

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐

---

[1] **Please note**:  Information requested with respect to your purchases and acquisitions of Celsius common stock after the close of trading on March 1, 2022 through the close of trading on May 27, 2022 is needed in order to balance your claim; purchases and acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim under the Plan of Allocation.

## <u>PART IV – RELEASE OF CLAIMS AND SIGNATURE</u>

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 10 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves), and my (our) heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed each and every one of the Settlement Class's Released Claims (including, without limitation, any Unknown Claims) against the Defendants and each and every one of the Released Defendant Parties; and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Settlement Class's Released Claims against any and all of the Released Defendant Parties in any court of law or equity, arbitration, tribunal or administrative forum.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.  I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.  the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.  the claimant has **not** submitted a request for exclusion from the Settlement Class;

4.  I (we) own(ed) the Celsius shares identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Released Defendant Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.  the claimant(s) has (have) not submitted any other claim covering the same purchases of Celsius common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.  the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.  I (we) agree to furnish such additional information with respect to this Claim Form as Class Counsel, the Claims Administrator or the Court may require;

8.  the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

9.  I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.  the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup

withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/they/it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he/she/they/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

| Signature of Claimant | | Date | | | |
|---|---|---|---|---|---|

| Print Claimant Name Here | |

| Signature of Joint Claimant (if any) | | Date | | | |
|---|---|---|---|---|---|

| Print Name of Joint Claimant | |

***If the claimant is other than an individual, or is not the person completing this form, the following must also be provided:***

| Signature of person signing on behalf of Claimant | | Date | | | |
|---|---|---|---|---|---|

| Print name of person signing on behalf of Claimant | |

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant.)

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2023, is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO: 22-80418-CV-MIDDLEBROOKS

CITY OF ATLANTA POLICE OFFICERS'
PENSION PLAN and CITY OF ATLANTA
FIREFIGHTERS' PENSION PLAN,
Individually and on Behalf of All Others
Similarly Situated,

        Plaintiffs,

        -V-

CELSIUS HOLDINGS, INC., JOHN
FIELDLY, and EDWIN NEGRON-
CARBALLO,

        Defendants.

CLASS ACTION

**[PROPOSED] JUDGMENT AND**
**ORDER OF DISMISSAL WITH PREJUDICE**

**EXHIBIT B**

**WHEREAS**, an action is pending before this Court styled *City of Atlanta Police Officers' Pension Plan, et al., v. Celsius Holdings, Inc., et al.*, No. 22-80418-CV-MIDDLEBROOKS (the "Action");

**WHEREAS**, (i) Court appointed Lead Plaintiffs City of Atlanta Police Officers' Pension Plan and City of Atlanta Firefighters' Pension Plan (collectively, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (ii) Defendants Celsius Holdings, Inc. ("Celsius"), John Fieldly, and Edwin Negron-Carballo (collectively, the "Defendants," and together, with Lead Plaintiffs, the "Settling Parties"), have entered into a Stipulation and Agreement of Settlement dated August 2, 2023 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

**WHEREAS**, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

**WHEREAS**, by Order dated _____, 2023 (the "Preliminary Approval Order"), this Court: (i) found, pursuant to Fed. R. Civ. P. 23(e)(1)(B), that it (a) would likely be able to approve the Settlement as fair, reasonable, and adequate under Fed. R. Civ. P. 23(e)(2), and (b) would likely be able to certify the Settlement Class for purposes of the Settlement; (ii) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (iii) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (iv) scheduled a hearing regarding final approval of the Settlement;

**WHEREAS**, due and adequate notice has been given to the Settlement Class;

1

**WHEREAS**, the Court conducted a hearing on _____,   2023   (the   "Settlement Fairness Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class and should therefore be approved; and (ii) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

**WHEREAS**, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

**IT IS HEREBY ORDERED AND ADJUDGED** that:

1.      <u>**Jurisdiction**</u> – The Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Settlement Class Members.

2.      <u>**Incorporation of Settlement Documents**</u> – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on August 3, 2023; and (b) the Notice and the Summary Notice, both of which were filed with the Court on August 3, 2023.

3.      <u>**Class Certification for Settlement Purposes**</u> – The Court hereby certifies for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all Persons who, directly or through an intermediary, purchased or otherwise acquired common stock of Celsius Holdings, Inc. ("Celsius") at any time during the period of August 12, 2021 through March 1, 2022, inclusive.  Excluded from the Settlement Class are: (i) Defendants and any individual who was an officer or director of Celsius during the Class Period; (ii) their immediate family members (as defined in C.F.R. §229.404 (Instructions (1)(a)(iii))), legal representatives, heirs, agents,

2

affiliates, successors, or assigns; (iii) any entity in which Defendants or any individual who was an officer or director of Celsius during the Class Period has, or had during the Class Period, a controlling interest; and (v) any affiliate of Celsius.

4. **<u>Settlement Class Findings</u>** – For purposes of the Settlement only, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (i) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (ii) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (iii) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (iv) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

5. **<u>Adequacy of Representation</u>** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby appoints Lead Plaintiffs as class representatives for the Settlement Class and appoints Lead Counsel as class counsel for the Settlement Class. Lead Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6. **<u>Notice</u>** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (i) were implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (a) the

3

pendency of the Action; (b) the effect of the proposed Settlement (including the Releases to be provided thereunder); (c) Lead Counsel's Fee and Expense Application; (d) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application; (e) their right to exclude themselves from the Settlement Class; and (f) their right to appear at the Settlement Fairness Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable laws and rules. The Court further finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, have been satisfied.

7.      **<u>Final Settlement Approval and Dismissal of Claims</u>** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided under the Stipulation, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. Specifically, the Court finds that (i) Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (ii) the Settlement was negotiated by the Parties at arm's length; (iii) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Settlement Class, and the Fee and Expense Application; and (iv) the Settlement treats members of the Settlement Class equitably relative to each other. The Settling Parties are directed

to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8.      The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice as to all Defendants. The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9.      **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns, including any and all Released Parties and any corporation, partnership, or other entity into or with which any Settling Party hereto may merge, consolidate, or reorganize.

10.     **Releases** – The Releases set forth in Paragraph 4 of the Stipulation, together with the definitions contained in Paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)      without further action by anyone, and subject to Paragraph 11 below, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Settlement Class's Released Claims against Defendants and the other Released Defendant Parties, and shall forever

be barred and enjoined from prosecuting any or all of the Settlement Class's Released Claims against any of the Released Defendant Parties; and

(b)     without further action by anyone, and subject to Paragraph 11 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Defendants' Released Claims against Lead Plaintiffs and the other Released Plaintiff Parties, and shall forever be barred and enjoined from prosecuting any or all of the Defendants' Released Claims against any of the Released Plaintiff Parties.

11.     Notwithstanding Paragraph 10(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12.     **<u>Rule 11 Findings</u>** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13.     **<u>No Admissions</u>** – Neither this Judgment, the Term Sheet, the Stipulation, including the Exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or the approval of the Settlement (including any arguments proffered in connection therewith):

(a)      shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiffs or any Settlement Class Members, including any alleged damages, or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, harm, scienter, or other wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any civil, criminal, arbitration, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)      shall be offered against any of the Released Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiff Parties that any of their claims are without merit, that any of Defendants had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal, arbitration, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)      shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

7

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

14.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (i) the Settling Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (ii) the distribution of the Settlement Fund; (iii) the Fee and Expense Application; (iv) any motion to approve the Plan of Allocation; and (e) the Settlement Class Members for all matters relating to the Action.

15.    Separate orders shall be entered regarding approval of the Plan of Allocation and the Fee and Expense Application.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16.    **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any Exhibits attached thereto to effectuate the Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17.    The Court hereby enters a bar order consistent with the PSLRA, 15 U.S.C. § 78u–4(f)(7).

18.    All agreements made and orders entered during the course of the Action relating to the confidentiality of documents and information shall survive this Settlement.

19.    **<u>Termination of Settlement</u>** – If the Effective Date of the Settlement fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the Settling Parties shall revert to their respective positions in the Action immediately prior to their agreement in principle to settle on July 11, 2023, as provided in the Stipulation.

20.    **<u>Entry of Judgment</u>** – There is no just reason to delay the entry of this Judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this Judgment in this Action.

IT IS SO ORDERED.


Dated:_____, 2023    _____

                                THE HONORABLE DONALD M. MIDDLEBROOKS
                                UNITED STATES DISTRICT JUDGE