**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No: 9:22-CV-80418-MIDDLEBROOKS/Matthewman

CITY OF ATLANTA POLICE OFFICERS'
PENSION PLAN and CITY OF ATLANTA
FIREFIGHTERS' PENSION PLAN,
Individually and on Behalf of All Others
Similarly Situated,

       Plaintiffs,

(CLASS ACTION)

v.

CELSIUS HOLDINGS, INC., JOHN
FIELDLY, and EDWIN NEGRON-CARBALLO,

       Defendants.

_____/

## ORDER ON PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

       THIS CAUSE comes before me pursuant to Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (DE 114), filed on August 3, 2023. No response has been filed. In addition to their preliminary approval of the class action settlement, Plaintiff has requested that I also conditionally approve of their proposed class as detailed in their settlement agreement, which had yet to be approved by this Court during litigation. I have reviewed the Motion. For the following reasons, the Motion is granted.

### BACKGROUND

       This case arises out of alleged violations of various sections of the Securities Exchange Act of 1934 ("Exchange Act") and SEC Rule 10b-5 by the various Defendants. (DE 44). This Court previously appointed Atlanta Police Officers and Atlanta Firefighters as Lead Plaintiffs and

Grant & Eisenhofer P.A. as Lead Counsel of this securities class action. (DE 41). On July 17, 2023, the Parties filed a notice advising this Court of the settlement. (DE 109). The Stipulation of Settlement ("Stipulation") is included as an Exhibit to Lead Counsel's Declaration in Support of Plaintiffs' Motion for Preliminary Approval. (DE 155-1).

The Parties have agreed to settle all claims asserted in the suit against Defendants for $7,900,00 in cash for members of the proposed class. (DE 114 at 5; DE 115-1 at 12). Plaintiff now seeks preliminary approval of the proposed class and collective action settlement.

The proposed settlement class comprises of "all Persons who, directly or through an intermediary, purchased or otherwise acquired Celsius common stock at any time during the Class Period." Settlement Agreement ¶ 1.37. Excluded from the class are Defendants and any individual who was an office or director of Celsius during the Class Period, their immediate family members, and several other related entities or affiliates of Celsius. *Id.* Also excluded are individuals who will choose to exclude themselves by submitting a request for exclusion that is accepted by this Court. *Id.* The Class Period is the period between August 12, 2021, and March 1, 2022, inclusive. *Id.* at ¶ 1.7.  Thus, an "authorized claimant" means any settlement class member who submits a valid proof of claim and release form and whose claim has been allowed pursuant to the terms of the settlement and plan of allocation." *Id.* at ¶ 1.2.

Plaintiffs state that each member of the class will have their share of the settlement amount calculated on a *pro rata* basis, based on their submitted Proof of Claim and Release Form. The Claims Administrator, selected by the Plaintiffs, will then calculate each member's loss based on the members' recognized loss amounts during the Class period as defined above. (DE 114 at 10).

In reviewing the Motion, I am mindful of this Court's "fiduciary duty" to class members not currently before this Court.  *See In re Corrugated Container Antitrust Litig.*, 643 F.2d 195 (5th

Cir. 1981) ("The reason the court is called on to review a settlement is to protect the rights of the many absent class members who were not involved in the negotiations leading to settlement."); *see also* William B. Rubenstein, 5 *Newberg on Class Actions* § 13:40 (6th ed. 2022). This is especially true in a securities class action that will potentially involve a multitude of members, a Claims Administrator calculating each Authorized Claimant's Recognized Loss based upon the information supplied to them, as well as Lead Plaintiffs settling for an amount that is potentially less than what could be recovered. I am also cognizant of the strong support in the law for settlements of class actions. *Se In re HealthSouth Corp. Sec. Litig.*, 572 F. 3d 854, 862 (11th Cir. 2009) ("Public policy strongly favors pretrial settlement of class action lawsuits").

Approval under Rule 23(e) is a multi-layered process. First, this Court conducts a preliminary review to determine whether the moving parties have demonstrated that the court will "likely be able to" grant final approval to the settlement. Fed. R. Civ. P. 23(e)(1). At this stage, if a class has not yet been certified (as is the case here), the parties simultaneously ask the Court to conditionally certify a settlement class. Next, and only if the Court preliminary approves of the settlement and conditionally certifies the class, notice is sent to the class describing the terms of the settlement, and class members are given the opportunity to object or opt out of a settlement. The Court also will hold a fairness hearing to hear opposition or support for the settlement. Finally, the court decides whether to give final approval to the settlement. *See* William B. Rubenstein, 4 *Newberg and Rubenstein on Class Actions* § 13:1 (6th Ed. 2022) (detailing entire approval process); *see also id.* § 13:13 (describing the standard for granting preliminary approval).

Thus, my task at this point is to determine whether the proposed settlement will likely be granted final approval, and, if I am satisfied, certify a settlement class.

As detailed above, Rule 23(e)(1) authorizes a court to grant preliminary approval of a proposed class action settlement—and hence send notice of it to the class—so long as the moving parties demonstrate that the court will "likely be able to" grant final approval to the settlement." William B. Rubenstein, 4 *Newberg and Rubenstein on Class Actions* § 13:13 (6th Ed. 2022). The factors for granting final approval are listed in Rule 23(e)(2). This section requires that the Court find that the proposed settlement is "fair, reasonable, and adequate" by inquiring into whether the class representatives and counsel adequately represented the class, the proposal was negotiated at arm's length, the relief is adequate, and the proposal treats class members equitably relative to each other. *See* Fed. R. Civ. P. 23(e)(2).

## ANALYSIS

I find that the moving Plaintiffs have adequately demonstrated that they would likely be granted final approval by this Court. Lead Plaintiffs list in detail their arm's length negotiations that involved substantial discovery, expert consultation, and two separate mediation efforts, one before a federal magistrate judge and one before a private, seasoned mediator. (*See* DE 114 at 12). Plaintiffs and their counsel also appear to have adequately represented the class, engaging in substantial litigation nearing a year and a half to arrive to the present settlement amount. Plaintiffs' damages expert estimated a damages range of between $45.5 to $78.5 million, and the settlement amount of $7.9 million is within a range of reasonableness (between 10.1% to 17.4%) of that amount. (DE 114 at 9). I agree with Plaintiffs that guaranteeing a substantial settlement amount to the purported class, without incurring any additional litigation costs, provides a meaningful compromise compared to a potential speculative pay day down the road. I am also convinced that the settlement proposal treats class members equally relative to each other. As detailed above, the class will comprise of all persons who acquired Celsius common stock during the class period.

4

Additionally, Plaintiffs' Plan of Allocation lays out a detailed way of calculating what class members will be able to recover on a pro rata basis, based on when they sold or retained their Celsius stock. (*See* DE 114 at 10). The proposed method of distribution, led by KCC Class Action Services, is also effective.

I also conditionally certify Plaintiffs' proposed class. Certification of a settlement class is appropriate where the proposed class and its representative meet the four requirements of Fed. R. Civ. P. 23(a): numerosity, commonality, typicality, and adequacy. Numerosity requires that "the class is so numerous that joinder of all members is impracticable," commonality requires that "there are questions of law or fact common to the class," typicality requires that the claims or defenses of the representative parties are typical to those of the class, and adequacy requires that the representative parties will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Additionally, certification of a class for settlement purposes requires a showing that the predominance and superiority criteria of Fed. R. Civ. P. 23(b)(3) are met, that: "[c]ommon questions must 'predominate over any questions affecting only individual members;' and class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.'" William B. Rubenstein, 4 *Newberg and Rubenstein on Class Actions* § 4:1 (6th Ed. 2022); *see also Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009) (detailing both Rule 23(a) and (b)(3)'s requirements).

I am satisfied that the requirements of Rule 23 are met. Regarding numerosity, Celsius had 74,908,825 shares of common stock outstanding on March 1, 2022. (*See* DE 95-4, ¶ 23). It would be incredibly difficult, and certainly impractical to join all members to this suit, as the sheer number of impacted investors could very well be in the hundreds or thousands. *See* Fed. R. Civ. P. 23(a)(1). Commonality has also been met because there are common questions of law and fact

pertaining to whether false statements of material fact were made in Celsius' public statements, whether Defendants acted with due care in misrepresenting or omitting to state material information to Plaintiffs, and the extent of damages sustained by members of the class. (*See* DE 44). Typicality is met because Lead Plaintiffs purchased Celsius stock during the class period (*see* DE 33-2) and were purportedly damaged when the corrective disclosure was revealed to the public. Finally, as discussed in part above, Lead Plaintiffs have adequately and fairly protected the interests of the class up until this point, and I do not doubt their fiduciary role as class representatives going forward. *See Kirkpatrick v. J.C. Bradford & Co.*, 827 F. 2d 718, 726 (11th Cir. 1987) (requiring that the district court determine whether plaintiffs' counsel was qualified, experienced, and able to conduct the proposed litigation, whether plaintiffs had any interests antagonistic to those of the rest of the class, and that the plaintiffs possessed the personal characteristics and integrity necessary to fulfill the fiduciary role of class representative.) Their counsel has also proved to be an effective legal advocate in this difficult litigation. I do not discern any antagonistic interests that Lead Plaintiffs or their counsel have in this matter.

Regarding the predominance and superiority criteria required by Rule 23(b)(3), Plaintiffs have also shown that Defendants' alleged conduct has commonly affected all members of the settlement class, and that if each class member were to bring an individual action, each would have to prove the same elements to establish liability. I agree with Plaintiffs that the class action mechanism in this instance is the superior method of litigating and adjudicating Plaintiffs' claims against Defendants. A class action like this one, and the drafted settlement agreement, avoids the possibility of repetitious litigation against Defendants, thereby conserving judicial resources. Therefore, all elements required under Rule 23(a) and (b) have been met and I will conditionally certify the settlement class.

Moreover, regarding the proposed Notice plan (located at Exhibit A-1 of DE 115-1, summarized at DE 114 at 22-23), I deem the plan satisfactory to provide notice to all members who can be identified through reasonable effort. *See* Fed. R. Civ. P. 23(c)(2)(B).

## CONCLUSION

Accordingly, it is hereby **ORDERED and ADJUDGED** that:

1. The Settling Parties have applied, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Action and allowing notice to the Settlement Class, in accordance with a Stipulation of Settlement dated August 2, 2023 (the "Stipulation", located at DE 115-1), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action between the Settling Parties and for dismissal of the Action against the Defendants and any of the Released Parties with prejudice upon the terms and conditions set forth therein; and the Court has read and considered the Settlement Agreement and the Exhibits annexed thereto.

2. Unless otherwise defined, all defined terms used in this Order have the same meanings as set forth in the Stipulation of Settlement:

3. The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over the Settling Parties and each of the Settlement Class Members, and the Court retains jurisdiction to consider all further applications arising out of the Settlement embodied in the Stipulation.

4. Pursuant to the Stipulation, the Settling Parties have proposed certification of the following Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure:  all Persons who, directly or through an intermediary, purchased or otherwise acquired common stock of Celsius Holdings, Inc. ("Celsius") at any time during the period

of August 12, 2021 through March 1, 2022, inclusive.  Excluded from the Settlement Class are: (i) Defendants and any individual who was an officer or director of Celsius during the Class Period; (ii) their immediate family members (as defined in C.F.R. §229.404 (Instructions (1)(a)(iii))), legal representatives, heirs, agents, affiliates, successors, or assigns; (iii) any entity in which Defendants or any individual who was an officer or director of Celsius during the Class Period has, or had during the Class Period, a controlling interest; and (iv) any affiliate of Celsius. Also excluded from the Settlement Class are any Persons who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

5.    The Court preliminarily certifies the Settlement Class for the purposes of the proposed Settlement and finds that it will likely be able to certify the Settlement Class, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure.  Specifically, the Court finds that each element required for certification of the Settlement Class for purposes of the proposed Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: numerosity, commonality, typicality, and adequacy and predominance and superiority.

6.    The Court also finds that for purposes of the proposed Settlement it will likely be able to certify Lead Plaintiffs as class representatives for the Settlement Class, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, and appoint Lead Counsel as class counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

7.    The Court preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely

be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Fairness Hearing to be conducted as described below.

8. **A hearing (the "Settlement Fairness Hearing")** shall be held before this Court on **January 31, 2024 at 10:00 a.m.,** at the United States District Court for the Southern District of Florida, **701 Clematis Street, Courtroom 7, West Palm Beach, Florida 33401**, for the following purposes: (i) to determine whether the proposed Settlement embodied in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be finally approved by the Court; (ii) to determine, for purposes of the proposed Settlement only, whether the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiffs should be certified as class representative for the Settlement Class, and Lead Counsel should be appointed as class counsel for the Settlement Class; (iii) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (iv) to determine whether the proposed Plan of Allocation is fair and reasonable and should be approved; (v) to determine whether the Fee and Expense Application should be approved; (vi) to consider any other matters that may properly be brought before the Court in connection with the Settlement; and (vii) to allow class members to appear to voice their support or object to the settlement.  The Court may adjourn the Settlement Fairness Hearing without further notice to the Settlement Class.

9. The Court authorizes Lead Plaintiffs to retain the firm KCC Class Action Services ("Claims Administrator") to supervise and administer the notice procedure and the processing of Claims, as more fully set forth below.

a. **Not later than September 13, 2023** (the "Notice Date") (a date fourteen (14) calendar days after the Court enters this Order), the Claims Administrator shall commence mailing copies of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and the Proof of Claim and Release Form, substantially in the forms attached hereto as Exhibits 1 and 3, respectively (the "Notice Packet"), by electronic mail or First-Class Mail, to all Persons falling within the definition of the Settlement Class who can be identified with reasonable effort;

b. Contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall also cause copies of the Notice and Proof of Claim and Release Form to be posted on the following website developed for the Settlement: www.CelsiusHoldingsSecuritiesSettlement.com;

c. **Not later than September 23, 2023** (a date ten (10) calendar days after the Notice Date), the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 2, to be published once in *Investor's Business Weekly* and *PR Newswire*; and

d. **Not later than January 24, 2024** (a date seven (7) calendar days prior to the Settlement Fairness Hearing), Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing, posting, and publication.

10. The Court (i) approves, as to form and content, the Notice, the Summary Notice, and the Proof of Claim and Release Form, attached as Exhibits A-1, A-2, and A-3, respectively, to Lead Counsel's Declaration in Support of Plaintiffs' Motion for Preliminary Approval (DE 115) and (ii) finds that the mailing and distribution of the Notice and Proof of Claim and

Release Form and the publication of the Summary Notice in the manner and form set forth in Paragraph 9 of this Order (a) is the best notice practicable under the circumstances; (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise Persons falling within the definition of the Settlement Class of (1) the pendency of the Action; (2) the effect of the proposed Settlement (including the Releases to be provided thereunder); (3) the Fee and Expense Application; (4) their right to object to the Settlement, the Plan of Allocation and/or the Fee and Expense Application; (5) their right to exclude themselves from the Settlement Class; and (6) their right to appear at the Settlement Fairness Hearing; (c) constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (d) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable laws and rules. The date and time of the Settlement Fairness Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

11. Brokers and other nominees who purchased or otherwise acquired Celsius common stock during the Class Period for the benefit of another Person shall: (i) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of the Notice, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the

Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

12. Any Person falling within the definition of the Settlement Class who or which wishes to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit the Proof of Claim and Release Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proof of Claim and Release Forms must be postmarked or submitted electronically no later than **December 27, 2023 (a date 120 calendar days after the Notice Date).** Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted Claims for processing by the Claims Administrator, so long as distribution of the Net Settlement Fund is not materially delayed thereby, but Lead Plaintiff will incur no liability for exercising or refusing to exercise such discretion.  By submitting a Claim, a Person shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, their, or its Claim and the subject matter of the Settlement.

13. Each Proof of Claim and Release Form submitted must: (i) be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (ii) be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account

statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (iii) if the Person executing the Proof of Claim and Release Form is acting in a representative capacity, include a certification of current authority to the satisfaction of Lead Counsel or the Claims Administrator; (iv) be complete and contain no material deletions or modifications of any of the printed matter contained therein; and (v) be signed under penalty of perjury.

14. Any Person falling within the definition of the Settlement Class that does not timely and validly submit a Proof of Claim and Release Form or whose Claim is not otherwise approved by the Court: (i) shall be deemed to have waived his, her, their, or its right to share in the Net Settlement Fund; (ii) shall be forever barred from participating in any distributions therefrom; (iii) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Class; and (iv) will be barred from commencing, maintaining, or prosecuting any of the Settlement Class's Released Claims against each and all of the Released Defendant Parties, as more fully described in the Stipulation and the Notice. Notwithstanding the foregoing, late Proof of Claim and Release Forms may be accepted for processing as set forth in Paragraph 12 above.

15. Any Person falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class, within the time and in the manner set forth in this Order and the Notice.  Any such Person must submit to the Claims

Administrator a request for exclusion ("Request for Exclusion"), **postmarked no later than January 10, 2024** (a date twenty-one (21) calendar days before the Settlement Fairness Hearing).  A Request for Exclusion must (i) state the name, address, and telephone number of the Person requesting exclusion, and, in the case of entities, the name and telephone number of the appropriate contact person; (ii) state the Person's purchases, acquisitions, and sales of Celsius common stock between the dates of August 12, 2021 and March 1, 2022, inclusive, including the dates and the amount of Celsius shares purchased, acquired, and/or sold, and price paid or received for each such purchase, acquisition, or sale; (iii) state that the Person wishes to be excluded from the Settlement Class in *City of Atlanta Police Officers' Pension Plan, et al., v. Celsius Holdings, Inc. et al.*, Case No. 22-80418-CV-MIDDLEBROOKS; and (iv) be signed by the Person seeking exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above or is otherwise accepted by the Court.  Lead Counsel is authorized to request from any Person requesting exclusion additional transaction information or documentation sufficient to prove his, her, their, or its holdings and trading in Celsius common stock.

16. Lead Counsel shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, and any written revocation of a Request for Exclusion, within the later of two (2) business days of Lead Counsel's receipt or fourteen (14) calendar days prior to the Settlement Fairness Hearing.

17. Any Person submitting a valid and timely Requests for Exclusion in the manner set forth in Paragraph 15 and who is excluded from the Settlement Class shall not be a Settlement Class Member, shall have no rights under the Stipulation, shall not receive or share in any

distribution from the Net Settlement Fund, and shall not be bound by the Stipulation or any Final Judgment.

18. Any Person falling within the definition of the Settlement Class who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (i) shall be deemed to have waived his, her, their, or its right to be excluded from the Settlement Class; (ii) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (iii) shall be bound by the provisions of the Stipulation, and the Settlement it embodies, and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (iv) will be barred from commencing, instituting, prosecuting, or continuing to prosecute any of the Settlement Class's Released Claims (including Unknown Claims) against any of the Released Defendant Parties, their Related Parties, and their respective counsel, as more fully described in the Stipulation and Notice.

19. Any Settlement Class Member that does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, their, or its own expense, individually or through counsel of his, her, their, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in Paragraph 20 below, **such that it is received no later than January 10, 2024, twenty-one (21) calendar days before the Settlement Fairness Hearing**. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

20. Any Settlement Class Member that does not request an exclusion from the Settlement Class may file a written objection if he, she, they, or it believes there is any reason why the Settlement of the Action embodied in the Stipulation should not be approved as fair, reasonable, and adequate; why a judgment should not be entered thereon; why the Plan of Allocation should not be approved; and/or why the Court should not grant the Fee and Expense Application.  No Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, and/or the order approving the Plan of Allocation, or the Fee and Expense Application, unless written objections and copies of supporting papers (i) are received by Daniel L. Berger, Grant & Eisenhofer P.A., 485 Lexington Avenue, 29th Floor, New York, NY 10017 and Joseph G. Tully, Alston & Bird LLP, 90 Park Avenue, New York, NY 10016, on or before **January 10**, **2024** (a date twenty-one (21) calendar days before the Settlement Fairness Hearing) (the "Objection Deadline"); and (ii) filed with the Clerk of the United States District Court for the Southern District of Florida, on or before the Objection Deadline.  In addition, written objections and copies of any supporting papers must also be emailed to Lead Counsel and Defendants' Counsel at dberger@gelaw.com and joe.tully@alston.com by no later than the Objection Deadline.

21. Any objections, filings, or other submissions by an objecting Settlement Class Member must: (i) state the name, address, and telephone number of the Person objecting and must be signed by the objector or an authorized representative; (ii) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (iii) contain a statement of the Settlement Class Member's objection or

objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (iv) include documents sufficient to prove membership in the Settlement Class, consisting of documents showing the number of shares of Celsius common stock that the objector purchased, acquired, and/or sold during the Class Period (*i.e.*, between August 12, 2021 and March 1, 2022, inclusive), as well as the date, number of shares, and price of each such purchase, acquisition, and/or sale; and (v) identify cases in which the objector or its counsel has filed an objection to a settlement in the past five years. Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements. Objectors who enter an appearance and desire to present evidence at the Settlement Fairness Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. Lead Counsel is authorized to request from any objector additional transaction information or documentation sufficient to prove his, her, their, or its holdings and trading in Celsius common stock. Objectors shall be allowed to present argument and evidence solely at the discretion of the Court.

22. Any Settlement Class Member who or which does not make his, her, their, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection or otherwise being heard in this or any other proceeding concerning the fairness, reasonableness, or adequacy of the proposed

Settlement as incorporated in the Settlement Agreement, the Plan of Allocation, and the Fee and Expense Application, unless otherwise ordered by the Court.

23. All proceedings and pretrial deadlines in the Action are stayed until further order of this Court, with the exception of proceedings and deadlines necessary to carry out or enforce the terms and conditions of the Stipulation and this Order, and this Action is removed from the Trial Calendar.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs and all other Persons falling within the definition of the Settlement Class from commencing or prosecuting any and all of the Settlement Class's Released Claims against any of the Defendant Released Parties.

24. All Notice and Administration Costs shall be paid as set forth in the Stipulation, and in no event shall any of the Released Parties bear any responsibility for such fees, costs, or expenses.  The Released Defendant Parties shall have no responsibility or liability with respect to the Plan of Allocation or the Fee and Expense Allocation, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement embodied in the Stipulation.

25. The Settlement Fund shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as the Settlement Fund shall be distributed by the Escrow Agent pursuant to the Stipulation and/or further order(s) of the Court or, in the event that the Settlement is not approved or is terminated, canceled, or fails to become or remain effective, pursuant to Paragraph 7.4 of the Stipulation.

26. The Escrow Agent is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund

any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

27. In the event the Court does not approve the Settlement embodied in the Stipulation or the Stipulation is terminated or otherwise fails to become or remain effective, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the Settling Parties shall revert to their respective positions in the Action immediately prior to reaching their agreement in principle to settle on July 12, 2023, as provided in the Stipulation.

28. Neither this Order, the Term Sheet, nor the Stipulation (whether or not consummated), including the Exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  shall be (i) offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant

Parties, or in any way referred to for any other reason as against any of the Released Defendant Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (ii) offered against any of the Released Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiff Parties that any of their claims are without merit, that any of the Defendant Released Parties had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal, arbitration, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (iii) construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Released Parties and their respective counsel may refer to the Stipulation to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

29. Lead Counsel shall file and serve its opening papers in support of the Settlement as embodied in the Stipulation, the Plan of Allocation, and the Fee and Expense Application ("The Motion for Final Approval") by **January 10, 2024,** no later than twenty one calendar days prior to the Settlement Fairness Hearing; any opposition must be filed no later than **January 17, 2024**, fourteen days prior to the Settlement Fairness Hearing; and any reply

must be filed no later than seven (7) days prior to the Settlement Fairness Hearing, by **January 24, 2024**.

30. A settlement fairness hearing is **SCHEDULED for January 31, 2024, 10:00 a.m.,** at the Paul G. Rogers Federal Building and U.S. Courthouse 701 Clematis Street, Courtroom 7, West Palm Beach, FL 33401.

   **SIGNED** in Chambers at West Palm Beach, Florida, this 30th day of August, 2023.

Donald M. Middlebrooks
United States District Judge

cc:    Counsel of Record