**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 22-80418-CV-MIDDLEBROOKS

CITY OF ATLANTA POLICE OFFICERS'
PENSION PLAN and CITY OF ATLANTA
FIREFIGHTERS' PENSION PLAN,
Individually and on Behalf of All Others
Similarly Situated,

      Plaintiffs,

          -v-

CELSIUS HOLDINGS, INC., JOHN
FIELDLY, and EDWIN NEGRON-
CARBALLO,

      Defendants.

CLASS ACTION

**DECLARATION OF DANIEL L. BERGER IN SUPPORT OF MOTION**
**FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES**

I, DANIEL L. BERGER declare as follows:

1.     I am a Principal of the law firm Grant & Eisenhofer P.A. ("Grant & Eisenhofer"), Lead Counsel and Counsel for Lead Plaintiffs City of Atlanta Police Officers' Pension Plan and City of Atlanta Firefighters' Pension Plan (together, "Lead Plaintiffs").

2.     I oversaw and/or conducted the day-to-day activities of my firm in this action.  A description of the work performed by my firm is contained in the Declaration of Daniel L. Berger in Support of Lead Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation, Certification of Class and Appointment of Class Representatives and Class Counsel.  ECF No. 122.

3.     The information in this declaration regarding Grant & Eisenhofer's time and expenses is taken from time and expense printouts and supporting documentation prepared and/or maintained by the firm in the ordinary course of business.  I reviewed these printouts (and backup documentation where necessary or appropriate) in connection with preparing this declaration.

4.     In reviewing the time and expense reports, I confirmed that they were accurate, and I also evaluated whether the time and expenses committed to the litigation were necessary and reasonable.  As a result of this review, I can confirm that the time reflected in the firm's lodestar calculation and expenses for which payment is sought as set forth in this declaration are reasonable and were necessary for the effective and efficient prosecution and resolution of the litigation.  In addition, I believe that the expenses are all of a type that would normally be charged to a fee-paying client in the private marketplace.

5.     Attorneys and paralegals at Grant & Eisenhofer spent 2,499.90 hours working on this litigation.  A breakdown of the lodestar is provided in Exhibit A.  The lodestar amount for time based on Grant & Eisenhofer's current rates is $1,894,354.00.  The hourly rates shown in Exhibit A are the usual and customary rates set by the firm for each individual.  Grant &

1

Eisenhofer's firm resume, which includes a description of certain of the attorneys who worked on this action, is attached as Exhibit C.

6.      Grant & Eisenhofer also seeks an award of $337,015.13 in unreimbursed expenses and charges in connection with the prosecution of the litigation.  Those expenses and charges are summarized by category in Exhibit B.

7.      The expenses are reasonable and were necessary to carry out the prosecution of the claims on behalf of the Class.  From the beginning of the case, Lead Counsel was aware that it might not recover any of their expenses, and, at the very least, would not recover any of its out-of-pocket expenses until the action was successfully resolved.  Thus, Lead Counsel was motivated to, and did, take significant steps to minimize expenses whenever practicable without jeopardizing the vigorous and efficient prosecution of the case.

8.      These expenses include $25,006.01 for case investigation which was necessary to achieve the result in the Settlement.  The investigation, which included locating former Celsius employees, was conducted to draft the allegations in the Amended Class Action Complaint.

9.      Case-related legal research expenses of $6,214.09 were necessary to achieve the result in the Settlement.  This research was conducted to respond to Defendants' Motion to Dismiss the Amended Class Action Complaint, to prepare Plaintiffs' Motion for Class Certification, and to evaluate the legal implications of discovery that was produced.

10.      These expenses also include $271,093.80 for payments to experts retained by Lead Counsel.  The experts retained by Lead Counsel opined on issues regarding damages and accounting principles.  Lead Plaintiffs' damages expert: (i) analyzed whether Celsius securities traded on an efficient market and supplied an expert report stating as much in support of Lead Plaintiffs' motion for class certification; (ii) prepared to be deposed in connection with Lead Plaintiffs' motion for class certification; (iii) prepared damages estimates to guide settlement

negotiations; and (iv) helped develop the Plan of Allocation.  Lead Plaintiffs' accounting expert helped interpret applicable accounting regulations that are at the heart of the allegations as Lead Plaintiffs' were preparing their Amended Complaint, and also analyzed documents produced during discovery, including workpapers and related documents produced by Defendants' accountants

11.     The other expenses for which Grant & Eisenhofer seeks reimbursement are the types of expenses that are necessarily incurred in litigation and routinely billed to clients who are otherwise billed by the hour.  These expenses include, among other things, court fees, mediator costs, copying costs, and postage costs.

12.     The expenses pertaining to this case are reflected in the books and records of this firm.  These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses.

13.     Exhibit D, attached hereto, also provides a summary of the total hours, total lodestar and total expenses spent by all of Lead Plaintiffs' counsel in this action. *See also* the Declarations of Jeffrey A. Reeves and Robert D. Klausner in Support of the Motion for Attorneys' Fees and Expenses.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of January, 2024, at New York, NY

                                                            */s/ Daniel L. Berger*
                                                            Daniel L. Berger

3