**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO: 22-80418-CV-MIDDLEBROOKS

CITY OF ATLANTA POLICE OFFICERS'
PENSION PLAN and CITY OF ATLANTA
FIREFIGHTERS' PENSION PLAN,
Individually and on Behalf of All Others
Similarly Situated,

       Plaintiffs,

       -V-

CELSIUS HOLDINGS, INC., JOHN
FIELDLY, and EDWIN NEGRON-
CARBALLO,

       Defendants.

CLASS ACTION

**[PROPOSED] JUDGMENT AND**
**ORDER OF DISMISSAL WITH PREJUDICE**

**WHEREAS**, an action is pending before this Court styled *City of Atlanta Police Officers' Pension Plan, et al., v. Celsius Holdings, Inc., et al.*, No. 22-80418-CV-MIDDLEBROOKS (the "Action");

**WHEREAS**, (i) Court appointed Lead Plaintiffs City of Atlanta Police Officers' Pension Plan and City of Atlanta Firefighters' Pension Plan (collectively, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (ii) Defendants Celsius Holdings, Inc. ("Celsius"), John Fieldly, and Edwin Negron-Carballo (collectively, the "Defendants," and together, with Lead Plaintiffs, the "Settling Parties"), have entered into a Stipulation and Agreement of Settlement dated August 2, 2023 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

**WHEREAS**, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

**WHEREAS**, by Order dated August 30, 2023 (the "Preliminary Approval Order"), this Court: (i) found, pursuant to Fed. R. Civ. P. 23(e)(1)(B), that it (a) would likely be able to approve the Settlement as fair, reasonable, and adequate under Fed. R. Civ. P. 23(e)(2), and (b) would likely be able to certify the Settlement Class for purposes of the Settlement; (ii) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (iii) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (iv) scheduled a hearing regarding final approval of the Settlement;

**WHEREAS**, due and adequate notice has been given to the Settlement Class;

1

**WHEREAS**, the Court conducted a hearing on January 31, 2024 (the "Settlement Fairness Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class and should therefore be approved; and (ii) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

**WHEREAS**, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

**IT IS HEREBY ORDERED AND ADJUDGED** that:

1.      **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Settlement Class Members.

2.      **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on August 3, 2023; and (b) the Notice and the Summary Notice, both of which were filed with the Court on August 3, 2023.

3.      **Class Certification for Settlement Purposes** – The Court hereby certifies for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all Persons who, directly or through an intermediary, purchased or otherwise acquired common stock of Celsius Holdings, Inc. ("Celsius") at any time during the period of August 12, 2021 through March 1, 2022, inclusive.  Excluded from the Settlement Class are: (i) Defendants and any individual who was an officer or director of Celsius during the Class Period; (ii) their immediate family members (as defined in C.F.R. §229.404 (Instructions (1)(a)(iii))), legal representatives, heirs, agents,

affiliates, successors, or assigns; (iii) any entity in which Defendants or any individual who was an officer or director of Celsius during the Class Period has, or had during the Class Period, a controlling interest; and (v) any affiliate of Celsius.

4.      **Settlement Class Findings** – For purposes of the Settlement only, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (i) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (ii) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (iii) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (iv) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

5.      **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby appoints Lead Plaintiffs as class representatives for the Settlement Class and appoints Lead Counsel as class counsel for the Settlement Class. Lead Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6.      **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (i) were implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (a) the

pendency of the Action; (b) the effect of the proposed Settlement (including the Releases to be provided thereunder); (c) Lead Counsel's Fee and Expense Application; (d) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application; (e) their right to exclude themselves from the Settlement Class; and (f) their right to appear at the Settlement Fairness Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable laws and rules. The Court further finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, have been satisfied.

7.      **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided under the Stipulation, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. Specifically, the Court finds that (i) Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (ii) the Settlement was negotiated by the Parties at arm's length; (iii) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Settlement Class, and the Fee and Expense Application; and (iv) the Settlement treats members of the Settlement Class equitably relative to each other. The Settling Parties are directed

to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8.      The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice as to all Defendants. The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9.      **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns, including any and all Released Parties and any corporation, partnership, or other entity into or with which any Settling Party hereto may merge, consolidate, or reorganize.

10.     **Releases** – The Releases set forth in Paragraph 4 of the Stipulation, together with the definitions contained in Paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)      without further action by anyone, and subject to Paragraph 11 below, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Settlement Class's Released Claims against Defendants and the other Released Defendant Parties, and shall forever

be barred and enjoined from prosecuting any or all of the Settlement Class's Released Claims against any of the Released Defendant Parties; and

(b)      without further action by anyone, and subject to Paragraph 11 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Defendants' Released Claims against Lead Plaintiffs and the other Released Plaintiff Parties, and shall forever be barred and enjoined from prosecuting any or all of the Defendants' Released Claims against any of the Released Plaintiff Parties.

11.      Notwithstanding Paragraph 10(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12.      **<u>Rule 11 Findings</u>** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13.      **<u>No Admissions</u>** – Neither this Judgment, the Term Sheet, the Stipulation, including the Exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or the approval of the Settlement (including any arguments proffered in connection therewith):

6

(a)        shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiffs or any Settlement Class Members, including any alleged damages, or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, harm, scienter, or other wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any civil, criminal, arbitration, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)        shall be offered against any of the Released Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiff Parties that any of their claims are without merit, that any of Defendants had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal, arbitration, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)        shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

7

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

14.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (i) the Settling Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (ii) the distribution of the Settlement Fund; (iii) the Fee and Expense Application; (iv) any motion to approve the Plan of Allocation; and (e) the Settlement Class Members for all matters relating to the Action.

15.     Separate orders shall be entered regarding approval of the Plan of Allocation and the Fee and Expense Application.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any Exhibits attached thereto to effectuate the Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17.     The Court hereby enters a bar order consistent with the PSLRA, 15 U.S.C. § 78u–4(f)(7).

18.     All agreements made and orders entered during the course of the Action relating to the confidentiality of documents and information shall survive this Settlement.

8

19.     **Termination of Settlement** – If the Effective Date of the Settlement fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the Settling Parties shall revert to their respective positions in the Action immediately prior to their agreement in principle to settle on July 11, 2023, as provided in the Stipulation.

20.     **Entry of Judgment** – There is no just reason to delay the entry of this Judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this Judgment in this Action.

IT IS SO ORDERED.


Dated:_____, 2024     _____

THE HONORABLE DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE