UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 9:22-CV-80418-MIDDLEBROOKS

CITY OF ATLANTA POLICE OFFICERS'
PENSION PLAN and CITY OF ATLANTA
FIREFIGHTERS' PENSION PLAN,
Individually and on Behalf of All Others
Similarly Situated,

      Plaintiffs,

(CLASS ACTION)

v.

CELSIUS HOLDINGS, INC., JOHN
FIELDLY, and EDWIN NEGRON-CARBALLO,

      Defendants.
_____/

## FINAL APPROVAL ORDER AND JUDGMENT

THIS CAUSE comes before me pursuant to Lead Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (DE 121) and Lead Plaintiff's Motion for an Award of Attorneys' Fees and Expenses (DE 122). Both motions were filed on January 10, 2024, and no response or objection to either has been filed. On January 31, 2024, the Court conducted a Fairness Hearing on the Motions; at the hearing, the Parties reiterated their complete agreement regarding the Motions.

## BACKGROUND

On March 16, 2022, Plaintiffs filed a class action complaint (herein after referred to as the "Lawsuit") against Celsius Holdings, Inc., in the United States District Court, Southern District of Florida, asserting claims under the Securities Exchange Act of 1934. (DE 1). Plaintiffs allege that the price of Celsius common stock was artificially inflated by reason of Defendants' alleged

1

misrepresentations, omissions, or otherwise and that Plaintiffs incurred damages as a result. *Id.* The potential class includes individuals who purchased Celsius common stock in an identified rate range between 2021 and 2022. On May 18, 2023, Plaintiffs moved to certify the class. (DE 95).

Defendants have denied any and all liability alleged in the Lawsuit. On July 17, 2023, after extensive arms-length negotiations, the Parties informed this Court that they had reached a Class Action Settlement Agreement (DE 115-1) (hereinafter referred to as the "Settlement Agreement") in principle to resolve the matter on behalf of a proposed class of persons who acquired Celsius common stock. This Settlement Agreement is subject to review under Fed. R. Civ. P. 23.

On August 3, 2023, Lead Plaintiff filed the Settlement Agreement (DE 115-1) and an Unopposed Motion for Preliminary Approval of Class Action Settlement (DE 114). In compliance with the Class Action Fairness Act, 12 U.S.C. §1715, Defendants served written notice of the proposed class settlement as directed. (DE 118).

On August 31, 2023, upon consideration of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, and the record, I entered an Order of Preliminary Approval. (DE 117). In this Order, among other things, I preliminarily approved the proposed settlement and set the date and time of the Final Fairness Hearing. (*Id.*).

On January 10, 2024, Plaintiff filed a Motion for Final Approval of Class Action Settlement (DE 121) and Motion for an Award of Attorneys' Fees and Expenses (DE 122). On January 31, 2024, a Final Fairness Hearing was held pursuant to Fed R. Civ. P. 23 to determine whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, and whether it should be approved by the Court. At the hearing, the Parties represented that they were in complete agreement, and that no objections had been filed by any member of the proposed class.

The Settlement Fund principle is **$7,900,000.00.** (DE 115-1). The Settlement Agreement provides that all Authorized Claimants, including Lead Plaintiffs will be issued checks of a *pro rata* share of the recovery. After an initial distribution of the Net Settlement Fund, and after at least six months from the date of the initial distribution, if feasible after payment of Expenses, Taxes, and attorneys' fees and expenses, the balance will be redistributed among Authorized Claimants in an equitable and economic fashion. This is a standard method in securities class actions.

The Parties now request final certification of the settlement class under Fed. R Civ. P. 23(b)(3) and final approval of the proposed class action settlement. The Court has read and considered the Settlement (DE 115-1), Motion for Final Approval (DE 121), the Motion for an Award of Attorneys' Fees and Expenses (DE 122), and the record of these proceedings.

## DISCUSSION

Before approving a class-action settlement, a district court must primarily do two things (1) certify the class for settlement purposes under Rule 23 and (2) determine that the settlement is "fair, adequate, reasonable, and not the product of collusion." *See Leverso v. SouthTrust Bank of AL., Nat. Assoc.,* 18 F.3d 1527, 1530 (11th Cir. 1994).

### I.   Class Certification

The Proposed Class is "all persons who, directly or through an intermediary, purchased or otherwise acquired Celsius common stock at any time during the period of August 12, 2021, through March 1, 2022, inclusive." (DE 115-1 at 2). The Proposed Class carves out individuals associated with the Defendants. (*Id.* at 66).

3

To certify a class for settlement purposes, the court must determine whether Fed. R. Civ. P. 23's four requirements are satisfied: numerosity, commonality, typicality, and adequacy. In addition, one of Rule 23(b)'s prongs must be met. The Proposed Class satisfies those requirements.

First, joinder of these individuals, of an unknown number, would be impracticable. Second, there is sufficient commonality among the members' claims given that they all stem out of Defendants' alleged Securities Exchange violations in the pinpointed timeframe. Third, Plaintiffs' claims are typical of the class because they are alleging the same damages from the same alleged wrongdoing. Fourth, Plaintiffs have fairly and adequately protected the interests of the class as evidenced by the favorable settlement.

Lastly, Rule 23(b)(3) is satisfied because questions of law and fact common to the class predominate any question affecting individual members and a class action is superior to other available methods of adjudicating this issue. Given the significant overlap in facts and the only individual question is calculating damages per common stock purchased, it is more efficient and preferable to resolve this matter as a class action.

Accordingly, the Proposed Class is certified for settlement purposes.

## II.     Fairness of Proposed Settlement

To determine if a settlement is fair, adequate, reasonable, and not the product of collusion, courts regularly consider the six *Bennet* factors:

> (1) The likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

*Bennet v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984).

Similarly, under Fed. R. Civ. P. 23(e)(2), a court must consider whether:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>> (i) the costs, risks, and delay of trial and appeal;
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

I find the Settlement Agreement to be fair, adequate, reasonable, and not the product of collusion. Given that the *Bennet* and the Rule 23(e)(2) factors overlap significantly, I consider them together. The range that Plaintiffs might have recovered at trial, according to their Lead Expert, was estimated to be $45,500,000 to $78,500,000. (DE 121 at 17). Considering the factors as a whole, Plaintiffs represent that the $7,900,000 settlement fund represents a favorable outcome at anywhere from 10% to 20% of the damages recoverable if the case went to trial. No Class Member has opposed this. (DE 123). Lead Plaintiffs also represent that they would have faced substantial challenges at trial including significant hurdles in proving damages and loss causation. Plaintiffs represent that loss causation posed a particularly significant risk because the price of Celsius stock actually rose slightly, before declining significantly the next trading day. (DE 121 at 16). The disputed issues would have boiled down to a "battle of the experts" at trial which could have resulted in the Class receiving nothing, unable to satisfy their burden. (*Id.*).

The Settlement Agreement was also reached after an arms-length negotiation. The Parties mediated before retired United States Circuit Court Judge Michael A. Hanzman, Esq. Further,

Plaintiff's counsel is highly qualified and experienced in securities fraud litigation. Moreover, the procedures outlined for processing the Settlement Class members' claims and distributing the proceeds of the Settlement to eligible claimants are well-established, effective methods that have been widely used in securities class action litigation.

Finally, the fees requested by Lead Counsel also appear to be fair and reasonable. Lead Counsel applied for an award of attorneys' fees on behalf of all Plaintiffs' Counsel in the amount of 25% of the $7,900,000.00 Settlement Amount and litigation expenses of $343,716.03. Twenty-five percentage of the common fund is calculated for a total of $1,902,885,16 and is regarded as the "benchmark" of a reasonable percentage. *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768. 774 (1991) ("attorney's fees from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class."); *Faught v. American Home Shield Corp.*, 668 F.3d 1233, 1243 (11th Cir. 2011) (it is "well-settled law from this court that 25% is generally recognized as a reasonable fee award in common fund cases."). "Where the requested fee exceeds 25%, the court is instructed to apply the twelve *Johnson* factors." *Faught*, 668 F.3d at 1242-1243. Here, Lead Plaintiffs, while only requesting 25% of the common fund, nonetheless presented an analysis of the *Johnson* factors, referencing the length of this two year-long litigation, that counsel is specialized in securities fraud litigation and was hired on a contingency of Lead Plaintiffs' Counsel's fee arrangement, and the lack of any opposition from Class Members. *Camden*, 946 F.2d at 772 n.3 (citing *Johnson v. Georgia Highway Express,* 488 F.2d 714, 717-19 (5th Cir. 1974). At the Fairness Hearing, I stated that I found Plaintiff's submitted hours to be reasonable for the work conducted in this litigation.

In sum, after reviewing the Settlement Agreement, hearing from the Parties, and considering the applicable standard, I find the Settlement Agreement to be fair, adequate, reasonable and not the product of collusion.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1) Lead Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation, Certification of Class and Appointment of Class Representatives and Class Counsel (DE 121) is **GRANTED**.

2) Lead Plaintiff's Motion for an Award of Attorneys' Fees and Expenses (DE 122) is **GRANTED.**

3) This Action and the preliminarily certified Settlement Class are finally approved as a collective action under Fed. R. Civ. P. 23(a) and (b)(3) for purposes of settlement only.

4) Dissemination of the Settlement Notice met the requirements of due process.

5) The Settlement Agreement (DE 115-1) is approved, the terms thereof are adjudged to be fair, reasonable, and adequate, and the Parties and Claims Administrator are ordered to consummate the remaining terms and provisions.

6) All Settlement Class Members are permanently enjoined from prosecuting against the Released Parties any and all of the Participating Class Members' Released Claims, as defined in the Settlement Agreement.

7) This Lawsuit is hereby **DISMISSED WITH PREJUDICE** and in full and final discharge of any and all Participating Class Members' Released Claims; and

7

8) The Court hereby retains jurisdiction continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, and the approval of any attorneys' fees, costs, and expenses to Class Counsel.

9) The Clerk of Court shall **CLOSE THIS CASE.**

**SIGNED** in Chambers at West Palm Beach, Florida, this 1st day of February, 2024.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record