UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CITY OF ATLANTA POLICE OFFICERS' PENSION PLAN and CITY OF ATLANTA FIREFIGHTERS' PENSION PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> v.<br><br>CELSIUS HOLDINGS, INC., et al.,<br><br>    Defendants. | Case No. 9:22-cv-80418-DMM<br><br>CLASS ACTION |

**LEAD PLAINTIFF'S UNOPPOSED MOTION
TO DISTRIBUTE THE NET SETTLEMENT FUND AND
MEMORANDUM OF LAW IN SUPPORT THEREOF**

Lead Plaintiff City of Atlanta Police Officers' Pension Plan and City of Atlanta Firefighters' Pension Plan (together "Lead Plaintiff") respectfully submit this unopposed motion, and memorandum of law in support thereof, to: (i) accept the administrative determinations by Kurtzman Carson Consultants LLC ("KCC" or the "Claims Administrator") concerning the acceptance and rejection of claims submitted by putative Class members in response to the notice of the settlement of this securities class action; (ii) authorize the Claims Administrator to deem timely certain claims filed after the claims submission deadline and to deem the claimants who submitted these claims as Authorized Claimants; (iii) bar any claims submitted after the claims submission deadline, other than those listed on Exhibit B-2 to the Declaration of Lance Cavallo dated December 18, 2024 ("Cavallo Decl.") from receiving any distributions from the Net Settlement Fund; (iv) accept the Claims Administrator's calculations of Recognized Loss for Authorized Claimants (i.e., $63,518,480.31) in accordance with the Plan of Allocation that was approved by the Court on February 1, 2024 (ECF No. 129); (v) approve payment of the Claims Administrator's fees and expenses of $26,509.72 in connection with conducting the initial distribution of the Net Settlement Fund; (vi) authorize distribution of the Net Settlement Fund which totaled $5,828,764.67 as of December 16, 2024, to Authorized Claimants on a *pro rata* basis based on the Authorized Claimants' Recognized Losses; (vii) for any funds remaining after a reasonable period of time following the initial distribution of the Net Settlement Fund, after payment of claims administration fees and expenses as ordered herein, and after reasonable and diligent efforts by the Claims Administrator to contact claimants who have not cashed their payments, authorize the Claims Administrator to consult with Lead Counsel to determine if a redistribution of the remaining Net Settlement Fund to Class Members who cashed their initial distribution check is cost effective, after taking into consideration payment of any additional costs

and expenses that would be associated with a redistribution; (viii) release any additional claims against the Net Settlement Fund, Lead Plaintiff, Lead Counsel, or any person or entity involved with the administration and distribution of the Net Settlement Fund; and (ix) authorize the destruction of Proof of Claim forms and related documents after one year, for hard-copy documents and after three years, for electronic documents.

## MEMORANDUM OF LAW

### I.   FACTS AND ARGUMENT

On August 2, 2023, Lead Plaintiff, on behalf of the Class, entered into a Settlement with Defendants Celsius Holdings, Inc. ("Celsius"), John Fieldly, and Edwin Negron-Carballo (collectively, "Defendants"), as memorialized in the Settlement Agreement. Under the Settlement, the Class released all claims against Defendants. In return, Defendants agreed to pay $7,900,000 to the Settlement Fund for the benefit of the Class and deposited the funds into an interest-bearing escrow account at Huntington Bank.

By order dated August 31, 2023 (ECF No. 117), the Court preliminarily approved the Settlement and instructed that notice of the Settlement be distributed to the Class. Pursuant to the Notice Plan approved by the Court in the Preliminary Approval Order and set forth in the Settlement Agreement, the Claims Administrator undertook all reasonable means to identify the members of the Class and their addresses. *See* Declaration of Lance Cavallo dated January 9, 2024 (ECF No. 121-2). The Claims Administrator then mailed the Court-approved Notice to members of the Class, posted the Notice on the website established by the Claims Administrator, and caused the Notice to be published in *Investor's Business Weekly* and *PR Newswire*. *Id.* at ¶ 9. The Claims Administrator also established a website and telephonic helpline dedicated to assisting Class

members. *Id.* at ¶¶ 10, 11. The website dedicated to the Settlement included all pertinent documents. *Id.* at 12.

On February 1, 2024, after a hearing, this Court entered an Order and Final Judgment (ECF No. 129) granting final approval of the Settlement, including the Plan of Allocation which provides for the Plan of Allocation and distribution of the Net Settlement Fund (i.e., the $7,900,000 settlement payment, less fees and costs) to Class members who submitted final claims.

Under the Preliminary Approval Order, the Court appointed the Claims Administrator to administer the Settlement. Through November 13, 2024, the Claims Administrator received and processed a total of 18,788 Claims. Cavallo Decl. ¶ 10.

As demonstrated by the Cavallo Declaration, the Claims Administrator carefully reviewed all submitted Proofs of Claim. Cavallo Decl. ¶¶ 26-31. The Claims administration process was subject to a thorough quality assurance review that utilized procedures designed to ensure the correctness and completeness of the claims and of the Claims Administrator's documentation supporting its recommendations regarding distribution of the Net Settlement Fund. *Id.*

During a lengthy process designed to give as many claimants as possible the opportunity to cure any deficiencies in their claims, the Claims Administrator sent a notice of deficient claim form submission ("Notice of Rejection") to claimants whose claims were deficient or ineligible. Cavallo Decl. ¶¶ 19-22. For claims that were deficient, the Claims Administrator notified the claimant of the deficiency and advised the claimant how to cure the deficiency and the period of time within which to do so. *Id.* at ¶ 20. Where a Notice of Rejection was sent, each claimant was notified that unless the deficiency was corrected within a twenty (20) day time period (as required pursuant to the Settlement Agreement), the claim would be rejected if the claimant had not supplied the required documentation or information or if there was any other deficiency. *Id.* at ¶ 22.

4

Where claimants failed to cure deficiencies after notice, or where the claims otherwise showed that the claimants were ineligible to receive a share of the Net Settlement Fund (for example, because their purchases of Celsius common stock did not occur during the Class Period), the Notice of Rejection notified the claimants in writing of the rejection of their claims. Cavallo Decl. ¶ 20. The claims that the Claims Administrator has rejected as ineligible are identified in Exhibit B-3 to the Cavallo Declaration.

For claimants who established their eligibility to share in the Net Settlement Fund – i.e., "Authorized Claimants" – the Claims Administrator calculated their Recognized Claim amounts in accordance with the formulas set forth in the Court-approved Plan of Allocation. Cavallo Decl. ¶ 8. The Claims Administrator has performed these calculations for the claimants who submitted eligible claims by the December 27, 2023 claims deadline, as well as for the 112 claimants who submitted late but otherwise eligible claims. ¶ 24. The total recognized loss for Claims submitted by eligible claimants is $63,518,480.31. ¶ 34.

Upon Court approval of the Claims Administrator's determinations regarding acceptance and rejection of claims, the Claims Administrator will aggregate all the Recognized Loss amounts, calculate each Authorized Claimant's *pro rata* share of the total (i.e., the percentage of the total Recognized Loss that is represented by the Authorized Claimant's specific Recognized Loss Claim) and multiply these percentages by the Net Settlement Fund to determine the amount payable to each Authorized Claimant. Cavallo Decl. ¶ 36. In accordance with the Plan of Allocation, Authorized Claimants whose *pro rata* shares would result in a payable amount less than $10.00 will not receive a distribution from the Net Settlement Fund. *Id.*

### A. THE COURT SHOULD AUTHORIZE INCLUSION OF CLASS MEMBERS WHO SUBMITTED LATE CLAIMS IN THE SETTLEMENT DISTRIBUTION

As set forth in the Court-approved Notice, the deadline for submission of Proof of Claim forms was December 27, 2023. Cavallo Decl. ¶ 24. A total of 2,147 claims were received after that date, 112 of which were otherwise valid. *Id.* Although they were submitted after the deadline, these claims were submitted while the claims administration process was ongoing and did not result in any delay of the distribution of the Settlement proceeds. *Id.* Per ¶ 5.5 of the Stipulation of Settlement, and in the interests of providing a recovery to as many Class Members as possible, Lead Plaintiff respectfully submits that claimants who submitted late but otherwise eligible claims should be treated as Authorized Claimants and should be included in the distribution of the Net Settlement Fund, as the processing of these claims did not materially delay the distribution. Cavallo Decl. ¶ 24.

This Court has broad and inherent equitable powers to permit distributions to claimants whose claims were submitted late. *Waters v. Int'l Precious Metals Corp.*, 237 F.3d 1273, 1279 (11th Cir. 2001) ("a district court has the equitable power to accept late claims."). *See also Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990) (noting that the court has "broad discretionary powers in shaping equitable decrees for distributing class action funds."); *Blank v. Jacobs*, No. 03-CV-2111 JS WDW, 2013 WL 1310503, at *2-3 (E.D.N.Y. Mar. 27, 2013) (permitting late filed claims because their inclusion did not cause delay in the settlement distribution).

While Lead Plaintiff believes that the Late Claimants' claims should be accepted, it is also necessary to implement a final cut-off date after which no more claims may be accepted, so that an orderly distribution can be made and the Class will not be prejudiced by delay. *See In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1127 (9th Cir. 1977) (quoting Reports of the Conference

for District Court Judges, 63 F.R.D. 231, 262 (1973)) ("[A] cutoff date is essential and at some point the matter must be terminated."). Accordingly, Lead Plaintiff requests that the Court order that any late claims *not* identified in Exhibit B-2 to the Cavallo Declaration shall not be entitled to share in any distributions of the Net Settlement Fund.

      **B.**      **THE COURT SHOULD APPROVE THE CLAIM ADMINISTRATOR'S ADMINISTRATIVE DETERMINATIONS AND AUTHORIZE DISTRIBUTION OF THE NET SETTLEMENT FUND**

Lead Plaintiff proposes to distribute the Net Settlement Fund to Authorized Claimants whose claims total at least $10.00 at this time, after payment of the remaining balance of the Claims Administrator's fees and expenses and a reserve for tax preparation expenses. ¶ 36. Lead Plaintiff submits that the determinations of the Claims Administrator, as explained in the Cavallo Declaration and the exhibits thereto, are reasonable, appropriate, and in accordance with the Plan of Allocation, and should be approved by the Court.

As noted above, the Claims Administrator has provided notice to those claimants whose claims were rejected and has informed those claimants of their right to seek judicial review of the Claims Administrator's determination. The Claims Administrator notified all of the rejected Claimants of the disposition of their claims with a Deficiency Notice. Cavallo Decl. ¶ 20.

Accordingly, it is respectfully submitted that the Court should adopt the Claims Administrator's determinations and (i) authorize distribution of the Net Settlement Fund to the Authorized Claimants whose claims calculate to at least $10.00 on a *pro rata* basis (as provided in the Plan of Allocation), based on the Recognized Loss amounts set forth in Exhibit B-1 to the Cavallo Declaration, and (ii) approve the rejection and non-payment of the ineligible claims listed in Exhibit B-3 to the Cavallo Declaration. The Court should also approve payment to the Claims Administrator for any costs and expenses which have not already been paid and for its costs and

expenses to complete the initial distribution. Cavallo Decl. ¶ 35. These amounts total $285,391.91. Berger Decl. ¶ 3.

For any funds remaining a reasonable time following the initial distribution of the Net Settlement Fund, after payment of claims administration costs as requested herein and after the Claims Administrator has made reasonable and diligent efforts to contact claimants who have not cashed their payments, the Claims Administrator will consult with Lead Counsel to determine if a redistribution of the remaining Net Settlement Fund to Class Members who cashed their initial distribution check and who would receive at least $10.00 is cost effective, after taking into account payment of any additional costs and expenses that would be associated with a redistribution.

### C. THE COURT SHOULD RELEASE ANY FURTHER CLAIMS AGAINST THE NET SETTLEMENT FUND

To allow for the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims against the Net Settlement Fund beyond the amounts allocated to Authorized Claimants, and to provide that all persons involved in the review, verification, calculation, tabulation or any other aspect of the processing of Claims submitted in connection with the Settlement of the Action, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, be released and discharged from any and all claims arising from such involvement. Accordingly, Lead Plaintiff requests that this Court release and discharge all Persons who are involved in the review, verification, calculation, tabulation or any other aspect of the processing of the Claims submitted in connection with the Settlement of the Action, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund from any and all claims arising out of such involvement and bar all Class Members, whether or not they receive payment from the Net Settlement Fund, from making any further claims against the Net Settlement Fund, Lead Plaintiff, Lead Counsel, the Claims

Administrator, the Escrow Agent, or any other agent retained by Lead Plaintiff or Lead Counsel, or any other Person released pursuant to the Settlement beyond the amounts allocated to Authorized Claimants.

### D.  THE COURT SHOULD AUTHORIZE THE EVENTUAL DESTRUCTION OF CLAIMS FORMS AND RELATED DOCUMENTS

Lead Plaintiff further requests that the Court permit the Claims Administrator to destroy any paper copies of Proof of Claim forms and related paper documentation one year after the final distribution of the Net Settlement Fund, and any electronic copies of those documents three years after the final distribution of the Net Settlement Fund.

## II.  CONCLUSION

Based on the foregoing reasons, and the entire record herein, Lead Plaintiff respectfully requests that this Court grant Lead Plaintiff's Motion for Approval to Distribute the Net Settlement Fund and enter the proposed order submitted herewith.

Dated: December 19, 2024

Respectfully submitted,

By: */s/ Daniel L. Berger*

Daniel L. Berger (*pro hac vice*)
Caitlin M. Moyna (*pro hac vice*)
Vincent J. Pontrello (*pro hac vice*)
Mica A. Cocco (*pro hac vice*)
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: dberger@gelaw.com
　　　　cmoyna@gelaw.com
　　　　vpontrello@gelaw.com
　　　　mcocco@gelaw.com

*Counsel for City of Atlanta Police Officers' Pension Plan and City of Atlanta Firefighters' Pension Plan and Lead Counsel*

Robert D. Klausner
**KLAUSNER KAUFMAN JENSEN & LEVINSON**
7080 NW 4th Street
Plantation, FL 33317
Tel.: (954) 916-1202
Fax: (954) 916-1232
Email: bob@robertdklausner.com

*Liaison Counsel for City of Atlanta Police Officers' Pension Plan and City of Atlanta Firefighters' Pension Plan*

Jeffrey Reeves (*pro hac vice* pending)
**THE REEVES LAW FIRM, LLC**
1100 Peachtree Street
Suite 250
Atlanta, GA 30309
Tel.: (404) 795-6139
Fax: (888) 209-5048
Email: jeff@reeveslawfirmpc.com

*Additional Counsel for City of Atlanta Police Officers' Pension Plan and City of Atlanta Firefighters' Pension Plan*

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 19, 2024, I authorized electronic filing of the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the email addresses of all counsel of record.

*/s/ Daniel L. Berger*
Daniel L. Berger

**GRANT & EISENHOFER P.A.**
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: dberger@gelaw.com
