UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80418-CV-MIDDLEBROOKS

CITY OF ATLANTA POLICE
OFFICERS' PENSION PLAN and CITY
OF ATLANTA FIREFIGHTERS'
PENSION PLAN, Individually and on
Behalf of All Others Similarly Situated,

      Plaintiffs,

v.

CELSIUS HOLDINGS, INC., et al.,

      Defendants.
_____/

## ORDER ON UNOPPOSED MOTION TO DISTRIBUTE SETTLEMENT FUNDS

**THIS CAUSE** is before the Court on Lead Plaintiff's Unopposed Motion to Distribute the Net Settlement Fund, filed on December 19, 2024. (DE 130).

On February 1, 2024, this Court issued its Final Judgment and Order of Dismissal with Prejudice, granting final approval of the Settlement reached between the parties and directing the implementation of the parties' Settlement Agreement, including the Plan of Allocation to distribute the Net Settlement Fund (DE 129). Lead Plaintiff now requests an order from this Court to:

(i) Accept the administrative determinations by Kurtzman Carson Consultants LLC ("KCC") (the "Claims Administrator") concerning the acceptance and rejection of claims submitted by putative Class members;

(ii) Authorize the Claims Administrator to deem timely certain claims filed after the Claims submission deadline;

(iii) Bar any claims submitted after the Claims submission deadline, other than those listed on Exhibit B-2 to the Declaration of Lance Cavallo dated December 18, 2024;

(iv) Accept the Claims Administrator's calculations of Recognized Loss for Authorized Claimants in accordance with the Plan of Allocation that was approved by the Court on February 1, 2024 (DE 129);

(v) Authorize distribution of the Net Settlement Fund to Authorized Claimants whose payments equal or exceed $10.00 on a pro rata basis based on the Authorized Claimants' Recognized Losses;

(vi) For any funds remaining after a reasonable period of time following the initial distribution of the Net Settlement Fund, after payment of claims administration costs as ordered herein, and after reasonable and diligent efforts by the Claims Administrator to contact claimants who have not cashed their payments, authorize the Claims Administrator to consult with Lead Counsel to determine if a redistribution of the remaining Net Settlement Fund to Class Members who cashed their initial distribution check is cost effective, after taking into consideration payment of any additional costs and expenses that would be associated with a redistribution;

(vii) Release any additional claims against the Net Settlement Fund, Lead Plaintiff, Lead Counsel, or any person or entity involved with the administration and distribution of the Net Settlement Fund; and

(viii) Authorize the destruction of Proof of Claims forms and related documents within one year.

Having reviewed the Lead Plaintiff's Unopposed Motion to Distribute the Net Settlement Fund, the Declaration of Daniel L. Berger dated December 19, 2024, and the Declaration of Lance Cavallo dated December 18, 2024 and exhibits thereto, I find that there are sufficient and valid grounds to grant the relief requested.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. The Claims Administrator has appropriately and correctly applied the Plan of Allocation to the Claims submitted by Class members. The Court accepts the Claims Administrator's administrative determinations concerning the acceptance and rejection of those Claims.

2. The Court authorizes the Claims Administrator to deem timely certain Claims filed after the Claims submission deadline and to deem the claimants who submitted these claims as Authorized Claimants (i.e., the Claims listed on Exhibit B-2 to the Cavallo Declaration).

3. The Court bars any claims submitted after the Claims submission deadline, other than those listed on Exhibit B-2 to the Cavallo Declaration

4. The Court accepts the Claims Administrator's calculations of Recognized Loss for Authorized Claimants in accordance with the Plan of Allocation that was approved on February 1, 2024 (DE 129).

5. The Court authorizes distribution of the Net Settlement Fund to Authorized Claimants whose payments equal or exceed $10.00 on a pro rata basis based on the Authorized Claimants' Recognized Losses.

6. For any funds remaining after a reasonable period of time following the initial distribution of the Net Settlement Fund, after payment of claims administration costs as ordered herein, and after reasonable and diligent efforts by the Claims Administrator to contact claimants who have not cashed their payments, the Claims Administrator is authorized to consult with Lead Counsel to determine if a redistribution of the remaining Net Settlement Fund to Class Members who cashed their initial distribution

3

check is cost effective, after taking into consideration payment of any additional costs and expenses that would be associated with a redistribution.

7. At such time as Lead Plaintiff's Counsel, in consultation with the Claims Administrator, determine that further redistribution of any unclaimed funds remaining in the Net Settlement Fund is not cost effective, the Court authorizes that any de minimis residual amount may be donated to the Investor Protection Trust.

8. A payment in the amount of $285,391.91 from the Settlement Fund for the Claims Administrator's outstanding balance and estimates of its fees and expenses to be incurred in connection with the initial distribution of the Net Settlement Fund is hereby authorized. If the incurred fees and expenses for the initial distribution is lower than the estimate, the Claims Administrator shall promptly reimburse the Settlement Fund.

9. The Court releases any additional claims against the Net Settlement Fund, Lead Plaintiff, Lead Counsel, or any person or entity involved with the administration and distribution of the Net Settlement Fund.

10. The Court authorizes destruction of Proof of Claim forms and related documents within one year.

11. The Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other further relief as this Court deems appropriate.

**SIGNED** in Chambers at West Palm Beach, Florida, this 6 day of January, 2025.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE